**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) ) ) | Case No. 19-40883-659 |
| PAYLESS HOLDINGS LLC, | ) ) ) | CHAPTER 11 |
| Debtor. | ) ) ) | |
| Tax I.D. 80-0855704 | ) ) | |
| In re: | ) ) ) | Case No. 19-40886 |
| PAYLESS INTERMEDIATE HOLDINGS, LLC, | ) ) ) ) | CHAPTER 11 |
| Debtor. | ) ) ) | |
| Tax I.D. 46-1125190 | ) | |
| In re: | ) ) ) | Case No. 19-40889 |
| WBG-PSS HOLDINGS LLC, | ) ) ) | CHAPTER 11 |
| Debtor. | ) ) ) | |
| Tax I.D. 45-5170673 | ) ) | |
| In re: | ) ) ) | Case No. 19-40890 |
| PAYLESS INC., | ) ) ) | CHAPTER 11 |
| Debtor. | ) ) ) | |
| Tax I.D. 43-1813160 | ) ) | |

| | |
|---|---|
| In re:<br><br>PAYLESS FINANCE, INC.,<br><br>Debtor.<br><br>Tax I.D. 43-1622101 | Case No. 19-40892<br>CHAPTER 11 |
| In re:<br><br>COLLECTIVE BRANDS SERVICES, INC.,<br><br>Debtor.<br><br>Tax I.D. 48-1227266 | Case No. 19-40910<br>CHAPTER 11 |
| In re:<br><br>PSS DELAWARE COMPANY 4, INC.,<br><br>Debtor.<br><br>Tax I.D. 48-1221466 | Case No. 19-40884<br>CHAPTER 11 |
| In re:<br><br>SHOE SOURCING, INC.,<br><br>Debtor.<br><br>Tax I.D. 48-1234075 | Case No. 19-40898<br>CHAPTER 11 |
| In re:<br><br>PAYLESS SHOESOURCE, INC.,<br><br>Debtor.<br><br>Tax I.D. 48-0674097 | Case No. 19-40882<br>CHAPTER 11 |

| | |
|---|---|
| In re: <br><br> EASTBOROUGH, INC., <br><br> Debtor. <br><br> Tax I.D. 48-1212803 | Case No. 19-40888 <br> CHAPTER 11 |
| In re: <br><br> PAYLESS PURCHASING SERVICES, INC., <br><br> Debtor. <br><br> Tax I.D. 48-1253043 | Case No. 19-40903 <br> CHAPTER 11 |
| In re: <br><br> PAYLESS SHOESOURCE MERCHANDISING, INC., <br><br> Debtor. <br><br> Tax I.D. 48-1140946 | Case No. 19-40907 <br> CHAPTER 11 |
| In re: <br><br> PAYLESS GOLD VALUE CO, INC., <br><br> Debtor. <br><br> Tax I.D. 46-1103581 | Case No. 19-40885 <br> CHAPTER 11 |
| In re: <br><br> PAYLESS SHOESOURCE DISTRIBUTION, INC., <br><br> Debtor. <br><br> Tax I.D. 48-1140944 | Case No. 19-40894 <br> CHAPTER 11 |

| | |
|---|---|
| In re: <br><br> PAYLESS SHOESOURCE WORLDWIDE, INC., <br><br> Debtor. <br><br> Tax I.D. 43-1646884 | Case No. 19-40896 <br> CHAPTER 11 |
| In re: <br><br> PAYLESS NYC, INC., <br><br> Debtor. <br><br> Tax I.D. 48-1194126 | Case No. 19-40901 <br> CHAPTER 11 |
| In re: <br><br> PAYLESS SHOESOURCE OF PUERTO RICO, INC., <br><br> Debtor. <br><br> Tax I.D. 66-0479017 | Case No. 19-40906 <br> CHAPTER 11 |
| In re: <br><br> PAYLESS COLLECTIVE GP, LLC, <br><br> Debtor. <br><br> Tax I.D. 82-1302940 | Case No. 19-40887 <br> CHAPTER 11 |
| In re: <br><br> COLLECTIVE LICENSING, LP, <br><br> Debtor. <br><br> Tax I.D. 20-4231256 | Case No. 19-40908 <br> CHAPTER 11 |

