## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| In re: | ) Case No. 19-40883-659 |
| | ) Chapter 11 |
| PAYLESS HOLDINGS LLC, *et al.*, | ) |
| | ) (Joint Administration Requested) |
| Debtors.[1] | ) |
| | ) Hearing Date:  February 19, 2019 |
| | ) Hearing Time: 1:30 p.m. (Central Time) |
| | ) Hearing Location: Courtroom 7 North |

## DEBTORS' MOTION SEEKING
## ENTRY OF AN ORDER (I) ESTABLISHING
## CERTAIN NOTICE, CASE MANAGEMENT, AND
## ADMINISTRATIVE PROCEDURES AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file

this motion (this "Motion") for entry of an order (the "Proposed Order")[2] (i) establishing certain

notice, case management and administrative procedures and (ii) granting related relief.   In

support of this Motion, the Debtors respectfully state as follows:

### JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Eastern District of Missouri (the

"Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 81-

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Payless Holdings LLC [5704]; Payless Intermediate Holdings LLC [5190]; WBG-PSS Holdings LLC [0673]; Payless Inc. [3160]; Payless Finance, Inc. [2101]; Collective Brands Services, Inc. [7266]; PSS Delaware Company 4, Inc. [1466]; Shoe Sourcing, Inc. [4075]; Payless ShoeSource, Inc. [4097]; Eastborough, Inc. [2803]; Payless Purchasing Services, Inc. [3043]; Payless ShoeSource Merchandising, Inc. [0946]; Payless Gold Value CO, Inc. [3581]; Payless ShoeSource Distribution, Inc. [0944]; Payless ShoeSource Worldwide, Inc. [6884]; Payless NYC, Inc. [4126]; Payless ShoeSource of Puerto Rico, Inc. [9017]; Payless Collective GP, LLC [2940]; Collective Licensing, LP [1256]; Collective Licensing International LLC [5451]; Clinch, LLC [9836]; Collective Brands Franchising Services, LLC [3636]; Payless International Franchising, LLC [6448]; PSS Canada, Inc. [4969]; Payless ShoeSource Canada Inc. [4180]; Payless ShoeSource Canada GP Inc. [4182]; and Payless ShoeSource Canada LP [4179].  With respect to certain taxing authorities, the Debtors' address is 2001 Bryan Street, Suite 800, Dallas, Texas 75201.  However, the location of Debtor Payless Holdings LLC's corporate headquarters and the Debtors' service address is: c/o Payless ShoeSource Inc., 3231 S.E. 6th Avenue, Topeka, Kansas 66607.

[2] A copy of the Proposed Order will be provided to the Notice Parties (as defined below) and made available on the Debtors' case information website at https://cases.primeclerk.com/pss.

9.01(B)(1) of the Local Rules of the United States District Court for the Eastern District of Missouri. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 102(1), 105(a) and 105(d) of title 11 of the United States Code, §§ 101-1532 (the "<u>Bankruptcy Code</u>") and Rules 9006, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rule 9004(C) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Missouri (the "<u>Local Bankruptcy Rules</u>").

<u>**BACKGROUND**</u>

4.      The Debtors and their non-debtor affiliates (together, the "<u>Company</u>") are the largest specialty family footwear retailer in the Western Hemisphere, offering a wide range of shoes and accessory items at affordable prices. The Company operates approximately 3,400 stores in more than 40 countries. The Debtors are headquartered in Topeka, Kansas with extensive operations that span across the United States, Canada, Latin America, Asia, the Middle East and Europe.

5.      On the date hereof (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. The Debtors have requested that their cases be consolidated for procedural purposes and administered jointly. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

6.      The Debtors commenced these chapter 11 cases approximately 18 months after completing a restructuring and emerging from chapter 11 protection with a reduced debt burden.[3] The Debtors, however, have been unable to sustain profitable operations in the current retail environment as a result of various factors more fully described in the *Declaration of Stephen Marotta, Chief Restructuring Officer of Payless Holdings LLC, in Support of Debtors' Chapter 11 Proceedings and First Day Pleadings* (the "First Day Declaration").[4]   Accordingly, the Debtors have determined that the best way to maximize value for all of their stakeholders is to liquidate all North America brick and mortar locations through the immediate commencement of going out of business sales.  The Debtors believe, in the exercise of their business judgment, that such measures are in the best interests of the Debtors' estates.

