**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 19-40883-659 |
| | ) | Chapter 11 |
| PAYLESS HOLDINGS LLC, *et al.*, | ) | |
| | ) | (Joint Administration Requested) |
| Debtors.[1] | ) | |
| | ) | Hearing Date: February 19, 2019 |
| | ) | Hearing Time: 1:30 p.m. (Central Time) |
| | ) | Hearing Location: Courtroom 7 North |

**DEBTORS' MOTION SEEKING ENTRY OF AN ORDER (I) EXTENDING
TIME TO (A) FILE SCHEDULES OF ASSETS AND LIABILITIES,
SCHEDULES OF CURRENT INCOME AND EXPENDITURES,
SCHEDULES OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES,
STATEMENTS OF FINANCIAL AFFAIRS, AND RULE 2015.3
FINANCIAL REPORTS, AND (B) SCHEDULE THE
MEETING OF CREDITORS, AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (this "Motion") for entry of an order, substantially in the form filed contemporaneously with this Motion (the "Proposed Order")[2], (i) extending time to (a) file schedules of assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired leases, statement of financial affairs and Rule 2015.3 financial

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Payless Holdings LLC [5704]; Payless Intermediate Holdings LLC [5190]; WBG-PSS Holdings LLC [0673]; Payless Inc. [3160]; Payless Finance, Inc. [2101]; Collective Brands Services, Inc. [7266]; PSS Delaware Company 4, Inc. [1466]; Shoe Sourcing, Inc. [4075]; Payless ShoeSource, Inc. [4097]; Eastborough, Inc. [2803]; Payless Purchasing Services, Inc. [3043]; Payless ShoeSource Merchandising, Inc. [0946]; Payless Gold Value CO, Inc. [3581]; Payless ShoeSource Distribution, Inc. [0944]; Payless ShoeSource Worldwide, Inc. [6884]; Payless NYC, Inc. [4126]; Payless ShoeSource of Puerto Rico, Inc. [9017]; Payless Collective GP, LLC [2940]; Collective Licensing, LP [1256]; Collective Licensing International LLC [5451]; Clinch, LLC [9836]; Collective Brands Franchising Services, LLC [3636]; Payless International Franchising, LLC [6448]; PSS Canada, Inc. [4969]; Payless ShoeSource Canada Inc. [4180]; Payless ShoeSource Canada GP Inc. [4182]; and Payless ShoeSource Canada LP [4179]. With respect to certain taxing authorities, the Debtors' address is 2001 Bryan Street, Suite 800, Dallas, Texas 75201. However, the location of Debtor Payless Holdings LLC's corporate headquarters and the Debtors' service address is: c/o Payless ShoeSource Inc., 3231 S.E. 6th Avenue, Topeka, Kansas 66607.

[2] A copy of the Proposed Order will be provided to the Notice Parties (as defined below) and made available on the Debtors' case information website at https://cases.primeclerk.com/pss.

reports, and (b) schedule the meeting of creditors, and (ii) granting related relief. In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Eastern District of Missouri (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 81-9.01(B)(1) of the Local Rules of the United States Court for the Eastern District of Missouri. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) and 521 of title 11 of the United States Code, §§ 101-1532 (the "Bankruptcy Code") and Rules 1007, 2015.3(d) and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1007-6 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Missouri (the "Local Bankruptcy Rules").

## BACKGROUND

4. The Debtors and their non-debtor affiliates (together, the "Company") are the largest specialty family footwear retailer in the Western Hemisphere, offering a wide range of shoes and accessory items at affordable prices. The Company operates approximately 3,400 stores in more than 40 countries. The Debtors are headquartered in Topeka, Kansas with extensive operations that span across the United States, Canada, Latin America, Asia, the Middle East, and Europe.

5. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Bankruptcy Code

2

sections 1107(a) and 1108.  The Debtors have requested that their cases be consolidated for procedural purposes and administered jointly.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

6. The Debtors commenced these chapter 11 cases approximately 18 months after completing a restructuring and emerging from chapter 11 protection with a reduced debt burden.[3] The Debtors, however, have been unable to sustain profitable operations in the current retail environment as a result of various factors more fully described in the *Declaration of Stephen Marotta, Chief Restructuring Officer of Payless Holdings LLC, in Support of Debtors' Chapter 11 Proceedings and First Day Pleadings* (the "First Day Declaration").[4]  Accordingly, the Debtors have determined that the best way to maximize value for all of their stakeholders is to liquidate all North America brick and mortar locations through the immediate commencement of going out of business sales.  The Debtors believe, in the exercise of their business judgment, that such measures are in the best interests of the Debtors' estates.

