**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 19-40883-659 |
| | ) | Chapter 11 |
| PAYLESS HOLDINGS LLC, *et al.*,[1] | ) | |
| | ) | (Joint Administration Requested) |
| | ) | |
| Debtors. | ) | |
| | ) | Hearing Date: February 19, 2019 |
| | ) | Hearing Time: 1:30 p.m. (Central Time) |
| | ) | Hearing Location: Courtroom 7 North |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
(I) AUTHORIZING THE DEBTORS TO (A) PREPARE
A LIST OF CREDITORS IN LIEU OF SUBMITTING A FORMATTED
MAILING MATRIX AND (B) FILE A CONSOLIDATED LIST OF THE
DEBTORS' 50 LARGEST UNSECURED CREDITORS, (II) AUTHORIZING
THE DEBTORS TO REDACT CERTAIN PERSONAL IDENTIFICATION
INFORMATION FOR INDIVIDUAL CREDITORS, (III) APPROVING
THE MANNER OF NOTIFYING CREDITORS OF COMMENCEMENT
OF THESE CHAPTER 11 CASES AND (IV) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (this "Motion") for entry of an order (the "Proposed Order")[2] (i) authorizing the Debtors to: (a) prepare a consolidated list of creditors in lieu of submitting separate mailing matrices for each Debtor (the "Creditor Matrix"), (b) file a consolidated list of the Debtors' 50

---

[1] The Debtors (as defined herein) in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Payless Holdings LLC [5704]; Payless Intermediate Holdings LLC [5190]; WBG-PSS Holdings LLC [0673]; Payless Inc. [3160]; Payless Finance, Inc. [2101]; Collective Brands Services, Inc. [7266]; PSS Delaware Company 4, Inc. [1466]; Shoe Sourcing, Inc. [4075]; Payless ShoeSource, Inc. [4097]; Eastborough, Inc. [2803]; Payless Purchasing Services, Inc. [3043]; Payless ShoeSource Merchandising, Inc. [0946]; Payless Gold Value CO, Inc. [3581]; Payless ShoeSource Distribution, Inc. [0944]; Payless ShoeSource Worldwide, Inc. [6884]; Payless NYC, Inc. [4126]; Payless ShoeSource of Puerto Rico, Inc. [9017]; Payless Collective GP, LLC [2940]; Collective Licensing, LP [1256]; Collective Licensing International LLC [5451]; Clinch, LLC [9836]; Collective Brands Franchising Services, LLC [3636]; Payless International Franchising, LLC [6448]; PSS Canada, Inc. [4969]; Payless ShoeSource Canada Inc. [4180]; Payless ShoeSource Canada GP Inc. [4182]; and Payless ShoeSource Canada LP [4179]. With respect to certain taxing authorities, the Debtors' address is 2001 Bryan Street, Suite 800, Dallas, TX 75201. However, the location of Debtor Payless Holdings LLC's corporate headquarters and the Debtors' service address is: c/o Payless ShoeSource Inc., 3231 S.E. 6th Avenue, Topeka, Kansas 66607.

[2] A copy of the Proposed Order will be provided to the Notice Parties (as defined below) and made available on the Debtors' case information website at https://cases.primeclerk.com/pss.

largest unsecured creditors and (c) mail initial notices through their Proposed Notice and Claims Agent (as defined below); (ii) authorizing the Debtors to redact certain personal identification information for individual creditors; (iii) approving the manner of notifying creditors of commencement of these chapter 11 cases; and (iv) granting related relief.  In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1.     The United States Bankruptcy Court for the Eastern District of Missouri (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 81.901(B)(1) of the Local Rules of the United States District Court for the Eastern District of Missouri.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory and procedural bases for the relief requested herein are sections 105(a), 342(a) and 521 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1007 and 2002 the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 1002(C), 1007-7, 1009, 2002-1 and 2002-2 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Missouri (the "Local Bankruptcy Rules").

## BACKGROUND

4.     The Debtors and their non-debtor affiliates (together, the "Company") are the largest specialty family footwear retailer in the Western Hemisphere, offering a wide range of shoes and accessory items at affordable prices.  The Company operates approximately 3,400 stores in more than 40 countries.  The Debtors are headquartered in Topeka, Kansas, with extensive operations that span across the United States, Canada, Latin America, Asia, the Middle East and Europe.

