## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 19-40883-659 |
| | ) | Chapter 11 |
| PAYLESS HOLDINGS LLC, *et al.*, | ) | |
| | ) | (Joint Administration Requested) |
| Debtors.[1] | ) | |
| | ) | Hearing Date:  February 19, 2019 |
| | ) | Hearing Time: 1:30 p.m. (Central Time) |
| | ) | Hearing Location: Courtroom 7 North |

### DEBTORS' MOTION SEEKING ENTRY OF INTERIM AND FINAL ORDERS (I) APPROVING NOTIFICATION AND HEARING PROCEDURES FOR CERTAIN TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO COMMON STOCK AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (this "Motion") for entry of an interim order (the "Proposed Interim Order") and a final order (the "Proposed Final Order")[2]: (i) approving certain notification and hearing procedures, substantially in the form of **Exhibit 1** attached hereto (the "Procedures"), related to certain transfers of, or declarations of worthlessness with respect to Debtor Payless Holdings

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Payless Holdings LLC [5704]; Payless Intermediate Holdings LLC [5190]; WBG-PSS Holdings LLC [0673]; Payless Inc. [3160]; Payless Finance, Inc. [2101]; Collective Brands Services, Inc. [7266]; PSS Delaware Company 4, Inc. [1466]; Shoe Sourcing, Inc. [4075]; Payless ShoeSource, Inc. [4097]; Eastborough, Inc. [2803]; Payless Purchasing Services, Inc. [3043]; Payless ShoeSource Merchandising, Inc. [0946]; Payless Gold Value CO, Inc. [3581]; Payless ShoeSource Distribution, Inc. [0944]; Payless ShoeSource Worldwide, Inc. [6884]; Payless NYC, Inc. [4126]; Payless ShoeSource of Puerto Rico, Inc. [9017]; Payless Collective GP, LLC [2940]; Collective Licensing, LP [1256]; Collective Licensing International LLC [5451]; Clinch, LLC [9836]; Collective Brands Franchising Services, LLC [3636]; Payless International Franchising, LLC [6448]; PSS Canada, Inc. [4969]; Payless ShoeSource Canada Inc. [4180]; Payless ShoeSource Canada GP Inc. [4182]; and Payless ShoeSource Canada LP [4179].  With respect to certain taxing authorities, the Debtors' address is 2001 Bryan Street, Suite 800, Dallas, Texas 75201.  However, the location of Debtor Payless Holdings LLC's corporate headquarters and the Debtors' service address is: c/o Payless ShoeSource Inc., 3231 S.E. 6th Avenue, Topeka, Kansas 66607.

[2] A copy of the Proposed Interim Order and Proposed Final Order will be provided to the Notice Parties (as defined below) and made available on the Debtors' case information website at https://cases.primeclerk.com/pss.

（…）

LLC's common stock or any Beneficial Ownership[3] therein (any such record or Beneficial Ownership of common stock, the "Common Stock"); (ii) directing that any purchase, sale, other transfer of, or declaration of worthlessness with respect to Common Stock in violation of the Procedures shall be null and void ab initio; and (iii) granting related relief.  In support of this Motion, the Debtors respectfully state as follows:

JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Eastern District of Missouri (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 81-9.01(B)(1) of the Local Rules of the United States District Court for the Eastern District of Missouri.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and procedural bases for the relief requested herein are 105, 362 and 541 of title 11 of the United States Code, §§ 101-1532 (the "Bankruptcy Code"), Rules 3002 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9013-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Missouri (the "Local Bankruptcy Rules").

---

[3] "Beneficial Ownership" will be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code of 1986, as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations § 1.382-2T(h)(2)(i)(A)) and includes direct, indirect and constructive ownership (e.g., (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire). An "Option" to acquire stock includes all interests described in Treasury Regulations § 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

<u>**BACKGROUND**</u>

4.      The Debtors and their non-debtor affiliates (together, the "<u>Company</u>") are the largest specialty family footwear retailer in the Western Hemisphere, offering a wide range of shoes and accessory items at affordable prices.   The Company operates approximately 3,400 stores in more than 40 countries.   The Debtors are headquartered in Topeka, Kansas, with extensive operations that span across the United States, Canada, Latin America, Asia, the Middle East and Europe.

5.      On the date hereof (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.   The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.   The Debtors have requested that their cases be consolidated for procedural purposes and administered jointly.   No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

6.      The Debtors commenced these chapter 11 cases approximately 18 months after completing a restructuring and emerging from chapter 11 protection with a reduced debt burden.[4] The Debtors, however, have been unable to sustain profitable operations in the current retail environment as a result of various factors more fully described in the *Declaration of Stephen Marotta, Chief Restructuring Officer of Payless Holdings LLC, in Support of Debtors' Chapter 11 Proceedings and First Day Pleadings* (the "<u>First Day Declaration</u>").[5]   Accordingly, the

---

[4] On April 4, 2017, the Debtors' predecessors-in-interest commenced chapter 11 cases (the "<u>Prior Cases</u>") before the United States Bankruptcy Court for the Eastern District of Missouri, which were jointly administered under the caption *In re Payless Holdings LLC*, No. 17-42267.   A plan of reorganization was confirmed in the Prior Cases on July 26, 2017, and such plan went effective on August 10, 2017.

[5] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration.

Case 19-40883   Doc 9   Filed 02/19/19   Entered 02/19/19 03:30:07   Main Document
Pg 4 of 50


Debtors have determined that the best way to maximize value for all of their stakeholders is to liquidate all North America brick and mortar locations through the immediate commencement of going out of business sales. The Debtors believe, in the exercise of their business judgment, that such measures are in the best interests of the Debtors' estates.

7. A comprehensive description of the Debtors' businesses and operations, capital structure and events leading to the commencement of these chapter 11 cases is set forth in the First Day Declaration, filed contemporaneously herewith and incorporated herein by reference.

## THE TAX ATTRIBUTES

8. Generally, a company generates net operating losses (the "NOLs," and together with certain other tax attributes, the "Tax Attributes") if the operating expenses it has incurred exceed the revenues it has earned during a single tax year. The IRC generally permits a corporation to carry forward its NOLs to reduce future taxable income, thereby reducing, along with available tax credits, such corporation's tax liability in future periods. 26 U.S.C. §§39, 172.

9. The Debtors had U.S. federal NOLs of approximately $163 million and state NOLs of approximately $303 million as of February 3, 2018, and estimate that they added another approximately $68 million of federal NOLs and approximately $70 million of state NOLs during the fiscal year ended January 31, 2019, for an approximate total of $231 million of federal NOLs and $373 million of state NOLs as of the Petition Date. These NOLs and certain other Tax Attributes provide the potential for material future tax savings or other tax structuring possibilities in these chapter 11 cases. The NOLs and certain other Tax Attributes are of significant value to the Debtors and their estates because the Debtors may utilize such Tax Attributes to offset any taxable income generated by transactions consummated during these chapter 11 cases. In addition, the Debtors can carry forward such Tax Attributes to offset any

4

future taxable income, thereby reducing future aggregate tax obligations.  The value of the Tax

Attributes will inure to the benefit of all of the Debtors' stakeholders.

## I.     An "Ownership Change" May Negatively Affect the Debtors' Utilization of the Tax Attributes.

10.     Section 382 of the IRC limits the amount of taxable income that can be offset by a

corporation's NOLs and certain other Tax Attributes in taxable years (or a portion thereof)

following an "ownership change."  Generally, an "ownership change" occurs if the percentage

(by value) of the stock of a corporation owned by one or more "5-percent shareholders" (as that

term is used in section 382 of the IRC) has increased by more than 50 percentage points over the

lowest percentage of stock owned by such shareholders at any time during the three-year testing

period ending on the date of the ownership change.  For example, an ownership change would

occur in the following situation:

> An individual ("<u>A</u>") owns 50.1 percent of the stock of corporation
> XYZ.  A sells her 50.1 percent interest to another individual ("<u>B</u>"),
> who owns 5 percent of XYZ's stock.  Under section 382, an
> ownership change has occurred because B's interest in XYZ has
> increased more than 50 percentage points (from 5 percent to 55.1
> percent) during the testing period.  The same result would follow
> even if B owned no XYZ stock prior to the transaction with A
> because B both becomes a 5-percent shareholder and increases his
> ownership by more than 50 percentage points during the testing
> period.

