**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 19-40883-659 |
| | ) | Chapter 11 |
| PAYLESS HOLDINGS LLC, *et al.*, | ) | |
| | ) | (Joint Administration Requested) |
| Debtors.[1] | ) | |
| | ) | Hearing Date:  February 19, 2019 |
| | ) | Hearing Time: 1:30 p.m. (Central Time) |
| | ) | Hearing Location: Courtroom 7 North |

**DEBTORS' MOTION SEEKING ENTRY OF**
**INTERIM AND FINAL ORDERS (I) AUTHORIZING THE**
**DEBTORS TO CONTINUE AND RENEW THE SURETY BOND PROGRAM**
**ON AN UNINTERRUPTED BASIS AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (the "Motion") for entry of an interim order and final order (the "Proposed Interim Order" and the "Proposed Final Order")[2] (i) authorizing the Debtors to continue and renew their prepetition surety bond program on an uninterrupted basis and (ii) granting related relief.  In support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Payless Holdings LLC [5704]; Payless Intermediate Holdings LLC [5190]; WBG-PSS Holdings LLC [0673]; Payless Inc. [3160]; Payless Finance, Inc. [2101]; Collective Brands Services, Inc. [7266]; PSS Delaware Company 4, Inc. [1466]; Shoe Sourcing, Inc. [4075]; Payless ShoeSource, Inc. [4097]; Eastborough, Inc. [2803]; Payless Purchasing Services, Inc. [3043]; Payless ShoeSource Merchandising, Inc. [0946]; Payless Gold Value CO, Inc. [3581]; Payless ShoeSource Distribution, Inc. [0944]; Payless ShoeSource Worldwide, Inc. [6884]; Payless NYC, Inc. [4126]; Payless ShoeSource of Puerto Rico, Inc. [9017]; Payless Collective GP, LLC [2940]; Collective Licensing, LP [1256]; Collective Licensing International LLC [5451]; Clinch, LLC [9836]; Collective Brands Franchising Services, LLC [3636]; Payless International Franchising, LLC [6448]; PSS Canada, Inc. [4969]; Payless ShoeSource Canada Inc. [4180]; Payless ShoeSource Canada GP Inc. [4182]; and Payless ShoeSource Canada LP [4179].  With respect to certain taxing authorities, the Debtors' address is 2001 Bryan Street, Suite 800, Dallas, Texas 75201.  However, the location of Debtor Payless Holdings LLC's corporate headquarters and the Debtors' service address is: c/o Payless ShoeSource Inc., 3231 S.E. 6th Avenue, Topeka, Kansas 66607.

[2] A copy of the Proposed Interim Order and Proposed Final Order will be provided to the Notice Parties (as defined below) and made available on Debtors' case information website at https://cases.primeclerk.com/pss.

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Eastern District of Missouri (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 81-9.01(B)(1) of the Local Rules of the United States District Court for the Eastern District of Missouri.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for relief requested herein are sections 105(a) and 363(b), and 541 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

4.      The Debtors and their non-debtor affiliates (together, the "Company") are the largest specialty family footwear retailer in the Western Hemisphere, offering a wide range of shoes and accessory items at affordable prices.  The Company operates approximately 3,400 stores in more than 40 countries.  The Debtors are headquartered in Topeka, Kansas, with extensive operations that span across the United States, Canada, Latin America, Asia, the Middle East, and Europe.

5.      On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  The Debtors have requested that their cases be consolidated for procedural purposes and administered jointly.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

2

6.     The Debtors commenced these chapter 11 cases approximately 18 months after completing a restructuring and emerging from chapter 11 protection with a reduced debt burden.[3] The Debtors, however, have been unable to sustain profitable operations in the current retail environment as a result of various factors more fully described in the *Declaration of Stephen Marotta, Chief Restructuring Officer of Payless Holdings LLC, in Support of Debtors' Chapter 11 Proceedings and First Day Pleadings* (the "First Day Declaration").[4]   Accordingly, the Debtors have determined that the best way to maximize value for all of their stakeholders is to liquidate all North America brick and mortar locations through the immediate commencement of going out of business sales.  The Debtors believe, in the exercise of their business judgment, that such measures are in the best interests of the Debtors' estates.

7.     A comprehensive description of the Debtors' businesses and operations, capital structure and events leading to the commencement of these chapter 11 cases is set forth in the First Day Declaration, filed contemporaneously herewith and incorporated herein by reference.

### THE DEBTORS' SURETY BOND PROGRAM

8.     In the ordinary course of business, certain third parties, including governmental units or other public agencies, require the Debtors to post surety bonds to secure their payment or performance of certain obligations (the "Surety Bond Program").  These obligations relate to, among other things: (a) customs and excise tax obligations; (b) utilities; (c) sales and use tax obligations; and (d) workers' compensation claims.  Failure to provide, maintain, or timely replace the Debtors' surety bonds may prevent the Debtors from undertaking essential functions related to the effective resolution of these chapter 11 cases.

