**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 19-40883-659 |
| | ) | Chapter 11 |
| PAYLESS HOLDINGS LLC, *et al.*,[1] | ) | |
| | ) | (Joint Administration Requested) |
| | ) | |
| Debtors. | ) | |
| | ) | Hearing Date: TBD |
| | ) | Hearing Time: TBD |
| | ) | Hearing Location: Courtroom 7 North |

**DEBTORS' MOTION SEEKING ENTRY OF AN ORDER (I) AUTHORIZING
AND APPROVING PROCEDURES TO REJECT OR ASSUME EXECUTORY
CONTRACTS AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file

this motion (this "Motion") for entry of an order (the "Proposed Order")[2] (i) authorizing and

approving procedures to reject or assume executory contracts and unexpired leases and

(ii) granting related relief.  In support of this Motion, the Debtors respectfully state as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the Eastern District of Missouri (the

"Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 81-

---

[1] The Debtors (as defined herein) in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Payless Holdings LLC [5704]; Payless Intermediate Holdings LLC [5190]; WBG-PSS Holdings LLC [0673]; Payless Inc. [3160]; Payless Finance, Inc. [2101]; Collective Brands Services, Inc. [7266]; PSS Delaware Company 4, Inc. [1466]; Shoe Sourcing, Inc. [4075]; Payless ShoeSource, Inc. [4097]; Eastborough, Inc. [2803]; Payless Purchasing Services, Inc. [3043]; Payless ShoeSource Merchandising, Inc. [0946]; Payless Gold Value CO, Inc. [3581]; Payless ShoeSource Distribution, Inc. [0944]; Payless ShoeSource Worldwide, Inc. [6884]; Payless NYC, Inc. [4126]; Payless ShoeSource of Puerto Rico, Inc. [9017]; Payless Collective GP, LLC [2940]; Collective Licensing, LP [1256]; Collective Licensing International LLC [5451]; Clinch, LLC [9836]; Collective Brands Franchising Services, LLC [3636]; Payless International Franchising, LLC [6448]; PSS Canada, Inc. [4969]; Payless ShoeSource Canada Inc. [4180]; Payless ShoeSource Canada GP Inc. [4182]; and Payless ShoeSource Canada LP [4179].  With respect to certain taxing authorities, the Debtors' address is 2001 Bryan Street, Suite 800, Dallas, TX 75201.  However, the location of Debtor Payless Holdings LLC's corporate headquarters and the Debtors' service address is:  c/o Payless ShoeSource Inc., 3231 S.E. 6th Avenue, Topeka, Kansas 66607.
[2] A copy of the Proposed Order will be provided to the Notice Parties (as defined below) and made available on the Debtors' case information website at https://cases.primeclerk.com/pss.

9.01(B)(1) of the Local Rules of the United States District Court for the Eastern District of Missouri.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and procedural bases for the relief requested herein are sections 105(a), 363, 365 and 554 of title 11 of the United States Code, §§ 101-1532 (the "Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

4. The Debtors and their non-debtor affiliates (together, the "Company") are the largest specialty family footwear retailer in the Western Hemisphere, offering a wide range of shoes and accessory items at affordable prices.  The Company operates approximately 3,400 stores in more than 40 countries.  The Debtors are headquartered in Topeka, Kansas, with extensive operations that span across the United States, Canada, Latin America, Asia, the Middle East, and Europe.

5. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  The Debtors have requested that their cases be consolidated for procedural purposes and administered jointly.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

6. The Debtors commenced these chapter 11 cases approximately 18 months after completing a restructuring and emerging from chapter 11 protection with a reduced debt burden.[3]

---

[3] On April 4, 2017, the Debtors' predecessors-in-interest commenced chapter 11 cases (the "Prior Cases") before the United States Bankruptcy Court for the Eastern District of Missouri, which were jointly administered under the

2

The Debtors, however, have been unable to sustain profitable operations in the current retail environment as a result of various factors more fully described in the *Declaration of Stephen Marotta, Chief Restructuring Officer of Payless Holdings LLC, in Support of Debtors' Chapter 11 Proceedings and First Day Pleadings* (the "First Day Declaration").[4]   Accordingly, the Debtors have determined that the best way to maximize value for all of their stakeholders is to liquidate all North America brick and mortar locations through the immediate commencement of going out of business sales.  The Debtors believe, in the exercise of their business judgment, that such measures are in the best interests of the Debtors' estates.

7.      A comprehensive description of the Debtors' businesses and operations, capital structure and events leading to the commencement of these chapter 11 cases is set forth in the First Day Declaration, filed contemporaneously herewith and incorporated herein by reference.

### THE DEBTORS' EXECUTORY CONTRACTS AND UNEXPIRED LEASES

8.      The Debtors are party to over 5,000 executory contracts and unexpired leases (each a "Contract," and collectively, the "Contracts"), which include agreements with vendors for the supply of goods and services, other contracts related to the Debtors' businesses, and leases with respect to real and personal property, approximately 2,500 of which may be considered non-residential real property leases.  The Debtors are in the process of evaluating all of their Contracts to determine whether such Contracts should be (a) rejected as unfavorable to the Debtors, or (b) assumed or assumed and assigned, including those Contracts to be assumed as amended through consensual negotiations with the relevant counterparties.

---

caption *In re Payless Holdings LLC*, No. 17-42267.  A plan of reorganization was confirmed in the Prior Cases on July 26, 2017, and such plan went effective on August 10, 2017.
[4] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

3

9.      Following extensive analysis and due to a confluence of internal and external events, the Debtors have made the difficult decision to seek authority to liquidate their North American stores (the "Stores") through the immediate commencement of going out of business sales.  Indeed, on the date hereof, the Debtors have contemporaneously filed the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Assume the Consulting Agreement, (II) Approving Procedures for Store Closing Sales, and (III) Granting Related Relief* (the "Store Closing Motion") seeking authority to, among other things, wind down all of the Debtors' North American retail store locations and liquidate the inventory contained therein (the "Store Closings").  As part of the Store Closings, the Debtors will seek to reject all or substantially all non-residential real property lease agreements with respect to the Stores.  The Debtors have engaged a real estate advisor to review the Debtors' leases to determine whether any can be monetized for the benefit of the Debtors' estates.

