UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 19-40883-659 |
| | ) | Chapter 11 |
| PAYLESS HOLDINGS LLC, *et al.*, | ) | |
| | ) | (Joint Administration Requested) |
| Debtors.[1] | ) | |
| | ) | Hearing Date: February 19, 2019 |
| | ) | Hearing Time: 1:30 p.m. (Central Time) |
| | ) | Hearing Location: Courtroom 7 North |

### DEBTORS' MOTION FOR LEAVE TO EXCEED THE PAGE LIMITATIONS IN THEIR FIRST DAY PLEADINGS

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (this "Motion") for entry of an order, substantially in the form contemporaneously filed with this Motion (the "Proposed Order")[2], authorizing the Debtors to exceed the page limitations in their first day pleadings. In support of this Motion, the Debtors respectfully state as follows:

#### JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Eastern District of Missouri (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 81-

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Payless Holdings LLC [5704]; Payless Intermediate Holdings LLC [5190]; WBG-PSS Holdings LLC [0673]; Payless Inc. [3160]; Payless Finance, Inc. [2101]; Collective Brands Services, Inc. [7266]; PSS Delaware Company 4, Inc. [1466]; Shoe Sourcing, Inc. [4075]; Payless ShoeSource, Inc. [4097]; Eastborough, Inc. [2803]; Payless Purchasing Services, Inc. [3043]; Payless ShoeSource Merchandising, Inc. [0946]; Payless Gold Value CO, Inc. [3581]; Payless ShoeSource Distribution, Inc. [0944]; Payless ShoeSource Worldwide, Inc. [6884]; Payless NYC, Inc. [4126]; Payless ShoeSource of Puerto Rico, Inc. [9017]; Payless Collective GP, LLC [2940]; Collective Licensing, LP [1256]; Collective Licensing International LLC [5451]; Clinch, LLC [9836]; Collective Brands Franchising Services, LLC [3636]; Payless International Franchising, LLC [6448]; PSS Canada, Inc. [4969]; Payless ShoeSource Canada Inc. [4180]; Payless ShoeSource Canada GP Inc. [4182]; and Payless ShoeSource Canada LP [4179]. With respect to certain taxing authorities, the Debtors' address is 2001 Bryan Street, Suite 800, Dallas, Texas 75201. However, the location of Debtor Payless Holdings LLC's corporate headquarters and the Debtors' service address is: c/o Payless ShoeSource Inc., 3231 S.E. 6th Avenue, Topeka, Kansas 66607.

[2] A copy of the Proposed Order will be provided to the Notice Parties (as defined below) and made available on the Debtors' case information website at https://cases.primeclerk.com/pss.

9.01(B)(1) of the Local Rules of the United States District Court for the Eastern District of Missouri. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are section 105(a), of title 11 of the United States Code, §§ 101-1532 (the "Bankruptcy Code") and Rule 9004(C) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Missouri (the "Local Bankruptcy Rules").

### BACKGROUND

4. The Debtors and their non-debtor affiliates (together, the "Company") are the largest specialty family footwear retailer in the Western Hemisphere, offering a wide range of shoes and accessory items at affordable prices. The Company operates approximately 3,400 stores in more than 40 countries. The Debtors are headquartered in Topeka, Kansas with extensive operations that span across the United States, Canada, Latin America, Asia, the Middle East and Europe.

5. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. The Debtors have requested that their cases be consolidated for procedural purposes and administered jointly. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

6.     The Debtors commenced these chapter 11 cases approximately 18 months after completing a restructuring and emerging from chapter 11 protection with a reduced debt burden.[3] The Debtors, however, have been unable to sustain profitable operations in the current retail environment as a result of various factors more fully described in the *Declaration of Stephen Marotta, Chief Restructuring Officer of Payless Holdings LLC, in Support of Debtors' Chapter 11 Proceedings and First Day Pleadings* (the "First Day Declaration").[4]  Accordingly, the Debtors have determined that the best way to maximize value for all of their stakeholders is to liquidate all North America brick and mortar locations through the immediate commencement of going out of business sales.  The Debtors believe, in the exercise of their business judgment, that such measures are in the best interests of the Debtors' estates.

7.     A comprehensive description of the Debtors' businesses and operations, capital structure and events leading to the commencement of these chapter 11 cases is set forth in the First Day Declaration, filed contemporaneously herewith and incorporated herein by reference.

