# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 19-40883-659 |
| | ) | Chapter 11 |
| PAYLESS HOLDINGS LLC, *et al.*, | ) | |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Related Docket No.: 10 |

## INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION CLAIMS OF (A) CRITICAL VENDORS AND (B) CARRIERS AND WAREHOUSEMEN AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"), (i) authorizing, but not directing, the Debtors to pay certain prepetition claims held by (a) Critical Vendors and (b) Carriers and Warehousemen and (ii) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 81-9.01(B)(1) of the Local Rules of the United States District Court for the Eastern District of Missouri; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of

---

[1] Capitalized terms used but not otherwise defined in this Interim Order shall have the meanings ascribed to such terms elsewhere in the Motion or the First Day Declaration, as applicable.

the proceedings had before this Court; and after due deliberation and sufficient cause therefore, it is HEREBY ORDERED THAT:

    1.    The Motion is granted on an interim basis as set forth herein.

    2.    The final hearing (the "<u>Final Hearing</u>") on the Motion shall be held on **March 14, 2019 at 10:00 a.m., prevailing Central Time, in Courtroom 7-North**. Any objections or responses to entry of a final order on the Motion (the "<u>Final Order</u>") shall be filed **on or before 4:00 p.m., prevailing Central Time, on March 7, 2019**, and shall be served on: (a) the Debtors, 3231 SE 6th Avenue, Topeka, KS 66607; (b) proposed counsel to the Debtors (i) Akin Gump Strauss Hauer & Feld LLP (Attn: Meredith A. Lahaie, Kevin Zuzolo and Julie Thompson), (ii) Armstrong Teasdale LLP (Attn: Richard W. Engel, Jr., Erin M. Edelman and John G. Willard) and (iii) Cassels Brock & Blackwell LLP (Attn: Ryan Jacobs, Jane Dietrich, Natalie Levine and Monique Sassi); (c) the Office of the United States Trustee for the Eastern District of Missouri; (d) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (e) counsel to the Prepetition ABL Administrative Agent (i) Choate Hall & Stewart LLP (Attn: Kevin Simard, Douglas Gooding and Jonathan Marshall) and (ii) Thompson Coburn LLP (Attn: Mark Bossi); (f) counsel to the FILO Agent, Greenberg Traurig, LLP (Attn: Jeffrey M. Wolf); (g) counsel to certain Prepetition Term Loan Lenders (i) Kramer Levin Naftalis & Frankel LLP (Attn: Stephen D. Zide), (ii) Doster, Ullom & Boyle, LLC (Attn: Gregory D. Willard), (iii) Stroock & Stroock & Lavan LLP (Attn: Kristopher M. Hansen and Daniel A. Fliman) and (iv) Lewis Rice LLC (Attn: Sonette T. Magnus); (h) counsel to the Prepetition Term Loan Agent, Norton Rose Fulbright US LLP (Attn: Stephen Castro and David Rosenzweig); (i) the proposed Monitor, FTI Consulting Canada, Inc. (Attn: Paul Bishop, Greg Watson and Jim Robinson); (j) counsel to the proposed Monitor, Bennett Jones LLP (Attn: Sean Zweig, Kevin

Zych and Aiden Nelms); (k) counsel to any statutory committee appointed in the chapter 11 cases; (l) the United States Attorney's Office for the Eastern District of Missouri; (m) the Internal Revenue Service; (n) the United States Securities and Exchange Commission; (o) the state attorneys general for all states in which the Debtors conduct business; and (p) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In the event no objections to entry of the Final Order on the Motion are timely received, this Court may enter such Final Order without need for the Final Hearing.

3. The Debtors are authorized, but not directed, to pay the prepetition Critical Vendor Claims in the ordinary course of business and consistent with their prepetition practices; *provided that* such payments on account of Critical Vendor Claims shall not exceed $5 million in the aggregate unless otherwise ordered by the Court after notice and a hearing; *provided further* that the Debtors shall provide notice to:  (a) counsel to any statutory committee appointed in the chapter 11 cases; (b) counsel to the Prepetition ABL Agent, (i) Choate Hall & Stewart LLP (Attn: Kevin Simard, Doug Gooding and Jonathan Marshall) and (ii) Thompson Coburn LLP (Attn: Mark Bossi); (c) counsel to the FILO Agent, Greenberg Traurig, LLP (Attn: Jeffrey M. Wolf); (d) counsel to certain Prepetition Term Loan Lenders (i) Kramer Levin Naftalis & Frankel LLP (Attn:  Stephen D. Zide), (ii) Doster, Ullom & Boyle, LLC (Attn:  Gregory D. Willard), (iii) Stroock & Stroock & Lavan LLP (Attn: Kristopher M. Hansen and Daniel A. Fliman) and (iv) Lewis Rice LLC (Attn: Sonette T. Magnus); and (e) counsel to the Prepetition Term Loan Agent, Norton Rose Fulbright US LLP (Attn: Stephen Castro and David Rosenzweig) two (2) business days prior to making any such payment or commitment to any one entity over $100,000; and *provided further* that the Debtors may, in their business judgment, provide a

3

shorter notice period in the event that a payment on account of any Critical Vendor Claim is required in less than two (2) business days to prevent a material disruption to operations.

