**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Case No.: 19-40883-659 <br> ) Chapter 11 <br> ) |
| PAYLESS HOLDINGS LLC., *et al.,* | ) (Jointly Administered) <br> ) |
| Debtors. | ) Hearing Date: March 14, 2018 <br> ) Hearing Time: 10:00 a.m. (CT) <br> ) Hearing Location: Courtroom 7 North |

**LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO THE DEBTORS' APPLICATIONS TO RETAIN COUNSEL AND
JOINDER IN PART TO THE JOINT LIMITED OBJECTION AND RESERVATION
OF RIGHTS OF THE AD HOC GROUP OF PREPETITION TERM LOAN LENDERS
AND AXAR CAPITAL MANAGEMENT TO SUCH APPLICATIONS**

The Official Committee of Unsecured Creditors (the "Committee") of Payless Holdings, LLC, *et al.* (the "Debtors") hereby objects as set forth herein (this "Limited Objection") to the Debtors' applications to retain counsel and also, in part, joins (the "Joinder") in the *Joint Limited Objection and Reservation of Rights of the Ad Hoc Group of Prepetition Term Loan Lenders and Axar Capital Management to the Debtors' Applications to Retain Counsel* [Docket No. 444] (the "Term Loan Lenders' Objection"). In support of its Limited Objection and Joinder, the Committee respectfully represents as follows:

**I.**

**INTRODUCTION**

1. The Committee files this Limited Objection and Joinder to the Term Loan Lenders' Objection to the Retention Applications of Akin Gump Strauss Hauer & Feld LLP ("Akin") and Seward & Kissel LLP ("S&K").[1]

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Term Loan Lenders' Objection.

II.

**STATEMENT OF FACTS**

2. On March 1, 2019, the Office of the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code. The Committee consists of: (i) Moda Shoe, Ltd.; (ii) C and C Accord, Ltd.; (iii) Simon Property Group, Inc.; (iv) Brookfield Property REIT, Inc.; (v) Xiamen C&D Light Industry Co., Ltd.; (vi) Yaquelin Garcia; and (vii) Huge Development, Ltd.

3. By agreement of the Debtors, the Committee's response deadline was extended to March 11, 2019 on all of the Debtors' matters set for hearing on March 14, 2019.

III.

**LIMITED OBJECTION AND JOINDER**

4. After the Term Loan Lenders' Objection was filed, the Committee reached out to Akin on March 8, 2019 and requested that the hearing on the Retention Applications be continued to the hearing on March 28, 2019 to allow the Committee time to investigate the allegations set forth therein and to allow time to establish protocols to address the potential conflicts of interest of Board members and Akin. Akin denied the Committee's request for continuance.

5. Akin specifically admits that it currently represents Alden Global Capital ("Alden") and its affiliates in matters unrelated to the Debtors, and it is unclear whether pre-petition Akin represented Alden on matters related to the Debtors. Among the many hats that Alden wears in these cases, Alden (i) is the majority controlling equity owner of the Debtors, (ii) holds a majority of the seats on the Debtors' Board of Directors, (iii) controls the Debtors'

management (the Debtors' interim CEO is an Alden Managing Director), (iv) is a term lender to the Debtors, (v) is a lender to certain of the Debtors' non-debtor affiliates, and (vi) may be a landlord to the Debtors as well as set forth in the Term Loan Lenders' Objection.

6. The Debtors evidently attempted to resolve their own internal conflicts of interest, as well as Akin's conflicts, by having two independent managers appointed and in turn the Debtors' hiring of S&K. This approach in practice has been woefully insufficient to resolve these conflicts.

7. It is alleged in the Term Loan Lenders' Objection that the Board's process to obtain bids for debtor in possession financing illustrated the inadequacy of the independent directors' appointment to prevent conflicts of interest from adversely affecting the Debtors. The Debtors' investment banker P.J. Solomon, L.P. ("Solomon") sent requests for proposals for debtor in possession financing bids.[2] The Board requested that Solomon receive an indication of interest from Alden, as well as from the Term Loan Lenders.[3]

8. However, as the Term Loan Lenders attest, this process was tainted. According to the Term Loan Lenders' Objection, at least two of the three of the Board members affiliated with Alden participated at all relevant stages of the process. Also, Alden was provided with a copy of the Term Loan Lenders' proposal without the consent of the Term Loan Lenders, which Alden used to formulate its own bid. Moreover, the Board tried to get the Term Loan Lenders to agree to give Alden (which was not a lender for the debtor in possession loan) a

---

[2] *Declaration of Derek C. Pitts in Support of Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Granting Liens and Providing Superpriority Administrative Expense Status, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 246, filed February 24, 2019] (the "Pitts Declaration"), at ¶ 12.
[3] *Id.*, at ¶ 13.

release subject to a 60-day challenge period, like a DIP lender normally gets, a remarkable request. The Term Loan Lenders reluctantly agreed to the provision releasing Alden of estate claims only subject to a much longer extension. (Separately, the Committee opposes the Debtors' motions to use cash collateral and for DIP financing on the ground, inter alia, that the Alden release provision is totally inappropriate).

9.     The Term Loan Lenders proposed governance protocols, such as an information wall and a special committee of independent managers, for the Board and Akin to deal with their Alden issues. That is certainly better than the current situation. It is clear that, given what has transpired, the Debtors need a watchdog over Alden's influence in these cases.

10.    But even if such protocols are adopted by the Debtors, the Committee does not believe the Debtors should be undertaking the investigation and prosecution of the estates' claims against Alden based on its alleged prepetition dealings and conduct. The Committee, pursuant to its statutory authority,[4] will investigate such claims and, when appropriate, file a motion for standing to protect such claims.

## CONCLUSION

11.    For all of the foregoing reasons, the Committee respectfully requests that the Court adjourn the Hearings on the Retention Applications to March 28, 2019 at 10:00 a.m. Central Time in order for an appropriate protocol can be established to address the issues raised in the Term Loan Lenders' Objection and herein.

---

[4] 11 U.S.C. § 1103(c)(2). See 7 Collier on Bankruptcy ¶ 1103.5[1][c] (16th ed.).

Dated: March 11, 2019

POLSINELLI P.C.

*/s/ Matthew S. Layfield*

Matthew S. Layfield, Esq.
100 S. Fourth Street, Suite 1000
St. Louis, MO 63102
Telephone: (314) 889-8000

*Proposed Local Counsel for the Official Committee of Unsecured Creditors*

PACHULSKI STANG ZIEHL & JONES LLP

Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700

Jeffrey N. Pomerantz, Esq.
Ira D. Kharasch, Esq.
Shirley S. Cho, Esq.
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067-4100
Telephone: (310) 227-6910

*Proposed Lead Counsel for the Official Committee of Unsecured Creditors*