**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 19-40833-659 |
| | ) | Chapter 11 |
| Payless Holdings LLC, *et al.*, | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Hearing Date and Time**: April 23, 2019 at |
| | ) | 11:00 a.m. (Central Time) |
| | ) | **Objection Deadline**: April 22, 2019 at 4:00 |
| | ) | p.m. (Central Time) |
| | ) | **Hearing Location**: Courtroom 7 North |

**DEBTORS' MOTION FOR LEAVE TO REDACT
CERTAIN CONFIDENTIAL INFORMATION RELATED TO
THE DEBTORS' KEY EMPLOYEE INCENTIVE PROGRAM**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion (this "Motion"):

**RELIEF REQUESTED**

1. The Debtors seek entry of an order: (a) authorizing the Debtors to redact certain of the metrics (the "Confidential Information") of their Key Employee Incentive Program (the "KEIP") as outlined in the *Debtors' Motion for Entry of an Order (I) Authorizing and Approving the Debtors' Key Employee Incentive Plan and (II) Granting Related Relief* [Docket No. 849] (the "KEIP Motion"); (b) directing that the Confidential Information shall be redacted from the KEIP Motion and shall remain under seal, confidential, and not be made available to anyone without the consent of the Debtors, except for (i) the United States Trustee for the Eastern District of Missouri (the "United States Trustee") and (ii) the Official Committee of Unsecured Creditors (the "Committee"); (c) authorizing that any portion of the hearing pertaining to such information be conducted *in camera*, to the extent the hearing on this Motion requires disclosure

of the Confidential Information; and (d) granting such other and further relief as the Court deems just, proper and equitable.

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the Eastern District of Missouri (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 81-9.01(B)(1) of the Local Rules of the United States District Court for the Eastern District of Missouri.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rule 9018, and rule 9037 of the Local Rules of Bankruptcy Procedure for the Eastern District of Missouri (the "Local Bankruptcy Rules").

## BACKGROUND

5. On February 18, 2019 (the "Petition Date"), each of the Debtors filed a voluntary petition under chapter 11 of the Bankruptcy Code. A comprehensive description of the Debtors' businesses and operations, capital structure and events leading to the commencement of these chapter 11 cases is set forth in the Declaration of Stephen Marotta, Chief Restructuring Officer of Payless Holdings LLC, in Support of Debtors' Chapter 11 Proceedings and First Day Pleadings (the "First Day Declaration") is incorporated herein by reference.

6. The Debtors and their non-debtor affiliates (together, the "Company") are the largest specialty family footwear retailer in the Western Hemisphere, offering a wide range of shoes and accessory items at affordable prices. As of the Petition Date, the Company operated approximately 3,400 stores in more than 40 countries. The Debtors are headquartered in Topeka,

Kansas, with extensive operations that span across the United States, Canada, Latin America, Asia, the Middle East and Europe.

7.  The Debtors' cases are being jointly administered for procedural purposes only and the Debtors continue to manage and operate their businesses as debtors in possession under Bankruptcy Code sections 1107 and 1108.  On March 1, 2019, the United States Trustee appointed the official committee of unsecured creditors (the "Committee") pursuant to Bankruptcy Code section 1102 [Docket No. 359].  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

8.  Contemporaneously herewith, the Debtors filed the KEIP Motion.  By the KEIP Motion, the Debtors seek entry of an order authorizing and approving the Debtors' KEIP for three key senior executives (the "KEIP Participants").  The KEIP is narrowly tailored to incentivize the KEIP Participants to achieve certain specified objectives (the "KEIP Metrics") that will ensure these cases result in a successful outcome.  By this Motion, the Debtors seek to redact one portion of the KEIP Metrics.

9.  Specifically, as further outlined in the First Day Declaration and the KEIP Motion, the Debtors are pursuing a dual-track strategy of determining whether to sell or reorganize around the Company's Latin America segment.[1]  One of the KEIP Metrics provides for the KEIP Participants to work towards a threshold value for the sale of the Latin America JV Interest.  The public disclosure of this threshold value in the KEIP Motion would unquestionably have a chilling effect on the potential value the Debtors could receive for the Latin America JV Interest to the detriment of the Debtors' estates and their creditors.

