**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 19-40883-659 |
| | ) | Chapter 11 |
| Payless Holdings LLC, *et al.*, | ) | |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Related Docket No.:  1469 |

**SECOND ORDER EXTENDING THE DEBTORS' EXCLUSIVE PERIODS**
**TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for entry of a second order (this "Order") extending the Debtors'

Exclusivity Periods, as more fully set forth in the Motion; and the Court having found that it has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 81-9.01(B)(1) of the

Local Rules of the United States District Court for the Eastern District of Missouri; and the Court

having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having

found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C.

§§ 1408 and 1409; and the Court having found that the Debtors' notice of the Motion and

opportunity for a hearing on the Motion were appropriate under the circumstances and no other

notice need be provided; and the Court having reviewed the Motion and having heard the

statements in support of the relief requested therein at a hearing before this Court (the "Hearing");

and the Court having determined that the legal and factual bases set forth in the Motion and at the

Hearing establish just cause for the relief granted herein; and upon all of the proceedings had

before the Court and after due deliberation and sufficient cause appearing therefore:

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      The Debtors' Exclusive Filing Period shall be extended through and including November 4, 2019.

3.      The Debtors' Exclusive Solicitation Period shall be extended through and including January 3, 2020.

4.      Entry of this Order is without prejudice to the Debtors' right to seek from this Court such additional and further extensions of the Exclusivity Periods as may be necessary or appropriate.

5.      Entry of this Order is without prejudice to any party's rights to seek relief from this Court for the purpose of terminating the Exclusivity Periods.

6.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a)

7.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Missouri are satisfied by such notice.

8.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9.      Nothing in this Order shall alter or limit any authorization or relief contained in, or prevent Payless ShoeSource Canada Inc., Payless ShoeSource Canada GP Inc., or Payless ShoeSource Canada LP (the "Canadian Debtors") from taking any action authorized pursuant to an order issued by the Ontario Superior Court of Justice (Commercial List) (the "Canadian Court") in proceedings in respect of the Canadian Debtors pursuant to the *Companies' Creditors*

*Arrangement Act* (Canada), and the Canadian Debtors shall be subject to a budget or similar restrictions only as established by the Canadian Court.  To the extent of any inconsistency between this Order and the terms of any order of the Canadian Court, the order of the Canadian Court shall govern with respect to the Canadian Debtors.

10.     No later than two (2) business days after entry of this Order, the Debtors shall serve a copy of this Order on the Notice Parties and shall file a certificate of service no later than 24 hours after service.

KATHY A. SURRATT-STATES
Chief United States Bankruptcy Judge

DATED:   September 16, 2019
St. Louis, Missouri
jjh

**Order Prepared By:**

Richard W. Engel, Jr., MO 34641
Erin M. Edelman, MO 67374
John G. Willard, MO 67049
**ARMSTRONG TEASDALE LLP**
7700 Forsyth Boulevard, Suite 1800
St. Louis, Missouri 63105
Telephone: (314) 621-5070
Facsimile:  (314) 621-2239
Email:  rengel@armstrongteasdale.com
Email:  eedelman@armstrongteasdale.com
Email:  jwillard@armstrongteasdale.com

Ira Dizengoff (admitted *pro hac vice*)
Meredith A. Lahaie (admitted *pro hac vice*)
Kevin Zuzolo (admitted *pro hac vice*)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email:  idizengoff@akingump.com
Email:  mlahaie@akingump.com
Email:  kzuzolo@akingump.com

Julie Thompson (admitted *pro hac vice*)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2001 K Street N.W.
Washington, D.C. 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
Email:  julie.thompson@akingump.com

David F. Staber (admitted *pro hac vice*)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2300 N. Field Street, Suite 1800
Dallas, TX 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
Email:  dstaber@akingump.com

*Counsel to the Debtors and Debtors in Possession*