| | |
|---|---|
| In re: <br><br> COLLECTIVE LICENSING INTERNATIONAL, LLC, <br><br> Debtor. <br><br> Tax I.D. 05-0585451 | ) ) ) ) ) ) ) ) ) ) Case No. 19-40891 <br> CHAPTER 11 |
| In re: <br><br> CLINCH, LLC, <br><br> Debtor. <br><br> Tax I.D. 27-2429836 | ) ) ) ) ) ) ) ) ) ) Case No. 19-40900 <br> CHAPTER 11 |
| In re: <br><br> COLLECTIVE BRANDS FRANCHISING SERVICES, LLC, <br><br> Debtor. <br><br> Tax I.D. 26-3883636 | ) ) ) ) ) ) ) ) ) ) Case No. 19-40893 <br> CHAPTER 11 |
| In re: <br><br> PAYLESS INTERNATIONAL FRANCHISING, LLC, <br><br> Debtor. <br><br> Tax I.D. 27-3686448 | ) ) ) ) ) ) ) ) ) ) Case No. 19-40905 <br> CHAPTER 11 |
| In re: <br><br> PSS CANADA, INC., <br><br> Debtor. <br><br> Tax I.D. 74-2834969 | ) ) ) ) ) ) ) ) ) ) Case No. 19-40902 <br> CHAPTER 11 |

| | |
|---|---|
| In re: <br><br> PAYLESS SHOESOURCE CANADA, INC., <br><br> Debtor. <br><br> Tax I.D. 98-0534180 | Case No. 19-40895 <br> CHAPTER 11 |
| In re: <br><br> PAYLESS SHOESOURCE CANADA GP, INC., <br><br> Debtor. <br><br> Tax I.D. 98-0534182 | Case No. 19-40899 <br> CHAPTER 11 |
| In re: <br><br> PAYLESS SHOESOURCE CANADA, L.P., <br><br> Debtor. <br><br> Tax I.D. 98-0534179 | Case No. 19-40897 <br> CHAPTER 11 |

**DEBTORS' MOTION SEEKING ENTRY OF AN
ORDER (I) DIRECTING JOINT ADMINISTRATION OF
CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (this "Motion") for entry of an order (the "Proposed Order")[1], (i) directing procedural (not substantive) consolidation and joint administration of these chapter 11 cases and (ii) granting related relief. In support of this Motion, the Debtors respectfully state as follows:

**JURISDICTION AND VENUE**

1.  The United States Bankruptcy Court for the Eastern District of Missouri (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 81-

---

[1] A copy of the Proposed Order will be provided to the Notice Parties (as defined below) and made available on the Debtors' case information website at http://cases.primeclerk.com/pss.

9.01(B)(1) of the Local Rules of the United States District Court for the Eastern District of Missouri. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and procedural bases for the relief requested herein are sections 105 of title 11 of the United States Code, §§ 101-1532 (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015(b) of the Local Rules of Bankruptcy Procedure for the Eastern District of Missouri (the "Local Bankruptcy Rules").

## BACKGROUND

4. The Debtors and their non-debtor affiliates (together, the "Company") are the largest specialty family footwear retailer in the Western Hemisphere, offering a wide range of shoes and accessory items at affordable prices. The Company operates approximately 3,400 stores in more than 40 countries. The Debtors are headquartered in Topeka, Kansas with extensive operations that span across the United States, Canada, Latin America, Asia, the Middle East, and Europe.

5. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

6. The Debtors commenced these chapter 11 cases approximately 18 months after completing a restructuring and emerging from chapter 11 protection with a reduced debt burden.[2] The Debtors, however, have been unable to sustain profitable operations in the current retail environment as a result of various factors more fully described in the *Declaration of Stephen Marotta, Chief Restructuring Officer of Payless Holdings LLC, in Support of Debtors' Chapter 11 Proceedings and First Day Pleadings* (the "First Day Declaration").[3] Accordingly, the Debtors have determined that the best way to maximize value for all of their stakeholders is to liquidate all North America brick and mortar locations through the immediate commencement of going out of business sales. The Debtors believe, in the exercise of their business judgment, that such measures are in the best interests of the Debtors' estates.

7. A comprehensive description of the Debtors' businesses and operations, capital structure and events leading to the commencement of these chapter 11 cases is set forth in the First Day Declaration, filed contemporaneously herewith and incorporated herein by reference.