7.      A comprehensive description of the Debtors' businesses and operations, capital structure and events leading to the commencement of these chapter 11 cases is set forth in the First Day Declaration, filed contemporaneously herewith and incorporated herein by reference.

### RELIEF REQUESTED

8.      By this Motion, and pursuant to Bankruptcy Code sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m), 9006, 9007 and 9014 and Local Bankruptcy Rule 9004(C), the Debtors seek entry of the Proposed Order (i) approving and implementing certain notice, case management and administrative procedures (the "Case Management Procedures"); and (ii) granting related relief.

---

[3] On April 4, 2017, the Debtors' predecessors-in-interest commenced chapter 11 cases (the "Prior Cases") before the United States Bankruptcy Court for the Eastern District of Missouri, which were jointly administered under the caption *In re Payless Holdings LLC*, No. 17-42267.  A plan of reorganization was confirmed in the Prior Cases on July 26, 2017, and such plan went effective on August 10, 2017.

[4] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

**PROPOSED CASE MANAGEMENT PROCEDURES**

9.      The proposed Case Management Procedures, among other things:

   (i)      establish requirements for the filing and service of notices, motions, applications, documents filed in support thereof and objections and responses thereto;

   (ii)     delineate standards for notices of hearings and agendas;

   (iii)    fix periodic omnibus hearing dates and articulate mandatory guidelines for the scheduling of hearings and objection deadlines;

   (iv)     authorize service of documents by e-mail on certain parties in interest;

   (v)      establish a website to provide interested parties with access to certain documents filed in the chapter 11 cases; and

   (vi)     authorize use of a noticing agent to maintain and distribute documents.

10.      The Debtors respectfully request that to the extent the Case Management Procedures conflict with the Bankruptcy Rules, the Local Bankruptcy Rules or the Procedures Manual accompanying the Local Bankruptcy Rules (the "Procedures Manual"), the Case Management Procedures govern and supersede such rules for these chapter 11 cases.

11.      Given the size and complexity of these chapter 11 cases, the Debtors believe that implementing the Case Management Procedures will facilitate the fair and efficient administration of these cases and promote judicial economy.  Specifically, the proposed Case Management Procedures will benefit the Debtors, the Court, and all parties in interest by, among other things:

   (i)      reducing the need for emergency hearings and requests for expedited relief;

   (ii)     providing for omnibus hearings for the Court to consider motions, pleadings, applications, objections and responses thereto;

   (iii)    fostering consensual resolution of important matters;

   (iv)     assuring prompt and appropriate notice of matters affecting parties' interests;

4

(v)     allowing for electronic notice pursuant to the Court's electronic filing system;

(vi)    providing ample opportunity to parties in interest to prepare for and respond to matters before the Court;

(vii)   reducing the substantial administrative and financial burden that would otherwise be placed on the Debtors and other parties in interest who file documents in these chapter 11 cases; and

(viii)  reducing the administrative burdens on the Court and the clerk of the Court.

12.     To ensure that parties in interest in these chapter 11 cases are made aware of the Case Management Procedures, the Debtors propose to: (a) serve the Case Management Procedures on the Master Service List, as defined under Local Bankruptcy Rule 9013-3; (b) publish the Case Management Procedures on the Debtors' Case Website at https://cases.primeclerk.com/pss (the "Case Website"); and (c) make the Case Management Procedures readily available on request to the Debtors' proposed notice and claims agent, Prime Clerk LLC ("Prime Clerk").

13.     The Debtors propose that the Court approve the following Case Management Procedures:

**A.      Filing Court Documents**

14.     In accordance with Local Bankruptcy Rule 5005-A, all motions, applications and other matters requiring notice and/or a hearing (collectively, the "Motions"), all objections and responses to Motions (the "Objections"), all replies to Objections (the "Replies") and all other documents filed with the Court (together with the Motions, the Objections and the Replies, the "Court Documents") by parties represented by an attorney shall be filed electronically with the Court by registered users of the Court's Electronic Case Files system (the "ECF System"). Parties without an attorney shall file Court Documents by sending such Court Documents, via

5

U.S. Mail, to the United States Bankruptcy Court for the Eastern District of Missouri, 111 S. 10th

Street, St. Louis, Missouri, 63102.

**B.      Service of Court Documents**

15.      Except with respect to Non-ECF Parties, Core Parties and Particularized Interest

Parties (each as defined below), all parties in interest, whether or not they have filed or file after

the date hereof a notice of appearance or request for service of papers under Bankruptcy Rule

2002, shall be deemed to receive electronic notice through the ECF System of each Court

Document filed with the Court, effective as of the date such Court Document is posted on the

Court's ECF System, and therefore need not be separately served with such Court Document.