7. A comprehensive description of the Debtors' businesses and operations, capital structure and events leading to the commencement of these chapter 11 cases is set forth in the First Day Declaration, filed contemporaneously herewith and incorporated herein by reference.

## RELIEF REQUESTED

8. By this Motion, and pursuant to Bankruptcy Code section 105(a), Bankruptcy Rules 1007, 2015.3(d) and 9006 and Local Bankruptcy Rule 1007-6, the Debtors seek entry of the Proposed Order: (i) extending time, including (a) the deadline by which the Debtors must file

---

[3] On April 4, 2017, the Debtors' predecessors-in-interest commenced chapter 11 cases (the "Prior Cases") before the United States Bankruptcy Court for the Eastern District of Missouri, which were jointly administered under the caption *In re Payless Holdings LLC*, No. 17-42267.  A plan of reorganization was confirmed in the Prior Cases on July 26, 2017, and such plan went effective on August 10, 2017.

[4] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

3

their schedules of assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules and Statements") by forty-six (46) days, in addition to the extension provided by Local Rule 1007-6, for a total of sixty (60) days following the Petition Date, without prejudice to the Debtors' ability to request additional extensions; (b) authorizing the Office of the United States Trustee for the Eastern District of Missouri (the "U.S. Trustee") to schedule the meeting of creditors under section 341 of the Bankruptcy Code after the 40-day deadline imposed by Bankruptcy Rule 2003 (the "341 Meeting"); and (c) extending the deadline by which the Debtors must file their initial reports of financial information with respect to entities in which the Debtors hold a controlling or substantial interest as set forth in Bankruptcy Rule 2015.3 (the "2015.3 Reports") to the later of: (x) thirty (30) days after the 341 Meeting or (y) forty-five (45) days from the Petition Date, or to file a motion with the Court seeking a modification of such reporting requirements for cause, without prejudice to the Debtors' ability to request additional extensions; and (ii) granting related relief.

## BASIS FOR RELIEF

**A.    Cause Exists to Extend the Time to File the Schedules and Statements and 341 Meeting**

9.    The Debtors submit that ample cause exists to grant the relief requested herein. Pursuant to Bankruptcy Rules 1007(c) and 9006(b), the Court has authority to extend the time required for filing of the Schedules and Statements "for cause." Fed. R. Bankr. P. 1007(c) and 9006(b). In addition, Local Bankruptcy Rule 1007-6(A) expressly provides that the Court may extend the time for filing the Debtors' Schedules and Statements. The Debtors submit that ample cause exists to grant the relief requested herein.

4

10. To prepare their Schedules and Statements, the Debtors will have to compile information from books, records, and documents relating to thousands of claims, assets, and contracts from each Debtor entity. Accordingly, collection of the necessary information will require a significant expenditure of time and effort on the part of the Debtors and their employees. Additionally, because numerous invoices related to prepetition goods and services have not yet been received and entered into the Debtors' accounting system, it will be some time before the Debtors have access to all of the information required to prepare their Schedules and Statements.

11. In addition, the Debtors also request that the Court authorize the U.S. Trustee to schedule the 341 Meeting beyond the 40-day period contemplated in Bankruptcy Rule 2003 to allow sufficient time for all parties to review the Schedules and Statements. Bankruptcy Rule 2003(a) provides that, in a chapter 11 case, the U.S. Trustee "shall call a meeting of creditors to be held no fewer than 21 and no more than 40 days after the order for relief." Fed. R. Bankr. P. 2003(a).

12. Moreover, the Debtors have books and records located at various locations throughout North America and Latin America, and rely on franchisees in Asia, Africa, and the Middle East for other financial information. Information will need to be gathered from many, if not all, of these locations. Given the size and complexity of the Debtors' businesses and financial affairs, and the critical matters that the Debtors' management and professionals were required to address prior to the commencement of these chapter 11 cases, the Debtors were not in a position to complete the Schedules and Statements as of the Petition Date.

13. In the days leading up to the Petition Date, the Debtors' primary focus has been preparing for these chapter 11 cases. Focusing the attention of key personnel on critical

operational and chapter 11 compliance issues during the early days of these chapter 11 cases will facilitate the Debtors' smooth transition into chapter 11, thereby maximizing value for their estates, their creditors, and other parties in interest during the store closure process.