2

5.     On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. The Debtors have requested that their cases be consolidated for procedural purposes and administered jointly. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

6.     The Debtors commenced these chapter 11 cases approximately 18 months after completing a restructuring and emerging from chapter 11 protection with a reduced debt burden.[3] The Debtors, however, have been unable to sustain profitable operations in the current retail environment as a result of various factors more fully described in the *Declaration of Stephen Marotta, Chief Restructuring Officer of Payless Holdings LLC, in Support of Debtors' Chapter 11 Proceedings and First Day Pleadings* (the "First Day Declaration").[4] Accordingly, the Debtors have determined that the best way to maximize value for all of their stakeholders is to liquidate all North America brick and mortar locations through the immediate commencement of going out of business sales. The Debtors believe, in the exercise of their business judgment, that such measures are in the best interests of the Debtors' estates.

7.     A comprehensive description of the Debtors' businesses and operations, capital structure and events leading to the commencement of these chapter 11 cases is set forth in the First Day Declaration, filed contemporaneously herewith and incorporated herein by reference.

---

[3] On April 4, 2017, the Debtors' predecessors-in-interest commenced chapter 11 cases (the "Prior Cases") before the United States Bankruptcy Court for the Eastern District of Missouri, which were jointly administered under the caption *In re Payless Holdings LLC*, No. 17-42267. A plan of reorganization was confirmed in the Prior Cases on July 26, 2017, and such plan went effective on August 10, 2017.

[4] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

**RELIEF REQUESTED**

8. By this Motion, and pursuant to Bankruptcy Code sections 105(a), 342(a) and 521, Bankruptcy Rules 1007(a)(1) and (d) and 2002(a) and (f) and Local Bankruptcy Rules 1002(C), 1007-7, 1009, 2002-1 and 2002-2, the Debtors seek entry of the Proposed Order: (i) authorizing the Debtors to (a) prepare a Creditor Matrix (as defined below), (b) file a consolidated list of the Debtors' 50 largest unsecured creditors and (c) mail initial notices through their Proposed Notice and Claims Agent; (ii) authorizing the Debtors to redact certain personal identification information for individual creditors; (iii) approving the manner of notifying creditors of commencement of these chapter 11 cases; and (iv) granting related relief.

**BASIS FOR RELIEF**

9. Bankruptcy Code section 521(a) of the, Bankruptcy Rule 1007(a)(1) and Local Bankruptcy Rules 1002(C) and 1007-7(A) (collectively, the "Notice Rules") require a debtor in a voluntary chapter 11 case to file a list containing the name and complete address of each creditor. In addition, Bankruptcy Rule 1007(d) requires a debtor to file a list containing the name, address and claim of the creditors holding the 20 largest unsecured claims against the debtor. Bankruptcy Rule 2002(a)(1) also provides that the clerk (or other person directed by the court) must give the debtor, the United States trustee, all creditors and any indenture trustee at least 21-days' notice by mail of the meeting of creditors under Bankruptcy Code section 341. Bankruptcy Rule 2002(f)(1) also provides that notice of "the order for relief" shall be sent by mail to all creditors.

10. The Debtors submit that permitting them to maintain a single consolidated list of creditors in lieu of filing a separate creditor matrix for each Debtor is warranted under the circumstances of these chapter 11 cases. Specifically, maintaining a single consolidated list of creditors will benefit the Debtors and their estates by allowing the Debtors to more efficiently

4

provide required notices to parties-in-interest and reduce the potential for duplicate mailings. Indeed, many of the Debtors' creditors overlap and thus, to the extent that the Debtors are required to maintain separate mailing matrices, a substantial number of parties likely would receive multiple copies of the same notice.

11. More specifically, there are twenty-seven (27) entities that are Debtors in these chapter 11 cases. As of the Petition Date, the Debtors have borrowed or issued approximately $470 million in aggregate principal amount of funded indebtedness in addition to other obligations arising in the ordinary course of the Debtors' business operations. The Debtors estimate that there are many thousands of potential creditors and parties-in-interest (on a consolidated basis) in these chapter 11 cases. As such, requiring the Debtors to comply with the matrix requirements would be an exceptionally burdensome task and would greatly increase the risk and recurrence of error of information already on computer systems maintained by the Debtors or their agents.