11.     An "ownership change" can also occur as a result of a "worthless stock

deduction" claimed by any "50-percent shareholder" (as those terms are used in section 382 of

the IRC).  A 50-percent shareholder is any person that owned 50% or more of a corporation's

stock "at any time during the 3-year period ending on the last day of the taxable year" with

respect to which the worthless stock deduction is claimed.  26 U.S.C. § 382(g)(4)(D).  If the 50-

percent shareholder still owns the corporation's stock at the end of the year, section 382 of the

IRC essentially treats the person as newly-purchasing the stock on the first day of the next

5

taxable year.  Notably, while the seminal case of *Prudential Lines* is generally relied upon to support equity trading motions in general, the specific issue in *Prudential Lines* was, in fact, a worthless stock deduction.  *In re Prudential Lines, Inc.*, 928 F.2d 565 (2d Cir. 1991).

12.     If an ownership change occurs, section 382 of the IRC limits the amount of a corporation's future income that may be offset by its "pre-change losses" to an annual amount equal to the fair market value of all of the stock of the corporation prior to the ownership change multiplied by the long-term tax-exempt rate.  *See* 26 U.S.C. § 382(b).  Pre-change losses include the NOLs and certain other Tax Attributes.  Once an NOL or other Tax Attribute is limited under section 382 of the IRC, its use is limited forever.  Thus, certain transfers of Common Stock effectuated before the effective date of the Debtors' emergence from chapter 11 protection may trigger an "ownership change" for IRC purposes, severely endangering the Debtors' ability to utilize the Tax Attributes, and causing substantial damage to the Debtors' estates.  Likewise, if a 50-percent or greater shareholder of the Debtors were, for federal or state tax purposes, to treat its Common Stock as having become worthless prior to the Debtors' emergence from chapter 11 protection, such a claim could trigger an ownership change under section 382(g)(4)(D) of the IRC, thus inhibiting the Debtors' ability to use the NOLs.

13.     Notably, the Debtors have limited the relief requested herein to the extent necessary to preserve estate value.  Specifically, the Proposed Interim Order and Proposed Final Order will affect only (a) holders of the equivalent of at least 475,000 shares of Common Stock[6] (*i.e.*, 4.75% percent or more of outstanding Common Stock), and also parties who are interested in purchasing sufficient Common Stock to result in such party becoming a holder of 4.75%

---

[6] Based on approximately 10,000,000 shares of Common Stock outstanding as of the Petition Date.

percent or more of outstanding Common Stock; and (b) any "50-percent shareholder" seeking to claim a worthless stock deduction.

14.     To maximize the use of the Tax Attributes and enhance recoveries for the Debtors' stakeholders, the Debtors seek limited relief that will enable them to closely monitor certain transfers of Common Stock and certain worthless stock deductions with respect to Common Stock, so as to be in a position to act expeditiously to prevent such transfers or worthlessness deductions, if necessary, with the purpose of preserving the Tax Attributes.  By establishing and implementing such Procedures, the Debtors will be in a position to object to "ownership changes" that threaten their ability to preserve the value of their NOLs for the benefit of the estates.

## II.     Proposed Procedures for Transfers of or Declarations of Worthlessness with Respect to Common Stock[7]

15.     The Procedures are the mechanism by which the Debtors propose that they will monitor, and if necessary, object to certain transfers of Common Stock and declarations of worthlessness with respect to Common Stock to ensure preservation of the Tax Attributes.  The Procedures, which are fully set forth in **Exhibit 1** attached hereto, are summarized below.[8]

### *Procedures for Transfers of Common Stock*

a.     No later than two business days following entry of the Interim Order the Debtors shall serve by overnight mail, postage prepaid, a notice substantially in the form of **Exhibit 1F** attached to the Procedures (the "Notice of Interim Order") on the Notice Parties (as defined below).  Additionally, no later than two business days following entry of the Final Order, the Debtors shall serve a Notice of Interim

---

[7] Capitalized terms used in this section but not otherwise defined herein have the meanings ascribed to them in the Procedures.

[8] To the extent that this summary and the terms of the Procedures are inconsistent, the terms of the Procedures control.

Order modified to reflect that the Final Order has been entered (as modified, the "Notice of Final Order") on the Notice Parties.[9]

b.      Any person or entity that has direct or indirect Beneficial Ownership of 4.75 percent or more of Common Stock must file with the Court and serve upon the Declaration Notice Parties a Declaration of Status as a Substantial Shareholder, substantially in the form annexed to the Procedures as **Exhibit 1A**, on or before the later of (i) 30 calendar days after the date of the Notice of Interim Order, and (ii) ten calendar days after becoming a Substantial Shareholder.

c.      Prior to effectuating any transfer of Beneficial Ownership of Common Stock that would (i) affect the size of a Substantial Shareholder's Beneficial Ownership or (ii) would result in another entity becoming or ceasing to be a Substantial Shareholder, the parties to such transaction must file with the Court and serve upon the Declaration Notice Parties, as applicable, a Declaration of Intent to Accumulate Common Stock, substantially in the form annexed to the Procedures as **Exhibit 1B**, or a Declaration of Intent to Transfer Common Stock, substantially in the form annexed to the Procedures as **Exhibit 1C**.

　　　i.      The Debtors shall have 30 calendar days after receipt of a Declaration of Proposed Transfer to file with the Court and serve upon such person or entity an objection to the proposed transaction on the grounds that such claim might adversely affect the Debtors' ability to utilize the NOLs.

　　　ii.      If the Debtors timely object, the proposed transaction will remain ineffective pending a final and non-appealable order of the Court, unless the Debtors withdraw such objection.

　　　iii.      If the Debtors do not object, the proposed transaction may proceed solely as described in the Declaration of Proposed Transfer.

***Procedures for Declarations of Worthlessness of Common Stock***

a.      Any person or entity that currently is or becomes a 50-Percent Shareholder[10] must file with the Court and serve upon the Declaration Notice Parties a Declaration of Status as a 50-Percent Shareholder, substantially in the form annexed to the Procedures as **Exhibit 1D**, on or before the later of (i) 30 calendar days after the

---

[9] The notice provisions in the Procedures satisfy due process and the strictures of Bankruptcy Rule 9014 by providing the relevant counterparties with notice and an opportunity to object and attend a hearing. *See, e.g., In re Villarreal*, 304 B.R. 882, 886 (B.A.P. 8th Cir. 2004) (notice under 9014 is sufficient if it provides "adequate notice and an opportunity for hearing"); *In re Atamian*, 368 B.R. 375, 378 (Bankr. D. Del. 2007) ("Rule 9014 does not require a hearing, only an opportunity for a hearing." (citation omitted)), *aff'd*, No. 05-20040 (MFW), 2008 WL 853462 (D. Del. Mar. 31, 2008), 300 F. App'x 175 (3d Cir. 2008); *Flynn v. Eley (In re Colo. Mountain Cellars, Inc.)*, 226 B.R. 244, 246 (D. Colo. 1998) (noting that a hearing is not required to satisfy Bankruptcy Rule 9014).

[10] For purposes of the Procedures, a "50-Percent Shareholder" is any person or entity that at any time since January 31, 2016 has owned 50 percent or more of the Common Stock (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder).

date of the Notice of Interim Order, and (ii) ten calendar days after becoming a 50- Percent Shareholder.

b.  Prior to filing any federal or state tax return, or any amendment to such a return, that claims any deduction for worthlessness of Common Stock for a tax year ending before the Debtors' emergence from chapter 11 protection, such 50-Percent Shareholder must file with the Court and serve upon proposed counsel to the Debtors a Declaration of Intent to Claim a Worthless Stock Deduction, substantially in the form annexed to the Procedures as **Exhibit 1E**.

 i.  The Debtors will have 30 calendar days after receipt of a Declaration of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50-Percent Shareholder an objection to any proposed claim of worthlessness described in the Declaration of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their NOLs.

 ii.  If the Debtors timely object, the filing of the tax return or amendment thereto with such claim will not be permitted unless approved by a final and non-appealable order of the Court, unless the Debtors withdraw such objection.

 iii.  If the Debtors do not object within such 30-day period, the filing of the return or amendment with such claim will be permitted solely as described in the Declaration of Intent to Claim a Worthless Stock Deduction. Additional returns and amendments within the scope of this section must be the subject of additional notices as set forth herein, with an additional 30-day waiting period.