---

[3] On April 4, 2017, the Debtors' predecessors-in-interest commenced chapter 11 cases (the "Prior Cases") before the United States Bankruptcy Court for the Eastern District of Missouri, which were jointly administered under the caption *In re Payless Holdings LLC*, No. 17-42267.  A plan of reorganization was confirmed in the Prior Cases on July 26, 2017, and such plan went effective on August 10, 2017.

[4] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

9.     The purpose of a surety bond is to shift the risk of the Debtors' nonperformance or nonpayment from the Debtors to a surety.  Unlike an insurance policy, if a surety incurs a loss on a surety bond, it is entitled to recover the full amount of that loss from the principal.  To that end, the Debtors are party to, or may become party to, certain indemnity agreements that set forth the surety's rights to recover from the Debtors (the "Surety Indemnity Agreements").[5] Pursuant to the Surety Indemnity Agreements, the Debtors agree to indemnify the sureties from any loss, cost or expense which the surety may incur on account of the issuance of any bonds on behalf of the Debtors.  Additionally, the Surety Indemnity Agreements allow the sureties to request collateral security from the Debtors from time to time.

10.     As of the Petition Date, the Debtors have approximately 82 surety bonds totaling approximately $14 million outstanding.[6]  A schedule of surety bonds currently maintained by the Debtors is attached hereto as **Exhibit A**[7] and incorporated herein by reference.  The Debtors' outstanding surety bonds secure their performance and obligations in the following general categories and for the following approximate amounts:

| Nature of Bond | Approximate Aggregate Bond Amount | Approximate Aggregate Premiums | Number of Bonds |
|---|---|---|---|
| Utility | $1,781,308.18 | $12,120 | 74 |

---

[5] The Debtors are party to Surety Indemnity Agreements with all of their current sureties and may enter into new Surety Indemnity Agreements when surety bonds are put in place with new sureties, to the extent required by such sureties.

[6] Currently, the Debtors have outstanding surety bonds issued by three separate sureties: (a) Westchester Fire Insurance Company (two surety bonds totaling $9.2 million in bond principal); (b) Liberty Mutual Insurance Company (and its affiliates) (40 surety bonds totaling approximately totaling $3.1 million in bond principal); and (c) Safeco Insurance Company of America (40 surety bonds totaling approximately $1.4 million in bond principal) ((a) through (c), collectively, the "Sureties").

[7] For the avoidance of doubt, the Debtors request authority to, among other things, pay any premiums due in connection with the surety bonds, renew and/or supplement all surety bonds, as applicable, and execute any agreements ancillary to all surety bonds, as applicable, notwithstanding any failure of the Debtors to include a particular surety bond on **Exhibit A**.

| | | | |
|---|---|---|---|
| Customs and Excise Tax | $10,902,980.00 | $156,469.00 | 5 |
| Workers' Compensation | $762,000 | $5,715.00 | 1 |
| Sales and Use Tax | $180,807.00 | $904.00 | 2 |
| **Total** | **$13,627,095.18** | **$175,208.00** | **82** |

11.     The premiums for the surety bonds are generally determined on an annual basis and are paid by the Debtors as premiums come due throughout the year (the "Premiums").  For the 2018 fiscal year, the Premiums totaled approximately $258,762.  As of the Petition Date, the Debtors estimate that they owe approximately $15,000 in prepetition Premiums on account of the Surety Bond Program.  As such, the Debtors request authority to remit up to $15,000 in prepetition Premiums that become due within 21 days after the Petition Date under the Surety Bond Program upon entry of the Proposed Interim and Proposed Final Orders, and to continue paying these Premiums in the ordinary course of business on a postpetition basis to ensure uninterrupted coverage under the Surety Bond Program.

12.     The Debtors obtain their surety bonds through Lockton Companies, Inc., and its various affiliates ("Lockton" and, the "Surety Broker").  The Surety Broker assists the company in, among other things, obtaining the surety bonds and evaluating bond offerings.  The Surety Broker also helps the company with the procurement and negotiation of the surety bonds, enabling the company to obtain the bonds on advantageous terms and at competitive rates.  The company does not pay Lockton a fee for individual bond services; instead Lockton is compensated for its services to the company through an annual broker fee related to bond and insurance placement (the "Brokerage Fees") (as discussed more fully in the *Debtors' Motion Seeking Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue Insurance Coverage Entered into Prepetition and Satisfy Prepetition Obligations Related Thereto and (B)*

*Renew, Supplement, or Purchase Insurance Policies, and (II) Granting Related Relief* (the "Insurance Motion") filed contemporaneously herewith).

13.     As of the Petition Date, the Debtors do not believe that they owe any amounts on account of Brokerage Fees other than what is described in the Insurance Motion.  However, out of an abundance of caution, the Debtors seek authority to honor any prepetition amounts owed on account of Brokerage Fees and to pay any Brokerage Fees that may arise on a postpetition basis in the ordinary course of business to ensure uninterrupted coverage under the Surety Bond Program.