10.      Further, the Debtors anticipate that there are executory contracts, unrelated to the Store Closings, that the Debtors may seek to assume or assume and assign in connection with the Company's ongoing business in Latin American and the Company's franchise business.  For the avoidance of doubt, the Debtors do not seek (i) to assume and assign any unexpired leases of nonresidential real property pursuant to the Contract Procedures (as defined below) or in connection with the relief requested herein, or (ii) for the relief requested herein to apply to the Debtors' assumption or assumption and assignment of any unexpired lease of nonresidential property.

11.      Absent the relief requested in this Motion, the Debtors would be required to file separate motions to reject or assume individual Contracts, resulting in substantial costs to, and administrative burdens on, the Debtors' estates—not to mention the attendant burden on the

Court's docket.  To that end, the Debtors hereby request approval of certain procedures for the Debtors' rejection, assumption or assumption and assignment of the Contracts (the "Contract Procedures") to minimize such costs and burdens.

### THE PROPOSED REJECTION PROCEDURES

12.     The Debtors seek entry of the Proposed Order authorizing and approving the following Contract Procedures with respect to rejection of the Contracts (the "Rejection Procedures"):

      a.    *Rejection Notice*.  The Debtors shall file a notice in the form attached hereto as **Exhibit A** (the "Rejection Notice") to reject a Contract or Contracts pursuant to Bankruptcy Code section 365, which Rejection Notice shall set forth, among other things: (i) the Contract(s) to be rejected; (ii) the names and addresses of the counterparties to such Contract(s) (each, a "Counterparty," and collectively, the "Counterparties"); (iii) the effective date of the rejection for each such Contract (the "Rejection Date"), which date may not be before the date of service of the Rejection Notice; (iv) if such Contract is a lease, the personal property to be abandoned, if any, and, if reasonably practicable, an estimate of the book value of such property; and (v) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below).  The Rejection Notice may list multiple Contracts and Counterparties; *provided* that the number of Contracts listed on the Rejection Notice shall be limited to no more than 100.

      b.    *Service of Rejection Notice*.  The Debtors will cause the Rejection Notice to be served (i) by overnight delivery service upon the Counterparties affected by the Rejection Notice, and (ii) by first class mail, email, or fax upon: (a) the Office of the United States Trustee for the Eastern District of Missouri; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Prepetition ABL Administrative Agent, (i) Choate Hall & Stewart LLP (Attn: Kevin Simard, Douglas Gooding and Jonathan Marshall) and (ii) Thompson Coburn LLP (Attn: Mark Bossi); (d) counsel to the FILO Agent, Greenberg Traurig, LLP (Attn: Jeffrey M. Wolf); (e) counsel to certain Prepetition Term Loan Lenders (i) Kramer Levin Naftalis & Frankel LLP (Attn: Stephen D. Zide), (ii) Doster, Ullom & Boyle, LLC (Attn: Gregory D. Willard) and (iii) Stroock & Stroock & Lavan LLP (Attn: Kristopher M. Hansen and Daniel A. Fliman); (f) the proposed Monitor, FTI Consulting Canada, Inc. (Attn: Paul Bishop, Greg Watson and Jim Robinson); (g) counsel to the proposed Monitor, Bennett Jones LLP (Attn: Sean Zweig, Kevin Zych and Aiden Nelms); and (h) counsel to any statutory committee appointed in the chapter 11 cases.

      c.    *Objection Procedures*.  Parties objecting to a Rejection Notice must file and serve a written objection so that such objection is filed with the Court and ***actually***

*received* by the following parties (collectively, the "Objection Service Parties") no later than seven (7) days after the date that the Debtors serve the Rejection Notice (the "Rejection Objection Deadline"): (a) the Debtors, 3231 SE 6th Avenue, Topeka, KS 66607; (b) proposed counsel to the Debtors (i) Akin Gump Strauss Hauer & Feld LLP (Attn:  Meredith A. Lahaie, Kevin Zuzolo and Julie Thompson), (ii) Armstrong Teasdale LLP (Attn: Richard W. Engel, Jr., Erin M. Edelman and John G. Willard) and (iii) Cassels Brock & Blackwell LLP (Attn: Ryan Jacobs and Jane Dietrich); (c) the Office of the United States Trustee for the Eastern District of Missouri; (d) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (e) counsel to the Prepetition ABL Administrative Agent (i) Choate Hall & Stewart LLP (Attn: Kevin Simard, Douglas Gooding and Jonathan Marshall) and (ii) Thompson Coburn LLP (Attn: Mark Bossi); (f) counsel to the FILO Agent, Greenberg Traurig, LLP (Attn: Jeffrey M. Wolf); (g) counsel to certain Prepetition Term Loan Lenders (i) Kramer Levin Naftalis & Frankel LLP (Attn: Stephen D. Zide) (ii) Doster, Ullom & Boyle, LLC (Attn: Gregory D. Willard) and (iii) Stroock & Stroock & Lavan LLP (Attn: Kristopher M. Hansen and Daniel A. Fliman); (h) the proposed Monitor, FTI Consulting Canada, Inc. (Attn: Paul Bishop, Greg Watson and Jim Robinson); (i) counsel to the proposed Monitor, Bennett Jones LLP (Attn: Sean Zweig, Kevin Zych and Aiden Nelms); and (j) counsel to any statutory committee appointed in the chapter 11 cases.

d. ***No Objection***.  If no objection to the rejection of any Contract is timely filed, each Contract listed in the applicable Rejection Notice shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the Counterparty or Counterparties to such Contract(s) agree; *provided*, *however* that the Rejection Date for a rejection of a lease of non-residential real property shall not occur until the later of (i) the Rejection Date set forth in the Rejection Notice and (ii) the date the Debtors relinquish control of the premises by notifying the affected landlord in writing of the Debtors' surrender of the premises and (A) turning over keys, key codes, and security codes, if any, to the affected landlord or (B) notifying the affected landlord in writing that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises; *provided*, *further* that the Rejection Date for a rejection of a lease of non-residential real property shall not occur earlier than the date the Debtors filed and served the applicable Rejection Notice.