## RELIEF REQUESTED

8.     By this Motion, and pursuant to Bankruptcy Code section 105(a) and Local Rule 9004(C), the Debtors seek entry of an Order authorizing the Debtors to exceed the page limitations of certain first day pleadings (collectively, the "First Day Pleadings") filed by the Debtors contemporaneously herewith.

---

[3] On April 4, 2017, the Debtors' predecessors-in-interest commenced chapter 11 cases (the "Prior Cases") before the United States Bankruptcy Court for the Eastern District of Missouri, which were jointly administered under the caption *In re Payless Holdings LLC*, No. 17-42267.  A plan of reorganization was confirmed in the Prior Cases on July 26, 2017, and such plan went effective on August 10, 2017.

[4] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

3

**BASIS FOR RELIEF**

9. Local Rule 9004(C) states that "[w]ithout leave of Court, no motion, memorandum or brief shall exceed (fifteen) 15 pages exclusive of the signature page, certificate of service and attachments." Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court Eastern District Missouri R. 9004(C). Due to the complexity and size of the Debtors' chapter 11 cases, the Debtors submit that an extension of the page limitation is warranted. Specifically, the following First Day Pleadings may exceed the page limitations imposed by Local Rule 9004(C):

> a. *Debtors' Motion Seeking Entry of an Order (I) Scheduling an Expedited Hearing on First Day Motions Filed by the Debtors, (II) Approving the Form and Manner of Notice Thereof and (III) Granting Related Relief;*
>
> b. *Debtors' Application for Appointment of Prime Clerk LLC as Claims, Noticing and Solicitation Agent* Nunc Pro Tunc *to the Petition Date*;
>
> c. *Debtors' Motion Seeking Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms and (D) Continue to Perform Intercompany Transactions and (II) Granting Related Relief;*
>
> d. *Debtors' Motion Seeking Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Pay Prepetition Employee Wages, Salaries, Other Compensation and Reimbursable Expenses and (B) Continue Employee Benefits Programs and (II) Granting Related Relief;*
>
> e. *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Pay Certain Prepetition Claims of (A) Critical Vendors and (B) Carriers and Warehousemen and (II) Granting Related Relief;*
>
> f. *Debtors' Motion Seeking Entry of Interim and Final Orders (I) Prohibiting Utility Providers From Altering, Refusing or Discontinuing Utility Services, (II) Determining Adequate Assurance of Payment for Future Utility Services, (III) Establishing Procedures for Determining Adequate Assurance of Payment and (IV) Granting Related Relief;*
>
> g. *Debtors' Motion Seeking Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue Insurance Coverage Entered Into Prepetition and*

    *Satisfy Prepetition Obligations Related Thereto, and (B) Renew, Supplement or Purchase Insurance Policies, and (II) Granting Related Relief;*

h. *Debtors' Motion Seeking Entry of Interim and Final Orders (I) Authorizing the Payment of Certain Prepetition Taxes and Fees and (II) Granting Related Relief;*

i. *Debtors' Motion Seeking Entry of Interim and Final Orders (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief;*

j. *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Assume the Consulting Agreement, (II) Approving Procedures for Store Closing Sales and (III) Granting Related Relief;*

k. *Debtors' Motion for Entry of Interim and Final Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, and 552 and Bankruptcy Rules 2002, 4001, and 9014 (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III) Modifying the Automatic Stay and (IV) Scheduling a Final Hearing*

l. *Debtors' Motion for Entry of an Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief;*

m. *Debtors' Motion Seeking Entry of and Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief;*

n. *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Akin Gump Strauss Hauer & Feld LLP as Co-Counsel to the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date;*

o. *Application of the Debtors Pursuant to Sections 327(A) and 329(A) of the Bankruptcy Code, Bankruptcy Rules 2014(A) and 2016(B), and Local Bankruptcy Rules 2014(A) and 2016-1, for an Order Authorizing the Debtors to Retain and Employ Armstrong Teasdale LLP as Co-Restructuring Counsel Effective* Nunc Pro Tunc *to the Petition Date;*

p. *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of PJ Solomon as Investment Banker to the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date;*

5

  q. *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of A&G Realty Partners, LLC as Real Estate Advisor to the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date*; and

  r. *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Ankura Consulting Group, LLC to Provide the Debtors A Chief Restructuring Officer, A Restructuring Officer and Certain Additional Personnel and Designate Stephen Marotta as Chief Restructuring Officer and Adrian Frankum as Restructuring Officer for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date*.

  10. Further Bankruptcy Code section 105(a) states that "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The Debtors submit that it is appropriate for the Court to use its equitable power to grant the relief requested herein.