4.      The Debtors are also authorized, but not directed, to pay the prepetition Carriers and Warehousemen Claims in the ordinary course of business and consistent with their prepetition practices; *provided that* such payments on account of Carriers and Warehousemen Claims shall not exceed $6.5 million unless otherwise ordered by the Court after notice and a hearing.

5.      The Debtors are authorized, but not directed, to pay Critical Vendor Claims and Carriers and Warehousemen Claims, in whole or in part, upon such terms and in the manner provided in this Interim Order, and upon such terms as agreed to between the Debtor and the Critical Vendor in the Debtors' sole reasonable business judgment.

6.      Nothing herein shall impair or prejudice the ability of the Debtors or any party in interest to contest the extent, perfection, priority, validity, or amounts of any claims held by any Critical Vendor.  The Debtors do not concede that any claims satisfied pursuant to this Interim Order are valid, and the Debtors expressly reserve all of their rights and the rights of any party in interest to contest the extent, validity, or perfection or seek the avoidance of all such liens or the priority of such claims.

7.      Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Interim Order or any payment made pursuant to this Interim Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtors, a waiver of the Debtors' rights or the rights of any party in interest to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under Bankruptcy Code section 365.

8. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized, but not directed, to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, *provided that* sufficient funds are on deposit and standing in the Debtors' credit in the applicable bank accounts to cover such payments, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order without any duty of further inquiry and without liability for following the Debtors' instructions.

9. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Critical Vendor Claims or Carriers and Warehousemen Claims.

10. Notwithstanding anything to the contrary contained herein, any payment made or to be made under this Interim Order, any authorization contained in this Interim Order, or any claim for which payment is authorized hereunder, shall be subject to any orders of this Court approving any debtor in possession financing for, or any use of cash collateral by, the Debtors and the budget governing such debtor in possession financing and use of cash collateral.

11. Any party who accepts payment in full from the Debtors of a Critical Vendor Claim or Carriers and Warehousemen Claims shall take all actions necessary to remove any mechanics' liens, possessory liens, or similar state law trade liens on the Debtors' assets such party may have based upon such claim at such party's sole expense.

12. Nothing in this Interim Order shall alter or limit any authorization or relief contained in, or prevent Payless ShoeSource Canada Inc., Payless ShoeSource Canada GP Inc.,

or Payless ShoeSource Canada LP (the "Canadian Debtors") from taking any action authorized pursuant to an order issued by the Ontario Superior Court of Justice (Commercial List) (the "Canadian Court") in proceedings in respect of the Canadian Debtors pursuant to the *Companies' Creditors Arrangement Act* (Canada), and the Canadian Debtors shall be subject to a budget or similar restrictions only as established by the Canadian Court.  To the extent of any inconsistency between this Interim Order and the terms of any order of the Canadian Court, the order of the Canadian Court shall govern with respect to the Canadian Debtors.  For the avoidance of doubt, the Canadian Debtors are authorized to seek relief from the Canadian Court in respect of Critical Vendor Claims and Carrier and Warehousemen Claims and will not be subject to the procedures set out herein.

13. The contents of the Motion satisfy Bankruptcy Rule 6003.

14. Notice of the Motion satisfies Bankruptcy Rule 6004(a).

15. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

16. No later than two (2) business days after the date of this order, the Debtors shall serve a copy of the Interim Order on the Notice Parties and shall file a certificate of service no later than 24 hours after service.

*[Signature]*
KATHY A. SURRATT-STATES
Chief United States Bankruptcy Judge

DATED:  February 19, 2019
St. Louis, Missouri
jjh

6

**Order Prepared By:**

Richard W. Engel, Jr., MO 34641
Erin M. Edelman, MO 67374
John G. Willard, MO 67049
**ARMSTRONG TEASDALE LLP**
7700 Forsyth Boulevard, Suite 1800
St. Louis, Missouri 63105
Telephone: (314) 621-5070
Facsimile:  (314) 621-2239
Email:  rengel@armstrongteasdale.com
Email:  eedelman@armstrongteasdale.com
Email:  jwillard@armstrongteasdale.com

Ira Dizengoff (*pro hac vice* admission pending)
Meredith A. Lahaie (*pro hac vice* admission pending)
Kevin Zuzolo (*pro hac vice* admission pending)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
mlahaie@akingump.com
kzuzolo@akingump.com

Julie Thompson (*pro hac vice* admission pending)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
julie.thompson@akingump.com

*Proposed Counsel to the Debtors and Debtors in Possession*