---

[1] Specifically, many of Payless's Latin America operations are governed by joint venture agreements and related ancillary agreements (collectively, the "Latin America JV Interest").

3

## **A**RGUMENT

10. Section 107(b) of the Bankruptcy Code authorizes bankruptcy courts to protect parties in interest from potentially harmful disclosures, providing:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under [the Bankruptcy Code].

11 U.S.C. § 107(b).

11. A party in interest seeking protection under Bankruptcy Code section 107(b) may obtain a protective order authorizing the filing of a document or information under seal pursuant to the procedures set forth in Rule 9018 of the Bankruptcy Rules, which provides:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information....

Fed. R. Bankr. P. 9018; *see also In re Farmland Indus., Inc.* 290 B.R. 364, 369 (Bankr. W.D. Mo. 2003) (Rule 9018 of the Bankruptcy Rules authorizes the court to prohibit disclosures where "necessary to protect the bankruptcy estate").

12. Furthermore, section 105(a) of the Bankruptcy Code empowers a bankruptcy court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105. Accordingly, this Court has the power to protect the Confidential Information and order it redacted in accordance with the Bankruptcy Code.

**A.  Bankruptcy Code Section 107(b) Requires the Court to Protect Parties from Disclosing Commercially Sensitive Information.**

13.  If a court determines that an interested party seeks to protect information that falls within the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is required to protect [the requesting party] and has no discretion to deny the application." *In re Farmland Indus., Inc*., 290 B.R. 364, 368 (Bankr. W.D. Mo. 2003) (citing *In re Orion Pictures Corp*., 21 F.3d 24, 27 (2d Cir. 1994)) ("Protection is mandatory when requested by an [interested party]"); *see also Neal v. Kansas City Star (In re Neal)*, 461 F.3d 1048, 1054 (8th Cir. Mo. 2006) ("If a paper filed in a bankruptcy court fits within § 107(b)(1) or (2), protection is mandatory when requested by a 'party in interest'").  Accordingly, an interested party need not show "extraordinary circumstance or compelling need" or even good cause to obtain protection under section 107(b) of the Bankruptcy Code.  *In re Orion Pictures Corp.*, 21 F.3d at 27-28.  Rather, an interested party will obtain protection from disclosure of information upon a showing that such information constitutes "commercial information" under section 107(b)(1) of the Bankruptcy Code.  *Id.* at 27.

14.  Such a showing requires only that the interested party demonstrate that the information it seeks to place under seal is "'confidential' and 'commercial' in nature." *Id.* at 28. It is well-settled that "'commercial information' is information which would cause an unfair advantage to competitors by providing them with information as to the commercial operations of the debtor." *See In re Farmland Indus., Inc.*, 290 B.R. 855 at 368 (quoting *In re Orion Pictures Corp.*, 21 F.3d at 27) (holding that an agreement authorizing a licensee "to reproduce, manufacture, distribute and sell videocassettes of films" contained "commercial information").

5

**B.    The Confidential Information Satisfies the "Commercial Information" Threshold and Warrants Protection Under the Bankruptcy Code.**

15.    The Confidential Information qualifies as commercially sensitive information that merits protection under section 107(b)(1) of the Bankruptcy Code. The Confidential Information provides a target amount that the KEIP Participants are incentivized to realize for the sale of the Latin America JV Interest. Should this amount be publicly disclosed, it would inform potential bidders of the Debtors' target sale amount, which could influence the value of potential bids and serve to chill the bidding process. To maximize value for the Debtors' estates and their creditors, the Debtors believe it is critical that the target sale amount remain confidential.

16.    Significantly, the KEIP Metrics, including the Confidential Information, have been shared with the Committee, the advisors to the ad hoc prepetition term loan lenders (the "Term Lenders") and the United States Trustee, none of whom have any objection to this Motion. Moreover, the Confidential Information reflects an amount that was negotiated with the Committee and the Term Lenders. The Debtors submit that, by filing the Confidential Information under seal, the Debtors are provided with the appropriate confidentiality safeguards while ensuring that the proper parties are privy to the Confidential Information.