## RELIEF REQUESTED

8. By this Motion, and pursuant to Bankruptcy Code section 105, Bankruptcy Rule 1015(b) and Local Rule 1015(B), the Debtors seek entry of the Proposed Order (i) directing procedural consolidation and joint administration of these chapter 11 cases and (ii) granting related relief. Specifically, the Debtors request that the Court maintain one file and one docket

---

[2] On April 4, 2017, the Debtors' predecessors-in-interest commenced chapter 11 cases (the "Prior Cases") before the Court, which were jointly administered under the caption *In re Payless Holdings LLC*, No. 17-42267. A plan of reorganization was confirmed in the Prior Cases on July 26, 2017, and such plan went effective on August 10, 2017.

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration

8

for all of the jointly administered cases under the case of Payless Holdings LLC, and that the cases be administered under a consolidated caption,[4] as follows:

*[Remainder of page intentionally left blank]*

---

[4] For the avoidance of doubt, the Debtors do not seek to jointly administer the above-captioned chapter 11 cases with the Prior Cases.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 19-40883-659 |
| | ) | Chapter 11 |
| PAYLESS HOLDINGS LLC, *et al.*, | ) | |
| | ) | (Joint Administration Requested) |
| Debtors.[5] | ) | |
| | ) | Hearing Date: [] |
| | ) | Hearing Time: [] |
| | ) | Hearing Location: Courtroom 7 North |

9. The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in Bankruptcy Code section 342(c)(1).

10. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors' cases other than the case of Payless Holdings LLC:

> An order has been entered in this case administratively consolidating the cases of Payless Holdings LLC; Payless Intermediate Holdings LLC; WBG-PSS Holdings LLC; Payless Inc; Payless Finance, Inc.; Collective Brands Services, Inc.; PSS Delaware Company 4, Inc.; Shoe Sourcing, Inc.; Payless ShoeSource, Inc.; Eastborough, Inc.; Payless Purchasing Services, Inc.; Payless ShoeSource Merchandising, Inc.; Payless Gold Value CO, Inc.; Payless ShoeSource Distribution, Inc.; Payless ShoeSource Worldwide, Inc.; Payless NYC, Inc.; Payless ShoeSource of Puerto Rico, Inc.; Payless

---

[5] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Payless Holdings LLC [5704]; Payless Intermediate Holdings LLC [5190]; WBG-PSS Holdings LLC [0673]; Payless Inc. [3160]; Payless Finance, Inc. [2101]; Collective Brands Services, Inc. [7266]; PSS Delaware Company 4, Inc. [1466]; Shoe Sourcing, Inc. [4075]; Payless ShoeSource, Inc. [4097]; Eastborough, Inc. [2803]; Payless Purchasing Services, Inc. [3043]; Payless ShoeSource Merchandising, Inc. [0946]; Payless Gold Value CO, Inc. [3581]; Payless ShoeSource Distribution, Inc. [0944]; Payless ShoeSource Worldwide, Inc. [6884]; Payless NYC, Inc. [4126]; Payless ShoeSource of Puerto Rico, Inc. [9017]; Payless Collective GP, LLC [2940]; Collective Licensing, LP [1256]; Collective Licensing International LLC [5451]; Clinch, LLC [9836]; Collective Brands Franchising Services, LLC [3636]; Payless International Franchising, LLC [6448]; PSS Canada, Inc. [4969]; Payless ShoeSource Canada Inc. [4180]; Payless ShoeSource Canada GP Inc. [4182]; and Payless ShoeSource Canada LP [4179]. With respect to certain taxing authorities, the Debtors' address is 2001 Bryan Street, Suite 800, Dallas, Texas 75201. However, the location of Debtor Payless Holdings LLC's corporate headquarters and the Debtors' service address is: c/o Payless ShoeSource Inc., 3231 S.E. 6th Avenue, Topeka, Kansas 66607.

    Collective GP, LLC; Collective Licensing, L.P.; Collective Licensing International, LLC; Clinch, LLC; Collective Brands Franchising Services, LLC; Payless International Franchising, LLC; PSS Canada, Inc.; Payless ShoeSource Canada Inc.; Payless ShoeSource Canada GP Inc.; and Payless ShoeSource Canada LP for procedural purposes only and providing for its joint administration with the terms therein.