16.      Non-ECF Parties (each, a <u>Non-ECF Party</u>) shall be served each Court Document

by U.S. mail or email (if an email address has been provided), unless a Non-ECF Party agrees

that such service shall not be required.

17.      Each Court Document shall be served separately from the ECF System on: (a) the

Debtors, 3231 SE 6th Avenue, Topeka, KS 66607; (b) proposed counsel to the Debtors (i) Akin

Gump Strauss Hauer & Feld LLP (Attn: Meredith A. Lahaie, Kevin Zuzolo and Julie

Thompson), (ii) Armstrong Teasdale LLP (Attn: Richard W. Engel, Jr., Erin M. Edelman and

John G. Willard), and (iii) Cassels Brock & Blackwell LLP (Attn: Ryan Jacobs, Jane Dietrich,

Natalie Levine and Monique Sassi); (c) the Office of the United States Trustee for the Eastern

District of Missouri; (d) the holders of the 50 largest unsecured claims against the Debtors (on a

consolidated basis); (e) counsel to the Prepetition ABL Administrative Agent (i) Choate Hall &

Stewart LLP (Attn: Kevin Simard, Douglas Gooding and Jonathan Marshall) and (ii) Thompson

Coburn LLP (Attn: Mark Bossi); (f) counsel to the FILO Agent, Greenberg Traurig, LLP (Attn:

Jeffrey M. Wolf); (g) counsel to certain Prepetition Term Loan Lenders (i) Kramer Levin

Naftalis & Frankel LLP (Attn: Stephen D. Zide) (ii) Doster, Ullom & Boyle, LLC (Attn: Gregory

D. Willard) (iii) Stroock & Stroock & Lavan LLP (Attn: Kristopher M. Hansen and Daniel A. Fliman) and (iv) Lewis Rice LLC (Attn: Sonette T. Magnus); (h) the proposed Monitor, FTI Consulting Canada, Inc. (Attn: Paul Bishop, Greg Watson and Jim Robinson); (i) counsel to the proposed Monitor, Bennett Jones LLP (Attn: Sean Zweig, Kevin Zych and Aiden Nelms); (j) counsel to any statutory committee appointed in the chapter 11 cases; (k) the Office of the United States Trustee for the Eastern District of Missouri; (l) the United States Attorney's Office for the Eastern District of Missouri; (m) the Internal Revenue Service; (n) the United States Securities and Exchange Commission; (o) the state attorneys general for all states in which the Debtors conduct business; and (p) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Core Parties"). The Debtors shall maintain a service list of all the Core Parties (the "Core Parties List") which shall replace the Master Service and Master Notice List required under Local Bankruptcy Rule 9013-3(D).

18. Each Court Document shall also be served (in addition to service via the ECF System) on each person, entity and governmental agency with a particularized interest in such Court Document (each, a "Particularized Interest Party"). Core Parties (and no other parties) shall be authorized to serve all Court Documents by e-mail on any relevant Particularized Interest Party or counsel thereto. All other parties shall serve Court Documents on Particularized Interest Parties in accordance with judicial order, the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules.

19. All Court Documents served by a party via e-mail (other than through the ECF System) shall include access to an attached file or files containing the entire Court Document, including the proposed form of order and any exhibits and attachments, in PDF format or, in the case of the Debtors, a hyperlink to a copy of such Court Document on the Case Website.

Notwithstanding the foregoing, if a Court Document cannot be annexed to an e-mail (because of size, technical difficulties or otherwise) and, in the case of the Debtors, cannot be made available on the Case Website, the serving party may, in its sole discretion, (a) serve the entire Court Document by U.S. mail, hand delivery, overnight delivery or facsimile, including the proposed form of order and any exhibits, attachments and other relevant materials or (b) serve by e-mail a notice stating that the Court Document cannot be attached but is available on the Court's ECF System and will be mailed only if requested by the party receiving the notice.

20.    Service of a Court Document through the ECF System shall be effective as of the date such Court Document is posted on the Court's ECF System.  Service by e-mail (other than through the ECF System) on a party shall be effective as of the date the Court Document (or a notice stating that the Court Document cannot be attached but is available on the Court's ECF System or the Case Website) is transmitted by e-mail to the address provided by such party.