14. Moreover, an extension will not harm creditors or other parties in interest because, even under the extended deadline, the Debtors will file the Schedules and Statements in advance of any deadline for filing proofs of claim in these chapter 11 cases.

15. As explained above, the Debtors' business operations are complex and vast, and preparing the Schedules and Statements accurately and in appropriate detail will require significant attention from the Debtors' personnel and the Debtors' advisors. Engaging in such preparation immediately before or after the commencement of these chapter 11 cases would distract such personnel and advisors from the Debtors' business operations at a critical juncture. Accordingly, the Debtors submit that a 46-day extension of time to file the Schedules and Statements, without prejudice to their ability to request additional extensions, is appropriate and warranted under the circumstances.

16. Courts in this district regularly have found "cause" to extend the deadline for filing schedules and statements in chapter 11 cases for a duration that is equal to or longer than the Debtors seek, especially when the case involves business operations of comparable size, complexity, and geographic scope. *See, e.g., In re Peabody Energy Corp.,* No. 16-42529-399 (Bankr. E.D. Mo. April 15, 2016) [Docket No. 116] (granting debtors a 46-day extension to file Schedules and Statements for a total of 60 days from the petition date and extending the time to schedule the 341 meeting); *In re Abengoa Bioenergy US Holdings, LLC,* No. 16-41161-659 (Bankr. E.D. Mo. Mar. 4, 2016) [Docket No. 87] (granting debtors a 30-day extension to file Schedules and Statements for a total of 44 days from the petition date); *In re Noranda*

6

*Aluminum, Inc.,* No. 16-10083-399 (Bankr. E.D. Mo. Feb. 10, 2016) [Docket No. 82] (granting debtors a 35-day extension to file Schedules and Statements for a total of 49 days from the petition date and extending the time to schedule the 341 meeting); and *In re Arch Coal, Inc.,* No. 16-40120-705 (Bankr. E.D. Mo. Jan. 13, 2016) [Docket No. 76] (granting debtors a 45-day extension to file Schedules and Statements for a total of 59 days from the petition date and extending the time to schedule the 341 meeting).

### B. Cause Exists to Extend the Time to File the 2015.3 Reports

17. Pursuant to Bankruptcy Rule 2015.3, a chapter 11 debtor must file, no later than seven days before the date set for the 341 Meeting and no less than every six months thereafter, periodic financial reports of the value, operations, and profitability of each entity that is not a publicly traded corporation or a debtor in the chapter 11 cases, and in which the estate holds a substantial or controlling interest. Fed. R. Bankr. P. 2015.3(a)–(c). Bankruptcy Rule 9006(b)(1) provides the Court with authority to extend the period of time to file the 2015.3 Reports "for cause." Fed. R. Bankr. P. 9006(b)(1). Additionally, Bankruptcy Rule 2015.3(d) provides the Court with the ability, after notice and a hearing, to modify the reporting requirements for cause, including that the debtor is "not able, after a good faith effort, to comply with those reporting requirements, or that the information . . . is publicly available." Fed. R. Bankr. P. 2015.3(d).

18. The Debtors directly and indirectly own non-debtor subsidiaries that are subject to Bankruptcy Rule 2015.3 and, as such, they are required to file 2015.3 Reports. Cause exists to extend the deadline for filing the 2015.3 Reports as requested herein based on: (a) the size, complexity, and geographic scope of the Debtors' businesses; and (b) the substantial burdens imposed by complying with Bankruptcy Rule 2015.3 in the early days of these chapter 11 cases. The Debtors are not in a position to complete the initial 2015.3 Reports within the time required under Bankruptcy Rule 2015.3.

19. Extending the deadline to file the initial 2015.3 Reports also will enable the Debtors to work with their financial advisors and the U.S. Trustee to determine the appropriate nature and scope of the reports and any proposed modifications to the reporting requirements established by Bankruptcy Rule 2015.3. Accordingly, the Debtors respectfully request that the Court grant an extension of the time by which the Debtors must file their initial 2015.3 Reports to the later of (a) 30 days after the 341 Meeting or (b) 45 days from the Petition Date pursuant to Bankruptcy Rule 2015.3(d), or to file a motion with the Court seeking a modification of such reporting requirements for cause, without prejudice to the Debtors' ability to request additional extensions.