12. Accordingly, the Debtors, working with the Proposed Notice and Claims Agent (as defined below), have prepared a single, consolidated list of the Debtors' creditors in electronic format. To ensure that no parties-in-interest are prejudiced, the Debtors will make their consolidated list of creditors available in readable electronic format to any party in interest who so requests (or in non-electronic format at such requesting party's sole cost and expense). The Debtors therefore submit that the preparation and maintenance of a single consolidated creditor list is warranted under the facts and circumstances present in these chapter 11 cases.

13. Concurrently with the filing of this Motion, and in accordance with Local Bankruptcy Rule 2002-2(A), the Debtors are seeking to retain Prime Clerk, LLC ("Prime Clerk") as their notice and claims agent in these chapter 11 cases (the "Proposed Notice and Claims

5

Agent").[5]  If this application is granted, the Proposed Notice and Claims Agent will, among other things, assist with the consolidation of the Debtors' computer records into a creditor database and complete the mailing of notices to the parties in such database.

14.     Specifically, the Debtors propose that the Proposed Notice and Claims Agent undertake all mailings directed by the Court, the United States Trustee for the Eastern District of Missouri (the "U.S. Trustee") or as required by Bankruptcy Code section 342(a) and Bankruptcy Rules 2002(a) and (f).  The Debtors believe that using the Proposed Notice and Claims Agent to promptly provide notices to all applicable parties will maximize efficiency in administering these chapter 11 cases and will ease administrative burdens that otherwise fall upon the Court and the U.S. Trustee.  Additionally, the Proposed Notice and Claims Agent will assist the Debtors in preparing creditor lists and mailing initial notices.  Accordingly, the Debtors believe maintaining electronic-format lists of creditors, rather than preparing and filing separate creditor matrices for each Debtor, will not only maximize efficiency and accuracy, but also reduce costs.

**I.      Cause Exists To Authorize the Debtors To Prepare a List of Creditors in Lieu of Submitting a Formatted Mailing Matrix**

15.     As stated above, unless a debtor's schedules of assets and liabilities are filed simultaneously with a chapter 11 petition, the Notice Rules require a debtor to file a list containing the name and address of each creditor.  In addition, and as discussed below, Bankruptcy Rule 1007(d) requires a debtor to file a list containing the name, address and claim of the creditors holding the 20 largest unsecured claims against the debtor.  Further, Bankruptcy Rule 2002(a)(1) provides, in relevant part, that "the clerk, or some other person as the court may

---

[5] The request to retain the Proposed Notice and Claims Agent is made pursuant to section 156(c) of title 28 of the United States Code, which empowers the Court to use outside facilities or services pertaining to the provisions of notice of the administrative information to parties-in-interest so long as the costs of the services are paid for out of assets of the estate.  *See* 28 U.S.C. § 156(c); *see also Debtors' Application for Appointment of Prime Clerk LLC as Claims and Noticing Agent and Administrative Advisor* Nunc Pro Tunc *to the Petition Date*, filed contemporaneously herewith.

6

direct, shall give the debtor, the trustee, all creditors and indenture trustee at least 21-days' notice by mail of . . . the meeting of creditors under § 341 or § 1104(b) of the [Bankruptcy] Code." *See* Fed. R. Bankr. P. 2002(a)(1). Bankruptcy Rule 2002(f)(1) also provides that notice of "the order for relief" shall be sent by mail to all creditors.

16. Permitting the Debtors to maintain a consolidated list of their creditors in electronic format only, in lieu of filing a creditor matrix, is warranted under the circumstances of these cases. Indeed, because the Debtors have many thousands of potential creditors and other parties-in-interest, converting the Debtors' computerized information to a format compatible with the matrix requirements would be a burdensome task and would greatly increase the risk and recurrence of error with respect to information already on computer systems maintained by the Debtors or their agents. As such, the Debtors submit that the proposed maintenance of an electronic list of creditors under the auspices of the Proposed Notice and Claims Agent is consistent with applicable Local Bankruptcy Rules.

17. The Debtors, working together with the Proposed Notice and Claims Agent, already have prepared a single, consolidated list of the Debtors' creditors in electronic format. The Debtors are prepared to make that list available in electronic form to any party in interest who so requests (or in non-electronic form at such requesting party's sole cost and expense) in lieu of submitting a mailing matrix to the Court's clerk's office (the "<u>Clerk of the Court</u>").

18. Courts in this district and other jurisdictions have approved relief similar to the relief requested in this Motion with respect to preparation of a consolidated, electronic list of a debtor's creditors. *See, e.g., In re Toys "R" Us, Inc.*, No. 17-34665 (KLP) (Bankr. E.D. Va. Sept. 21, 2007) [Docket No. 111] (authorizing the filing of consolidated list of creditors in lieu of separate mailing matrices); *In re Peabody Energy Corp.*, No. 16-42629-399 (Bankr. E.D. Mo.