## RELIEF REQUESTED

16.  By this Motion, and pursuant to Bankruptcy Code sections 362 and 541 and rule 3002 of the Federal Rules of Bankruptcy Procedure, the Debtors seek entry of the Proposed Interim Order and the Proposed Final Order: (i) approving the Procedures related to certain transfers of, or declarations of worthlessness with respect to, Debtor Payless Holdings LLC's Common Stock; (ii) directing that any purchase, sale, other transfer of, or declaration of worthlessness with respect to Common Stock in violation of the Procedures shall be null and void ab initio and (iii) granting related relief. In addition, the Debtors request that the Court

9

schedule a final hearing within approximately 21 days of the commencement of these chapter 11 cases to consider approval of this Motion on a final basis.

### BASIS FOR RELIEF

17.     Bankruptcy Code section 541 provides that property of the estate comprises, among other things, "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).  The Tax Attributes are property of the Debtors' estates.  *See, e.g.*, *In re Russell*, 927 F.2d 413, 417 (8th Cir. 1991) ("The property interest at issue here is . . . the right to carry forward the NOLs."); *Hanrahan v. Walterman (In re Walterman Implement Inc.)*, No. 05-07284, 2006 Bankr. LEXIS 921, at *11-12 (Bankr. N.D. Iowa May 22, 2006) (holding that the "Debtor's subchapter S status is property of the estate" and that revoking the subchapter S election was a violation of the automatic stay); *Official Comm. of Unsecured Creditors v. PSS S.S. Co. (In re Prudential Lines Inc.)*, 928 F.2d 565, 573 (2d Cir. 1991) ("We hold that the right to a carryforward attributable to its . . . NOL was property of [the debtor's] bankruptcy estate"), *cert, denied*, 502 U.S. 821 (1991); *In re Delta Air Lines, Inc.*, No. 05-17923 (PCB) (Bankr. S.D.N.Y. Dec. 19, 2005) [Docket No. 1640] (finding that NOLs are property of the debtors' estates); *Official Comm. of Unsecured Creditors v. Forman (In re Forman Enters., Inc.)*, 273 B.R. 408, 415 (Bankr. W.D. Pa. 2002) (same).  Moreover, Bankruptcy Code section 362(a)(3) stays "any act [of a person or entity] to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3).  Accordingly, any act of a holder of a debtor's equity securities that causes the termination or limits use of the NOLs violates the automatic stay.  *See, e.g., Prudential Lines*, 928 F.2d at 574 (holding that causing the termination of or adversely affecting the value of a debtor's NOL violates the automatic stay); *In re Phar-Mor, Inc.*, 152 B.R. 924,

927 (Bankr. N.D. Ohio 1993) ("[T]he sale of stock is prohibited by § 362(a)(3) [of the Bankruptcy Code] as an exercise of control over the NOL, which is property of the estate.").

18.    Implementation of the Procedures is necessary and appropriate to enforce the automatic stay and, critically, to preserve the value of the Tax Attributes for the benefit of the Debtors' estates.    Under section 382 of the IRC, certain transfers of or declarations of worthlessness with respect to Common Stock prior to the consummation of a chapter 11 plan could cause the termination or limit the use of the Tax Attributes.    As stated above, the Debtors estimate that they have as much as approximately $231 million of U.S. federal NOLs and $373 million of state NOLs as of the Petition Date, which translate to the potential for material future tax savings or other potential tax structuring opportunities in these chapter 11 cases.    The termination or limitation of the Tax Attributes could be materially detrimental to all parties in interest.    Thus, granting the relief requested herein will preserve the Debtors' flexibility in operating their businesses during the pendency of these chapter 11 cases and potentially implementing a chapter 11 plan that makes full and efficient use of the Tax Attributes, maximizing the value of their estates.

19.    Additionally, the Procedures do not bar all transfers of or declarations of worthlessness with respect to Common Stock.    The Debtors seek to establish procedures only to monitor those types of transactions that would pose a serious risk under the ownership change test pursuant to section 382 of the IRC and to preserve the Debtors' ability to seek substantive relief if it appears that a proposed transfer or declaration of worthlessness could jeopardize the Debtors' utilization of the Tax Attributes.    Because of the Tax Attributes' importance to the Debtors' chapter 11 cases, and consequently all parties in interest, the benefits of implementing the Procedures outweighs subjecting a limited number of transfers to the Procedures.

20.     Courts in this district, as well as other districts, have routinely restricted transfers of equity interests and declarations of worthlessness with respect to a debtor's stock, or instituted notice procedures regarding proposed transfers and declarations of worthlessness, to protect a debtor against the possible loss of its tax attributes. *See, e.g.*, *In re Gymboree Group, Inc.,* No. 19-30258 (KLP) (Bankr. E.D. Va. Jan. 17, 2019) [Docket No. 82] (granting interim relief in the context of a sale of substantially all of the debtors' assets); *In re Bon-Ton Stores, Inc.,* No. 18-10248 (MFW) (Bankr. D. Del. Mar. 6, 2018) [Docket No. 287] (granting relief in the context of a sale or liquidation of substantially all of the debtors' assets); *In re Armstrong Energy, Inc.*, No. 17-47541-659 (Bankr. E.D. Mo. Feb. 20, 2018) [Docket No. 216] (same); *In re TSA Holdings, Inc. (f/k/a Sports Authority Holdings, Inc.*), No. 16-10527 (MFW) (Bankr. D. Del. Mar. 24, 2016) [Docket No. 814] (same); *In re The Great Atlantic & Pacific Tea Company, Inc.*, No. 15-23007 (RDD) (Bankr. S.D.N.Y. Aug. 11, 2015) [Docket No. 501] (same); *In re Peabody Energy Corporation*, No. 16-42529-399 (Bankr. E.D. Mo. May. 17, 2016) [Docket No. 518]; *In re Noranda Aluminum*, No. 16-10083-399 (Bankr. E.D. Mo. Mar. 15, 2016) [Docket No. 416]; *In re Arch Coal, Inc.*, No. 16-40120-705 (Bankr. E.D. Mo. Jan. 14, 2016) [Docket No. 92]; *In re Sabine Oil & Gas Corp.*, No. 15-11835 (SCC) (Bankr S.D.N.Y. Aug. 10, 2015) [Docket No. 153]; *In re Legend Parent, Inc.*, No. 14-10701 (RG) (Bankr. S.D.N.Y. May 9, 2014) [Docket No. 194]; and *In re Sbarro LLC*, No. 14-10557 (MG) (Bankr. S.D.N.Y. Apr. 7, 2014) [Docket No. 127].

21.     Accordingly, the Debtors respectfully request that the Court enter the Proposed Interim Order and Proposed Final Order approving the Procedures to protect the Debtors against the possible loss of the NOLs.

12

### BANKRUPTCY RULE 6003 DOES NOT APPLY TO THE RELIEF REQUESTED HEREIN

22.     Under Bankruptcy Rule 6003, the Court may grant relief regarding a motion to use, sell or lease property of the estate within 21 days after the Petition Date if the "relief is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003.  The Debtors respectfully submit that Bankruptcy Rule 6003 does not apply to this Motion because the Debtors are not seeking to use, sell or lease property of the estate.  *See* Fed. R. Bankr. P. 6003 advisory comm.'s note to 2011 amend. ("[T]he rule does not prohibit the court from entering orders in the first 21 days of the case that *may relate* to the motions and applications set out in (a), (b) and (c); it is only prohibited from granting the relief requested by those motions or applications." (emphasis added)).  Even if Bankruptcy Rule 6003 applied to this Motion, however, the "immediate and irreparable harm" standard is satisfied.