14.     The Debtors must be able to provide financial assurances to governmental units, public agencies, and other third parties in order to wind down their North American operations. This, in turn, requires the Debtors to maintain the existing Surety Bond Program, including: (a) paying Premiums as they come due; (b) providing the Sureties with collateral; (c) renewing or potentially acquiring additional bonding capacity as needed in the ordinary course of their businesses; (d) requesting releases from duplicate bonding obligations; (e) canceling, revising and/or supplementing surety bonds and (f) executing other agreements in the ordinary course of business, as needed, in connection with the Surety Bond Program.

## RELIEF REQUESTED

15.     By this Motion, and pursuant to Bankruptcy Code sections 105 and 363 and Bankruptcy Rules 6003 and 6004, the Debtors seek entry of the Proposed Interim Order and the Proposed Final Order: (i) authorizing the Debtors to continue and renew the Surety Bond Program on an uninterrupted basis; and (ii) granting related relief.  In addition, the Debtors request that the Court schedule a final hearing within approximately 21 days of the commencement of these chapter 11 cases to consider approval of this Motion on a final basis.

<u>**BASIS FOR RELIEF**</u>

**I.      The Surety Bond Program Is Maintained in the Ordinary Course of the Debtors' Business**

16.      Bankruptcy Code section 363(c)(1) of the Bankruptcy Code provides that a chapter 11 debtor in possession "may enter into transactions . . . [or] may use property of the estate in the ordinary course of business without notice or a hearing."  11 U.S.C. § 363(c)(1). The Bankruptcy Code does not define the "ordinary course of business."  *In re Roth Am., Inc.*, 975 F.2d 949, 952 (3rd Cir. 1992).  In determining whether a transaction is in the ordinary course of business, courts in this Circuit and elsewhere have held that a transaction qualifies as in the "ordinary course" if it "is of a type that is commonly undertaken within the debtor's industry," *Peltz v. Gulfcoast Workstation Grp. (In re Bridge Info. Sys., Inc.)* (citation omitted), 293 B.R. 479, 486 (Bankr. E.D. Mo. 2013), and is consistent with the reasonable expectations of creditors. *See Johnston v. First St. Cos. (In re Waterfront Cos.)*, 56 B.R. 31, 35 (Bankr. D. Minn. 1985) (citation omitted); *In re Drexel Burnham Lambert Grp., Inc.*, 157 B.R. 532, 537 (S.D.N.Y. 1993) ("the touchstone of 'ordinariness' is thus the interested parties' reasonable expectations of what transactions the debtor in possession is likely to enter in the course of its business") (citation omitted).

17.      The Debtors' Surety Bond Program is ordinary for the type, size and nature of the Debtors' businesses.  Further, the Debtors' Surety Bond Program covers obligations that are required by law or regulation, or requested from third parties such as utility providers.  As such, the Debtors intend to honor their obligations and perform under the surety bonds and Surety Indemnity Agreements entered into in the ordinary course of their prepetition business on a postpetition basis.  Such obligations include, among other things, maintaining existing surety bonds, renewing bonds as they expire, obtaining new bonds as needed, paying applicable

premiums to the extent they arise, maintaining collateral deposits, and posting additional collateral as required from time to time under the Surety Indemnity Agreements.

18.    Accordingly, the Debtors believe that continuation of the Surety Bond Program on a postpetition basis is in the ordinary course of business and, pursuant to section 363(c)(1), does not require notice and a hearing.

## II.    The Debtors Should Be Authorized to Continue the Surety Bond Program in Accordance with Prepetition Practice Under Bankruptcy Code Sections 105(a)

19.    The Debtors believe it is within their authority to continue the Surety Bond Program.  Nonetheless, out of an abundance of caution, the Debtors are seeking Court approval to continue the Surety Bond Program under Bankruptcy Code sections 105(a) and 363(b).  The use of estate property should be authorized under section 363(b) so long as a sound business purpose exists for the transaction.  *See, e.g., In re Chanel One Commc'ns, Inc.*, 117 B.R. 493, 496 (Bankr. E.D. Mo. 1990) (citing *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d. Cir. 1983)); *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989). "In evaluating whether a sound business purpose justifies the use, sale or lease of property under section 363(b) [of the bankruptcy code], courts consider a variety of factors, which essentially represent a 'business judgment test.'" *Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147, 153 (D. Del. 1999). Once the debtor articulates a reasonable basis for its business decisions, "courts will generally not entertain objections to the debtor's conduct."  *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) (citation omitted).