e. ***Unresolved Objections***.  If an objection to the rejection of any Contracts listed in the applicable Rejection Notice is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to be held on not less than ten (10) days' notice to the applicable Counterparty to consider the objection for the Contract or Contracts to which such objection relates.  If such objection is overruled or withdrawn, such Contract or Contracts shall be rejected as of (a) the applicable Rejection Date set forth in the Rejection Notice, (b) such other date as the Debtors and the Counterparty agree, or (c) such other date as the Court may so-order.

f. ***No Application of Security Deposits***.  If the Debtors have deposited monies with a Counterparty as a security deposit or other arrangement, such Counterparty may not setoff, recoup, or otherwise use such monies without further order of the Court, unless the Debtors and the Counterparty or Counterparties to such Contract(s) otherwise agree.

g. ***Abandoned Property***.  The Debtors are authorized, but not directed, at any time on or before the applicable Rejection Date, to remove or abandon any of the Debtors' personal property that may be located on the Debtors' leased premises that are subject to a rejected Contract.  The Debtors shall generally describe the abandoned personal property in the Rejection Notice.  Absent a timely objection, the property will be deemed abandoned pursuant to Bankruptcy Code section 554, as is, effective as of the Rejection Date.  For the avoidance of doubt, any and all property located on the Debtors' leased premises on the Rejection Date of the applicable lease of non-residential real property shall be deemed abandoned pursuant to Bankruptcy Code section 554, as is, effective as of the Rejection Date. Landlords may, in their sole discretion and without further notice or order of this Court, utilize and/or dispose of such property without liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

h. ***Rejection Damages***.  Claims arising out of the rejection of Contracts, if any, must be filed on or before the later of (i) the deadline for filing proofs of claim established in these chapter 11 cases, if any, and (ii) 30 days after the later of (A) the Rejection Objection Deadline, if no objection is filed and (B) the date that all such filed objections have either been overruled or withdrawn.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

## THE PROPOSED ASSUMPTION PROCEDURES

13.    The Debtors seek entry of the Proposed Order authorizing and approving the following Contract Procedures with respect to assumption or assumption and assignment of the Contracts other than unexpired leases of nonresidential real property (the "Assumption Procedures"):

a. ***Assumption Notice***.  The Debtors shall file a notice in the form attached hereto as **Exhibit B** (the "Assumption Notice") to assume or assume and assign a Contract or Contracts pursuant to Bankruptcy Code section 365 which shall set forth, among other things: (i) the Contract(s) to be assumed; (ii) the names and addresses of the Counterparties to such Contract(s); (iii) the identities of any assignees of such Contract(s) (each, an "Assignee," and collectively, the "Assignees"), if applicable; (iv) the effective date of the assumption or

7

assumption and assignment for each such Contract(s) (the "Assumption Date"), which date may not be before the date of service of the Assumption Notice; (v) the proposed cure amounts, if any; (vi) a description of any material amendments to the Contract(s) made outside of the ordinary course of business, if any; and (vii) the deadlines and procedures for filing objections to the Assumption Notice (as set forth below). The Assumption Notice may list multiple Contracts and Counterparties; *provided* that the number of Contracts listed on the Assumption Notice shall be limited to no more than 100.

b.  ***Service of Assumption Notice***. The Debtors will cause the Assumption Notice to be served (i) by overnight delivery service upon the Counterparties affected by the Assumption Notice and (ii) by first class mail, email, or fax upon: (a) the Office of the United States Trustee for the Eastern District of Missouri; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Prepetition ABL Administrative Agent, (i) Choate Hall & Stewart LLP (Attn: Kevin Simard, Douglas Gooding and Jonathan Marshall) and (ii) Thompson Coburn LLP (Attn: Mark Bossi); (d) counsel to the FILO Agent, Greenberg Traurig, LLP (Attn: Jeffrey M. Wolf); (e) counsel to certain Prepetition Term Loan Lenders (i) Kramer Levin Naftalis & Frankel LLP (Attn: Stephen D. Zide), (ii) Doster, Ullom & Boyle, LLC (Attn: Gregory D. Willard) and (iii) Stroock & Stroock & Lavan LLP (Attn: Kristopher M. Hansen and Daniel A. Fliman); (f) the proposed Monitor, FTI Consulting Canada, Inc. (Attn: Paul Bishop, Greg Watson and Jim Robinson); (g) counsel to the proposed Monitor, Bennett Jones LLP (Attn: Sean Zweig, Kevin Zych and Aiden Nelms); and (h) counsel to any statutory committee appointed in the chapter 11 cases. Upon any Counterparty's written request to the Debtors, the Debtors shall serve such assumed Contract Counterparty with evidence of adequate assurance.

c.  ***Objection Procedures***. Parties objecting to a proposed assumption or assumption and assignment must file and serve a written objection so that such objection is filed with the Court and ***actually received*** by the Objection Service Parties no later than seven (7) days after the date the Debtors serve the relevant Assumption Notice (the "Assumption Objection Deadline").

d.  ***No Objection***. If no objection to the assumption or assumption and assignment of any Contract is timely filed, each Contract shall be assumed or assumed and assigned, as applicable, as of the Assumption Date set forth in the applicable Assumption Notice or such other date as the Debtors and the Counterparty or Counterparties to such Contract agree and the proposed cure amount shall be binding on all Counterparties to such Contract and no amount in excess thereof shall be paid for cure purposes.

e.  ***Unresolved Objections***. If an objection to the assumption or assumption or assignment of any Contract is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to be held on not less than ten (10) days' notice to the applicable Counterparty to consider the objection for the Contract or Contracts to which such objection relates. If such objection is overruled or

withdrawn, such Contract shall be assumed or assumed and assigned, as applicable, as of the Assumption Date set forth in the Assumption Notice or such other date as the Debtors and the Counterparty or Counterparties to such Contract agree.