  11. The Debtors believe that additional pages are necessary to adequately and fully provide the Court with all the necessary facts and supporting legal arguments in these First Day Pleadings.

  12. Courts in this district have routinely granted motions to file pleadings in excess of the page limits specified by local rules where, as in the instant case, the issues addressed are significant and complex. *See, e.g., In re Armstrong Energy, Inc.*, No. 17-47541-659 (Bankr. E.D. Mo. Nov. 8, 2017 [Docket No. 144] (order permitting first day motions to exceed page limitation in Local Rule 9004(C)); *In re Payless Holdings LLC*, No. 17-42267-659 (Bankr. E.D. Mo. April 5, 2017) [Docket No. 66] (same); *In re Total Hockey, Inc.*, No. 16-44815-705 (Bankr. E.D. Mo. July 8, 2016) [Docket No. 51] (order granting leave to exceed the page limitation with respect to the debtors' first day motions); *In re Peabody Energy Corp.*, No. 16-42529-399 (Bankr. E.D. Mo. Apr. 13, 2016) [Docket No. 44] (order granting debtors' request to waive page limitations put forth in Local Rule 9004(C)); *In re Noranda Aluminum, Inc.*, No. 16-10083-399

6

(Bankr. E.D. Mo. Feb. 12, 2016) [Docket No. 123] (same); and *In re Arch Coal, Inc.*, No. 16-40120-705 (Bankr. E.D. Mo. Jan. 21, 2016) [Docket No. 155] (same).

## **RESERVATION OF RIGHTS**

13. Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' or any other party-in-interest's rights to dispute any claim, or an approval or assumption of any agreement, contract or lease under Bankruptcy Code section 365. The Debtors expressly reserve their right to contest any claim related to the relief sought herein. Likewise, if the Court grants the relief sought herein, any payment made pursuant to an order of the Court is not intended to be—nor should it be construed as—an admission as to the validity of any claim or a waiver of the Debtors' or any other party-in-interest's rights to subsequently dispute such claim.

## **NOTICE**

14. The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the Eastern District of Missouri; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Prepetition ABL Administrative Agent, (i) Choate Hall & Stewart LLP (Attn: Kevin Simard, Douglas Gooding and Jonathan Marshall) and (ii) Thompson Coburn LLP (Attn: Mark Bossi); (d) counsel to the FILO Agent, Greenberg Traurig, LLP (Attn: Jeffrey M. Wolf); (e) counsel to certain Prepetition Term Loan Lenders (i) Kramer Levin Naftalis & Frankel LLP (Attn: Stephen D. Zide), (ii) Doster, Ullom & Boyle, LLC (Attn: Gregory D. Willard), (iii) Stroock & Stroock & Lavan LLP (Attn: Kristopher M. Hansen and Daniel A. Fliman) and (iv) Lewis Rice LLC (Attn: Sonette T. Magnus); (f) the proposed Monitor, FTI Consulting Canada, Inc. (Attn: Paul Bishop, Greg Watson and Jim Robinson); (g) counsel to the proposed Monitor, Bennett Jones LLP (Attn: Sean

Zweig, Kevin Zych and Aiden Nelms); (h) counsel to any statutory committee appointed in the chapter 11 cases; (i) the United States Attorney's Office for the Eastern District of Missouri; (j) the Internal Revenue Service; (k) the United States Securities and Exchange Commission; (l) the state attorneys general for all states in which the Debtors conduct business; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

15. WHEREFORE, the Debtors respectfully request that the Court enter an order granting the relief requested by this Motion and such further relief as may be just and necessary under the circumstances.

[*Remainder of page intentionally left blank.*]

Dated: February 19, 2019
St. Louis, Missouri

/s/ *Richard W. Engel, Jr.*
Richard W. Engel, Jr. MO 34641
Erin M. Edelman MO 67374
John G. Willard MO 67049
**ARMSTRONG TEASDALE LLP**
7700 Forsyth Boulevard, Suite 1800
St. Louis, MO 63105
Telephone: (314) 621-5070
Facsimile: (314) 612-2239
rengel@armstrongteasdale.com
eedelman@armstrongteasdale.com
jwillard@armstrongteasdale.com

-and-

Ira Dizengoff (*pro hac vice* admission pending)
Meredith A. Lahaie (*pro hac vice* admission pending)
Kevin Zuzolo (*pro hac vice* admission pending)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
mlahaie@akingump.com
kzuzolo@akingump.com

- and -

Julie Thompson (pro hac vice admission pending)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
julie.thompson@akingump.com

*Proposed Counsel to the Debtors and Debtors in Possession*