17.    Accordingly, the Debtors believe the requested relief strikes a balance among any need for public disclosure, minimizing the impact of ongoing business objectives and ensuring success of a potential sale of the Latin America JV Interest. Therefore, the Confidential Information satisfies the "commercial information" threshold for redacting.

18.    Bankruptcy courts in this District have granted numerous other motions to redact to protect confidential commercial information. *See*, *e.g.*, *In re Peabody Energy Corp.*, Case No. 16-42529 (Bankr. E.D. Mo. Jan. 27. 2017) (authorizing the debtors to file information related to the debtors' exit financing under seal); *In re Peabody Energy Corp.,* No. 16-42529 (Bankr. E.D.

Mo. Apr. 15, 2016) (Docket No. 138) (authorizing the debtors to file fee letter agreement relating to securitization facility under seal); *In re Arch Coal. Inc., et al.*, Case No. 16-40120 (Bankr. E.D. Mo. Jan. 14, 2016) (Docket Nos. 1348, 1592) (authorizing the movant to file certain coal-supply contracts under seal); *In re Noranda Aluminum. Inc., et al.*, Case No. 16-10083 (Bankr. E.D. Mo. Feb. 12, 2016) (Docket Nos. 577, 1399) (authorizing the movants to file confidential supply agreements under seal). Accordingly, this Court should grant the relief requested herein.

### NOTICE

19.     The Debtors will provide notice of this motion to: (a) the Office of the United States Trustee for the Eastern District of Missouri; (b) counsel to the Prepetition ABL Administrative Agent, (i) Choate Hall & Stewart LLP (Attn: Kevin Simard, Douglas Gooding and Jonathan Marshall) and (ii) Thompson Coburn LLP (Attn: Mark Bossi); (c) counsel to the FILO Agent, Greenberg Traurig, LLP (Attn: Jeffrey M. Wolf); (d) counsel to certain Prepetition Term Loan Lenders (i) Kramer Levin Naftalis & Frankel LLP (Attn: Stephen D. Zide), (ii) Doster, Ullom & Boyle, LLC (Attn: Gregory D. Willard), (iii) Stroock & Stroock & Lavan LLP (Attn: Kristopher M. Hansen and Daniel A. Fliman) and (iv) Lewis Rice LLC (Attn: Sonette T. Magnus); (e) counsel to the Prepetition Term Loan Agent, Norton Rose Fulbright US LLP (Attn: Stephen Castro and David Rosenzweig); (f) the Monitor, FTI Consulting Canada, Inc. (Attn: Paul Bishop, Greg Watson and Jim Robinson); (g) counsel to the Monitor, Bennett Jones LLP (Attn: Sean Zweig, Kevin Zych and Aiden Nelms); (h) counsel to the Committee (i) Pachulski Stang Ziehl & Jones LLP (Attn: Robert Feinstein and Bradford Sandler) and (ii) Polsinelli LLP (Attn: Matthew Layfield); (i) the United States Attorney's Office for the Eastern District of Missouri; (j) the Internal Revenue Service; (k) the United States Securities and Exchange Commission; (l) the state attorneys general for all states in which the Debtors conduct business; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002

7

(collectively, the "Notice Parties"). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order granting the relief requested by this Motion and such further relief as may be just, proper and equitable under the circumstances.

[*Remainder of page intentionally left blank*]

Dated: April 16, 2019
      St. Louis, Missouri

/s/ *Richard W. Engel, Jr.*
Richard W. Engel, Jr. MO 34641
Erin M. Edelman MO 67374
John G. Willard MO 67049
**ARMSTRONG TEASDALE LLP**
7700 Forsyth Boulevard, Suite 1800
St. Louis, MO 63105
Telephone: (314) 621-5070
Facsimile: (314) 612-2239
rengel@armstrongteasdale.com
eedelman@armstrongteasdale.com
jwillard@armstrongteasdale.com

-and-

Ira Dizengoff (admitted *pro hac vice*)
Meredith A. Lahaie (admitted *pro hac vice*)
Alexis Freeman (admitted *pro hac vice*)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
mlahaie@akingump.com
afreeman@akingump.com

- and -

Julie Thompson (admitted *pro hac vice*)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
julie.thompson@akingump.com

*Proposed Counsel to the Debtors and Debtors in Possession*