11. The Debtors also seek authority to file their monthly operating reports required by the *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees*, issued by the Office of the United States Trustee for the Eastern District of Missouri (the "U.S. Trustee"), by consolidating the information required for each Debtor in one report that tracks and breaks out all of the specific information (*e.g.*, receipts, disbursements, etc.) on a Debtor-by-Debtor basis in each monthly operating report. Each Debtor shall be liable for its own U.S. Trustee fees required under 28 U.S.C. § 1930.

## BASIS FOR RELIEF

12. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The Debtors are "affiliates" as that term is defined in Bankruptcy Code section 101(2). Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

13. Bankruptcy Code section 105(a) provides the Court with the power to grant the relief requested herein by permitting the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a).

14. Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in cases with multiple, related debtors. *See, e.g.*, *In re Armstrong Energy, Inc.*, No 17-47531-659 (Bankr. E.D. Mo. Feb. 20, 2018) [Docket No. 86]; *In*

11

*re Peabody Energy Corp.*, No. 16-42529-399 (Bankr. E.D. Mo. Apr. 14, 2016) [Docket No. 105]; *In re Abengoa Bioenergy US Holding, LLC.*, No. 16-41161-659 (Bankr. E.D. Mo. Mar. 4, 2016) [Docket No. 84]; *In re Noranda Aluminum, Inc.*, No. 16-10083-399 (Bankr. E.D. Mo. Feb. 9, 2016) [Docket No. 75]; *In re Arch Coal, Inc.*, No. 16-40120-705 (Bankr. E.D. Mo. Jan. 13, 2016) [Docket No. 67]; and *In re Hazel Invs. LP*, No. 13-50282-659 (Bankr. E.D. Mo. Nov. 25, 2013) [Docket No. 33].

15. Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings and orders in these chapter 11 cases will affect each and every Debtor entity. The entry of the Order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the U.S. Trustee and all parties-in-interest to monitor these chapter 11 cases with greater ease and efficiency.

16. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties-in-interest will not be harmed by the relief requested; instead, parties-in-interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors and all other parties in interest.

## NOTICE

17. The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the Eastern District of Missouri; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Prepetition ABL

Administrative Agent, (i) Choate Hall & Stewart LLP (Attn: Kevin Simard, Douglas Gooding and Jonathan Marshall) and (ii) Thompson Coburn LLP (Attn: Mark Bossi); (d) counsel to the FILO Agent, Greenberg Traurig, LLP (Attn: Jeffrey M. Wolf); (e) counsel to certain Prepetition Term Loan Lenders (i) Kramer Levin Naftalis & Frankel LLP (Attn: Stephen D. Zide), (ii) Doster, Ullom & Boyle, LLC (Attn: Gregory D. Willard), (iii) Stroock & Stroock & Lavan LLP (Attn: Kristopher M. Hansen and Daniel A. Fliman) and (iv) Lewis Rice LLC (Attn: Sonette T. Magnus); (f) the proposed Monitor, FTI Consulting Canada, Inc. (Attn: Paul Bishop, Greg Watson and Jim Robinson); (g) counsel to the proposed Monitor, Bennett Jones LLP (Attn: Sean Zweig, Kevin Zych and Aiden Nelms); (h) counsel to any statutory committee appointed in the chapter 11 cases; (i) the United States Attorney's Office for the Eastern District of Missouri; (j) the Internal Revenue Service; (k) the United States Securities and Exchange Commission; (l) the state attorneys general for all states in which the Debtors conduct business; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order granting the relief requested by this Motion and such further relief as may be just and necessary under the circumstances.

[*Remainder of page intentionally left blank.*]

Dated: February 19, 2019
St. Louis, Missouri

/s/ *Richard W. Engel, Jr.*
Richard W. Engel, Jr. MO 34641
Erin M. Edelman MO 67374
John G. Willard MO 67049
**ARMSTRONG TEASDALE LLP**
7700 Forsyth Boulevard, Suite 1800
St. Louis, MO 63105
Telephone: (314) 621-5070
Facsimile: (314) 612-2239
rengel@armstrongteasdale.com
eedelman@armstrongteasdale.com
jwillard@armstrongteasdale.com

-and-

Ira Dizengoff (*pro hac vice* admission pending)
Meredith A. Lahaie (*pro hac vice* admission pending)
Kevin Zuzolo (*pro hac vice* admission pending)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
mlahaie@akingump.com
kzuzolo@akingump.com

- and -

Julie Thompson (*pro hac vice* admission pending)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
julie.thompson@akingump.com

*Proposed Counsel to the Debtors and Debtors in Possession*