21.    Upon the filing of any Court Document, other than a Motion seeking emergency or expedited relief, the filing party shall file with the Court a certificate of service (a "Proof of Service") in accordance with the Local Bankruptcy Rules within two business days of the filing of the related Court Document.  In the case of a Motion seeking emergency or expedited relief, a Proof of Service must be filed within 24 hours of the filing of the related Motion. Proofs of Service need not be served on any party.

22.    Notice and service accomplished in accordance with the provisions set forth in the Proposed Order shall be deemed adequate in all respects pursuant to the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules.

**C.    Scheduling of Hearings and Deadlines for Filing Court Documents**

23.    The Debtors shall be authorized to schedule, in cooperation with the Court, periodic omnibus hearings ("Omnibus Hearings") at which Motions and other requests for relief

shall be heard.  At least two (2) days before any Omnibus Hearing, the Debtors shall file with the Court an agenda setting forth each matter to be heard at such hearing, which agenda may be updated or amended from time to time thereafter to the extent necessary.  The matters listed on the agenda shall be limited to matters of substance and shall not include administrative filings, such as notices of appearance and Proofs of Service.

24.     Unless otherwise ordered by the Court, the following guidelines shall apply to all Omnibus Hearings:

(i)     Motions shall not be considered by the Court in the ordinary course unless filed and served in accordance with these Case Management Procedures at least 21 days before the next available Omnibus Hearing.

(ii)    Hearings in connection with claims objections, pre-trial conferences, trials related to adversary proceedings, and requests for relief on an expedited basis may be scheduled for dates other than the regular Omnibus Hearing dates. However, initial pre-trial conferences scheduled in connection with adversary proceedings shall be set on the next available Omnibus Hearing date that is at least 45 days after the filing of the complaint, except as otherwise ordered by the Court.

(iii)   Unless the Court directs otherwise, if a Court Document purports to set a hearing date that is inconsistent with the Case Management Procedures, the hearing shall be scheduled, without the necessity of Court order, for the next available Omnibus Hearing in accordance with these Case Management Procedures, and the Debtors shall provide the movant with notice of these Case Management Procedures.

(iv)    Subject to Local Bankruptcy Rules 9013-2(C) and (D), if a movant or applicant other than the Debtors intends to seek emergency or expedited relief, the movant or applicant shall be required to first contact the Debtors' attorneys by telephone to request that the motion or application be considered on an expedited basis. If the Debtors disagree with the movant or applicant's request for emergency or expedited relief, the movant or applicant shall arrange for a chambers conference, telephonic or in-person, to be held among the Court, the Debtors' attorneys and the movant or applicant, to discuss the request. If the Court determines expedited consideration is appropriate, the Court shall direct the requisite notice and shall set a time and date for the hearing.

25.     The three-day extension for additional time after service by mail as set forth in Bankruptcy Rule 9006(f) shall not apply to parties duly served by e-mail, the ECF System or other electronic transmission.

26.     Notwithstanding any Local Bankruptcy Rule, unless otherwise ordered by the Court, the deadline for any party to file an Objection (the "Objection Deadline") to any Motion shall be the date that is seven (7) days before the date of the hearing on such Motion.  The Objection Deadline may be extended with the consent of the movant or applicant.  No Objection shall be considered timely unless filed with the Court and served on or before the applicable Objection Deadline.  All parties filing an Objection shall include their telephone number and e-mail address in the signature block on the last page of the Objection.

27.     A Motion may be granted without a hearing, provided that, after the passage of the Objection Deadline, an attorney for the entity who filed the Motion files a declaration pursuant to 28 U.S.C. § 1746 indicating that no Objection has been filed or served in accordance with these Case Management Procedures.

28.     If an Objection is filed, then unless otherwise ordered by the Court, any Reply shall be filed with the Court and served in accordance with these Case Management Procedures on or before 12:00 p.m. (prevailing Central Time) on the date that is one day before the date of the applicable hearing (the "Reply Deadline").

29.     The Debtors are permitted to file omnibus responses to objections.

30.     In the event that a matter is properly noticed for hearing and the parties reach agreement on a settlement of the dispute prior to the scheduled hearing, the parties may announce the settlement at the scheduled hearing.  In the event that the Court determines that the notice of the dispute and the hearing is an adequate notice of the effects of the settlement (*i.e.*,

that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement.

31.     If a Motion to extend the time for the Debtors to take any action is filed consistent with any order granting this Motion before the expiration of the period prescribed by the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules or the provisions of any order entered by this Court, such period shall be extended by the filing of such motion pending the Court's ruling on such motion.