20. The relief requested herein will not prejudice any party in interest. The Debtors intend to work cooperatively with the U.S. Trustee and any other necessary parties in these chapter 11 cases to provide access to relevant information regarding the business and financial affairs of the Debtors and their non-debtor subsidiaries.

21. Courts in this district and courts in other jurisdictions have found "cause" to extend the deadline for filing 2015.3 Reports in chapter 11 cases of comparable size, complexity, and geographic scope. *See, e.g., In re Peabody Energy Corp.,* No. 16-42529-399 (Bankr. E.D. Mo. April 15, 2016) [Docket No. 116] (granting debtors an extension for a total of 60 days from the petition date); *In re EMAS Chiyoda Subsea Limited,* No. 17-31146 (MI) (Bankr. S.D. Tex. Mar. 1, 2017) [Docket No. 52] (granting debtors 30 days after the 341 meeting to file their initial 2015.3 Reports); *In re BCBG Max Azria Global Holdings, LLC,* Case No. 17-10466 (SCC) (Bankr. S.D.N.Y. Mar. 3, 2017) [Docket No. 76] (granting debtors the later of 30 days after the 341 meeting or 44 days after the petition date to file their initial 2015.3 Reports); and *In re Avaya Inc.,* Case No. 17-10089 (SMB) (Bankr. S.D.N.Y. Feb 10, 2017) [Docket No. 143

8

(granting debtors the later of 30 days after the 341 meeting or 61 days after the Petition Date to file their initial 2015.3 Reports).

## **RESERVATION OF RIGHTS**

22.  Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' or any other party-in-interest's rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.  The Debtors expressly reserve their right to contest any claim related to the relief sought herein.  Likewise, if the Court grants the relief sought herein, any payment made pursuant to an order of the Court is not intended to be—nor should it be construed as—an admission as to the validity of any claim or a waiver of the Debtors' or any other party-in-interest's rights to subsequently dispute such claim.

## **NOTICE**

23.  The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the Eastern District of Missouri; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Prepetition ABL Administrative Agent, (i) Choate Hall & Stewart LLP (Attn: Kevin Simard, Douglas Gooding and Jonathan Marshall) and (ii) Thompson Coburn LLP (Attn: Mark Bossi); (d) counsel to the FILO Agent, Greenberg Traurig, LLP (Attn: Jeffrey M. Wolf); (e) counsel to certain Prepetition Term Loan Lenders (i) Kramer Levin Naftalis & Frankel LLP (Attn: Stephen D. Zide), (ii) Doster, Ullom & Boyle, LLC (Attn: Gregory D. Willard), (iii) Stroock & Stroock & Lavan LLP (Attn: Kristopher M. Hansen and Daniel A. Fliman) and (iv) Lewis Rice LLC (Attn: Sonette T. Magnus); (f) the proposed Monitor, FTI Consulting Canada, Inc. (Attn: Paul Bishop, Greg Watson and Jim Robinson); (g) counsel to the proposed Monitor, Bennett Jones LLP (Attn: Sean

9

Zweig, Kevin Zych and Aiden Nelms); (h) counsel to any statutory committee appointed in the chapter 11 cases; (i) the United States Attorney's Office for the Eastern District of Missouri; (j) the Internal Revenue Service; (k) the United States Securities and Exchange Commission; (l) the state attorneys general for all states in which the Debtors conduct business; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

24.    WHEREFORE, the Debtors respectfully request that the Court enter an order granting the relief requested by this Motion and such further relief as may be just and necessary under the circumstances.

[*Remainder of page intentionally left blank.*]

Dated: February 19, 2019
St. Louis, Missouri

/s/ *Richard W. Engel, Jr.*
Richard W. Engel, Jr. MO 34641
Erin M. Edelman MO 67374
John G. Willard MO 67049
**ARMSTRONG TEASDALE LLP**
7700 Forsyth Boulevard, Suite 1800
St. Louis, MO 63105
Telephone: (314) 621-5070
Facsimile: (314) 612-2239
rengel@armstrongteasdale.com
eedelman@armstrongteasdale.com
jwillard@armstrongteasdale.com


-and-

Ira Dizengoff (*pro hac vice* admission pending)
Meredith A. Lahaie (*pro hac vice* admission pending)
Kevin Zuzolo (*pro hac vice* admission pending)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
mlahaie@akingump.com
kzuzolo@akingump.com

- and -

Julie Thompson (*pro hac vice* admission pending)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
julie.thompson@akingump.com

*Proposed Counsel to the Debtors and Debtors in Possession*