7

Apr. 15, 2016) [Docket No. 119] (same); *PMGI Holdings, Inc.*, No. 13-12404 (CSS) (Bankr. D. Del. Sept. 18, 2014) [Docket No. 52] (same); *In re Maxcom Telecomunicaciones, S.A.B. DE C.V.*, No. 13-11839 (PJW) (Bankr. D. Del. Aug. 15, 2013) [Docket No. 115] (same); *In re Dex One Corp.*, No. 13-10533 (KG) (Bankr. D. Del. Mar. 19, 2013) [Docket No. 54] (same); and *In re Geokinetics Inc.*, No. 13-10472 (KJC) (Bankr. D. Del. Mar. 12, 2013) [Docket No. 72] (same).

II. **Cause Exists To Authorize the Debtors to File a Single Consolidated List of the Debtors' 50 Largest Unsecured Creditors**

19. Bankruptcy Rule 1007(d) provides that a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders." *See* Fed. R. Bankr. P. 1007(d). Because certain of the Debtors share many creditors and the Debtors operate as a single business enterprise, the Debtors request authority to file a single, consolidated list of their 50 largest general unsecured creditors.

20. Compiling separate top 20 creditor lists for each individual Debtor would consume a substantial amount of the Debtors' time and resources. Further, the Debtors believe a single, consolidated list of the Debtors' 50 largest unsecured, non-insider creditors will aid the U.S. Trustee in its efforts to communicate with these creditors. As such, the Debtors believe that filing a single consolidated list of the 50 largest unsecured creditors in these chapter 11 cases is appropriate.

21. Courts in this district and other jurisdictions have approved relief similar to the relief requested in this Motion with respect to filing a single consolidated list of the largest unsecured creditors of a debtor and its debtor affiliates. *See*, *In re Armstrong Energy, Inc.*, Case No. 17-47541 (659) (Bankr. E.D. Mo. Nov. 20, 2017) [Docket No. 185] (authorizing the debtors to file a consolidated list of top 50 creditors); *In re Payless Holdings LLC*, No. 17-42267 (659) (Bankr. E.D. Mo. Apr. 5, 2017) [Docket No. 64] (authorizing the debtors to file a consolidated

8

list of top 50 creditors); *In re Peabody Energy Corp.*, No. 16-42529-399 (Bankr. E.D. Mo. Apr. 15, 2016) [Docket No. 119] (same); *In re Noranda Aluminum, Inc.*, No. 16-10083-399 (Bankr. E.D. Mo. Feb. 10, 2016) [Docket No. 86] (authorizing the debtors to file a consolidated list of top 30 creditors); *In re Arch Coal, Inc.*, No. 16-40120-705 (Bankr. E.D. Mo. Jan. 13, 2016) [Docket No. 76] (same); *accord In re Aegean Marine Petroleum Network Inc.*, No. 18-13374 (MEW) (Bankr. S.D.N.Y. Dec. 6, 2018) [Docket No. 152] (authorizing the debtors to file a consolidated list of top 30 creditors); and *In re Toys "R" Us, Inc.*, No. 17-34665 (KLP) (Bankr. E.D. Va. Sept. 21, 2017) [Docket No. 111] (authorizing the debtors to file a consolidated list of top 50 creditors).

### III.  Redaction of Certain Confidential Information

22. Bankruptcy Code section 107(c)(1)(A) provides that the Court "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft . . . [a]ny means of identification . . . contained in a paper filed, or to be filed in a case under [the Bankruptcy Code]." *See* 11 U.S.C. § 107(c)(1)(A). The Debtors respectfully submit that cause exists to authorize the Debtors to redact address information of individual creditors—many of whom are the Debtors' employees—and interest holders from the Creditor Matrix because such information could be used to perpetrate identity theft.