23.     As discussed herein, the NOLs are a key asset of the Debtors' estates. Additionally, once an NOL is limited under section 382 of the IRC, its use is limited forever. The loss of the NOLs would therefore cause immediate and irreparable harm to the Debtors' estates.  Moreover, the relief requested herein is necessary on an immediate basis because absent such relief, any of the holders of Common Stock could transfer or take a worthless stock deduction with respect to such Common Stock at any time before the Final Hearing.  The relief requested herein seeks to prevent certain of these actions that could cause the Debtors' estates this irreparable harm.  Accordingly, to the extent that Bankruptcy Rule 6003 applies to the relief requested herein, it does not require the Court to wait 21 days before granting the requested relief.

### WAIVER OF BANKRUPTCY RULE 6004(A) AND 6004(H)

24.     To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a)

and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

**RESERVATION OF RIGHTS**

25.     Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the rights of the Debtors or any other party in interest's to dispute any claim, or an approval or assumption of any agreement, contract or lease under Bankruptcy Code section 365.  The Debtors expressly reserve both their rights and the rights of any other party in interest to contest any claim related to the relief sought herein. Likewise, if the Court grants the relief sought herein, any payment made pursuant to an order of the Court is not intended, nor should it be construed as, an admission as to the validity of any claim or a waiver of the Debtors' rights or the rights of any other party in interest to subsequently dispute such claim.

**NOTICE**

26.     The Debtors will provide notice of this Motion to:  (a) the Office of the United States Trustee for the Eastern District of Missouri; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Prepetition ABL Administrative Agent, (i) Choate Hall & Stewart LLP (Attn: Kevin Simard, Douglas Gooding and Jonathan Marshall) and (ii) Thompson Coburn LLP (Attn: Mark Bossi); (d) counsel to the FILO Agent, Greenberg Traurig, LLP (Attn: Jeffrey M. Wolf); (e) counsel to certain Prepetition Term Loan Lenders (i) Kramer Levin Naftalis & Frankel LLP (Attn: Stephen D. Zide), (ii) Doster, Ullom & Boyle, LLC (Attn: Gregory D. Willard), (iii) Stroock & Stroock & Lavan LLP (Attn: Kristopher M. Hansen and Daniel A. Fliman) and (iv) Lewis Rice LLC (Attn: Sonette T. Magnus); (f) the proposed Monitor, FTI Consulting Canada, Inc. (Attn: Paul Bishop, Greg Watson and Jim Robinson); (g) counsel to the proposed Monitor, Bennett Jones LLP (Attn: Sean

14

Zweig, Kevin Zych and Aiden Nelms); (h) counsel to any statutory committee appointed in the chapter 11 cases; (i) the United States Attorney's Office for the Eastern District of Missouri; (j) the Internal Revenue Service; (k) the United States Securities and Exchange Commission; (l) the state attorneys general for all states in which the Debtors conduct business and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

<u>**C**ONCLUSION</u>

27.    WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Proposed Interim Order granting the relief requested in the Motion and such other and further relief as may be just and proper, and (b) schedule a final hearing on the Motion as soon as is otherwise practicable thereafter to consider entry of the Proposed Final Order.

[*Remainder of page intentionally left blank.*]

15

Dated:  February 19, 2019
      St. Louis, Missouri

/s/ *Richard W. Engel, Jr.*

Richard W. Engel, Jr. MO 34641
Erin M. Edelman MO 67374
John G. Willard MO 67049
**ARMSTRONG TEASDALE LLP**
7700 Forsyth Boulevard, Suite 1800
St. Louis, MO 63105
Telephone: (314) 621-5070
Facsimile: (314) 612-2239
rengel@armstrongteasdale.com
eedelman@armstrongteasdale.com
jwillard@armstrongteasdale.com

-and-

Ira Dizengoff (*pro hac vice* admission pending)
Meredith A. Lahaie (*pro hac vice* admission pending)
Kevin Zuzolo (*pro hac vice* admission pending)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
mlahaie@akingump.com
kzuzolo@akingump.com

- and -

Julie Thompson (*pro hac vice* admission pending)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
julie.thompson@akingump.com

*Proposed Counsel to the Debtors and Debtors in Possession*

### <u>Exhibit 1</u>

**Procedures for Transfers of and Declarations
of Worthlessness With Respect to Common Stock**

**PROCEDURES FOR TRANSFERS OF AND DECLARATIONS
OF WORTHLESSNESS WITH RESPECT TO COMMON STOCK**

The following procedures apply to transfers of Common Stock:[1]

    a.    Any entity (as defined in Bankruptcy Code section 101(15)) that currently is or becomes a Substantial Shareholder must file with the Court, and serve upon (a) the Debtors, 3231 SE 6th Avenue, Topeka, KS 66607; (b) proposed counsel to the Debtors (i) Akin Gump Strauss Hauer & Feld LLP (Attn:  Meredith A. Lahaie, Kevin Zuzolo and Julie Thompson), (ii) Armstrong Teasdale LLP (Attn: Richard W. Engel, Jr., Erin M. Edelman and John G. Willard) and (iii) Cassels Brock & Blackwell LLP (Attn: Ryan Jacobs, Jane Dietrich, Natalie Levine and Monique Sassi); (c) the Office of the United States Trustee for the Eastern District of Missouri; (d) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (e) counsel to the Prepetition ABL Agent (i) Choate Hall & Stewart LLP (Attn: Kevin Simard, Doug Gooding and Jonathan Marshall) and (ii) Thompson Coburn LLP (Attn: Mark Bossi); (f) counsel to the FILO Agent, Greenberg Traurig, LLP (Attn: Jeffrey M. Wolf); (g) counsel to certain Prepetition Term Loan Lenders (i) Kramer Levin Naftalis & Frankel LLP (Attn: Stephen D. Zide); (ii) Doster, Ullom & Boyle, LLC (Attn: Gregory D. Willard); (iii) Stroock & Stroock & Lavan LLP (Attn: Kristopher M. Hansen and Daniel A. Fliman) and (iv) Lewis Rice LLC (Attn: Sonette T. Magnus); and (h) counsel to any statutory committee appointed in the chapter 11 cases (the "Declaration Notice Parties") a declaration of such status, substantially in the form of **Exhibit 1A** attached to these Procedures (each, a "Declaration of Status as a Substantial Shareholder"), on or before the later of (1) 30 calendar days after the date of the Notice of Interim Order (as defined below), and (2) ten calendar days after becoming a Substantial Shareholder.

    b.    Prior to effectuating any transfer of Beneficial Ownership of Common Stock that would (i) result in an increase in the amount of Common Stock of which a Substantial Shareholder has Beneficial Ownership, or (ii) result in an entity or individual becoming a Substantial Shareholder, such Substantial Shareholder or potential Substantial Shareholder must file with the Court and serve upon the Declaration Notice Parties an advance written declaration of the intended transfer of Common Stock, substantially in the form of **Exhibit 1B** attached to these Procedures (each, a "Declaration of Intent to Accumulate Common Stock").

    c.    Prior to effectuating any transfer of Beneficial Ownership of Common Stock that would (i) result in a decrease in the amount of Common Stock of which a Substantial Shareholder has Beneficial Ownership, or (ii) result in an entity or individual ceasing to be a Substantial Shareholder, such Substantial Shareholder must file with the Court and serve upon the Notice Parties an advance written declaration of the intended transfer of Common Stock, substantially in the form of **Exhibit 1C** attached to these Procedures (each, a "Declaration of Intent to

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Transfer Common Stock," and together with a Declaration of Intent to Accumulate Common Stock, a "Declaration of Proposed Transfer").

d.  The Debtors shall have 30 calendar days after receipt of a Declaration of Proposed Transfer to file with the Court and serve on such Substantial Shareholder or potential Substantial Shareholder an objection to any proposed transfer of Beneficial Ownership of Common Stock described in the Declaration of Proposed Transfer on the grounds that such transfer might adversely affect the Debtors' ability to utilize the NOLs.  If the Debtors file an objection, such transaction will remain ineffective unless the Debtors withdraw such objection or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors do not object within such 30-day period, such transaction can proceed solely as set forth in the Declaration of Proposed Transfer.  Further transactions within the scope of this paragraph are the subject of additional notices in accordance with these Procedures, with an additional 30-day waiting period for each Declaration of Proposed Transfer.

e.  For purposes of these Procedures:  (i) a "Substantial Shareholder" is any individual  or entity (as such term is defined in Treasury Regulations section 1.382-3(a), including any group of persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition of Common Stock) that has Beneficial Ownership of at least 4.75 percent of all issued and outstanding shares of Common Stock (representing approximately 475,000 shares of Common Stock[2]); (ii) "Beneficial Ownership" shall be determined in accordance with the applicable rules of section 382 of the IRC and the Treasury Regulations thereunder, and includes direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership), ownership by such holder's family members and entities acting in concert with such holder to make a coordinated acquisition of equity securities, and ownership of equity securities that such holder has an Option to acquire; and (iii) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable.