20.    Thus, if a debtor's actions satisfy the business judgment rule, the transaction in question should be approved under Bankruptcy Code section 363(b).  When applying the

"business judgment" standard, courts show great deference to a debtor's business decisions.  *See In re Farmland Indus., Inc.*, 294 B.R. 855, 881 (Bankr. W.D. Mo. 2003) (citation omitted); *Crystalin, L.L.C. v. Selma Props., Inc. (In re Crystallin, L.L.C.)*, 293 B.R. 455, 463–64 (B.A.P. 8th Cir. 2003); *In re Integrated Resources*, 147 B.R. at 656 ("Courts are loath to interfere with corporate decisions absent a showing of bad faith, self-interest, or gross negligence."); *Pitt v. First Wellington Canyon Asscos. (In re First Wellington Canyon Assocs.),* No. 89-593, 1989 WL 106838, at *3 (N.D. Ill. Sept. 8, 1989) (stating that "the debtor's business judgment . . . must be accorded deference unless shown that the bankrupt's decision was taken in bad faith or in gross abuse of the bankrupt's retained discretion.") (citation omitted).  In addition, Bankruptcy Code section 105(a) codifies the Court's inherent equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

21.     To the extent that the Debtors' participation in the Surety Bond Program is deemed to fall outside the ordinary course of business, the Court should authorize the Debtors to continue the Surety Bond Program pursuant to Bankruptcy Code sections 105(a) and 363(b).  As noted above, certain surety bonds are required by statute, and in other instances, surety bonds may be required by contract or regulation, or requested by third parties or other entities.  The Debtors' failure to provide, maintain or timely replace the surety bonds, therefore, may jeopardize the Debtors' ability to conduct their operations and jeopardize these chapter 11 cases.

22.     Based on the foregoing, the Debtors respectfully submit that maintaining the Surety Bond Program is in the best interest of the Debtors and should be authorized under Bankruptcy Code sections 105(a) and 363(b) to the extent such participation is deemed outside the ordinary course of the Debtors' business.  Courts in this district and other districts have

routinely granted relief similar to that requested herein.  *See, e.g., In re Armstrong Energy, Inc.*, Case No. 17-47541-659 (Bankr. E.D. Mo. Dec. 1, 2017) [Docket No. 206] (approving the continuation of the surety bond program); *In re Payless Holdings LLC*, Case No.17-42267-659 (Bankr. E.D. Mo. May 17, 2017) [Docket No. 783] (authorizing the debtors to continue to renew the surety bond program on an uninterrupted basis*); In re Peabody Energy Corporation*, Case No. 16-42529-399 (Bankr. E.D. Mo. May 18, 2016) [Docket No. 542]  (authorizing the debtors to maintain and renew their surety program); *In re Arch Coal, Inc.*, Case No. 16-40120-705 (Bankr. E.D. Mo. Jan. 14, 2016) [Docket No. 90] (same); *see also In re Avaya Inc.*, Case No. 17-10089 (SMB) (Bankr. S.D.N.Y. Feb. 10, 2017) [Docket No. 144]; *In re Republic Airways Holdings Inc.,* Case No. 16-10429 (SHL) (Bankr. S.D.N.Y. July 22, 2016) [Docket No. 821]; *In re Breitburn Energy Partners LP*, Case No. 16-11390 (SMB) (Bankr. S.D.N.Y. June 15, 2016) [Docket No. 133]; *In re Sabine Oil & Gas Corporation*, Case No. 15-11835 (SCC) (Bankr. S.D.N.Y. Aug. 10, 2015) [Docket No. 154]; and *In re Inversiones Alsacia S.A.*, Case No. 14-12896 (MG) (Bankr. S.D.N.Y. Nov. 5, 2014) [Docket No. 66].

### III.   Continuing the Surety Bond Program May Be Authorized Under Section 364(c)

23.    To the extent the Surety Bond Program and the provision of collateral thereunder are deemed an extension of secured credit, the Debtors request authority to continue the Surety Bond Program pursuant to Bankruptcy Code section 364(c), including with respect to posting collateral as determined in the Debtors' reasonable business judgment.   To satisfy the requirements of Bankruptcy Code section 364(c), a debtor need only demonstrate "by a good faith effort that credit was not available" to the debtor on an unsecured or administrative expense basis.  *Bray v. Shenandoah Fed. Savs. & Loan Ass'n (In re Snowshoe Co.)*, 789 F.2d 1085, 1088 (4th Cir. 1986).  Given the Debtors' current financial circumstances, the Debtors do not believe that they can obtain financial accommodations comparable to those offered by the Sureties on an

unsecured basis or administrative expense basis.  Accordingly, to the extent the Surety Bond Program and the provision of cash collateral thereunder are deemed an extension of secured credit, the Debtors respectfully submit that continuance of the Surety Bond Program should be authorized pursuant to Bankruptcy Code section 364(c).

## IV.      Processing of Checks and Electronic Fund Transfers Should Be Authorized

24.      The Debtors have sufficient funds to pay any amounts related to the Surety Bond Program in the ordinary course of business.  Under the Debtors' existing cash management system, the Debtors have made arrangements to readily identify checks or wire transfer requests relating to the Surety Bond Program, as applicable.  The Debtors believe there is minimal risk that checks or wire transfer requests that the Court has not authorized will be inadvertently made.  Thus, the Debtors request that the Court authorize, but not direct, all applicable financial institutions to receive, process, honor, and pay any and all checks or wire transfer requests in respect of the Surety Bond Program; provided that sufficient funds are on deposit in the applicable bank accounts to cover such payments.