14.    In addition, pursuant to Bankruptcy Code sections 105(a) and 363(f), the Debtors request that the assignment of any Contract pursuant to the Assumption Procedures: (a) be free and clear of (i) all liens (and any liens shall attach to the proceeds in the same order and priority subject to all existing defenses, claims, setoffs, and rights) and (ii) any and all claims (as that term is defined in Bankruptcy Code section 101(5)), obligations, demands, guarantees of or by the Debtors, debts, rights, contractual commitments, restrictions, interests and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, claims, and encumbrances that purport to give to any party a right or option to effect any forfeiture, modification or termination of the interest of any Debtor or Assignee, as the case may be, in the Contract (but only in connection with the assignment by the Debtor to the Assignee); and (b) constitutes a legal, valid and effective transfer of such Contract and vests the applicable Assignee with all rights, titles and interests to the applicable Contract.[5]    For the avoidance of doubt, all provisions of the applicable assigned Contract, including any provision limiting assignment, shall be binding on the applicable Assignee.

## **Relief Requested**

15.    By this Motion, and pursuant to Bankruptcy Code sections 105(a), 363, 365, and 554 and Bankruptcy Rule 6006, the Debtors request entry of the Proposed Order approving the Contract Procedures.  The Debtors also request authority, but not direction, to remove or abandon

---

[5] Certain of the Contracts may contain provisions that restrict, prohibit, condition, or limit the assumption and/or assignment of such Contract. The Debtors reserve the right to argue that such clauses are unenforceable as anti-assignment or *ipso facto* clauses under Bankruptcy Code section 365.

personal property of the Debtors, including, without limitation, equipment, fixtures, furniture and other personal property that may be located on, or have been installed in, leased premises that are subject to a rejected Contract after the effective date of any rejection.

**Basis for Relief**

I.    **The Contract Procedures Are in the Best Interests of the Debtors' Estates.**

16.    The Debtors intend to reject, assume or assume and assign a substantial number of Contracts during the pendency of these chapter 11 cases.  Establishing the Contract Procedures will streamline the administration of these chapter 11 cases and enhance the efficiency of the chapter 11 process by eliminating substantial legal expenses that would otherwise be incurred if multiple hearings were held on separate motions with respect to every Contract that the Debtors seek to assume or reject.  The Contract Procedures are reasonable and fair to the Counterparties because they afford parties in interest the opportunity to be heard with respect to the rejection, assumption or assumption and assignment of the Contracts (and any amendments to Contracts or abandonment of property related thereto).

17.    Courts in this jurisdiction and other jurisdictions often enter orders granting similar relief as requested in this Motion.  *See, e.g., In re Armstrong Energy, Inc.*, No. 17-47541-659 (Bankr. E.D. Mo. Dec. 1, 2017) [Docket No. 207] *In re Arch Coal, Inc.*, No. 16-40120-705 (Bankr. E.D. Mo. Feb. 24, 2016) [Docket No. 391]; *In re Sabine Oil & Gas Corp.*, No. 15-11835 (SCC) (Bankr. S.D.N.Y. Aug. 10, 2015) [Docket No. 143]; *In re Borders Grp., Inc.*, No. 11-10614 (MG) (Bankr. S.D.N.Y. Mar. 16, 2011) [Docket No. 399]; and *In re Great Atl. & Pac. Tea Co.*, No. 10-24549 (RDD) (Bankr. S.D.N.Y. Feb. 7, 2011) [Docket No. 734].

II.     **Rejection, Assumption, and Assignment of the Contracts are Exercises of the Debtors' Business Judgment.**

18.     Bankruptcy Code section 365(a) provides that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).  The decision to assume or reject an executory contract or unexpired lease is a matter within the "business judgment" of the debtor.  *See Four B. Corp. v. Food Barn Stores, Inc. (In re Food Barn Stores, Inc.)*, 107 F.3d 558, 567 n.16 (8th Cir. 1997); *NLRB v. Bildisco & Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test." (citation omitted)), *aff'd*, 465 U.S. 513 (1984); *see also Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1099 (2d Cir. 1993) (holding that the court should use its business judgment to determine if assumption or rejection would benefit the estate rather than ruling on underlying legal issues).  The business judgment standard mandates that a court approve a debtor's business decision unless the decision is the product of bad faith, whim, or caprice.  *See Lubrizol Enters., Inc. v. Richmond Metal Finishes, Inc. (In re Richmond Metal Finishes, Inc.)*, 756 F.2d 1043, 1047 (4th Cir. 1985) ("[A] bankrupt's decision to reject an executory contract because of perceived business advantage requires that the decision be accepted by courts unless it is shown that the bankrupt's decision was one taken in bad faith or in gross abuse of the bankrupt's retained business discretion.").

19.     Courts generally will not second-guess a debtor's business judgment concerning the assumption or rejection of an executory contract or unexpired lease.  Further, the business judgment standard is satisfied when a debtor determines that assumption or rejection will benefit the estate.  *In re Ionosphere Clubs, Inc.*, 100 B.R. 670, 679 (Bankr. S.D.N.Y. 1989); *see also In re Child World, Inc.*, 142 B.R. 87, 90 (Bankr. S.D.N.Y. 1992) (accepting the debtor's business

judgment "that the advantages outweigh the disadvantages"); *In re TS Indus., Inc.*, 117 B.R. 682, 685 (Bankr. D. Utah 1990) ("[Section 365(a)] allows the debtor-in-possession to assume contracts that are beneficial to the estate and reject those that are burdensome thereby facilitating its reorganization."); and *In re Del Grosso*, 115 B.R. 136, 138 (Bankr. N.D. Ill. 1990) (same).

20.     As with the assumption or rejection of an executory contract or an unexpired lease under Bankruptcy Code section 365, any amendment to an executory contract or unexpired lease that may be deemed outside the ordinary course of business is authorized under Bankruptcy Code section 363 when there is a "sound business purpose" that justifies such action.  *In re Borders Grp. Inc.*, 453 B.R. 477, 482 (Bankr. S.D.N.Y. 2011); *see also Crystalin, L.L.C. v. Selma Props. Inc. (In re Crystalin, L.L.C.),* 293 B.R. 455, 463-64 (B.A.P. 8th Cir. 2003); and *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983) (holding that a judge must find good business reason to grant a Section 363(b) application).