32.     Unless otherwise ordered by the Court, the Case Management Procedures shall not supersede the requirements for notice of the proceedings described in Bankruptcy Rules 2002(a)(1), (a)(4)–(a)(5) and (a)(7)-(a)(8), 2002(b) and 2002(f).

**D.      Motions for Relief from the Automatic Stay**

33.     In accordance with Local Bankruptcy Rule 4001-1(B), notwithstanding anything contained herein, unless otherwise ordered by the Court, a motion for relief from the automatic stay (a "Stay Relief Motion") filed by any party other than the Debtors pursuant to Bankruptcy Code section 362 shall ordinarily be set for an Omnibus Hearing giving a minimum of 21 days' notice, and the Objection Deadline for such Motion shall be seven days before the scheduled hearing.

34.     Notwithstanding Bankruptcy Code section 362(e), if a scheduled Stay Relief Motion with respect to a request for relief by a party other than the Debtors under Bankruptcy Code section 362(d) is set for a hearing to take place on a date that is more than 30 days from the date of such Stay Relief Motion, or if such Stay Relief Motion is adjourned upon the consent of the Debtors and the moving party to a date that is more than 30 days from the date of such Stay Relief Motion, the moving party shall be deemed to have consented to the  continuation of the

11

automatic stay in effect pending the conclusion of, or as a result of, a final hearing and determination under Bankruptcy Code section 362(d), and shall be deemed to have waived its right to assert the termination of the automatic stay under Bankruptcy Code section 362(e); *provided*, *however*, to the extent there is any inconsistency between the Case Management Procedures and the terms of the Court's order approving the Debtors' entry into a postpetition financing agreement and use of cash collateral (the "Financing Order"), if applicable, the terms of the Financing Order shall control.

**E.      Form of Court Documents**

35.     Notwithstanding Bankruptcy Code section 342(c) and Bankruptcy Rule 2002(n), notices given by the Debtors shall not be required to contain the address and taxpayer identification numbers of the Debtors, except as specifically required by the Court or Clerk of the Court.

36.     The page limitation set forth in Local Bankruptcy Rule 9004(C) shall not apply to Court Documents filed in these cases.

37.     Nothing in these Case Management Procedures shall prejudice the right of any party to move the Court to request relief under Bankruptcy Code section 107(b) or Bankruptcy Rule 9018 to protect any entity with respect to a trade secret or confidential research, development or commercial information or to protect a person with respect to scandalous or defamatory matter contained in a Court Document filed in these cases.  If the Debtors seek approval of or authorization from the Court to assume, reject, enter into, approve, honor or assign any agreement, including contracts, leases, financing agreements, settlement agreements, consent orders and any other arrangement or instrument of any kind, or if the Debtors are otherwise required to refer to the terms or provisions of any such instrument in a Court Document, and such instrument contains confidential or proprietary information, the Debtors

need not file such instrument with the Court unless requested to do so by the Court or a party in interest, and the Debtors shall be entitled at the time of such request, and before filing such instruments, to seek relief under Bankruptcy Code section 107(b) or Bankruptcy Rule 9018 with respect to such instrument.

**F.     Proposed Orders**

38.     A proposed order relating to any Court Document shall be submitted to the Court by email as soon as practicable after the filing of the applicable Court Document. No proposed orders may be filed on the Court record. Additionally, a proposed order may be e-mailed to paylessinfo@PrimeClerk.com immediately after the filing of the applicable Court Document for posting on the Debtors' Case Website.  The e-mail shall attach the proposed order and the as-filed Court Document in PDF format, and the subject line of the email message shall include the title and ECF docket number of the applicable Court Document.  The applicable Court Document that seeks entry of such proposed order shall include the following statement:  "A copy of the Proposed Order will be provided to the Notice Parties and made available on the Debtors' case information website at https://cases.primeclerk.com/pss." Proposed orders that have been properly submitted in accordance herewith will be posted on the Debtors' Case Website at https://cases.primeclerk.com/pss.

39.     The title of any proposed order shall describe the Court Document to which it relates by title and shall indicate whether the order grants or denies the requested relief.  The text of the proposed order shall (i) be sufficiently descriptive to clearly state the relief granted, including a description of any property subject to the order and (ii) contain the name and address of the person who prepared the order.  Parties shall also e-mail the final version of the proposed order to the Court, as provided in the Court's Procedures Manual.  Serving a proposed order in accordance with these Case Management Procedures will be deemed to satisfy the requirements

13

of Local Bankruptcy Rules 9050 and 9061(E).  Final orders entered in these cases shall be served on Notice Parties and Particularized Interest Parties by the party submitting the proposed order.