23. The Debtors propose to file, under seal, an unredacted version of the Creditor Matrix, and provide copies to the U.S. Trustee and any official committee of unsecured creditors appointed in these chapter 11 cases. Specifically, within two (2) days after the entry of an order approving this Motion, the Debtors will file under seal an unredacted copy of the Creditor Matrix with the Clerk of the Court and provide copies to the U.S. Trustee and any official committee of unsecured creditors appointed in these chapter 11 cases. Further, the Clerk of the Court or, if

requested by the Clerk of the Court, the Debtors will provide unredacted copies of the Creditor Matrix to any appropriately requesting such unredacted Creditor Matrix for the purpose of noticing parties in these chapter 11 cases (a "Requesting Party") within thirty-six hours of such Requesting Party or the Clerk of the Court, as the case may be, providing notice to counsel to the Debtors, with copies to the U.S. Trustee, the Clerk of the Court or any official committee of unsecured creditors.  However, the Debtors, the U.S. Trustee, the Clerk of Court or any official committee of unsecured creditors shall retain the right to object to such request. For each amended Creditor Matrix, if any, the Debtors propose to file both a redacted copy of the amended Creditor Matrix and an unredacted copy of the amended Creditor Matrix under seal within two (2) days thereafter.

## IV.    Authority to Mail Initial Notices to Creditors

24.    As stated above, the Debtors request that the Proposed Notice and Claims Agent undertake all mailings directed by the Court or the U.S. Trustee, including the Notice of Commencement of these chapter 11 cases.  The Proposed Notice and Claims Agent's assistance with the mailing and preparation of creditor lists and notices will ease administrative burdens that otherwise would fall upon the Court and the U.S. Trustee.  With such assistance, the Debtors can file a computer-readable consolidated list of creditors and also undertake all necessary mailings.

## RESERVATION OF RIGHTS

25.    Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' or any other parties-in-interests' rights to dispute any claim, or an approval or assumption of any agreement, contract or lease under Bankruptcy Code section 365.  The Debtors expressly reserve their right to contest any claim related to the relief sought herein.  Likewise, if the Court grants the relief sought

herein, any payment made pursuant to an order of the Court is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' or any other parties-in-interests' rights to subsequently dispute such claim.

### NOTICE

26. The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the Eastern District of Missouri; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Prepetition ABL Administrative Agent, (i) Choate Hall & Stewart LLP (Attn: Kevin Simard, Douglas Gooding and Jonathan Marshall) and (ii) Thompson Coburn LLP (Attn: Mark Bossi); (d) counsel to the FILO Agent, Greenberg Traurig, LLP (Attn: Jeffrey M. Wolf); (e) counsel to certain Prepetition Term Loan Lenders (i) Kramer Levin Naftalis & Frankel LLP (Attn: Stephen D. Zide), (ii) Doster, Ullom & Boyle, LLC (Attn: Gregory D. Willard), (iii) Stroock & Stroock & Lavan LLP (Attn: Kristopher M. Hansen and Daniel A. Fliman) and (iv) Lewis Rice LLC (Attn: Sonette T. Magnus); (f) the proposed Monitor, FTI Consulting Canada, Inc. (Attn: Paul Bishop, Greg Watson and Jim Robinson); (g) counsel to the proposed Monitor, Bennett Jones LLP (Attn: Sean Zweig, Kevin Zych and Aiden Nelms); (h) counsel to any statutory committee appointed in the chapter 11 cases; (i) the United States Attorney's Office for the Eastern District of Missouri; (j) the Internal Revenue Service; (k) the United States Securities and Exchange Commission; (l) the state attorneys general for all states in which the Debtors conduct business; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

11

## CONCLUSION

27.     WHEREFORE, the Debtors respectfully request that the Court enter an order granting the relief requested by this Motion and such further relief as may be just and necessary under the circumstances.

Dated:  February 19, 2019
      St. Louis, Missouri

/s/  Richard W. Engel, Jr.
Richard W. Engel, Jr. MO 34641
Erin M. Edelman MO 67374
John G. Willard MO 67049
**ARMSTRONG TEASDALE LLP**
7700 Forsyth Boulevard, Suite 1800
St. Louis, MO 63105
Telephone: (314) 621-5070
Facsimile: (314) 612-2239
rengel@armstrongteasdale.com
eedelman@armstrongteasdale.com
jwillard@armstrongteasdale.com

-and-

Ira Dizengoff (*pro hac vice* admission pending)
Meredith A. Lahaie (*pro hac vice* admission pending)
Kevin Zuzolo (*pro hac vice* admission pending)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
mlahaie@akingump.com
kzuzolo@akingump.com

- and -

Julie Thompson (*pro hac vice* admission pending)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
julie.thompson@akingump.com

*Proposed Counsel to the Debtors and Debtors in Possession*

13