The following procedures apply to declarations of worthlessness of Common Stock:

f.  Any person or entity that currently is or becomes a 50-Percent Shareholder must file with the Court and serve upon the Declaration Notice Parties a declaration of such status, substantially in the form of **Exhibit 1D** attached to these Procedures (each, a "Declaration of Status as a 50-Percent Shareholder"), on or before the later of (i) 30 calendar days after the date of the Notice of Interim Order, and (ii) ten calendar days after becoming a 50-Percent Shareholder.

---

[2] Based on approximately 10,000,000 shares of Common Stock outstanding as of the Petition Date.

g.    Prior to filing any federal or state tax return or any amendment to such a return that claims any deduction for worthlessness of Common Stock for a tax year ending before the Debtors' emergence from chapter 11 protection, such 50-Percent Shareholder must file with the Court and serve upon the Declaration Notice Parties an advance written declaration substantially in the form of **Exhibit 1E** attached to these Procedures (each, a "Declaration of Intent to Claim a Worthless Stock Deduction") of the intended claim of worthlessness.

h.    The Debtors will have 30 calendar days after receipt of a Declaration of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50-Percent Shareholder an objection to any proposed claim of worthlessness described in the Declaration of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize the NOLs.  If the Debtors file an objection, the filing of the return or amendment with such claim remains ineffective pending a final ruling on the objection (and thereafter in accordance with the ruling and applicable appellate rules and procedures), and the 50-Percent Shareholder shall be required to file an amended tax return revoking such proposed deduction.  If the Debtors do not object within such 30-day period, the filing of the return or amendment with such claim will be permitted as set forth in the Declaration of Intent to Claim a Worthless Stock Deduction.  Additional returns or amendments within the scope of this paragraph are the subject of additional notices in accordance with these Procedures as set forth herein, with an additional 30-day waiting period for each Declaration of Intent to Claim a Worthless Stock Deduction.

i.    For purposes of these Procedures a "50-Percent Shareholder" is any person or entity that at any time since January 31, 2016 has owned 50 percent or more of the Common Stock (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder).

### NOTICE PROCEDURES

The following notice procedures apply to these Procedures:

a.    No later than two business days following entry of an interim order approving these Procedures (the "Interim Order") the Debtors shall serve by overnight mail, postage prepaid, a notice substantially in the form of **Exhibit 1F** attached to these Procedures (the "Notice of Interim Order") on the Notice Parties.  Additionally, no later than two business days following entry of a final order approving these Procedures (the "Final Order"), the Debtors shall serve a Notice of Interim Order modified to reflect that the Final Order has been entered (as modified, the "Notice of Final Order") on the Notice Parties.

b.    All registered holders of Common Stock shall be required to serve the Notice of Interim Order or Notice of Final Order, as applicable, on any holder for whose benefit such registered holder holds such Common Stock down the chain of ownership for all such holders of Common Stock.

3

c.     Any entity, broker, or agent acting on such entity's or individual's behalf that sells in excess of 4.75 percent of all issued and outstanding shares of Common Stock (*i.e.*, approximately 475,000 shares of Common Stock[3]) to another entity shall be required to serve a copy of the Notice of Interim Order or Notice of Final Order, as applicable, on such purchaser of such Common Stock or any broker or agent acting on such purchaser's behalf.

d.     As soon as is practicable following entry of the Interim Order, the Debtors shall (i) submit a copy of the Notice of Interim Order (modified for publication) for publication in the *Wall Street Journal* (national edition), and (ii) submit a copy of the Notice of Interim Order (modified for publication) to Bloomberg Professional Service for potential publication by Bloomberg.

e.     To the extent confidential information is required in any declaration described in these Procedures, such confidential information may be filed and served in redacted form; *provided* that any such declarations served on the Debtors *shall not* be in redacted form.  The Debtors shall keep all information provided in such declarations strictly confidential and shall not disclose the contents thereof to any person except to the extent (i) necessary to respond to a petition or objection filed with the Court, (ii) otherwise required by law, or (iii) that the information contained therein is already public; *provided* that the Debtors may disclose the contents thereof to their professional advisors, who shall keep all such declarations strictly confidential and shall not disclose the contents thereof to any other person or entity, subject to further Court order.

---

[3] Based on approximately 10,000,000 shares of Common Stock outstanding as of the Petition Date.

## Exhibit 1A

**Declaration of Status as a Substantial Shareholder**

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 19-40883-659 |
| | ) | CHAPTER 11 |
| PAYLESS HOLDINGS LLC, *et al.*, | ) | |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Related Docket No.: [●] |

**<u>DECLARATION OF STATUS AS A SUBSTANTIAL SHAREHOLDER</u>**[1]

**PLEASE TAKE NOTICE** that the undersigned party is/has become a Substantial Shareholder with respect to the common stock of Payless Holdings LLC or of any Beneficial Ownership therein (the "<u>Common Stock</u>").  Payless Holdings LLC is a debtor and debtor in possession in Case No. 19-40883-659 pending in the United States Bankruptcy Court for the Eastern District of Missouri (the "<u>Court</u>").

**PLEASE TAKE FURTHER NOTICE** that as of _____, 2019, the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.  The following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership of such Common Stock:

---

[1] For purposes of this declaration: (i) a "<u>Substantial Shareholder</u>" is any entity or individual that has Beneficial Ownership (as defined below) of at least 475,000 shares of Common Stock (representing approximately 4.75 percent of 10,000,000 shares of Common Stock outstanding as of the Petition Date); (ii) "<u>Beneficial Ownership</u>" shall be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code of 1986, as amended and the Treasury Regulations thereunder, and includes direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership), ownership by such holder's family members and entities acting in concert with such holder to make a coordinated acquisition of equity securities, and ownership of equity securities that such holder has an <u>Option</u> (as defined below) to acquire; and (iii) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable.

| Number of Shares | Class of Common Stock (Class A/Class B) | Date Acquired |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

*(Attach additional page(s) if necessary)*

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are [_____].

**PLEASE TAKE FURTHER NOTICE** that pursuant to the *Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* (the "Interim Order"), this declaration is being filed with the Court and served upon: (a) the Debtors, 3231 SE 6th Avenue, Topeka, KS 66607; (b) proposed counsel to the Debtors (i) Akin Gump Strauss Hauer & Feld LLP (Attn: Meredith A. Lahaie, Kevin Zuzolo and Julie Thompson), (ii) Armstrong Teasdale LLP (Attn: Richard W. Engel, Jr., Erin M. Edelman and John G. Willard) and (iii) Cassels Brock & Blackwell LLP (Attn: Ryan Jacobs, Jane Dietrich, Natalie Levine and Monique Sassi); (c) the Office of the United States Trustee for the Eastern District of Missouri; (d) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (e) counsel to the Prepetition ABL Agent (i) Choate Hall & Stewart LLP (Attn: Kevin Simard, Doug Gooding and Jonathan Marshall) and (ii) Thompson Coburn LLP (Attn: Mark Bossi); (f) counsel to the FILO Agent, Greenberg Traurig, LLP (Attn: Jeffrey M. Wolf); (g) counsel to certain Prepetition Term Loan Lenders (i) Kramer Levin Naftalis & Frankel LLP (Attn: Stephen

D. Zide); (ii) Doster, Ullom & Boyle, LLC (Attn: Gregory D. Willard); (iii) Stroock & Stroock & Lavan LLP (Attn: Kristopher M. Hansen and Daniel A. Fliman) and (iv) Lewis Rice LLC (Attn: Sonette T. Magnus); and (h) counsel to any statutory committee appointed in the chapter 11 cases.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this declaration and accompanying attachments (if any) and, to the best of his or her knowledge and belief, this declaration and any attachments hereto are true, correct and complete.