### THE REQUIREMENTS OF BANKRUPTCY RULE 6003 ARE SATISFIED

25.      Bankruptcy Rule 6003 empowers a court to grant relief within 21 days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm." Immediate and irreparable harm exists where the absence of relief would impair a debtor's ability to reorganize or threaten the debtor's future as a going concern.  For the reasons discussed above, authorizing the Debtors to continue to honor obligations arising under the Surety Bond Program and, if necessary, renew, supplement, or purchase new surety bonds on a postpetition basis in the ordinary course of business is vital to the Debtors' operations and the failure to permit such relief can potentially severely disrupt the Debtors' operations at a critical juncture.

11

Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support granting the relief requested herein.

### WAIVER OF BANKRUPTCY RULE 6004(A) AND 6004(H)

26.     To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

### RESERVATION OF RIGHTS

27.     Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' or any other parties in interests' rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under Bankruptcy Code section 365.  The Debtors expressly reserve their right to contest any claim related to the relief sought herein.  Likewise, if the Court grants the relief sought herein, any payment made pursuant to an order of the Court is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' or any other parties in interests' rights to subsequently dispute such claim.

### NOTICE

28.     The Debtors will provide notice of this Motion to:  (a) the Office of the United States Trustee for the Eastern District of Missouri; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Prepetition ABL Administrative Agent, (i) Choate Hall & Stewart LLP (Attn: Kevin Simard, Douglas Gooding and Jonathan Marshall) and (ii) Thompson Coburn LLP (Attn: Mark Bossi); (d) counsel to the FILO Agent, Greenberg Traurig, LLP (Attn: Jeffrey M. Wolf); (e) counsel to certain Prepetition Term Loan Lenders (i) Kramer Levin Naftalis & Frankel LLP (Attn: Stephen D. Zide), (ii)

Doster, Ullom & Boyle, LLC (Attn: Gregory D. Willard), (iii) Stroock & Stroock & Lavan LLP (Attn: Kristopher M. Hansen and Daniel A. Fliman) and (iv) Lewis Rice LLC (Attn: Sonette T. Magnus); (f) the proposed Monitor, FTI Consulting Canada, Inc. (Attn: Paul Bishop, Greg Watson and Jim Robinson); (g) counsel to the proposed Monitor, Bennett Jones LLP (Attn: Sean Zweig, Kevin Zych and Aiden Nelms); (h) counsel to any statutory committee appointed in the chapter 11 cases; (i) the United States Attorney's Office for the Eastern District of Missouri; (j) the Internal Revenue Service; (k) the United States Securities and Exchange Commission; (l) the state attorneys general for all states in which the Debtors conduct business; (m) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (n) each Surety and obligee listed on Exhibit A attached hereto (collectively, the "Notice Parties").  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

29.    WHEREFORE, the Debtors respectfully request entry of the Proposed Interim Order and the Proposed Final Order (i) granting the relief requested herein, and (ii) granting such other relief as is just and proper.

Dated: February 19, 2019
St. Louis, Missouri

/s/ *Richard W. Engel, Jr.*

Richard W. Engel, Jr. MO 34641
Erin M. Edelman MO 67374
John G. Willard MO 67049
**ARMSTRONG TEASDALE LLP**
7700 Forsyth Boulevard, Suite 1800
St. Louis, MO 63105
Telephone: (314) 621-5070
Facsimile: (314) 612-2239
rengel@armstrongteasdale.com
eedelman@armstrongteasdale.com
jwillard@armstrongteasdale.com

-and-

Ira Dizengoff (*pro hac vice* admission pending)
Meredith A. Lahaie (*pro hac vice* admission pending)
Kevin Zuzolo (*pro hac vice* admission pending)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
mlahaie@akingump.com
kzuzolo@akingump.com

- and -

Julie Thompson (*pro hac vice* admission pending)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
julie.thompson@akingump.com

*Proposed Counsel to the Debtors and Debtors in Possession*

## Exhibit A

### Surety Bonds Schedule

| Surety | Bond No. | Principal | Obligee | Bond Description | Bond Amount |
|---|---|---|---|---|---|
| Liberty Mutual Insurance Company | BDTO-460002-017 | Payless ShoeSource Canada, LP | Canada Customs and Revenue Agency | CDN Customs Bond | $1,581,415 |
| Liberty Mutual Insurance Company | 39S211421 | Payless ShoeSource, Inc. | Southern California Edison Company | CA Southern California Edison Utility Deposit Bond | $443,000.00 |
| Safeco Insurance Company of America | 6626473 | Payless ShoeSource, Inc. | Gulf Power Company | FL Gulf Power Company Electric Service Bond | $11,230.00 |
| Liberty Mutual Insurance Company | 674207736 | Payless ShoeSource, Inc. | Constellation NewEnergy, Inc. | Utility Deposit Bond with Schedule of Locations | $65,000.00 |
| Liberty Mutual Insurance Company | 39S001629 | Payless ShoeSource of Puerto Rico | Puerto Rico Electric Power Authority | PR Puerto Rico Electric Power Authority Electric Service Bond | $183,330.69 |
| Safeco Insurance Company of America | 5751985 | Payless ShoeSource, Inc. | Murfreesboro Electric Department | TN Murfreesboro Electric Department Utility Deposit Bond | $1,000.00 |
| Safeco Insurance Company of America | 6190897 | Payless ShoeSource, Inc. | West Memphis Utility Commission | Utility Deposit Bond | $1,000.00 |
| Safeco Insurance Company of America | 5724655 | Payless ShoeSource, Inc. /Parade of Shoes | Consolidated Edison Company of New York, Inc. | NY Consolidated Edison Utility Service Bond | $91,437.00 |
| Safeco Insurance Company of America | 6190865 | Payless ShoeSource, Inc. | City of Tallahassee, Florida | FL City of Tallahassee Utility Deposit Bond | $4,500.00 |