21.     The Debtors have determined, in their sound business judgment, that the rejection, assumption and/or assumption and assignment (and any amendments thereto) of Contracts in accordance with the Contract Procedures proposed herein is and will be in the best interest of the Debtors' estates.  The Debtors submit that the information provided on the Rejection Notices and Assumption Notices will provide the Court and interested parties with sufficient information to establish that the Debtors are entitled to make such rejections, assumptions or assumptions and assignments (and any amendments thereto) in their sound business judgment.  Further, the Contract Procedures will allow the Debtors to avoid substantial legal expense and the use of the Court's time that would result if a motion were filed and a hearing held for every Contract that the Debtors reject, assume or assume and assign.

22.     The Court may also authorize the Contract Procedures under Bankruptcy Code section 105(a).  Section 105(a) codifies a bankruptcy court's inherent equitable powers, and allows the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Accordingly, a bankruptcy court's exercise of its authority under Bankruptcy Code section 105(a) is appropriately used to carry out one of the central policies underlying chapter 11—*i.e.*, to preserve value and maximize property available to satisfy the Debtors' estate.

### III.    Assignment of the Contracts Free and Clear of Interests is Permissible Under Bankruptcy Code Section 363(f).

23.     Bankruptcy Code section 363(f) permits the Debtors to sell property free and clear of another party's interest in such property if: (a) applicable non-bankruptcy law permits such a free and clear sale; (b) the holder of the interest consents; (c) the interest is a lien and the sale price of the property exceeds the value of all liens on the property; (d) the interest is in bona fide dispute; or (e) the holder of the interest could be compelled in a legal or equitable proceeding to accept a monetary satisfaction of its interest.  11 U.S.C. § 363(f).

24.     Executory contracts and unexpired leases are property of the Debtors' estates.  To the extent the Debtors assume and assign a Contract pursuant to the Assumption Procedures, such assignment is tantamount to a sale of estate property, and may be transferred free and clear of the interests in such property held by an entity other than the estate, so long as one of the criteria under Bankruptcy Code section 363(f) is satisfied.  The Debtors propose that if a party in interest fails to timely object to an assumption and assignment consistent with the Assumption Procedures, such party shall be deemed to "consent" to such assumption and assignment within the meaning of Bankruptcy Code section 363(f)(2).  If a party in interest timely objects to an assumption and assignment consistent with the Assumption Procedures, and such objection is not

withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection; if such objection is overruled or withdrawn, the Contract or Contracts in question shall be assumed. The requirements of Bankruptcy Code section 363(f) would thus be satisfied for any proposed "transfer" of a Contract free and clear of liens, claims, encumbrances and other interests.

## IV.   The Debtors Adequately Meet the Standard for the Abandonment of Personal Property.

25.    With respect to the Debtors' request for authority to abandon property, the Debtors submit that the standard set forth in Bankruptcy Code section 554(a) is satisfied. Section 554(a) provides that a debtor in possession may abandon, subject to court approval, "property of the estate that . . . is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).  Before authorizing abandonment of property, a bankruptcy court must find that either (i) the property is burdensome to the estate or (ii) the property is both of inconsequential value and inconsequential benefit to the estate.  *See Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, 497 (1986); *accord Transworld Airlines, Inc. v. Texaco, Inc. (In re Texaco, Inc.)*, 92 B.R. 38, 44 (S.D.N.Y. 1988) (same); *see also In re Crowthers McCall Pattern, Inc.*, 114 B.R. 877, 882 n.7 (Bankr. S.D.N.Y. 1990) (noting that a chapter 11 debtor must articulate a good business reason for abandonment).   The personal property proposed to be abandoned in connection with any future rejections of real property leases would primarily consist of fixtures, furniture, advertising displays and other office and store equipment that are (a) of minimal or no material value or benefit to the Debtors' estates and/or (b) burdensome insofar as the costs and expenses of removal and storage of such property are likely to exceed the net proceeds realizable from their sale.

14

## V.    The Contract Procedures Satisfy Due Process.

26.    The Counterparties to the Contracts will not be prejudiced by the Contract Procedures because, upon receipt of an Assumption Notice or a Rejection Notice, such Counterparties will have received advance notice of the Debtors' intent to reject, assume or assume and assign their respective Contracts as of the effective date of such assumption or rejection.  *See In re Mid Region Petroleum, Inc.*, 111 B.R. 968, 970 (Bankr. N.D. Okla. 1990) (holding effective date of rejection of leases was the date the trustee gave notice to lessor of intent to reject), *aff'd*, 1 F.3d 1130 (10th Cir. 1993); *see also Carlisle Homes, Inc. v. Azzari (In re Carlisle Homes, Inc.)*, 103 B.R. 524, 535 (Bankr. D.N.J. 1988) (finding debtor may reject executory contract by clearly communicating intention to reject) (citation and internal quotation marks omitted).  Additionally, in the case of unexpired leases of non-residential real property, the Debtors may vacate the premises before or upon serving the Rejection Notice, thereby allowing the Counterparties to take possession of the property.  *See, e.g., Adelphia Bus. Solutions, Inc. v. Abnos*, 482 F.3d 602, 608–09 (2d Cir. 2007) (holding that the bankruptcy court did not abuse its discretion in finding balance of equities favored making rejection of a nonresidential lease of real property retroactive to date tenant vacated premises, as tenant's action provided landlord with opportunity to relet premises); *In re New Valley Corp*, No. 98-982, 2000 U.S. Dist. LEXIS 12663, at *44–46 (D.N.J. Aug. 31, 2000) (holding that bankruptcy court properly exercised its discretion in adjusting the effective date of rejection from the date the court signed the order authorizing rejection to the date on which the debtor vacated and the landlord exercised control over the property); *In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (holding that the lease at issue should be deemed rejected as of the petition date due to equities of the case where debtor turned over keys and vacated premises and served motion to reject lease as soon as possible).