**G.      Telephonic Appearances**

40.      Attorneys for parties in the Debtors' Cases may appear telephonically at hearings. If an attorney wishes to participate in a hearing by telephone, the attorney may request dial-in information from the Courtroom Deputy, John Howley Jr., at (314) 244-4808, john_howley@moeb.uscourts.gov.   Non-attorneys, including pro se parties, members of the public and members of the press, and attorneys who have not entered an appearance in the Debtors' Cases, may not use the Court's dial-in; however, all persons, whether a party or otherwise, are welcome to attend any hearing, in-person, in the courtroom.   Locally-located counsel may not use the Court's dial-in unless physically outside the District at the time of the hearing or otherwise authorized by the Court.   Attorneys participating by telephone must put their phones on "mute" at all times except when speaking. Attorneys participating by telephone shall not put their telephones on "hold" under any circumstances or otherwise be "absent" from their telephonic appearance.  If an attorney must exit a telephonic appearance, the attorney must seek Court authority to leave and disconnect from the telephone call.  *If the telephonic appearances present any background noise, disruption or other inconvenience to the Court or the proceedings, the telephone dial-in will be disconnected, at the discretion of the Court, and the proceeding will continue without the presence of anyone previously dialed-in*.

**H.      Noticing Agent and Case Information Web Site**

41.      The Debtors, in cooperation with Prime Clerk LLC (the "Noticing Agent"), are hereby authorized to create and maintain an independent Case Website for the posting of certain information regarding the chapter 11 cases, including, in the Debtors' sole discretion, certain

14

orders, decisions or other Court Documents filed in the chapter 11 cases.  The Court's website,

www.moeb.uscourts.gov, may include a link to the Case Website.

42.     The Case Website may display a disclaimer substantially similar to the following:

This website is created and maintained by Prime Clerk LLC ("Prime Clerk"), the claims and noticing agent for Payless Holdings LLC and certain of its subsidiaries (collectively, the "Debtors").  The information contained on this website is provided for informational purposes only and should not be construed as legal, financial or other professional advice or, unless expressly stated, as the Debtors' or Prime Clerk's official position on any subject matter.  Users of this website should not take or refrain from taking any action based upon content included in the website without seeking legal counsel on the particular facts and circumstances at issue from a licensed attorney.

The Debtors and Prime Clerk do not guarantee or warrant the accuracy, completeness or currency of the information that is provided herein, and shall not be liable to you for any loss or injury arising out of, or caused in whole or in part by, the acts, errors or omissions of the Debtors or Prime Clerk, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained on this website.  The Debtors and Prime Clerk expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein, or to notify you or any third party, should the information be updated, modified, revised or re- categorized.  In no event shall the Debtors or Prime Clerk be liable to you or any third party for any direct, indirect, incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors, or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or Prime Clerk are advised of the possibility of such damages.  This website should not be relied on as a substitute for financial, legal or other professional advice.

It is your sole obligation to maintain accurate records of the documents filed in the chapter 11 cases, based on the Court's dockets relating to the chapter 11 cases, which can be accessed through the Court's website at www.moeb.uscourts.gov (a PACER login and password are needed to view these documents and can be obtained at http://pacer.psc.uscourts.gov).  The Debtors' website is being made available merely as a convenience to interested parties and the public.

Electronic mail or other communications through this website, or otherwise, to the Debtors, their counsel, or Prime Clerk in connection with these, or other, matters will not be treated as privileged or confidential.

Transmission and receipt of the information in this website and/or communication with the Debtors or Debtors' counsel via e-mail is not intended to solicit or create, and does not create, an attorney-client relationship between Debtors' counsel and any person or entity. The Debtors and Prime Clerk do not endorse or warrant, and are not responsible for, any third-party content that may be accessed from this website.