Respectfully submitted,

(Name of Substantial Shareholder)

By: _____
Name: _____
Address: _____
_____
Telephone: _____
Facsimile: _____

Dated: _____

## Exhibit 1B

**Declaration of Intent to Accumulate Common Stock**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 19-40883-659 |
| | ) | CHAPTER 11 |
| PAYLESS HOLDINGS LLC, *et al.*, | ) | |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Related Docket No.: [●] |

**DECLARATION OF INTENT TO ACCUMULATE COMMON STOCK**[1]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to purchase, acquire or otherwise accumulate (the "Proposed Transfer") one or more shares of common stock of Payless Holdings LLC or of any Beneficial Ownership therein (the "Common Stock") Payless Holdings LLC is a debtor and debtor in possession in Case No. 19-40883-659 pending in the United States Bankruptcy Court for the Eastern District of Missouri (the "Court").

**PLEASE TAKE FURTHER NOTICE** that if applicable, on _____, 2019, the undersigned party filed a Declaration of Status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

---

[1] For purposes of this declaration: (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership (as defined below) of at least 475,000 shares of Common Stock (representing approximately 4.75 percent of 10,000,000 shares of Common Stock outstanding as of the Petition Date); (ii) "Beneficial Ownership" shall be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code of 1986, as amended and the Treasury Regulations thereunder, and includes direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership), ownership by such holder's family members and entities acting in concert with such holder to make a coordinated acquisition of equity securities, and ownership of equity securities that such holder has an Option (as defined below) to acquire; and (iii) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable.

PLEASE TAKE FURTHER NOTICE that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.

PLEASE TAKE FURTHER NOTICE that pursuant to the Proposed Transfer, the undersigned party proposes to purchase, acquire or otherwise accumulate Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock.  If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of _____ shares of Common Stock after such transfer becomes effective.

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification number of the undersigned party are _____.

PLEASE TAKE FURTHER NOTICE that pursuant to the *Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* (the "Interim Order"), this declaration is being filed with the Court and served upon:  (a) the Debtors, 3231 SE 6th Avenue, Topeka, KS 66607; (b) proposed counsel to the Debtors (i) Akin Gump Strauss Hauer & Feld LLP (Attn:  Meredith A. Lahaie, Kevin Zuzolo and Julie Thompson), (ii) Armstrong Teasdale LLP (Attn: Richard W. Engel, Jr., Erin M. Edelman and John G. Willard) and (iii) Cassels Brock & Blackwell LLP (Attn: Ryan Jacobs, Jane Dietrich, Natalie Levine and Monique Sassi); (c) the Office of the United States Trustee for the Eastern District of Missouri; (d) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (e) counsel to the Prepetition ABL Agent (i) Choate Hall & Stewart LLP (Attn: Kevin Simard, Doug Gooding and Jonathan Marshall) and (ii) Thompson Coburn LLP (Attn: Mark Bossi); (f) counsel to the FILO Agent, Greenberg Traurig, LLP (Attn: Jeffrey M. Wolf); (g) counsel to

certain Prepetition Term Loan Lenders (i) Kramer Levin Naftalis & Frankel LLP (Attn: Stephen D. Zide); (ii) Doster, Ullom & Boyle, LLC (Attn: Gregory D. Willard); (iii) Stroock & Stroock & Lavan LLP (Attn: Kristopher M. Hansen and Daniel A. Fliman) and (iv) Lewis Rice LLC (Attn: Sonette T. Magnus); and (h) counsel to any statutory committee appointed in the chapter 11 cases

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Interim Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have 30 calendar days after receipt of this Declaration to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn by the Debtors or the Court approves such transaction by a final and non-appealable order.  If the Debtors do not object within such 30-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring or otherwise accumulating Beneficial Ownership of additional shares of Common Stock will each require an additional notice filed with the Court and served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this declaration and accompanying attachments (if any) and, to the best of his or her knowledge and belief, this declaration and any attachments hereto are true, correct and complete.

Respectfully submitted,

(Name of Declarant)

By: _____

Name: _____

Address: _____

_____

Telephone: _____

Facsimile: _____

Dated: _____

4

## Exhibit 1C

**Declaration of Intent to Transfer Common Stock**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 19-40883-659 |
| | ) | CHAPTER 11 |
| PAYLESS HOLDINGS LLC, *et al.*, | ) | |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Related Docket No.: [●] |

**DECLARATION OF INTENT TO TRANSFER COMMON STOCK**[1]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to sell, trade or otherwise transfer (the "Proposed Transfer") one or more shares of common stock of Payless Holdings LLC or of any Beneficial Ownership therein (the "Common Stock"). Payless Holdings LLC is a debtor and debtor in possession in Case No. 19-40883-659 pending in the United States Bankruptcy Court for the Eastern District of Missouri (the "Court").

**PLEASE TAKE FURTHER NOTICE** that if applicable, on _____, 2019, the undersigned party filed a Declaration of Status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.

---

[1] For purposes of this declaration: (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership (as defined below) of at least 475,000 shares of Common Stock (representing approximately 4.75 percent of 10,000,000 shares of Common Stock outstanding as of the Petition Date); (ii) "Beneficial Ownership" shall be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code of 1986, as amended and the Treasury Regulations thereunder, and includes direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership), ownership by such holder's family members and entities acting in concert with such holder to make a coordinated acquisition of equity securities, and ownership of equity securities that such holder has an Option (as defined below) to acquire; and (iii) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, the undersigned party proposes to sell, trade or otherwise transfer Beneficial Ownership of shares of Common Stock or an Option with respect to _____ shares of Common Stock.  If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of _____ shares of Common Stock after such transfer becomes effective.

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the *Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* (the "Interim Order"), this declaration is being filed with the Court and served upon:  (a) the Debtors, 3231 SE 6th Avenue, Topeka, KS 66607; (b) proposed counsel to the Debtors (i) Akin Gump Strauss Hauer & Feld LLP (Attn:  Meredith A. Lahaie, Kevin Zuzolo and Julie Thompson), (ii) Armstrong Teasdale LLP (Attn: Richard W. Engel, Jr., Erin M. Edelman and John G. Willard) and (iii) Cassels Brock & Blackwell LLP (Attn: Ryan Jacobs, Jane Dietrich, Natalie Levine and Monique Sassi); (c) the Office of the United States Trustee for the Eastern District of Missouri; (d) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (e) counsel to the Prepetition ABL Agent (i) Choate Hall & Stewart LLP (Attn: Kevin Simard, Doug Gooding and Jonathan Marshall) and (ii) Thompson Coburn LLP (Attn: Mark Bossi); (f) counsel to the FILO Agent, Greenberg Traurig, LLP (Attn: Jeffrey M. Wolf); (g) counsel to certain Prepetition Term Loan Lenders (i) Kramer Levin Naftalis & Frankel LLP (Attn: Stephen D. Zide); (ii) Doster, Ullom & Boyle, LLC (Attn: Gregory D. Willard); (iii) Stroock & Stroock & Lavan LLP (Attn: Kristopher M. Hansen and Daniel A. Fliman) and (iv) Lewis Rice LLC

(Attn: Sonette T. Magnus); and (h) counsel to any statutory committee appointed in the chapter 11 cases.

PLEASE TAKE FURTHER NOTICE that pursuant to the Interim Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

PLEASE TAKE FURTHER NOTICE that the Debtors have 30 calendar days after receipt of this Declaration to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer will remain ineffective unless the Debtors withdraw such objection or the Court approves such transaction by a final and non-appealable order. If the Debtors do not object within such 30-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by the undersigned party that may result in the undersigned party selling, trading or otherwise transferring Beneficial Ownership of additional shares of Common Stock each will require an additional notice filed with the Court, and served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this declaration and accompanying attachments (if any) and, to the best of his or her knowledge and belief, this declaration and any attachments hereto are true, correct and complete.