1

| | | | | | |
|---|---|---|---|---|---|
| Safeco Insurance Company of America | 5863797 | Payless ShoeSource, Inc. | North Little Rock Utilities | AR North Little Rock Utilities Surety Bond | $1,700.00 |
| Liberty Mutual Insurance Company | 674208139 | Payless ShoeSource, Inc. | Atlantic City Electric (ACE) | Generic Utility Bond | $7,385.00 |
| Liberty Mutual Insurance Company | 674208143 | Payless ShoeSource, Inc. | Arizona Public Service Company | AZ APS Electric Service Utility Bond | $25,790.00 |
| Liberty Mutual Insurance Company | 674208146 | Payless ShoeSource, Inc. | Entergy Louisiana LLC | Generic Utility Bond | $20,210.00 |
| Safeco Insurance Company of America | 6060425 | Payless ShoeSource, Inc. | Entergy Mississippi, Inc. | MS Entergy Mississippi Utility Deposit Bond | $25,000.00 |
| Safeco Insurance Company of America | 6219455 | Payless ShoeSource, Inc. | Entergy Arkansas, Inc. | AR Entergy Arkansas Utility Deposit Bond | $6,200.00 |
| Safeco Insurance Company of America | 5786725 | Payless ShoeSource, Inc. | Keys Energy Services | FL Utility Board of the City of Key West Electric Service Deposit Bond | $959.00 |
| Safeco Insurance Company of America | 5724704 | Payless ShoeSource, Inc. | Starkville Electric | Utility Deposit Bond | $650.00 |
| Safeco Insurance Company of America | 6412256 | Payless ShoeSource, Inc. | SECO Energy | Utility Deposit Bond | $1,215.00 |
| Safeco Insurance Company of America | 6060545 | Payless ShoeSource, Inc. | Walton Electric | GA Walton Electric Utility Deposit Bond | $950.00 |
| Safeco Insurance Company of America | 6191002 | Payless ShoeSource, Inc. | Tupelo Water & Light Co. | Utility Deposit Bond | $2,000.00 |

2

| Liberty Mutual Insurance Company | 39S006537 | Payless ShoeSource, Inc. | Virgin Island Water & Power Authority | Utility Deposit Bond | $21,450.64 |
|---|---|---|---|---|---|
| Liberty Mutual Insurance Company | 674208212 | Payless ShoeSource, Inc. | Georgia Power Company | GA Georgia Power Agreement Bond | $43,595.00 |
| Safeco Insurance Company of America | 6219217-0001 | Payless ShoeSource, Inc. | Columbus Light and Water Department | MS Columbus Light and Water Payment of Utility Bills Bond | $1,600.00 |
| Liberty Mutual Insurance Company | 674027518 | Payless ShoeSource, Inc. | Greystone Power Corporation | GA Greystone Power Corp Utility Service Guaranty Bond | $3,500.00 |
| Safeco Insurance Company of America | 6219235 | Payless ShoeSource, Inc. | Tampa Electric Company, Credit Department | FL Teco Tampa Electric Co Utility Bond | $39,000.00 |
| Safeco Insurance Company of America | 6176429 | Payless ShoeSource, Inc. | Sevier County Electric System | Utility Deposit Bond | $2,000.00 |
| Safeco Insurance Company of America | 6356450 | Payless ShoeSource, Inc. | Electric Power Board of Chattanooga | TN The Electric Power Board of Chattanooga Utility Bond | $6,800.00 |
| Safeco Insurance Company of America | 5904723 | Payless ShoeSource, Inc. | Clay Electric Cooperative, Inc. | FL Clay Electric Cooperative Inc Indemnity Bond For Electric Service Bond | $1,300.00 |
| Liberty Mutual Insurance Company | 674027810 | Payless ShoeSource, Inc. | Alcorn County Electric Power Association | Utility Deposit Bond | $1,475.00 |
| Westchester Fire Insurance Company | 180719004 | Payless ShoeSource Worldwide, Inc. | U.S. Customs and Border Protection | US Customs Bond; Drawback Payment Refunds | $4,000,000 |
| Safeco Insurance Company of America | 6219269 | Payless ShoeSource, Inc. | City of Leesburg, Customer Service Department | FL City of Leesburg Utility Security Bond | $1,700.00 |