27.     As a procedural matter, "[a] proceeding to assume, reject, or assign an executory contract or unexpired lease . . . is governed by Rule 9014."  Fed. R. Bankr. P. 6006(a). Bankruptcy Rule 9014 provides that "[i]n a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought."  Fed. R. Bankr. P. 9014(a).  The notice and hearing requirements for contested matters in Bankruptcy Rule 9014 are satisfied if appropriate notice and an opportunity for hearing are given *in light of the particular circumstances*.  *See* 11 U.S.C. § 102(1)(A) (defining "after notice and a hearing" or a similar phrase to mean such notice and an opportunity for hearing "as [are] appropriate in the particular circumstances").

28.     Under Bankruptcy Rule 6006(e), a debtor may join requests for authority to assume or reject multiple executory contracts or unexpired leases in one motion, subject to Bankruptcy Rule 6006(f).  *See* Fed. R. Bankr. P. 6006(e).  Bankruptcy Rule 6006(f) sets forth six requirements that motions to assume or reject multiple executory contracts or unexpired leases must satisfy.  These requirements are procedural in nature.  A motion to assume or reject multiple executory contracts or unexpired leases that are not between the same parties shall:

    a.  state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

    b.  list parties alphabetically and identify the corresponding contract or lease;

    c.  specify the terms, including the curing of defaults, for each requested assumption or assignment;

    d.  specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested assignment;

    e.  be numbered consecutively with other omnibus motions to assume, assign or reject executory contracts or unexpired leases; and

    f.  be limited to no more than 100 executory contracts or unexpired leases.

29.     The clear purpose of Bankruptcy Rule 6006(f), as amended, is to protect the due process rights of counterparties to executory contracts and unexpired leases.  Counterparties must be able to locate their executory contracts or unexpired leases and readily determine whether their executory contracts or unexpired leases are being assumed or rejected.

30.     The Contract Procedures satisfy Bankruptcy Rule 6006(f), including the 100-contract/lease limit.  Given the substantial number of Contracts the Debtors will be seeking to assume or reject, obtaining Court approval of each assumption or rejection would impose unnecessary administrative burdens on the Debtors and the Court and result in costs to the Debtors' estates that may decrease the economic benefits of rejection or assumption.

31.     In accordance with Bankruptcy Rule 6007(a), the Debtors will provide the U.S. Trustee and other parties in interest with the requisite notice and an opportunity to object to any proposed abandonment of property.

32.     As a result, the Contract Procedures afford Contract Counterparties and all other parties in interest their due process rights by providing notice and the opportunity to be heard. Moreover, court oversight is maintained in the event of an objection.  For the foregoing reasons, the Contract Procedures should be approved, and the Debtors should be authorized to reject, assume, and assume and assign the Contracts consistent with the terms of such procedures.

33.     In sum, the Contract Procedures will minimize costs to the Debtors' estates and reduce the burden on this Court's docket while protecting parties in interest by providing notice and the opportunity to object and obtain a hearing.  Moreover, the Debtors have determined that the Contract Procedures are an appropriate means to protect and maximize the value of their estates.

## **Notice**

34.     The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the Eastern District of Missouri; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Prepetition ABL Administrative Agent, (i) Choate Hall & Stewart LLP (Attn: Kevin Simard, Douglas Gooding and Jonathan Marshall) and (ii) Thompson Coburn LLP (Attn: Mark Bossi); (d) counsel to the FILO Agent, Greenberg Traurig, LLP (Attn: Jeffrey M. Wolf); (e) counsel to certain Prepetition Term Loan Lenders (i) Kramer Levin Naftalis & Frankel LLP (Attn: Stephen D. Zide), (ii) Doster, Ullom & Boyle, LLC (Attn: Gregory D. Willard) and (iii) Stroock & Stroock & Lavan LLP (Attn: Kristopher M. Hansen and Daniel A. Fliman); (f) the proposed Monitor, FTI Consulting Canada, Inc. (Attn: Paul Bishop, Greg Watson and Jim Robinson); (g) counsel to the proposed Monitor, Bennett Jones LLP (Attn: Sean Zweig, Kevin Zych and Aiden Nelms); (h) counsel to any statutory committee appointed in the chapter 11 cases; (i) the United States Attorney's Office for the Eastern District of Missouri; (j) the Internal Revenue Service; (k) the United States Securities and Exchange Commission; (l) the state attorneys general for all states in which the Debtors conduct business; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## <u>CONCLUSION</u>

35.     WHEREFORE, the Debtors respectfully request that the Court enter an order granting the relief requested by this Motion and such further relief as may be just and necessary under the circumstances.

[*Remainder of page intentionally left blank.*]

Dated:  February 19, 2019
St. Louis, Missouri

/s/ *Richard W. Engel, Jr.*
Richard W. Engel, Jr. MO 34641
Erin M. Edelman MO 67374
John G. Willard MO 67049
**ARMSTRONG TEASDALE LLP**
7700 Forsyth Boulevard, Suite 1800
St. Louis, MO 63105
Telephone: (314) 621-5070
Facsimile: (314) 612-2239
rengel@armstrongteasdale.com
eedelman@armstrongteasdale.com
jwillard@armstrongteasdale.com

-and-

Ira Dizengoff (*pro hac vice* admission pending)
Meredith A. Lahaie (*pro hac vice* admission pending)
Kevin Zuzolo (*pro hac vice* admission pending)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
mlahaie@akingump.com
kzuzolo@akingump.com

- and -

Julie Thompson (pro hac vice admission pending)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
julie.thompson@akingump.com
*Proposed Counsel to the Debtors and Debtors in*
*Possession*

20

## **EXHIBIT A**

**Rejection Notice**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 19-40883-659 |
| | ) | CHAPTER 11 |
| PAYLESS HOLDINGS LLC, *et al.*, | ) | |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Related Docket No.:  [●] |

**NOTICE OF REJECTION OF CERTAIN**
**EXECUTORY CONTRACT[S] AND/OR UNEXPIRED LEASE[S]**

    **PLEASE TAKE NOTICE** that on [      ], 2019, the United States Bankruptcy Court for the Eastern District of Missouri (the "Court") entered an order on the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (the "Debtors"), pursuant to Bankruptcy Code sections 105(a), 363, 365, and 554 and Bankruptcy Rule 6006, approving expedited procedures for the rejection, assumption or assumption and assignment of executory contracts and unexpired leases ("Contracts") and granting related relief [Docket No.__] (the "Procedures Order") attached hereto as **Exhibit 1**.