The Debtors and Prime Clerk make no claim to original U.S. Government works. None of the Debtors, or any of their respective directors, officers, employees, members, attorneys, consultants, advisors or agents (acting in such capacity), including Prime Clerk (collectively, the "Exculpated Parties"), shall have or incur any liability to any entity, (all references to "entity" herein shall be as defined in Bankruptcy Code section 101(15)), for any act taken or omitted to be taken in connection with the preparation, dissemination or implementation of this website; *provided*, *however*, that the foregoing shall not affect the liability of any Exculpated Party protected pursuant to this paragraph that otherwise would result from any such act or omission to the extent that such act or omission, is determined in a final, non-appealable order to have constituted a breach of fiduciary duty, gross negligence or willful misconduct, including, without limitation, fraud and criminal misconduct, or the breach of any confidential agreement or order. Without limiting the foregoing, the exculpation provided in this paragraph shall be coextensive with any Exculpated Party's qualified immunity under applicable law.

43.     The Noticing Agent shall maintain a master list containing the name and address of each creditor of the Debtors (the "Creditor Matrix"). The Debtors shall file with the Court the Creditor Matrix and, on a periodic basis, any amendments thereto.

## I.     Amendments and Notice of Order

44.     The Debtors may seek to amend the Case Management Procedures occasionally throughout the chapter 11 cases and shall present such amendments to the Court by Motion in accordance with the Proposed Order.

45.     The Debtors shall make the Proposed Order available on the Case Website, and, within two days after its entry, serve it by U.S. mail, hand delivery, facsimile or e-mail on the Core Parties and all parties that, prior to the date of the entry of the Proposed Order, have requested notice pursuant to Bankruptcy Rule 2002.

16

**J.      Time**

46.      Any time period prescribed or allowed by these Case Management Procedures shall be computed in accordance with Bankruptcy Rule 9006.

47.      Nothing in these Case Management Procedures shall prejudice the right of any party to move the Court to request an enlargement or reduction of any time period under Bankruptcy Rules 2002(m), 9006(b) and 9006(c) or the Proposed Order.

<u>BASIS FOR RELIEF</u>

48.      The Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules provide the Court with authority to approve notice, case management and administrative procedures.  Specifically, Bankruptcy Rule 2002(m) states that "[t]he court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules."  Fed. R. Bankr. P. 2002(m); *see also* Fed. R. Bankr. P. 9007 ("When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.").  In addition, Bankruptcy Rule 9036 authorizes parties in interest to request that "all or part of the information required to be contained in the notice be sent by a specified type of electronic transmission." Fed. R. Bankr. P. 9036.

49.      Bankruptcy Code section 102(1) provides that if the Bankruptcy Code requires an action to occur "after notice and a hearing," such action may occur "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances."  11 U.S.C. § 102(1)(A).  Moreover, Bankruptcy Code section 105(a) states that "[t]he Court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title . . . ."  11 U.S.C. § 105(a); *see also* 11 U.S.C.

17

§ 105(d)(1).  In light of the above, the Case Management Procedures in these chapter 11 cases should be approved pursuant to Bankruptcy Code section 105(a).  The Debtors respectfully submit that implementing the Case Management Procedures is appropriate in these chapter 11 cases and is well within the Court's equitable powers under Bankruptcy Code section 105.

50.    In addition, Local Bankruptcy Rules 9013-1 and 9013-3 allow the Court to set appropriate notice requirements and objection deadlines in connection with the facts and circumstances of these chapter 11 cases. *See, e.g.*, L.R. 9013-1, 9013-3.  Therefore, the Debtors submit that omnibus hearings and electronic notice requirements as provided in the Case Management Procedures, whenever possible, should be permitted to alleviate any notice or hearing burdens that may arise in these chapter 11 cases.

51.    Further, pursuant to Local Bankruptcy Rule 5005(B), "registration to file electronically constitutes the participant's consent to receive notice and service by electronic means and is a written waiver of service by other means . . . [and] notice through the Court's CM/ECF system constitutes service of documents referenced in the Notice of Electronic Filing." L.R. 5005(B).  Hence, any party submitting a document to the Court for filing with the Court's electronic filing system has already consented to electronic service as provided by the Proposed Order and Case Management Procedures and will not be prejudiced by electronic notice.  Such registered participants will receive a "Notice of Electronic Filing" via email whenever a filing is made, which will provide additional notice to such parties.  If a party cannot reasonably obtain access to email, then such party may seek an exemption from electronic service to receive paper copies of any documents filed with the Court as set forth in the Proposed Order and Case Management Procedures.  Therefore, no party will be affected adversely by electronic service as set forth in the Case Management Procedures.