Respectfully submitted,

(Name of Declarant)

By: _____
Name: _____
Address: _____

_____
Telephone: _____
Facsimile: _____


Dated: _____

4

## Exhibit 1D

**Declaration of Status as a 50-Percent Shareholder**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 19-40883-659 |
| | ) | CHAPTER 11 |
| PAYLESS HOLDINGS LLC, *et al.*, | ) | |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Related Docket No.: [●] |

## DECLARATION OF STATUS AS A 50-PERCENT SHAREHOLDER[1]

    **PLEASE TAKE NOTICE** that the undersigned party is/has become a 50-Percent

Shareholder with respect to the common stock of Payless Holdings LLC or of any Beneficial

Ownership therein (the "Common Stock"). Payless Holdings LLC is a debtor and debtor in

possession in Case No. 19-40883-659 pending in the United States Bankruptcy Court for the

Eastern District of Missouri (the "Court").

    **PLEASE TAKE FURTHER NOTICE** that, as of _____, 2019, the

undersigned party currently has Beneficial Ownership of _____ shares of Common

Stock. The following table sets forth the date(s) on which the undersigned party acquired

Beneficial Ownership of such Common Stock:

---

[1] For purposes of this declaration: (i) a "50-Percent Shareholder" is any person or entity that at any time since January 31, 2016, has owned 50 percent or more of the Common Stock (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder); (ii) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership (as defined below) of at least 475,000 shares of Common Stock (representing approximately 4.75 percent of 10,000,000 shares of Common Stock outstanding as of the Petition Date); (iii) "Beneficial Ownership" shall be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code of 1986, as amended and the Treasury Regulations thereunder, and includes direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership), ownership by such holder's family members and entities acting in concert with such holder to make a coordinated acquisition of equity securities, and ownership of equity securities that such holder has an Option (as defined below) to acquire; and (iv) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable.

| Number of Shares | Class of Common Stock (Class A/Class B) | Date Acquired |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

*(Attach additional pages if necessary)*

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the *Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* (the "Interim Order"), this declaration is being filed with the Court and served upon: (a) the Debtors, 3231 SE 6th Avenue, Topeka, KS 66607; (b) proposed counsel to the Debtors (i) Akin Gump Strauss Hauer & Feld LLP (Attn: Meredith A. Lahaie, Kevin Zuzolo and Julie Thompson), (ii) Armstrong Teasdale LLP (Attn: Richard W. Engel, Jr., Erin M. Edelman and John G. Willard) and (iii) Cassels Brock & Blackwell LLP (Attn: Ryan Jacobs, Jane Dietrich, Natalie Levine and Monique Sassi); (c) the Office of the United States Trustee for the Eastern District of Missouri; (d) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (e) counsel to the Prepetition ABL Agent (i) Choate Hall & Stewart LLP (Attn: Kevin Simard, Doug Gooding and Jonathan Marshall) and (ii) Thompson Coburn LLP (Attn: Mark Bossi); (f) counsel to the FILO Agent, Greenberg Traurig, LLP (Attn: Jeffrey M. Wolf); (g) counsel to certain Prepetition Term Loan Lenders (i) Kramer Levin Naftalis & Frankel LLP (Attn: Stephen

D. Zide); (ii) Doster, Ullom & Boyle, LLC (Attn: Gregory D. Willard); (iii) Stroock & Stroock & Lavan LLP (Attn: Kristopher M. Hansen and Daniel A. Fliman) and (iv) Lewis Rice LLC (Attn: Sonette T. Magnus); and (h) counsel to any statutory committee appointed in the chapter 11 cases.

**PLEASE TAKE FURTHER NOTICE** that pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this declaration and accompanying attachments (if any) and, to the best of his or her knowledge and belief, this declaration and any attachments hereto are true, correct and complete.

Respectfully submitted,

(Name of 50-Percent Shareholder)

By: _____
Name: _____
Address: _____
_____
Telephone: _____
Facsimile: _____

Dated: _____

3

## **Exhibit 1E**

**Declaration of Intent to Claim a Worthless Stock Deduction**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 19-40883-659 |
| | ) | CHAPTER 11 |
| PAYLESS HOLDINGS LLC, *et al.*, | ) | |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Related Docket No.: [●] |

## DECLARATION OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION[1]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to claim a worthless stock deduction (the "Proposed Worthlessness Claim") with respect to one or more shares of common stock of Payless Holdings LLC or of any Beneficial Ownership therein (the "Common Stock"). Payless Holdings LLC is a debtor and debtor in possession in Case No. 19-40883-659 pending in the United States Bankruptcy Court for the Eastern District of Missouri (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____, 2019 the undersigned party filed a Declaration of Status as a 50-Percent Shareholder with the Court and served copies thereof as set forth therein.

---

[1] For purposes of this declaration: (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership (as defined below) of at least 475,000 shares of Common Stock (representing approximately 4.75 percent of 10,000,000 shares of Common Stock outstanding as of the Petition Date); (if) "Beneficial Ownership" shall be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code of 1986, as amended and the Treasury Regulations thereunder, and includes direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a partnership would be considered to own its proportionate share of ary equity securities owned by such partnership), ownership by such holder's family members and entities acting in concert with such holder to make a coordinated acquisition of equity securities, and ownership of equity securities that such holder has an Option (as defined below) to acquire; and (iii) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable.

PLEASE TAKE FURTHER NOTICE that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.

PLEASE TAKE FURTHER NOTICE that pursuant to the Proposed Worthlessness Claim, the undersigned party proposes to declare for [federal/state] tax purposes that _____ shares of Common Stock became worthless during the tax year ending _____.

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification number of the undersigned party are _____.

PLEASE TAKE FURTHER NOTICE that pursuant to the *Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* (the "Interim Order"), this declaration is being filed with the Court and served upon: (a) the Debtors, 3231 SE 6th Avenue, Topeka, KS 66607; (b) proposed counsel to the Debtors (i) Akin Gump Strauss Hauer & Feld LLP (Attn: Meredith A. Lahaie, Kevin Zuzolo and Julie Thompson), (ii) Armstrong Teasdale LLP (Attn: Richard W. Engel, Jr., Erin M. Edelman and John G. Willard) and (iii) Cassels Brock & Blackwell LLP (Attn: Ryan Jacobs, Jane Dietrich, Natalie Levine and Monique Sassi); (c) the Office of the United States Trustee for the Eastern District of Missouri; (d) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (e) counsel to the Prepetition ABL Agent (i) Choate Hall & Stewart LLP (Attn: Kevin Simard, Doug Gooding and Jonathan Marshall) and (ii) Thompson Coburn LLP (Attn: Mark Bossi); (f) counsel to the FILO Agent, Greenberg Traurig, LLP (Attn: Jeffrey M. Wolf); (g) counsel to certain Prepetition Term Loan Lenders (i) Kramer Levin Naftalis & Frankel LLP (Attn: Stephen D. Zide); (ii) Doster, Ullom & Boyle, LLC (Attn: Gregory D. Willard); (iii) Stroock & Stroock

& Lavan LLP (Attn: Kristopher M. Hansen and Daniel A. Fliman) and (iv) Lewis Rice LLC

(Attn: Sonette T. Magnus); and (h) counsel to any statutory committee appointed in the chapter

11 cases.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, the

undersigned party acknowledges that the Debtors have 30 calendar days after receipt of this

Declaration to object to the Proposed Worthlessness Claim described herein.  If the Debtors file

an objection, such Proposed Worthlessness Claim will not be effective unless the Debtors

withdraw such objection or the Court approves such action by a final and non-appealable order.

If the Debtors do not object within such 30-day period, then after expiration of such period the

Proposed Worthlessness Claim may proceed solely as set forth in this declaration.