| Liberty Mutual Insurance Company | 674027819 | Payless ShoeSource, Inc. | Salt River Project Agricultural Improvement and Power District | AZ Salt River Project Customer Credit Services Utility Bond for Multiple Accounts and Locations | $34,000.00 |
|---|---|---|---|---|---|
| Liberty Mutual Insurance Company | 674027828 | Payless ShoeSource, Inc. | Pearl River Valley Electric Power Association | Utility Deposit Bond, Acct# 182482-0001; Store# 5523 | $1,000.00 |
| Liberty Mutual Insurance Company | 674027829 | Payless ShoeSource, Inc. | South Carolina Electric and Gas Company | SC South Carolina Electric and Gas Company Utility Deposit Bond | $11,305.00 |
| Liberty Mutual Insurance Company | 674027831 | Payless ShoeSource, Inc. | Potomac Electric Power Company | Potomac Electric Power Company Performance Bond | $17,895.00 |
| Liberty Mutual Insurance Company | BDTO-460006-017 | Payless ShoeSource, Inc. | Hydro Ottawa Limited | Utility Deposit Bond | $8,100.00 |
| Liberty Mutual Insurance Company | 674027834 | Payless ShoeSource, Inc. | JEA Buidling Community | FL JEA Indemnity Bond for Electric and/or Water Service; Blanket for all accounts | $12,320.00 |
| Liberty Mutual Insurance Company | 674028004 | Payless ShoeSource, Inc. | City of Calhoun | Liberty Utility Payment Bond | $1,700.00 |
| Safeco Insurance Company of America | 5893558 | Payless ShoeSource, Inc. | State of Kansas | KS Self-Insurance Aggregate Surety Bond | $762,000.00 |
| Liberty Mutual Insurance Company | 674028012 | Payless Shoesource, Inc. | The Connecticut Light and Power Company | CT Connecticut Light and Power Utility Service Bond | $17,966.00 |
| Liberty Mutual Insurance Company | 674208756 | Payless ShoeSource, Inc. | PECO Energy Company | Utility Deposit Bond | $8,820.00 |
| Safeco Insurance Company of America | 5873746 | Payless ShoeSource, Inc. | Florence Utilities, City of Florence | AL Florence Utilities City of Florence Utility Bond | $1,000.00 |

4

| Safeco Insurance Company of America | 5873753 | Payless ShoeSource, Inc. | City of Stillwater | Utility Deposit Bond | $1,700.00 |
|---|---|---|---|---|---|
| Liberty Mutual Insurance Company | 674028029 | Payless ShoeSource, Inc. | Memphis Light, Gas and Water Division | TN Memphis Light Gas and Water Indemnity Bond for Utility Services | $18,855.00 |
| Safeco Insurance Company of America | 5884224 | Payless ShoeSource, Inc. | Norwich Public Utilities | Utility Deposit Bond | $2,200.00 |
| Safeco Insurance Company of America | 6356546 | Payless ShoeSource, Inc. | City of Dalton - Dalton Utilities | Utility Deposit Bond | $1,000.00 |
| Safeco Insurance Company of America | 5884253 | Payless ShoeSource, Inc. | City of Rock Hill | Utility Deposit Bond | $500.00 |
| Liberty Mutual Insurance Company | 674207234 | Payless ShoeSource, Inc. | Orlando Utilities Commission | Generic Utility Bond | $3,200.00 |
| Liberty Mutual Insurance Company | 674207236 | Payless ShoeSource, Inc. | New York State Electric and Gas | Generic Utility Bond | $5,885.00 |
| Liberty Mutual Insurance Company | 674209585 | Payless ShoeSource, Inc. | Entergy New Orleans LLC | LA Entergy New Orleans LLC Utility Deposit Bond | $2,550.00 |
| Safeco Insurance Company of America | 6180913 | Payless ShoeSource, Inc. | Northcentral Electric Power Association | Utility Deposit Bond | $1,000.00 |
| Safeco Insurance Company of America | 4760684 | Payless ShoeSource, Inc. | City of Brenham | Utility Deposit Bond | $500.00 |
| Liberty Mutual Insurance Company | 674207241 | Payless ShoeSource, Inc. | Central Maine Power Company | Generic Utility Bond | $8,773.00 |