    **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this written notice (this "Rejection Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on **Exhibit 2** attached hereto is hereby rejected effective as of the date (the "Rejection Date") set forth in **Exhibit 2**, or such other date as the Debtors and the Counterparty or Counterparties to such Contract(s) agree.

    **PLEASE TAKE FURTHER NOTICE** that, parties seeking to object to the proposed rejection of any of the Contracts must file and serve a written objection so that such objection is

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

filed with the Court and is ***actually received*** no later than seven (7) days after the date that the Debtors served this Notice by the following parties:  (a) the Debtors, 3231 SE 6th Avenue, Topeka, KS 66607; (b) proposed counsel to the Debtors (i) Akin Gump Strauss Hauer & Feld LLP (Attn:  Meredith A. Lahaie, Kevin Zuzolo and Julie Thompson), (ii) Armstrong Teasdale LLP (Attn: Richard W. Engel, Jr., Erin M. Edelman and John G. Willard) and (iii) Cassels Brock & Blackwell LLP (Attn: Ryan Jacobs, Jane Dietrich, Natalie Levine and Monique Sassi); (c) the Office of the United States Trustee for the Eastern District of Missouri; (d) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (e) counsel to the Prepetition ABL Administrative Agent (i) Choate Hall & Stewart LLP (Attn: Kevin Simard, Douglas Gooding and Jonathan Marshall) and (ii) Thompson Coburn LLP (Attn: Mark Bossi); (f) counsel to the FILO Agent, Greenberg Traurig, LLP (Attn: Jeffrey M. Wolf); (g) counsel to certain Prepetition Term Loan Lenders (i) Kramer Levin Naftalis & Frankel LLP (Attn: Stephen D. Zide) (ii) Doster, Ullom & Boyle, LLC (Attn: Gregory D. Willard) and (iii) Stroock & Stroock & Lavan LLP (Attn: Kristopher M. Hansen and Daniel A. Fliman); (h) the proposed Monitor, FTI Consulting Canada, Inc. (Attn: Paul Bishop, Greg Watson and Jim Robinson); (i) counsel to the proposed Monitor, Bennett Jones LLP (Attn: Sean Zweig, Kevin Zych and Aiden Nelms); and (j) counsel to any statutory committee appointed in the chapter 11 cases.  Only those responses that are timely filed, served, and received will be considered at the hearing.

**PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed, the rejection of each Contract shall become effective on the Rejection Date set forth in **<u>Exhibit 2</u>**, or such other date as the Debtors and the Counterparty or Counterparties to such Contract(s) agree.[2]

---

[2] An objection to the rejection of any particular Contract listed in this Rejection Notice shall not constitute an objection to the rejection of any other contract or lease listed in this Rejection Notice. Any objection to the rejection of any particular Contract listed in this Rejection must state with specificity the Contract to which it is directed. For

**PLEASE TAKE FURTHER NOTICE** that, if an objection to the rejection of any Contract is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Contract(s) to which such objection relates.  If such objection is overruled or withdrawn, such Contract(s) shall be rejected as of the Rejection Date set forth in **Exhibit 2** or such other date as the Debtors and the Counterparty or Counterparties to such Contract(s) agree.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, if the Debtors have deposited monies with a Counterparty as a security deposit or other arrangement, the Counterparty may not setoff or recoup or otherwise use such monies without further order of the Court, unless the Debtors and the Counterparty or Counterparties to such Contract(s) otherwise agree.

**PLEASE TAKE FURTHER NOTICE** that, absent timely objection, any personal property of the Debtors that is listed and described in **Exhibit 2** shall be deemed abandoned as of the Rejection Date.

**PLEASE TAKE FURTHER NOTICE** that, to the extent you wish to assert a claim(s) with respect to rejection of your Contract(s), you must do so by the later of (a) the deadline for filing proofs of claim established in these chapter 11 cases, if any, and (b) 30 days after the Rejection Date.  IF YOU FAIL TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM BY THE DEADLINE SET FORTH HEREIN, YOU WILL BE, FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS AND THEIR CHAPTER 11 ESTATES, (2) VOTING ON ANY CHAPTER 11 PLAN OF REORGANIZATION OR LIQUIDATION FILED IN THESE

---

each particular Contract whose rejection is not timely or properly objected to, such rejection will be effective in accordance with this Rejection Notice and the Order.

CASES ON ACCOUNT OF SUCH CLAIM, AND (3) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.

*[Remainder of page intentionally left blank.]*

Dated:  [        ], 2019
      St. Louis, Missouri

/s/ _____

Richard W. Engel, Jr. MO 34641
Erin M. Edelman MO 67374
John G. Willard MO 67049
**ARMSTRONG TEASDALE LLP**
7700 Forsyth Boulevard, Suite 1800
St. Louis, MO 63105
Telephone: (314) 621-5070
Facsimile: (314) 612-2239
rengel@armstrongteasdale.com
eedelman@armstrongteasdale.com
jwillard@armstrongteasdale.com

-and-

Ira Dizengoff (*pro hac vice* admission pending)
Meredith A. Lahaie (*pro hac vice* admission pending)
Kevin Zuzolo (*pro hac vice* admission pending)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
mlahaie@akingump.com
kzuzolo@akingump.com

- and -

Julie Thompson (*pro hac vice* admission pending)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
julie.thompson@akingump.com

*Proposed Counsel to the Debtors and Debtors in Possession*

## **<u>EXHIBIT 1</u>**

**Procedures Order**

## EXHIBIT 2

**Rejected Contracts**

| Counterparty | Debtor Party | Description of Contract[1] | Abandoned Personal Property | Rejection Date |
|---|---|---|---|---|
|  |  |  |  |  |

---

[1] The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the Counterparty or Counterparties to such Contract.