18

52.     Due to the substantial number of parties in interest expected to be involved in these chapter 11 cases and the complex nature of the Debtors' integrated global operations, the Debtors respectfully submit that implementation of the Case Management Procedures is warranted. Courts in this district regularly grant relief similar to that requested herein to expedite case administration and to reduce the costs thereof. *See, e.g., In re Payless Holdings, LLC,* No. 17-42267-659 (Bankr. E.D. Mo. Dec. 20, 2018); *In re Peabody Energy Corp.*, No. 16-42529-399 (Bankr. E.D. Mo. Apr. 15, 2016) [Docket No. 114]; *In re Noranda Aluminum, Inc.*, No. 16-10083-399 (Bankr. E.D. Mo. Feb. 12, 2016) [Docket No. 123]; *In re Arch Coal, Inc.*, No. 16-40120-705 (Bankr. E.D. Mo. Jan. 21, 2016) [Docket No. 155]; and *In re Patriot Coal Corp.*, No. 12-51502-659 (Bankr. E.D. Mo. Mar. 22, 2013) [Docket No. 3361].

53.     In sum, approval of the Case Management Procedures will promote the efficient and orderly administration of these chapter 11 cases by, among other things:  (a) limiting service of Court Documents to those parties that have an interest in the subject matter thereof; (b) authorizing electronic service; and (c) fixing monthly Omnibus Hearings.  For the reasons stated herein, the Debtors believe that the Proposed Order is appropriate and should be approved and implemented in these chapter 11 cases.

### RESERVATION OF RIGHTS

54.     Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' or any other party-in-interest's rights to dispute any claim, or an approval or assumption of any agreement, contract or lease under Bankruptcy Code section 365.  The Debtors expressly reserve their right to contest any claim related to the relief sought herein.  Likewise, if the Court grants the relief sought herein, any payment made pursuant to an order of the Court is not intended to be—nor should it

be construed as—an admission as to the validity of any claim or a waiver of the Debtors' or any other party-in-interest's rights to subsequently dispute such claim.

<u>**NOTICE**</u>

55.    The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the Eastern District of Missouri; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Prepetition ABL Administrative Agent, (i) Choate Hall & Stewart LLP (Attn: Kevin Simard, Douglas Gooding and Jonathan Marshall) and (ii) Thompson Coburn LLP (Attn: Mark Bossi); (d) counsel to the FILO Agent, Greenberg Traurig, LLP (Attn: Jeffrey M. Wolf); (e) counsel to certain Prepetition Term Loan Lenders (i) Kramer Levin Naftalis & Frankel LLP (Attn: Stephen D. Zide), (ii) Doster, Ullom & Boyle, LLC (Attn: Gregory D. Willard), (iii) Stroock & Stroock & Lavan LLP (Attn: Kristopher M. Hansen and Daniel A. Fliman) and (iv) Lewis Rice LLC (Attn: Sonette T. Magnus); (f) the proposed Monitor, FTI Consulting Canada, Inc. (Attn: Paul Bishop, Greg Watson and Jim Robinson); (g) counsel to the proposed Monitor, Bennett Jones LLP (Attn: Sean Zweig, Kevin Zych and Aiden Nelms); (h) counsel to any statutory committee appointed in the chapter 11 cases; (i) the United States Attorney's Office for the Eastern District of Missouri; (j) the Internal Revenue Service; (k) the United States Securities and Exchange Commission; (l) the state attorneys general for all states in which the Debtors conduct business; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "<u>Notice Parties</u>"). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## <u>CONCLUSION</u>

56.     WHEREFORE, the Debtors respectfully request that the Court enter an order granting the relief requested by this Motion and such further relief as may be just and necessary under the circumstances.

Dated:  February 19, 2019
        St. Louis, Missouri

/s/ *Richard W. Engel, Jr.*

Richard W. Engel, Jr. MO 34641
Erin M. Edelman MO 67374
John G. Willard MO 67049
**ARMSTRONG TEASDALE LLP**
7700 Forsyth Boulevard, Suite 1800
St. Louis, MO 63105
Telephone: (314) 621-5070
Facsimile: (314) 612-2239
rengel@armstrongteasdale.com
eedelman@armstrongteasdale.com
jwillard@armstrongteasdale.com

-and-

Ira Dizengoff (*pro hac vice* admission pending)
Meredith A. Lahaie (*pro hac vice* admission pending)
Kevin Zuzolo (*pro hac vice* admission pending)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
mlahaie@akingump.com
kzuzolo@akingump.com

- and -

Julie Thompson (*pro hac vice* admission pending)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
julie.thompson@akingump.com

*Proposed Counsel to the Debtors and Debtors in Possession*