**PLEASE TAKE FURTHER NOTICE** that any further claims of worthlessness

contemplated by the undersigned party each will require an additional notice filed with the Court

to be served in the same manner as this declaration, and are subject to an additional 30-day

waiting period.

**PLEASE TAKE FURTHER NOTICE** that pursuant to 28 U.S.C. § 1746, under

penalties of perjury, the undersigned party hereby declares that he or she has examined this

declaration and accompanying attachments (if any) and, to the best of his or her knowledge and

belief, this declaration and any attachments hereto are true, correct and complete.

Respectfully submitted,

(Name of Declarant)

By: _____

Name: _____

Address: _____

_____

Telephone: _____

Facsimile: _____

3

Dated: _____

## **Exhibit 1F**

**Notice of Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 19-40883-659 |
| | ) | CHAPTER 11 |
| PAYLESS HOLDINGS LLC, *et al.*, | ) | |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Related Docket No.: [●] |

**NOTICE OF (I) DISCLOSURE PROCEDURES**
**APPLICABLE TO CERTAIN HOLDERS OF COMMON**
**STOCK, (II) DISCLOSURE PROCEDURES FOR TRANSFERS**
**OF AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT**
**TO COMMON STOCK AND (III) FINAL HEARING ON THE APPLICATION**
**THEREOF TO: ALL ENTITIES (AS DEFINED BY BANKRUPTCY CODE**
**SECTION 101(15)) THAT MAY HOLD BENEFICIAL OWNERSHIP OF**
<u>**COMMON STOCK OF PAYLESS HOLDINGS LLC (THE "COMMON STOCK").**</u>

PLEASE TAKE NOTICE that on February 18, 2019 (the "<u>Petition Date</u>"), the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), filed petitions with the United States Bankruptcy Court for the Eastern District of Missouri (the "<u>Court</u>") under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "<u>Bankruptcy Code</u>"). Subject to certain exceptions, Bankruptcy Code section 362 operates as a stay of any act to obtain possession of or exercise control over property of or from the Debtors' estates.

**PLEASE TAKE FURTHER NOTICE** that on the Petition Date, the Debtors filed the *Debtors' Motion Seeking Entry of Interim and Final Orders (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. ___] (the "<u>Motion</u>").[1]

**PLEASE TAKE FURTHER NOTICE** that on [_____], 2019, the Court entered the *Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of*

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

*and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. ___] (the "Interim Order") approving procedures for certain transfers of or declarations of worthlessness with respect to Common Stock, as set forth in **Exhibit 1** attached to the Motion (the "Procedures").

       **PLEASE TAKE FURTHER NOTICE** that pursuant to the Interim Order, a Substantial Shareholder may not consummate any purchase, sale or other transfer of Common Stock, or Beneficial Ownership of Common Stock, in violation of the Procedures, and any such transaction in violation of the Procedures shall be null and void *ab initio*.

       **PLEASE TAKE FURTHER NOTICE** that pursuant to the Interim Order, a 50-Percent Shareholder may not claim a worthless stock deduction with respect to Common Stock, or Beneficial Ownership of Common Stock, in violation of the Procedures, and any such deduction in violation of the Procedures shall be null and void *ab initio*, and the 50-Percent Shareholder shall be required to file an amended tax return revoking such proposed deduction.

       **PLEASE TAKE FURTHER NOTICE** that pursuant to the Interim Order, the Procedures shall apply to the holding and transfers of Common Stock, or any Beneficial Ownership of Common Stock, by a Substantial Shareholder or someone who may become a Substantial Shareholder.

       **PLEASE TAKE FURTHER NOTICE** that upon the request of any entity, the proposed notice, solicitation and claims agent for the Debtors, Prime Clerk, will provide a copy of the Interim Order and a form of each of the declarations required to be filed by the Procedures in a reasonable period of time. Such Interim Order and declarations are also available via PACER at https://www.pacer.gov for a fee, or by accessing the Debtors' restructuring website at https://cases.primeclerk.com/pss.

**PLEASE TAKE FURTHER NOTICE** that the final hearing (the "Final Hearing") on the Motion shall be held on _____, 2019 at __:__ _.m., prevailing Central Time.  Any objections or responses to entry of a final order on the Motion (the "Final Order") shall be filed on or before 4:00 p.m., prevailing Central Time, on_____, 2019 and shall be served on: (a) the Debtors, 3231 SE 6th Avenue, Topeka, KS 66607; (b) proposed counsel to the Debtors (i) Akin Gump Strauss Hauer & Feld LLP (Attn:  Meredith A. Lahaie, Kevin Zuzolo and Julie Thompson), (ii) Armstrong Teasdale LLP (Attn: Richard W. Engel, Jr., Erin M. Edelman and John G. Willard) and (iii) Cassels Brock & Blackwell LLP (Attn: Ryan Jacobs, Jane Dietrich, Natalie Levine and Monique Sassi); (c) the Office of the United States Trustee for the Eastern District of Missouri; (d) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (e) counsel to the Prepetition ABL Administrative Agent (i) Choate Hall & Stewart LLP (Attn: Kevin Simard, Douglas Gooding and Jonathan Marshall) and (ii) Thompson Coburn LLP (Attn: Mark Bossi); (f) counsel to the FILO Agent, Greenberg Traurig, LLP (Attn: Jeffrey M. Wolf); (g) counsel to certain Prepetition Term Loan Lenders (i) Kramer Levin Naftalis & Frankel LLP (Attn: Stephen D. Zide) (ii) Doster, Ullom & Boyle, LLC (Attn: Gregory D. Willard) (iii) Stroock & Stroock & Lavan LLP (Attn: Kristopher M. Hansen and Daniel A. Fliman) and (iv) Lewis Rice LLC (Attn: Sonette T. Magnus); (h) the proposed Monitor, FTI Consulting Canada, Inc. (Attn: Paul Bishop, Greg Watson and Jim Robinson); (i) counsel to the proposed Monitor, Bennett Jones LLP (Attn: Sean Zweig, Kevin Zych and Aiden Nelms); (j) counsel to any statutory committee appointed in the chapter 11 cases; (k) the Office of the United States Trustee for the Eastern District of Missouri; (l) the United States Attorney's Office for the Eastern District of Missouri; (m) the Internal Revenue Service; (n) the United States Securities and Exchange Commission; (o) the state attorneys general for all states in which the Debtors

3

conduct business and (p) any party that has requested notice pursuant to Bankruptcy Rule 2002. If no objection or response is timely filed and served, the Court may enter the Final Order without need for the Final Hearing

**PLEASE TAKE FURTHER NOTICE** that failure to follow the procedures set forth in the order shall constitute a violation of, among other things, the automatic stay provisions of Bankruptcy Code section 362.

**PLEASE TAKE FURTHER NOTICE** that any prohibited purchase, sale, other transfer of, or declaration of worthlessness with respect to common stock, beneficial ownership thereof, or option with respect thereto in violation of the order is prohibited and shall be null and void ab initio and may be punished by contempt or other sanctions imposed by the court.

**PLEASE TAKE FURTHER NOTICE** that the requirements set forth in the Interim Order are in addition to the requirements of applicable law and do not excuse compliance therewith.

[*Remainder of page intentionally left blank.*]

Dated:  February 19, 2019
St. Louis, Missouri

/s/ *Richard W. Engel, Jr.*

Richard W. Engel, Jr. MO 34641
Erin M. Edelman MO 67374
John G. Willard MO 67049
**ARMSTRONG TEASDALE LLP**
7700 Forsyth Boulevard, Suite 1800
St. Louis, MO 63105
Telephone: (314) 621-5070
Facsimile: (314) 612-2239
rengel@armstrongteasdale.com
eedelman@armstrongteasdale.com
jwillard@armstrongteasdale.com

-and-

Ira Dizengoff (*pro hac vice* admission pending)
Meredith A. Lahaie (*pro hac vice* admission pending)
Kevin Zuzolo (*pro hac vice* admission pending)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
mlahaie@akingump.com
kzuzolo@akingump.com

- and -

Julie Thompson (*pro hac vice* admission pending)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
julie.thompson@akingump.com

*Proposed Counsel to the Debtors and Debtors in
Possession*

5