5

| Safeco Insurance Company of America | 6219383 | Payless ShoeSource, Inc. | Coast Electric Power Association | Utility Deposit Bond | $1,750.00 |
|---|---|---|---|---|---|
| Safeco Insurance Company of America | 6443727 | Payless ShoeSource, Inc. | Carroll Electric Cooperative Corporation | Utility Deposit Bond | $2,700.00 |
| Liberty Mutual Insurance Company | 674207259 | Payless ShoeSource, Inc. | Alabama Power Company | AL Alabama Power Indemnity Bond for Electric Service and/or Steam Heat; Store# 201766 | $2,970.00 |
| Westchester Fire Insurance Company | 180928140 | Payless ShoeSource Worldwide, Inc. | U.S. Customs and Border Protection | US Customs Bond; Importer/Broker | $5,200,000 |
| Safeco Insurance Company of America | 6219424 | Payless ShoeSource, Inc. | Groton Utilities | Utility Deposit Bond | $3,000.00 |
| Safeco Insurance Company of America | 6443731 | Payless ShoeSource, Inc. | Orlando Utilities Commission | FL Orlando Utilities Commission Commercial Surety Bond - Electric and/or Water | $20,280.00 |
| Liberty Mutual Insurance Company | 674209608 | Payless ShoeSource, Inc. | Orange and Rockland Utilities | Generic Utility Bond | $3,850.00 |
| Liberty Mutual Insurance Company | 674207283 | Payless ShoeSource, Inc. | American Electric Power Company | Utility Deposit Bond | $51,280.00 |
| Safeco Insurance Company of America | 5240160 | Payless ShoeSource, Inc. | New Smyrna Beach Utility Commission | FL New Smyrna Beach Utility Commission Indemnity Bond for Utility Service | $2,000.00 |
| Safeco Insurance Company of America | 6219453 | Payless ShoeSource, Inc. | Tri State Electric Membership Corporation | Utility Deposit Bond | $1,500.00 |

| Safeco Insurance Company of America | 5884332 | Payless ShoeSource, Inc. | City of Vero Beach | FL City of Vero Beach Utility Surety Bond | $1,500.00 |
|---|---|---|---|---|---|
| Safeco Insurance Company of America | 6190773 | Payless ShoeSource, Inc. | Florida Power & Light Company | FL Florida Power and Light Company Utility Bond | $253,740.00 |
| Liberty Mutual Insurance Company | 674209622 | Payless ShoeSource, Inc. | Benton Utilities | Generic Utility Bond | $1,500.00 |
| Liberty Mutual Insurance Company | 39S212490 | Payless ShoeSource, Inc. | Dominion Virginia Power | VA Dominion Virginia Electric and Power Services Bond | $26,554.00 |
| Safeco Insurance Company of America | 6028612 | Payless ShoeSource, Inc. | Clarksville Department of Electricity | Utility Deposit Bond | $1,179.00 |
| Safeco Insurance Company of America | 6219492 | Payless ShoeSource, Inc. | City of Bartow | Utility Deposit Bond | $1,200.00 |
| Liberty Mutual Insurance Company | 674207332 | Payless ShoeSource, Inc. | Duke Energy Kentucky, Inc. | Utility Bond | $1,950.85 |
| Liberty Mutual Insurance Company | 674207333 | Payless ShoeSource, Inc. | Duke Energy Ohio, Inc. | Duke Energy Ohio Utility Deposit Bond | $8,600.00 |
| Liberty Mutual Insurance Company | 674207331 | Payless ShoeSource, Inc. | Duke Energy Indiana, LLC | IN Duke Energy Indiana LLC Utility Bond | $9,145.00 |
| Liberty Mutual Insurance Company | 674207597 | Payless ShoeSource, Inc. | Duke Energy Progress, LLC | NC and SC Duke Energy Progress LLC Utility Bond | $14,168.00 |
| Liberty Mutual Insurance Company | 674207596 | Payless ShoeSource, Inc. | Duke Energy Carolinas, LLC | NC and SC Duke Energy Carolinas LLC Utility Payment Bond | $12,335.00 |
| Liberty Mutual Insurance Company | 674209767 | Payless ShoeSource, Inc. | Reliant Energy Retail Services, LLC | Generic Utility Bond | $175,000.00 |

7

| Liberty Mutual Insurance Company | 674207633 | Payless ShoeSource, Inc. | Eversource New Hampshire | Generic Utility Bond | $4,860.00 |
|---|---|---|---|---|---|
| Liberty Mutual Insurance Company | 39S202798 | Payless ShoeSource Worldwide, Inc. | United States Virgin Islands | Bond for Release of Merchandise Prior to Payment of US Virgin Islands Excise Taxes | $100,000.00 |
| Liberty Mutual Insurance Company | 674207660 | Payless ShoeSource, Inc. | Eversource Massachusetts | Generic Utility Bond | $21,565.00 |
| Safeco Insurance Company of America | 6190833 | Payless ShoeSource, Inc. | Santee Cooper | SC Santee Cooper Electric Service Utility Deposit Bond | $2,000.00 |
| Safeco Insurance Company of America | 6190808 | Payless ShoeSource, Inc. | State of Nevada | NV Bond Posted to Secure Performance Under Title 32 | $80,807.00 |
| Liberty Mutual Insurance Company | 674027097 | Payless ShoeSource of Puerto Rico Inc. | Puerto Rico Dept. of Revenue | Tax Bond | $100,000.00 |
| Safeco Insurance Company of America | 5893182 | Payless ShoeSource, Inc. | Withlacoochee River Electric Cooperative, Inc. | Utility Deposit Bond | $3,000.00 |