## **EXHIBIT B**

**Assumption Notice**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 19-40883-659 |
| | ) | CHAPTER 11 |
| PAYLESS HOLDINGS LLC, *et al.*, | ) | |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Related Docket No.:  [●] |

**NOTICE OF ASSUMPTION OF CERTAIN**
**EXECUTORY CONTRACT[S] AND/OR UNEXPIRED LEASE[S]**

**PLEASE TAKE NOTICE** that on [_____],   2019,   the   United   States
Bankruptcy Court for the Eastern District of Missouri (the "Court") entered an order on the
motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (the
"Debtors"), pursuant to Bankruptcy Code sections 105(a), 363, 365, and 554 and Bankruptcy
Rule 6006 approving expedited procedures for the rejection, assumption or assumption and
assignment of executory contracts and unexpired leases and granting related relief [Docket
No.___] (the "Procedures Order") attached hereto as **Exhibit 1**.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by
this written notice (this "Assumption Notice"), the Debtors hereby notify you that they have
determined, in the exercise of their business judgment, that each Contract set forth on **Exhibit 2**
attached hereto is hereby assumed or assumed and assigned effective as of the date (the
"Assumption Date") set forth in **Exhibit 2**, or such other date as the Debtors and the
Counterparties to such Contracts agree.

**PLEASE TAKE FURTHER NOTICE** that, the Debtor or Assignee, as applicable, has
the financial wherewithal to meet all future obligations under the Contract, which may be

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

evidenced upon written request by the Counterparty to the Contract, thereby demonstrating that the Debtor or Assignee has the ability to comply with the requirements of adequate assurance of future performance.[2]

 **PLEASE TAKE FURTHER NOTICE** that, parties seeking to object to the proposed assumption or assumption and assignment of any of the Contracts must file and serve a written objection so that such objection is filed with the Court and is ***actually received*** no later than seven (7) days after the date that the Debtors served this Notice by the following parties: (a) the Debtors, 3231 SE 6th Avenue, Topeka, KS 66607; (b) proposed counsel to the Debtors (i) Akin Gump Strauss Hauer & Feld LLP (Attn:  Meredith A. Lahaie, Kevin Zuzolo and Julie Thompson), (ii) Armstrong Teasdale LLP (Attn: Richard W. Engel, Jr., Erin M. Edelman and John G. Willard) and (iii) Cassels Brock & Blackwell LLP (Attn: Ryan Jacobs, Jane Dietrich, Natalie Levine and Monique Sassi); (c) the Office of the United States Trustee for the Eastern District of Missouri; (d) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (e) counsel to the Prepetition ABL Administrative Agent (i) Choate Hall & Stewart LLP (Attn: Kevin Simard, Douglas Gooding and Jonathan Marshall) and (ii) Thompson Coburn LLP (Attn: Mark Bossi); (f) counsel to the FILO Agent, Greenberg Traurig, LLP (Attn: Jeffrey M. Wolf); (g) counsel to certain Prepetition Term Loan Lenders (i) Kramer Levin Naftalis & Frankel LLP (Attn: Stephen D. Zide) (ii) Doster, Ullom & Boyle, LLC (Attn: Gregory D. Willard) and (iii) Stroock & Stroock & Lavan LLP (Attn: Kristopher M. Hansen and Daniel A. Fliman); (h) the proposed Monitor, FTI Consulting Canada, Inc. (Attn: Paul Bishop, Greg Watson and Jim Robinson); (i) counsel to the proposed Monitor, Bennett Jones LLP (Attn: Sean Zweig, Kevin Zych and Aiden Nelms); (j) counsel to any statutory committee appointed in the

---

[2] The Debtors shall serve the counterparty to the Contract with evidence of adequate assurance upon such counterparty's written request to Debtors' counsel.

chapter 11 cases.  Only those responses that are timely filed, served, and received will be considered at the hearing.

**PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed, the assumption of each Contract shall become effective on the Assumption Date set forth in **Exhibit 2**, or such other date as the Debtors and the Counterparty or Counterparties to such Contract(s) agree.[3]

**PLEASE TAKE FURTHER NOTICE** that, if an objection to the assumption of any Contract(s) is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for such Contract(s).  If such objection is overruled or withdrawn, such Contract(s) shall be assumed as of the Assumption Date set forth in **Exhibit 2** or such other date as the Debtors and the Counterparty or Counterparties to such Contract agree.

*[Remainder of page intentionally left blank]*

---

[3] An objection to the assumption of any particular Contract listed in this Assumption Notice shall not constitute an objection to the assumption of any other contract or lease listed in this Assumption Notice. Any objection to the assumption of any particular Contract listed in this Assumption Notice must state with specificity the Contract to which it is directed.  For each particular Contract whose assumption is not timely or properly objected to, such assumption will be effective in accordance with this Assumption Notice and the Procedures Order.

3

Dated: [        ], 2019
      St. Louis, Missouri

/s/ _____

Richard W. Engel, Jr. MO 34641
Erin M. Edelman MO 67374
John G. Willard MO 67049
**ARMSTRONG TEASDALE LLP**
7700 Forsyth Boulevard, Suite 1800
St. Louis, MO 63105
Telephone: (314) 621-5070
Facsimile: (314) 612-2239
rengel@armstrongteasdale.com
eedelman@armstrongteasdale.com
jwillard@armstrongteasdale.com

-and-

Ira Dizengoff (*pro hac vice* admission pending)
Meredith A. Lahaie (*pro hac vice* admission pending)
Kevin Zuzolo (*pro hac vice* admission pending)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
mlahaie@akingump.com
kzuzolo@akingump.com

- and -

Julie Thompson (*pro hac vice* admission pending)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
julie.thompson@akingump.com

*Proposed Counsel to the Debtors and Debtors in
Possession*

## **<u>Exhibit 1</u>**

**Procedures Order**

## Exhibit 2

**Assumed Contracts**

| Counterparty | Debtor Party | Assignee[1] | Description of Contract[2] | Cure Amount | Assumption Date |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

---

[1] The Debtors seek to assume and not to assume and assign any Contract for which there is no listed Assignee.
[2] The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the Counterparty or Counterparties to such Contract.