**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Payless Holdings LLC, *et al.,* | ) | Case No. 19-40883-659 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Related to Docket Nos. 1461, 1583 |
| | ) | |

**ORDER (I) APPROVING
THE ADEQUACY OF THE DEBTORS' DISCLOSURE
STATEMENT, (II) ESTABLISHING DATES AND DEADLINES RELATED
TO CONFIRMATION OF THE PLAN, (III) APPROVING CERTAIN
PROCEDURES FOR SOLICITING AND TABULATING THE VOTES ON,
AND FOR OBJECTING TO, THE PLAN, (IV) SCHEDULING A HEARING ON
CONFIRMATION OF THE PLAN, (V) APPROVING THE MANNER AND FORM OF
THE VARIOUS NOTICES AND DOCUMENTS THERETO; AND (VI) GRANTING
RELATED RELIEF**

Upon the motion (the "Motion") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Disclosure Statement Order"), pursuant to sections 105(a), 1125(b), 1126(b) and 1128 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 3003, 3016, 3017, 3018, 3020 and 6006 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") and Rules 3017, 3018, and 3020 of the Local Rules for the United States Bankruptcy Court for the Eastern District of Missouri (the "Local Bankruptcy Rules"): (i) approving the *Disclosure Statement for Second Amended Joint Plan of Reorganization of Payless Holdings LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1583] (the "Disclosure Statement");[1] (ii) establishing the Record Date, Voting Deadline, and other related dates and scheduling the Confirmation Hearing; (iii) approving

---

[1]     Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion or Disclosure Statement, as applicable.

procedures for soliciting, receiving, and tabulating votes on, and for filing any objections to, the proposed Plan; (iv) scheduling a hearing on confirmation of the Plan (the "Confirmation Hearing"); (v) approving the manner and form of the various notices and ancillary documents related to the foregoing; and (vi) granting related relief; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Local Bankruptcy Rule 81.901(B)(1); and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing under the circumstances; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, the relief requested should be granted as set forth below, the Court FINDS AND DETERMINES THAT:

A.     **Disclosure Statement Hearing Notice**.  The form and manner of the Disclosure Statement Hearing Notice, substantially in the form attached hereto as **Exhibit 1**, satisfies the provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules and due process requirements for creditors and other parties in interest in these Chapter 11 Cases.

B.     **Disclosure Statement**.  The Disclosure Statement (together with the exhibits thereto) contains adequate information that Holders of Claims entitled to vote on the Plan in

Classes 3 (Tranche A-1 Term Loan Secured Claims), 4 (Tranche A-2 Term Loan Secured Claims), 5A (General Unsecured Claims of Payless ShoeSource Worldwide, Inc. and Collective Brands Logistics Limited), and 5B (General Unsecured Claims Remaining Debtors) (collectively, the "Voting Classes" and the Holders of those Claims entitled to vote, the "Voting Creditors") can make informed decisions as to whether to vote to accept or reject the Plan in satisfaction of the requirements of Bankruptcy Rule 3017(d) and in accordance with section 1125(a)(1) of the Bankruptcy Code.

C.  **Solicitation/Confirmation Timeline**.  The timing for filing and serving objections, if any, set forth herein provides parties in interest sufficient time to review all of the solicitation materials, consider the Plan, the Plan Supplement, and any other documents related to confirmation of the Plan, and to enable parties in interest, prior to the Confirmation Hearing, to make informed decisions regarding (i) voting on the Plan (as applicable) and (ii) objecting to the Plan.

D.  **Ballot**.  The Ballots for Classes 3 (Tranche A-1 Term Loan Secured Claims), 4 (Tranche A-2 Term Loan Secured Claims), 5A (General Unsecured Claims of Payless ShoeSource Worldwide, Inc. and Collective Brands Logistics Limited), and 5B (General Unsecured Claims Remaining Debtors), substantially in the forms attached collectively hereto as **Exhibit 2**, adequately address the particular needs of these Chapter 11 Cases, are sufficiently consistent with Official Form No. 14, and, together with the accompanying instructions, provide a fair and equitable voting process appropriate for the Voting Creditors.

E.  **Solicitation Packages**.   The various materials, documents, and notices of non-voting status that comprise the Solicitation Packages, provide sufficient information to, as applicable:  (i) Voting Creditors to enable them to make informed decisions with respect to whether to vote to accept or reject the Plan in accordance with Bankruptcy Rules 2002, 3016,

3

and 3017; (ii) Holders of Claims and Interests in non-voting Classes of their non-voting status;

(iii) Holders of disputed, unliquidated, or contingent Claims of their non-voting status and the

procedures for the temporary allowance of such Claims; (iv) counterparties to Executory Contracts

and Unexpired Leases with one or more of the Debtors of the treatment of Executory Contracts

and Unexpired Leases under the Plan and their voting rights with respect thereto; and (v) all other

parties in interest in these Chapter 11 Cases with respect to the Plan and the effect of confirmation

thereof in satisfaction of the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and

Local Bankruptcy Rules.

   F. **<u>Confirmation Hearing Notice</u>**.  The form and manner of the Confirmation Hearing

Notice, substantially in the form attached hereto as **<u>Exhibit 3</u>**, together with the publication notice

contemplated by the Motion, constitutes good and sufficient notice to Voting Creditors, known

and unknown creditors, and parties in interest in these Chapter 11 Cases, in satisfaction of the

requirements of due process and the provisions of the Bankruptcy Code, Bankruptcy Rules, and

Local Bankruptcy Rules.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

   1. The Motion is granted to the extent set forth herein.

  **I.** **Approval of the Disclosure Statement Hearing Notice**

   2. The Disclosure Statement Hearing Notice attached hereto as **<u>Exhibit 1</u>** is approved.

  **II.** **Approval of the Disclosure Statement**

   3. The Disclosure Statement is approved pursuant to section 1125(a)(1) of the

Bankruptcy Code and Bankruptcy Rule 3017(b). To the extent not withdrawn, settled, or otherwise

resolved, any objections to the approval of the Disclosure Statement are hereby overruled.

   4. The Debtors are authorized to make non-material changes to the Disclosure

Statement, the Plan, and related documents (including the appendices thereto and exhibits to this

Disclosure Statement Order) before distributing Solicitation Packages to each creditor or other party in interest in accordance with the terms of this Disclosure Statement Order without further order of the Court, including, without limitation, changes to correct typographical, clerical, and grammatical errors, and to make conforming changes among the Disclosure Statement, the Plan, and related documents (including the appendices thereto).

### III.   Establishment of the Record Date and Solicitation and Confirmation Timeline

#### A.   Record Date

5.      **August 30, 2019 for all Claims filed before such date, or, for any Claims filed after such date, the Claims Bar Date,** shall be the record date (the "Record Date") for determining (i) the Holders of Claims that are entitled to vote to accept or reject the Plan and (ii) whether Claims have been properly transferred pursuant to Bankruptcy Rule 3001(e) such that the assignee thereof can vote as the Holder of such Claim.

6.      The proper Holder of a scheduled Claim shall be determined by reference to the Solicitation Agent's Claims register as may be modified by Notices of Transfer filed and reflected on the Court's official docket (ECF) on the Record Date.  Except as otherwise provided herein, Holders of Claims filed after, or assignees to whom Claims have purportedly been transferred subsequent to, the Record Date shall not be entitled to vote.

#### B.   Solicitation and Confirmation Timeline

7.      The following dates and deadlines are hereby established, subject to modification as needed, with respect to the solicitation of votes on, objecting to, and confirmation of the Plan:

    a.   **Record Date:  August 30, 2019** for all Claims filed before such date, or, for any Claims filed after such date, the Claims Bar Date;

    b.   **Solicitation Deadline:  September 23, 2019**, or within five (5) business days after entry of the Disclosure Statement Order;

c. **Deadline to Publish the Confirmation Hearing Notice:** On one occasion on or prior to **September 23, 2019**, the Debtors shall publish a notice substantially similar to the Confirmation Hearing Notice;

d. **Voting Resolution Event Deadline**: **October 9, 2019 at 4:00 p.m. prevailing Central Time** is the deadline by which a Voting Resolution Event must occur;

e. **Plan Supplement: October 11, 2019** is the date by which the Debtors shall file the Plan Supplement with the Court;

f. **Plan Objection Deadline:** **October 17, 2019 at 4:00 p.m. prevailing Central Time** is the deadline for filing an objection to confirmation of the Plan (unless otherwise agreed to by the Debtors, set forth in the Plan or Disclosure Statement, or ordered by the Court)[2];

g. **Voting Deadline**: **October 17, 2019 at 4:00 p.m. prevailing Central Time** is the deadline by which all Ballots must be *actually received* by the Solicitation Agent to be counted as a vote on the Plan;

h. **Voting Report**: **October 21, 2019 at 10:00 a.m. prevailing Central Time** is the date by which the Voting Report shall be filed with the Court;

i. **Reply Deadline**: **October 22, 2019 at 12:00 p.m. prevailing Central Time** is the deadline by which the Debtors or other parties supporting the Plan intend to file their reply to objections to confirmation of the Plan filed and served as set forth herein;

j. **Confirmation Brief Deadline**: **October 22, 2019 at 12:00 p.m. prevailing Central Time** is the deadline by which the Debtors or other parties supporting the Plan intend to file their brief in support of confirmation of the Plan filed and served as set forth herein; and

k. **Confirmation Hearing**: **October 23, 2019 at 10:00 a.m. prevailing Central Time** is the date and time the Confirmation Hearing is scheduled to begin before the Honorable Kathy A. Surratt-States, United States Bankruptcy Court for the Eastern District of Missouri, Eastern Division, Thomas F. Eagleton U.S. Courthouse, 111 S. 10th Street, 7th Floor – North Courtroom, St. Louis, MO 63102.

---

[2]      Any objection by a counterparty to an Executory Contract or Unexpired Lease to a proposed assumption or related Cure amount must be filed, served, and actually received by the Debtors no later than ten (10) days after service of the notice of proposed assumption and proposed Cure Claims.  Any such objection will be scheduled to be heard by the Bankruptcy Court at the Debtors' or Reorganized Debtors', as applicable, first scheduled omnibus hearing after which such objection is timely filed, which may be continued from time to time.

### IV.    Approval of Solicitation Procedures

#### A.    Duties of the Solicitation Agent

8.    The Solicitation Agent will assist the Debtors in, among other things, (i) mailing the Solicitation Packages, including the Confirmation Hearing Notice, (ii) receiving and tabulating Ballots, and (iii) responding to inquiries from creditors relating to the Solicitation and Voting Process, Ballots, and related matters.

#### B.    Form of Ballot

9.    The forms of Ballot, substantially in the forms attached collectively hereto as **Exhibit 2**, are approved.

#### C.    Approval of Solicitation Package Contents and Procedures for Distribution

10.    On or before **September 23, 2019**, or within five (5) days after entry of the Disclosure Statement Order (the "Solicitation Deadline"), the Solicitation Agent shall distribute the following solicitation materials, the forms of each of which are approved (collectively, the "Solicitation Package"), to Voting Creditors, Executory Contract and Unexpired Lease counterparties, and parties in interest as set forth herein by first-class, postage prepaid mail:

    a.    a printed copy of the Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit 3**;

    b.    if applicable, a printed copy of either:

        i.    a Ballot and voting instructions for the Voting Class in which the creditor is entitled to vote (with a pre-addressed, postage-prepaid return envelope); or

        ii.    in lieu of a Ballot, one of the following notices, as appropriate, based on the treatment under the Plan of any Claim or Interest held by the party to whom the notice is provided:

           •    **Notices of Non-Voting Status**:

              o    the Solicitation Packages sent to Holders of Claims in Classes 1 and 2 (which are unimpaired under, and

thus conclusively presumed to have accepted, the Plan) shall include a notice of unimpaired creditor status, substantially in the form attached hereto as **Exhibit 4-A** (the "Unimpaired Non-Voting Status Notice"); and

o   the Solicitation Packages sent to Holders of Class 7 Interests (which are deemed to reject and thus not entitled to vote on the Plan) shall include a notice of such non-voting status, substantially in the form attached hereto as **Exhibit 4-B** (the "Fully-Impaired Non-Voting Status Notice" and, collectively with the Unimpaired Non-Voting Status Notice, the "Notices of Non-Voting Status" and each a "Notice of Non-Voting Status");

•   **Disputed Claim Notice**:  the Solicitation Packages sent to Entities with Claims that have been objected to by the Debtors shall include a disputed claim notice, substantially in the form attached hereto as **Exhibit 4-C** (the "Disputed Claim Notice");

•   **Contract/Lease Party Notice**:  the Solicitation Packages sent to Executory Contract and Unexpired Lease counterparties shall include a contract/lease party notice, substantially in the form attached hereto as **Exhibit 5** (the "Contract/Lease Party Notice");

c.   a flash drive containing a copy of the Disclosure Statement and all exhibits thereto, including this Disclosure Statement Order (but excluding this Disclosure Statement Order's exhibits) and the Plan (sent only to Voting Creditors);

d.   a letter from the Debtors ("Cover Letter") explaining the solicitation process and urging Voting Creditors to vote to accept the Plan, in the form attached hereto as **Exhibit 6** (sent only to Voting Creditors);

e.   a letter from the Committee with a recommendation on how unsecured creditors should vote on the Plan (the "Committee Letter"), substantially in the form attached hereto as **Exhibit 7** (sent only to Voting Creditors)[3]; and

f.   such other materials as the Court may direct.

---

[3]   Printed copies of the Cover Letter from the Debtors and the Committee Letter shall only be included in the Solicitation Packages distributed to the Voting Creditors.

11.     The Debtors are not required to provide the holders of Intercompany Claims (Class 6) and Intercompany Interests (Class 8) with a Solicitation Package or any type of notice.

12.     On or before the Solicitation Deadline, the Debtors will also cause the appropriate Solicitation Packages to be served upon: (a) the Notice Parties; (b) all creditors holding scheduled Claims; and (c) all creditors that filed Proofs of Claim(s).

13.     Notwithstanding anything herein to the contrary, any party entitled to vote on the Plan that (a) has more than one Claim (whether against the same or multiple Debtors) in the same Voting Class based upon different transactions or (b) has scheduled, filed, or purchased duplicate Claims (whether against the same or multiple Debtors) or Claims against multiple Debtors arising from, based upon, or relating to the same transaction, shall be provided with one Solicitation Package and one Ballot identifying the applicable Claims consistent with the vote tabulation procedures set forth herein.

14.     The Debtors are authorized to distribute the Disclosure Statement (and all exhibits thereto, including the Plan and this Disclosure Statement Order) in a flash drive format.  For the avoidance of doubt, the Ballots, the Confirmation Hearing Notice, the Debtors' Cover Letter, and the Committee's Letter will ***only*** be provided in paper format.  Paper copies of the Disclosure Statement (and all exhibits thereto) shall be available upon request (at the Debtors' expense) to the Solicitation Agent by: (a) visiting the Debtors' restructuring website at https://cases.primeclerk.com/pss; (b) writing to Payless Ballot Processing, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165; and/or (c) calling the Debtors' restructuring hotline at 844-339-4268. The Plan and Disclosure Statement are also available free-of-charge on the Debtors' restructuring website at https://cases.primeclerk.com/pss.

9

**V.     Approval of Procedures for Voting on the Plan**

    **A.     Voting Deadline**

15.     All Ballots must be properly executed, completed, and returned so that they are

*actually received* no later than **4:00 p.m. prevailing Central Time on** __October 17, 2019__

(the "__Voting Deadline__") by the Solicitation Agent.

16.     The Debtors are authorized to extend the Voting Deadline in their sole discretion

based on sound business judgment and will include notice of any extension in the Voting Report

filed with the Court.

> **VOTES CAST ON ANY BALLOT (1) NOT RECEIVED BY THE VOTING DEADLINE OR (2)  RECEIVED BUT NOT DULY EXECUTED OR COMPLETED IN ACCORDANCE WITH THE REQUIREMENTS SET FORTH HEREIN SHALL __NOT__ BE COUNTED.**

    **B.     Voting and Tabulation Procedures**

17.     Absent a contrary order of the Court, the following hierarchy shall determine the

amount of the Claim associated with each vote transmitted on a properly-executed, timely-received

Ballot:

    (a)     the amount of the Claim settled and/or agreed upon by the Debtors, as reflected in a court pleading, stipulation, agreement or other document filed with the Court, in an order of the Court, or in a document executed by the Debtors pursuant to authority granted by the Court;

    (b)     the amount of the Claim determined through a Voting Resolution Event (defined below) in accordance with the resolution procedures set forth herein;

    (c)     the amount of the Claim listed in a timely-filed Proof of Claim as not contingent, not unliquidated, and not disputed (except for any amounts asserted on account of interest accrued after the Commencement Date), if such Claim is not subject to an objection filed in the Bankruptcy Court[4] on

---

[4]     If the Debtors file an objection to reduce and allow a Claim, the Claim shall vote in the reduced amount. If the Debtors file an objection to reclassify a Claim, the Claim shall be treated for solicitation and tabulation purposes as that reclassified Claim, which may include being moved out of one of the Voting Classes.

before September 30, 2019, *provided however*, that a timely filed Proof of Claim asserting a wholly contingent, wholly unliquidated, and/or wholly disputed amount (as determined by the Debtors) shall vote in the amount of $1.00;

(d)      the amount of the Claim listed in the Schedules as not contingent, not unliquidated, and not disputed as of the Record Date, *provided however* that a Claim listed in the Schedules as contingent, unliquidated, or disputed for which the bar date has not yet passed, including the Governmental Bar Date, shall vote in the amount of $1.00 (solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code); and

(e)      in the absence of any of the foregoing, $0.00.

18.    Absent a contrary order of the Court, the following procedures shall apply with respect to tabulating all votes:

a.    **Votes Not Counted**:  Votes that will not be counted or considered for any purpose include, without limitation, any vote purportedly transmitted on:

i.    any Ballot received by the Solicitation Agent after the Voting Deadline, unless the Debtors shall have granted in writing an extension of the Voting Deadline with respect to such Ballot;

ii.    any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim;

iii.    any Ballot cast by an entity that (A) does not hold a Claim in a Class that is entitled to vote on the Plan or (B) is not otherwise entitled to vote pursuant to the procedures described herein;

iv.    any Ballot sent to any party in these Chapter 11 Cases other than the Solicitation Agent;

v.    any unsigned Ballot or Ballot without an original signature; *provided*, *however*, that any Ballot submitted via the Solicitation Agent's online balloting portal shall be deemed to contain an original signature;

vi.    any Ballot that is received by the Solicitation Agent by facsimile or other means of electronic transmission (other than the Solicitation Agent's online balloting portal); or

vii.    any Ballot either (A) not marked to accept or reject the Plan or (B) marked both to accept and reject the Plan.

b.  **Rejected Ballots**:  Except as otherwise provided herein and subject to any contrary order of the Court, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtors shall be entitled to reject such Ballot as invalid and, therefore, decline to count it in connection with confirmation of the Plan.  The Debtors reserve the right to reject any Ballots not in proper form, the acceptance of which, in the Debtors' opinion, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules.

c.  **Multiple Ballots**:  If multiple Ballots are received from the same Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the latest received, properly-completed Ballot timely received shall count for voting purposes, subject to contrary order of the Court; *provided*, *however* that in instances where ambiguity exists with respect to which Ballot was the latest received, the Solicitation Agent is authorized to contact the respective claimant to determine such claimant's intent and calculate the vote according thereto.

d.  **Multiple Claims**:  Any party entitled to vote on the Plan that has more than one Claim in the same Voting Class at the same Debtor based upon different transactions shall be entitled to one vote on account of each such Claim for numerosity purposes in the aggregate dollar amount of such Claims (the Solicitation Agent shall keep track of any separate Ballots submitted by such claimants).

e.  **Duplicative Claims**:  Notwithstanding anything herein to the contrary, any Entity that has scheduled, filed, or purchased duplicative Claims (whether against the same or multiple Debtors) shall be entitled to vote only a single Claim for numerosity purposes in a dollar amount based upon one of the duplicative claims, regardless of whether the Debtors have objected to such duplicative Claims (and the Solicitation Agent shall keep track of any separate Ballots submitted by such claimants).

f.  **Voting Tabulation By Debtor**:  The Debtors will present the voting tabulation on a debtor-by-debtor basis.

g.  **No Vote-Splitting**:  For a given Claim, a Holder must vote the entire amount of that Claim either to accept or reject the Plan and may not split any such vote, and any Ballot that partially rejects and partially accepts the Plan with respect to a particular Claim will not be counted.

h.  **Defective Ballots**:  The Debtors, subject to contrary order of the Court, may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline, so long as:  (a) any waiver is documented in the Voting Report to be completed by the Solicitation Agent and filed with the Court; (b) neither the Debtors nor any of their representatives will be under any affirmative duty to provide notification of

such defects or irregularities other than as provided in the Voting Report, nor will they incur any liability for failure to provide such notification; and (c) unless waived by the Debtors or by order of the Court, any defects or irregularities associated with the delivery of Ballots must be cured prior to the Voting Deadline or else such Ballots will **_not_** be counted.

i. **No Class Votes**: Any Class of Claims against any individual Debtor that is not occupied as of the Confirmation Hearing by (a) an Allowed Claim, (b) a Claim that was temporarily allowed by a Voting Resolution Event, or (c) as to which no Ballot has been received shall be deemed eliminated from the Plan of such Debtor for purposes of voting on that Plan.

j. **<u>Lack of Good Faith Designation</u>**:  In the event a designation for lack of good faith is requested by a party in interest under section 1126(e) of the Bankruptcy Code, the Court will determine whether any vote cast on account of such Claim will be counted for purposes of determining if the Plan has been accepted or rejected by such Claim.

## C.    Certified Voting Report

19.    The Solicitation Agent shall file its voting certifications (the "<u>Voting Reports</u>") with the Court on or before **October 21, 2019 at 10:00 a.m. (prevailing Central Time)**. The requirement contained in Local Bankruptcy Rule 3018 that such Voting Reports be filed at least 72 hours prior to a confirmation hearing is hereby waived. The Debtors shall cause the Voting Reports to be served upon all parties entitled to notice under Bankruptcy Rule 2002(b) and posted on the website maintained by the Solicitation Agent as soon as such reports are filed.

## D.    Temporary Allowance of Claims Solely for Voting Purposes

20.    Holders of Claims that are not entitled to vote on the Plan as set forth herein (or who assert they should be able to vote an amount other than the amount indicated on the Ballot provided for such Claim), may vote on account of such Claim (and/or vote an amount other than the balloted amount, as applicable) if one of the following occurs (a "<u>Voting Resolution Event</u>") by the Voting Resolution Event Deadline:

(a) **Agreement Between the Parties**. A stipulation or other agreement is executed between the Holder of such Claim and the Debtors allowing the Holder of such Claim to vote such Claim in an agreed upon amount.

(b)     **Bankruptcy Rule 3018(a) Order**. A creditor files with the Court a motion pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018(a) Motion") on or before the Voting Resolution Event Deadline seeking temporary Allowance of its Claim for voting purposes in the amount other than set forth in the Schedules or in response to an objection filed by the Debtors that is sustained by the Court after notice and a hearing.

A Rule 3018(a) Motion must: (i) be made in writing, (ii) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules, (iii) set forth the name of the party asserting the Rule 3018(a) Motion, (iv) state with particularity the legal and factual bases for the Rule 3018(a) Motion, (v) be set for hearing at the Confirmation Hearing, and (vi) be served by personal service, overnight delivery, first class mail, or facsimile so as to be received by the Notice Parties (as defined herein) no later than the Rule 3018(a) Motion Deadline.

In the event that the Debtors and such party are unable to resolve any issues raised by the Rule 3018(a) Motion prior to the Voting Report Deadline, (a) the Debtors may object to the Rule 3018(a) Motion prior to the Confirmation Hearing; and (b) the Solicitation Agent shall tabulate the vote in the amount as directed by the Debtors and shall include in the Voting Report representations that such vote was subject to a Rule 3018(a) Motion and whether including such Ballot in the amount sought by the party in the Rule 3018(a) Motion would change the particular Voting Class's acceptance or rejection of the Plan. The Court then shall determine at the Confirmation Hearing whether the Ballot should be counted as a vote on the Plan and in what amount. Such a procedure will help to ensure an efficient tabulation of Ballots to be completed accurately by the Confirmation Hearing.

(c)     **Other Order of the Court**. The Court otherwise orders the allowance of such Claim for purposes of voting to accept or reject the Plan.

21.     Within two (2) business days of a Voting Resolution Event, the Solicitation Agent shall provide the respective claimant a Solicitation Package, including a Ballot. Such claimant must then return a duly-completed, properly-exercised Ballot to the Solicitation Agent on or before the Voting Deadline (unless the Debtors extend the deadline in their sole discretion to facilitate a reasonable opportunity for such creditor to vote upon the Plan).

## VI.    Establishing Confirmation Hearing Date, Notice, and Objection Procedures

### A.    Confirmation Hearing Date

22.    The Confirmation Hearing will be scheduled at **10:00 a.m. prevailing Central Time on <u>October 23, 2019</u>** before the Honorable Kathy A. Surratt-States, United States Bankruptcy Court for the Eastern District of Missouri, Eastern Division, Thomas F. Eagleton U.S. Courthouse, 111 S. 10th Street, 7th Floor – North Courtroom, St. Louis, MO 63102.

> THE CONFIRMATION HEARING MAY BE CONTINUED FROM TIME TO TIME
> BY THE COURT OR THE DEBTORS WITHOUT FURTHER NOTICE OTHER THAN
> BY ANNOUNCEMENT IN OPEN COURT OR BY NOTICE FILED WITH THE COURT.

### B.    Confirmation Hearing Notice

23.    The Confirmation Hearing Notice, substantially in the form attached hereto as **<u>Exhibit 3</u>**, is approved pursuant to Bankruptcy Rules 2002 and 3017(d).  The Debtors shall cause the Confirmation Hearing Notice to be served upon all known creditors, equity holders, and parties in interest in these Chapter 11 Cases by the Solicitation Deadline.

24.    On one occasion on or prior to **<u>September 23, 2019,</u>** the Debtors shall publish a notice substantially similar to the Confirmation Hearing Notice (modified for publication, if necessary) in the national edition of *The New York Times.*

### C.    Filing Objections to Confirmation of the Plan

25.    Any objection to Confirmation of the Plan must (a) be in writing, (b) conform to the Bankruptcy Rules, (c) set forth the name of the objector and the nature and amount of Claims or Interests held or asserted by the objector against the particular Debtor or Debtors, (d) state with particularity the basis for the objection and the specific grounds therefor, and (e) be filed with the Bankruptcy Court, together with proof of service thereof, and be served upon and actually received no later than **4:00 p.m. prevailing Central Time on <u>October 17, 2019</u>** (unless otherwise agreed

to by the Debtors, set forth in the Plan or Disclosure Statement, or ordered by the Court), by the

following parties:

| Debtors | Counsel to Debtors |
|---|---|
| Payless Holdings LLC<br>3231 SE 6th Avenue<br>Topeka, Kansas 66607<br>ATTN: Ramona Palmer-Eason, Group Counsel –<br>Global Employment and Litigation | Armstrong Teasdale LLP<br>7700 Forsyth Boulevard, Suite 1800<br>St. Louis, Missouri 63105<br>Attn:  Richard W. Engel, Jr., Erin M. Edelman, and<br>John G. Willard<br><br>Akin Gump Strauss Hauer & Feld LLP<br>One Bryant Park<br>New York, NY 10036<br>Attn: Ira Dizengoff, Meredith A. Lahaie, Kevin Zuzolo<br><br>Seward & Kissell LLP<br>One Battery Park Plaza<br>New York, NY 10004<br>Attn: John R. Ashmead, Robert J. Gayda, Catherine V. LoTempio |
| **Counsel to the Prepetition ABL Administrative Agent** | **Counsel to Certain Prepetition Term Loan Lenders** |
| Thompson Coburn LLP<br>One US Bank Plaza<br>St. Louis, MO 63101<br>Attn: Mark Bossi<br><br>Choate Hall & Stewart LLP<br>Two International Place<br>Boston, MA 02110<br>Attn: Kevin Simard, Doug Gooding and Jonathan Marshall | Doster, Ullom & Boyle, LLC<br>16090 Swingley Ridge Road, Suite 620<br>Chesterfield, Missouri 63017<br>Attn: Gregory D. Willard<br><br>Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York NY 10036<br>Attn: Stephen D. Zide<br><br>Stroock & Stroock & Lavan LLP<br>180 Maiden Lane<br>New York NY 10038-4982<br>Attn: Kristopher M. Hansen and Daniel A. Fliman<br><br>Lewis Rice LLC<br>600 Washington Avenue<br>Suite 2500<br>St. Louis, MO 63101<br>Attn: Sonette T. Magnus |
| **Counsel to the FILO Agent** | **Counsel to the Prepetition Term Loan Agent** |
| Greenberg Traurig, LLP<br>One International Place<br>Suite 2000<br>Boston, MA 02110<br>Attn: Jeffrey Wolf | Norton Rose Fulbright US LLP<br>190 Carondelet Plaza, Suite 1690<br>St. Louis, MO 63105<br>Attn: Timothy J. Walsh<br><br>Norton Rose Fulbright US LLP<br>1301 Avenue of the Americas |

| | New York, NY 10019 |
| | Attn: Stephen Castro and David Rosenzweig |
| **Counsel to the Committee** | **United States Trustee** |
| Polsinelli LLP<br>100 S. Fourth Street, Suite 1000<br>St. Louis, MO 63102<br>Attn: Matthew Layfield<br><br>Pachulski Stang Ziehl & Jones LLP<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Attn: Robert J. Feinstein and Bradford Sandler<br><br>Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067-4003<br>Attn: Jeffrey N. Pomerantz, Ira D. Kharasch, Shirley S. Cho | Office of the United States Trustee<br>for the Eastern District of Missouri<br>111 South 10th Street, Suite 6353<br>St. Louis, Missouri 63102<br>Attn: Paul A. Randolph and Carole Ryczek |
| **The Monitor** | **Counsel to the Monitor** |
| FTI Consulting Canada, Inc.<br>TD South Tower<br>79 Wellington Street West, Suite 2010<br>Toronto ON M5K 1G8 Canada<br>Attn: Paul Bishop, Greg Watson and Jim Robinson | Bennett Jones LLP<br>3400 One First Canadian Place<br>P.O. Box 130<br>Toronto ON M5X 1A4 Canada<br>Attn: Sean Zweig, Kevin Zych and Aiden Nelms |

**ANY OBJECTION TO CONFIRMATION OF THE PLAN
NOT FILED AND SERVED AS SET FORTH HEREIN MAY BE
DEEMED WAIVED AND NOT BE CONSIDERED BY THE COURT.**

26.     Based on the representations by the Debtors and interested parties on the record at the Hearing, the proposed notice to creditors for filing an objection to Confirmation of the Plan is sufficient under the circumstances, and the 28-day notice requirement contained in Bankruptcy Rule 2002 is hereby waived. Further, the requirement contained in Local Bankruptcy Rule 3020-A that objections to confirmation of a plan be filed at least seven (7) days prior to a confirmation hearing is hereby waived.

27.     Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

28.     Notwithstanding the requirement of Local Bankruptcy Rule 3018-C, the Debtors are required only to bring electronic images of the original Ballots returned to the Solicitation

Agent in a flash drive or similar format and make such electronic copies available to any party at the Confirmation Hearing.

29.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Disclosure Statement Order are immediately effective and enforceable upon its entry.

30.    Nothing in this Order shall alter or limit any authorization or relief contained in, or prevent Payless ShoeSource Canada Inc., Payless ShoeSource Canada GP Inc., or Payless ShoeSource Canada LP (the "Canadian Debtors") from taking any action authorized pursuant to an order issued by the Ontario Superior Court of Justice (Commercial List) (the "Canadian Court") in proceedings in respect of the Canadian Debtors pursuant to the Companies' Creditors Arrangement Act (Canada), and to the extent of any inconsistency between this Order and the terms of any order of the Canadian Court, the order of the Canadian Court shall govern with respect to the Canadian Debtors.

KATHY A. SURRATT-STATES
Chief U.S. Bankruptcy Judge

DATED:  September 18, 2019
St. Louis, Missouri
jjh

18

**Order Prepared By:**

Richard W. Engel, Jr., MO 34641
Erin M. Edelman, MO 67374
John G. Willard, MO 67049
**ARMSTRONG TEASDALE LLP**
7700 Forsyth Boulevard, Suite 1800
St. Louis, Missouri 63105
Telephone: (314) 621-5070
Facsimile:  (314) 621-2239
Email:  rengel@armstrongteasdale.com
Email:  eedelman@armstrongteasdale.com
Email:  jwillard@armstrongteasdale.com

Ira Dizengoff (admitted *pro hac vice*)
Meredith A. Lahaie (admitted *pro hac vice*)
Kevin Zuzolo (admitted *pro hac vice*)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email:  idizengoff@akingump.com
Email:  mlahaie@akingump.com
Email:  kzuzolo@akingump.com

Julie Thompson (admitted *pro hac vice*)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2001 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
Email:  julie.thompson@akingump.com

David Staber (admitted *pro hac vice*)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2300 N. Field Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
Email: dstaber@akingump.com

*Counsel to the Debtors and Debtors in Possession*

-and-

19

John R. Ashmead (admitted *pro hac vice*)
Robert J. Gayda (admitted *pro hac vice*)
Catherine V. LoTempio (admitted *pro hac vice*)
**SEWARD & KISSEL LLP**
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 574-1200
Facsimile: (212) 480-8421
Email:  ashmead@sewkis.com
Email:  gayda@sewkis.com
Email:  lotempio@sewkis.com

*Counsel to the Debtors and Debtors in Possession, acting at the direction of the Special Committee*

**<u>Exhibit 1</u>**

**Disclosure Statement Hearing Notice**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Case No. 19-40883-659 |
| | ) Chapter 11 |
| Payless Holdings LLC, *et al.*, | ) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) **Objection Deadline**: September 9, 2019 at 12:00 |
| | ) p.m. (prevailing Central Time) |
| | ) **Hearing Date**: September 11, 2019 |
| | ) **Hearing Time**: 10:00 a.m. (prevailing Central Time) |
| | ) **Hearing Location**: Courtroom 7 North |

**NOTICE OF FILING CHAPTER 11 DISCLOSURE STATEMENT AND HEARING THEREON**

**PLEASE TAKE NOTICE** that on <u>**August 12, 2019**</u> Payless Holdings LLC and certain of its affiliates, as debtors and debtors in possession (collectively, the "<u>Debtors</u>"), filed the *Disclosure Statement for Joint Plan of Reorganization of Payless Holdings LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1460] (as may be amended, supplemented, or modified, the "<u>Disclosure Statement</u>") with the United States Bankruptcy Court for the Eastern District of Missouri (the "<u>Court</u>"). The Debtors are submitting their Disclosure Statement pursuant to section 1125 of the Bankruptcy Code for use in the solicitation of votes to accept their chapter 11 plan (as may be amended, supplemented, or modified, the "<u>Plan</u>"), a copy of which is attached to the Disclosure Statement as <u>**Exhibit A**</u> and was filed with the Court. Capitalized terms used but not defined in this notice have the meanings ascribed to them in the Disclosure Statement or Plan, as applicable. These documents may be inspected during usual business hours at the offices of the Clerk of the Bankruptcy Court and are available electronically through PACER (http://pacer.moeb.uscourts.gov) or the Solicitation Agent's website (https://cases.primeclerk.com/pss). Copies may also be requested in writing and obtained without charge from the attorneys for the Debtors, whose names, addresses and telephone numbers are printed below. A copy of such request shall also be filed with the Court.

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider approval of the Disclosure Statement will be held on **September 11, 2019 at 10:00 a.m. (prevailing Central Time)** in the United States Bankruptcy Court, Courtroom 7 North, Thomas F. Eagleton United States Courthouse, 111 South Tenth Street, St. Louis, Missouri. You are welcome, but not required, to attend this hearing.

Any objection to the Disclosure Statement must be filed with the Court and served on the Debtors and all entities described in Rule 3017-C of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the Eastern District of Missouri (the "<u>Local Bankruptcy Rules</u>"). Objections must be filed on or before **September 9, 2019 at 12:00 p.m. (prevailing Central Time)**.[1]

The objection shall identify those portions of the Disclosure Statement which the objecting party asserts are incomplete, misleading, erroneous, or are otherwise the basis for the objection and shall state in detail, the information sought to be added or deleted from the Disclosure Statement. Where appropriate, the objector shall propose acceptable language which the objector requests to be included in the Disclosure Statement.

---

[1] The Debtors have requested that the Court waive the Local Bankruptcy Rule 3017-C requirement that objections to disclosure statements be filed no later than seven (7) days prior to a hearing.

**THE DISCLOSURE STATEMENT IS SUBJECT TO CHANGE. IT HAS NOT BEEN APPROVED BY THE BANKRUPTCY COURT UNDER SECTION 1125 OF THE BANKRUPTCY CODE. THE DEBTORS ARE NOT SOLICITING VOTES TO ACCEPT OR REJECT THE PLAN AT THIS TIME.**

Dated:  August 12, 2019
        St. Louis, Missouri

/s/ _____

Richard W. Engel, Jr. MO 34641
Erin M. Edelman MO 67374
John G. Willard MO 67049
**ARMSTRONG TEASDALE LLP**
7700 Forsyth Boulevard, Suite 1800
St. Louis, MO 63105
Telephone: (314) 621-5070
Facsimile: (314) 612-2239
rengel@armstrongteasdale.com
eedelman@armstrongteasdale.com
jwillard@armstrongteasdale.com

-and-

Ira Dizengoff (*admitted pro hac vice*)
Meredith A. Lahaie (*admitted pro hac vice*)
Kevin Zuzolo (*admitted pro hac vice*)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
mlahaie@akingump.com
kzuzolo@akingump.com

- and -

Julie Thompson (*admitted pro hac vice*)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2001 K. Street N.W.
Washington, D.C. 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
julie.thompson@akingump.com

-and-

David Staber (admitted *pro hac vice*)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2300 N. Field Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
dstaber@akingump.com

*Counsel to the Debtors and Debtors in Possession*

-and-

John R. Ashmead (admitted *pro hac vice*)
Robert J. Gayda (admitted *pro hac vice*)
Catherine V. LoTempio (admitted *pro hac vice*)
**SEWARD & KISSEL LLP**
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 574-1200
Facsimile: (212) 480-8421
ashmead@sewkis.com
gayda@sewkis.com
lotempio@sewkis.com


*Counsel to the Debtors and Debtors in Possession, acting at the
direction of the Special Committee*

## **Exhibit 2**

**Form Ballot**

**Class 3**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Payless Holdings LLC, *et al.*, | ) | Case No. 19-40883-659 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**BALLOT FOR VOTING TO ACCEPT OR REJECT SECOND AMENDED JOINT PLAN OF
REORGANIZATION OF PAYLESS HOLDINGS LLC AND ITS DEBTOR AFFILIATES PURSUANT
TO CHAPTER 11 OF THE BANKRUPTCY CODE**

---

**BALLOT FOR HOLDERS OF CLASS 3 CLAIMS**

---

> **Please read and follow the enclosed instructions
> for completing Ballots carefully before completing this Ballot.**
>
> **In order for your vote to be counted, this Ballot must be completed, executed,
> and returned so as to be actually received by the Solicitation Agent by <u>October 17, 2019</u>
> <u>at 4:00 p.m.</u> prevailing Central Time (the "<u>Voting Deadline</u>") in accordance with the following:**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), are soliciting votes with respect to the *Second Amended Joint Plan of Reorganization of Payless Holdings LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, supplemented, or modified, the "<u>Plan</u>") as set forth in the *Disclosure Statement for Second Amended Joint Plan of Reorganization of Payless Holdings LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "<u>Disclosure Statement</u>"). The Bankruptcy Court for the Eastern District of Missouri (the "<u>Bankruptcy Court</u>") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on September 18, 2019 (the "<u>Disclosure Statement Order</u>"). Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court. Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Plan.

You are receiving this ballot (the "<u>Ballot</u>") because you are a Holder of a Class 3 Claim as of as of the Record Date. Accordingly, you have a right to vote to accept or reject the Plan. You can cast your vote through this Ballot. An overview of the Plan and your rights are described in the Disclosure Statement, which is included in the package you are receiving with this Ballot (including the Plan, Disclosure Statement Order, and certain other materials, the "<u>Solicitation Package</u>"). If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them from (a) Prime Clerk LLC (the "<u>Solicitation Agent</u>") at no charge by: (a) visiting the Debtors' restructuring website at https://cases.primeclerk.com/pss; (b) writing to Payless Ballot Processing, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165; and/or (c) calling the Debtors' restructuring hotline at 844-339-4268. The Plan and Disclosure Statement are also available free-of-charge on the Debtors' restructuring website at https://cases.primeclerk.com/pss or for a fee via PACER at http://www.moeb.uscourts.gov.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Solicitation Agent **immediately** at the contact information set forth above.

You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim.  Your Claim has been placed in Class 3 under the Plan.  This Ballot also casts your vote under Class 5A and 5B for your Tranche A-1 Term Loan Deficiency Claim.  If you hold Claims in any additional Class, you will receive a ballot for such Class in which you are entitled to vote.

**Item 1**.  **Amount of Claim.**

The undersigned hereby certifies that as of the Record Date, the undersigned was the Holder of the Class 3 Claim in the following aggregate amount (insert amount in box below):

| |
|---|
| Class: _____ |
| Debtor:_____ |
| Voting Amount: $ _____ |

**Item 2**.  **Vote on Plan.**

The Holder of the Class 3 Claim and Classes 5A and 5B for your Tranche A-1 Term Loan Deficiency Claim against the Debtors set forth in Item 1 votes to (please check <u>one</u>):

| ☐  **ACCEPT** (vote FOR) the Plan | ☐  **REJECT** (vote AGAINST) the Plan |
|---|---|

**Item 3**.  **Important Information Regarding the Third-Party Release.**

**<u>Article IX.F of the Plan contains the following Third-Party Release</u>:**

**Except as otherwise specifically provided in the Plan, for good and valuable consideration, including the service of the Released Parties in facilitating the expeditious reorganization of the Debtors and the implementation of the restructuring contemplated by the Plan, effective as of the Effective Date, the Releasing Parties (regardless of whether a Releasing Party is a Released Party) shall be deemed to forever release, waive, and discharge the Released Parties of any and all claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims asserted on behalf of a Debtor, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or fixed, existing or hereafter arising, in law, at equity, or otherwise, whether for tort, contract, violations of federal or state securities laws or otherwise, including, without limitation, those that any of the Debtors, the Reorganized Debtors, the Estates, or their Affiliates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Equity Interest, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Estates, the conduct of the Debtors' businesses, the Chapter 11 Cases, the Canadian Proceedings, the purchase, sale, or rescission or the purchase or sale of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Equity Interest that is treated in the Plan, the business or contractual arrangements between any of the Debtors and any Released Party, the restructuring of Claims and Equity Interests prior to or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan, the Disclosure Statement, or related agreements, instruments, or other documents, or upon any other act or omission, transaction, or occurrence relating to the foregoing taking place on or before the Effective Date of the Plan.**

Notwithstanding anything contained herein to the contrary, the foregoing release does not release any post-Effective Date obligations of any party under the Plan or any document, instrument, or agreement executed to implement the Plan.

For the avoidance of doubt, and notwithstanding anything to the contrary herein, the Third-Party Release includes a release of the Released Parties of any claim or Cause of Action. The consideration provided by the Released Parties are in settlement of any and all potential claims, Causes of Action, or liabilities against any of the Released Parties arising out of or relating to any act or omission, transaction, or occurrence relating to the Debtors or the Estates taking place on or before the Effective Date of the Plan.

The parties acknowledge that the compromise and release of direct and estate causes of action against the Released Parties under the Plan results in the distributions available to unsecured creditors.

Any claims or causes of action to avoid a transfer of property or an obligation incurred by the Debtors arising under chapter 5 of the Bankruptcy Code, including sections 544, 545, 547, 548, 549, 551, and 553(b) of the Bankruptcy Code, shall be retained by the Reorganized Debtors except to the extent expressly released under the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained herein, *and further*, shall constitute the Bankruptcy Court's finding that the Third-Party Release is: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the claims released by the Releasing Parties; (3) in the best interests of the Debtors and all Holders of Claims and Equity Interests; (4) fair, equitable and reasonable; (5) given and made after notice and opportunity for hearing; and (6) a bar to any of the Releasing Parties asserting any Claim released by the Third-Party Release against any of the Released Parties.

*        *        *        *        *

UNDER THE PLAN, "RELEASING PARTY" MEANS, COLLECTIVELY, (A) THE DEBTORS, (B) THE LENDER PLAN SUPPORT PARTIES, (C) THE DIP LENDERS, (D) THE DIP FACILITY AGENT, (E) THE PREPETITION TERM LOAN LENDERS, (F) THE PREPETITION TERM LOAN AGENT, (G) THE PREPETITION ABL CREDIT FACILITY LENDERS AND WELLS FARGO, (H) ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS THAT ARE DEEMED UNIMPAIRED AND PRESUMED TO ACCEPT THE PLAN, (I) ALL HOLDERS OF CLAIMS WHO EITHER (1) VOTE TO ACCEPT THE PLAN OR (2) RECEIVE A BALLOT PROVIDING THEM THE RIGHT TO OPT OUT OF ANY APPLICABLE RELEASES BUT ABSTAIN FROM VOTING ON THE PLAN OR OTHERWISE DO NOT ELECT PURSUANT TO SUCH BALLOT TO OPT OUT OF THE THIRD-PARTY RELEASE, (J) ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS WHO ARE NOT ENTITLED TO VOTE ON THE PLAN BUT RECEIVE A NOTICE ADVISING THEM OF THEIR ABILITY TO OPT OUT OF THE THIRD-PARTY RELEASE BUT WHO DO NOT ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE, (K) ALL OTHER HOLDERS OF CLAIMS AND EQUITY INTERESTS TO THE MAXIMUM EXTENT PERMITTED BY LAW, AND (L) WITH RESPECT TO THE DEBTORS, THE REORGANIZED DEBTORS, AND EACH OF THE ENTITIES IN CLAUSES (A) THROUGH (K), EACH SUCH ENTITY'S CURRENT AND FORMER AFFILIATES, AND EACH SUCH ENTITY'S AND THEIR CURRENT AND FORMER AFFILIATES' CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, PRINCIPALS, MEMBERS, EMPLOYEES, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, ASSIGNS, SUBSIDIARIES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS.

AS A "RELEASING PARTY" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE IX.F OF THE PLAN, AS SET FORTH ABOVE.

3

**Item 4**.  **Certifications.**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors:

    (a)   that, as of the Record Date, the undersigned is either:  (i)  the Holder of the Class 3 Claim being voted on this Ballot; or (ii) an authorized signatory for an Entity that is a Holder of the Class 3 Claim being voted on this Ballot;

    (b)   that the undersigned (or in the case of an authorized signatory, the Holder) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

    (c)   that the undersigned has cast the same vote with respect to all its Claims in a single Class; and

    (d)   that no other Ballots with respect to the Claims identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Claims, then any such earlier received Ballots are hereby revoked.

| | |
|---|---|
| Name of Holder: | |
| | *(Print or Type)* |
| Signature: | |
| Name of Signatory: | |
| | *(If other than Holder)* |
| Title: | |
| Address: | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |

**Please complete, sign, and date this Ballot and return it (with an original signature)
promptly in the envelope provided or via first class mail, overnight courier, or hand-delivery to:**

**Payless Ballot Processing
c/o Prime Clerk LLC
One Grand Central Place
60 East 42nd Street
Suite 1440
New York, NY 10165**

**Alternatively, to submit your Ballot** via the Solicitation Agent's online balloting portal, visit **https://cases.primeclerk.com/pss.** Click on the "Submit E-Ballot" section of the website and follow the instructions to submit your Ballot.

**IMPORTANT NOTE:** You will need the following information to retrieve and submit your customized electronic Ballot:

Unique E-Ballot ID#:_____

The Solicitation Agent's online balloting portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.

Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable. Creditors who cast a Ballot using the Solicitation Agent's online balloting portal should NOT also submit a paper Ballot.

---

If the Solicitation Agent does not actually receive this Ballot on or before <u>October 17, 2019</u> at 4:00 p.m. prevailing Central Time (and if the Voting Deadline is not extended), your vote transmitted by this Ballot may be counted toward Confirmation of the Plan only in the sole and absolute discretion of the Debtors.

---

## <u>INSTRUCTIONS FOR COMPLETING THIS BALLOT</u>

1. The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as **<u>Exhibit A</u>** to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions (the "<u>Ballot Instructions</u>") but not otherwise defined therein or herein shall have the meaning ascribed to them in the Plan, a copy of which was included in the Solicitation Package. **Please read the Plan and Disclosure Statement carefully before completing this Ballot.**

2. The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one Class of creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3. To ensure that your Ballot is counted, you **must** complete and submit this hard copy Ballot or submit a ballot using the online balloting portal, each as described herein. **Ballots will not be accepted by facsimile or any other electronic means (other than the online balloting portal).**

4. **<u>Use of Hard Copy Ballot</u>**. To ensure that your hard copy Ballot is counted, you must: (a) complete your Ballot in accordance with these instructions; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot; and (c) clearly sign and return your original Ballot in the enclosed pre-addressed envelope or via first class mail, overnight courier, or hand delivery to Payless Ballot Processing, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165 in accordance with paragraph 6 below.

5. **<u>Use of Online Balloting Portal</u>**. To ensure that your electronic Ballot is counted, please follow the instructions of the Debtors' case administration website at <u>https://cases.primeclerk.com/pss</u> click "Submit E-Ballot" link). You will need to enter your unique E-Ballot identification number indicated above. The online balloting portal is the sole manner in which Ballots will be accepted via electronic or online transmission. **Ballots will not be accepted by facsimile or electronic means (other than the online balloting portal).**

6. Whether you elect to use the hard copy Ballot or the online balloting portal, your Ballot **must** be returned to the Solicitation Agent so as to be **actually received** by the Solicitation Agent on or before the Voting Deadline. The Voting Deadline is **<u>October 17, 2019</u> at 4:00 p.m. prevailing Central Time**.

7. If a Ballot is received after the Voting Deadline and if the Voting Deadline is not extended, it may be counted only in the sole and absolute discretion of the Debtors. Additionally, **the following Ballots will <u>not</u> be counted**:
   (a) any Ballot that partially rejects and partially accepts the Plan;
   (b) any Ballot sent to the Debtors, the Debtors' agents (other than the Solicitation Agent), any indenture trustee, the Debtors' financial or legal advisors, or any party other than the Solicitation Agent;
   (c) any Ballot sent by facsimile or any electronic means other than via the online balloting portal;
   (d) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim;
   (e) any Ballot cast by an Entity that does not hold a Claim in the Class indicated in Item 1 of the Ballot;
   (f) any Ballot submitted by a Holder not entitled to vote pursuant to the Plan;
   (g) any unsigned Ballot;
   (h) any non-original Ballot (excluding those Ballots submitted via the online balloting portal); and/or
   (i) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan.

8. The method of delivery of a Ballot to the Solicitation Agent is at the election and risk of each Holder of a Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Solicitation Agent **actually receives** the originally executed Ballot. In all cases, Holders should allow sufficient time to assure timely delivery.

9.  If multiple Ballots are received from the same Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the latest, timely received, and properly completed Ballot will supersede and revoke any earlier received Ballots.

10. For a given Claim, you must vote the entire amount of that Claim either to accept or reject the Plan and may not split your vote, and any Ballot that partially rejects and partially accepts the Plan with respect to a particular Claim will not be counted.

11. This Ballot does **not** constitute, and shall not be deemed to be:  (a) a Proof of Claim or (b) an assertion or admission of a Claim.

12. **Please be sure to sign and date your Ballot**.

13. If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot coded for each different Class.  Each Ballot votes **only** those Claims indicated on that Ballot, so please complete and return each Ballot that you received.

**Please return your Ballot promptly**.

**If you have any questions regarding this Ballot, the solicitation and voting process, or these Ballot Instructions, please call the restructuring hotline at 844-339-4268 or email pssballots@primeclerk.com.**

---

**If the Solicitation Agent does not _actually_ _receive_ this Ballot on or before the Voting Deadline, which is _October 17, 2019_ at 4:00 p.m. prevailing Central Time, (and if the Voting Deadline is not extended,) your vote transmitted hereby may be counted only in the sole and absolute discretion of the Debtors.**

---

**Class 4 Ballot**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Payless Holdings LLC, *et al.,* | ) | Case No. 19-40883-659 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**BALLOT FOR VOTING TO ACCEPT OR REJECT SECOND AMENDED JOINT PLAN OF
REORGANIZATION OF PAYLESS HOLDINGS LLC AND ITS DEBTOR AFFILIATES PURSUANT
TO CHAPTER 11 OF THE BANKRUPTCY CODE**

---

**BALLOT FOR HOLDERS OF CLASS 4 CLAIMS**

---

**Please read and follow the enclosed instructions
for completing Ballots carefully before completing this Ballot.**

**In order for your vote to be counted, this Ballot must be completed, executed,
and returned so as to be actually received by the Solicitation Agent by <u>October 17, 2019</u>
<u>at 4:00 p.m.</u> prevailing Central Time (the "<u>Voting Deadline</u>") in accordance with the following:**

---

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), are soliciting votes with respect to the *Second Amended Joint Plan of Reorganization of Payless Holdings LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, supplemented, or modified, the "<u>Plan</u>") as set forth in the *Disclosure Statement for Second Amended Joint Plan of Reorganization of Payless Holdings LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "<u>Disclosure Statement</u>").  The Bankruptcy Court for the Eastern District of Missouri (the "<u>Bankruptcy Court</u>") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on September 18, 2019 (the "<u>Disclosure Statement Order</u>").  Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.  Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Plan.

You are receiving this ballot (the "<u>Ballot</u>") because you are a Holder of a Class 4 Claim as of as of the Record Date.  Accordingly, you have a right to vote to accept or reject the Plan. You can cast your vote through this Ballot.
An overview of the Plan and your rights are described in the Disclosure Statement, which is included in the package you are receiving with this Ballot (including the Plan, Disclosure Statement Order, and certain other materials, the "<u>Solicitation Package</u>").  If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them from (a) Prime Clerk LLC (the "<u>Solicitation Agent</u>") at no charge by: (a) visiting the Debtors' restructuring website at https://cases.primeclerk.com/pss; (b) writing to Payless Ballot Processing, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165; and/or (c) calling the Debtors' restructuring hotline at 844-339-4268. The Plan and Disclosure Statement are also available free-of-charge on the Debtors' restructuring website at https://cases.primeclerk.com/pss or for a fee via PACER at http://www.moeb.uscourts.gov.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan.  If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Solicitation Agent **immediately** at the contact information set forth above.

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. Your Claim has been placed in Class 4 under the Plan. This Ballot also casts your vote under Class 5A and 5B for your Tranche A-2 Term Loan Deficiency Claim. If you hold Claims in any additional Class, you will receive a ballot for such Class in which you are entitled to vote.

**Item 1. Amount of Claim.**

The undersigned hereby certifies that as of the Record Date, the undersigned was the Holder of the Class 4 Claim in the following aggregate amount (insert amount in box below):

> Class: _____
>
> Debtor: _____
>
> Voting Amount: $ _____

**Item 2. Vote on Plan.**

The Holder of the Class 4 Claim and Classes 5A and 5B for your Tranche A-2 Term Loan Deficiency Claim against the Debtors set forth in Item 1 votes to (please check <u>one</u>):

| ☐ **ACCEPT** (vote FOR) the Plan | ☐ **REJECT** (vote AGAINST) the Plan |
|---|---|

**Item 3. Cash Election.**

Pursuant to and subject to the provisions of the Plan, a Holder of a Class 4 Claim that is allowed may elect to receive Cash in the amount of 10% of the principal amount of the Tranche A-1 Term Loan Claim. By checking the box below, such Holder elects to exercise the Cash Election and to receive the treatment set forth in Article III.B.4 of the Plan.

| ☐ **ELECTS** to exercise the Cash Election. |
|---|

**Item 4. Important Information Regarding the Third-Party Release.**

**<u>Article IX.F of the Plan contains the following Third-Party Release</u>:**

**Except as otherwise specifically provided in the Plan, for good and valuable consideration, including the service of the Released Parties in facilitating the expeditious reorganization of the Debtors and the implementation of the restructuring contemplated by the Plan, effective as of the Effective Date, the Releasing Parties (regardless of whether a Releasing Party is a Released Party) shall be deemed to forever release, waive, and discharge the Released Parties of any and all claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims asserted on behalf of a Debtor, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or fixed, existing or hereafter arising, in law, at equity, or otherwise, whether for tort, contract, violations of federal or state securities laws or otherwise, including, without limitation, those that any of the Debtors, the Reorganized Debtors, the Estates, or their Affiliates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Equity Interest, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Estates, the conduct of the Debtors' businesses, the**

2

Chapter 11 Cases, the Canadian Proceedings, the purchase, sale, or rescission or the purchase or sale of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Equity Interest that is treated in the Plan, the business or contractual arrangements between any of the Debtors and any Released Party, the restructuring of Claims and Equity Interests prior to or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan, the Disclosure Statement, or related agreements, instruments, or other documents, or upon any other act or omission, transaction, or occurrence relating to the foregoing taking place on or before the Effective Date of the Plan.

Notwithstanding anything contained herein to the contrary, the foregoing release does not release any post-Effective Date obligations of any party under the Plan or any document, instrument, or agreement executed to implement the Plan.

For the avoidance of doubt, and notwithstanding anything to the contrary herein, the Third-Party Release includes a release of the Released Parties of any claim or Cause of Action.  The consideration provided by the Released Parties are in settlement of any and all potential claims, Causes of Action, or liabilities against any of the Released Parties arising out of or relating to any act or omission, transaction, or occurrence relating to the Debtors or the Estates taking place on or before the Effective Date of the Plan.

The parties acknowledge that the compromise and release of direct and estate causes of action against the Released Parties under the Plan results in the distributions available to unsecured creditors.

Any claims or causes of action to avoid a transfer of property or an obligation incurred by the Debtors arising under chapter 5 of the Bankruptcy Code, including sections 544, 545, 547, 548, 549, 551, and 553(b) of the Bankruptcy Code, shall be retained by the Reorganized Debtors except to the extent expressly released under the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained herein, *and further*, shall constitute the Bankruptcy Court's finding that the Third-Party Release is:  (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the claims released by the Releasing Parties; (3) in the best interests of the Debtors and all Holders of Claims and Equity Interests; (4) fair, equitable and reasonable; (5) given and made after notice and opportunity for hearing; and (6) a bar to any of the Releasing Parties asserting any Claim released by the Third-Party Release against any of the Released Parties.

*        *        *        *        *

UNDER THE PLAN, "RELEASING PARTY" MEANS, COLLECTIVELY, (A) THE DEBTORS, (B) THE LENDER PLAN SUPPORT PARTIES, (C) THE DIP LENDERS, (D) THE DIP FACILITY AGENT, (E) THE PREPETITION TERM LOAN LENDERS, (F) THE PREPETITION TERM LOAN AGENT, (G) THE PREPETITION ABL CREDIT FACILITY LENDERS AND WELLS FARGO, (H) ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS THAT ARE DEEMED UNIMPAIRED AND PRESUMED TO ACCEPT THE PLAN, (I) ALL HOLDERS OF CLAIMS WHO EITHER (1) VOTE TO ACCEPT THE PLAN OR (2) RECEIVE A BALLOT PROVIDING THEM THE RIGHT TO OPT OUT OF ANY APPLICABLE RELEASES BUT ABSTAIN FROM VOTING ON THE PLAN OR OTHERWISE DO NOT ELECT PURSUANT TO SUCH BALLOT TO OPT OUT OF THE THIRD-PARTY RELEASE, (J) ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS WHO ARE NOT ENTITLED TO VOTE ON THE PLAN BUT RECEIVE A NOTICE ADVISING THEM OF THEIR ABILITY TO OPT OUT OF THE THIRD-PARTY RELEASE BUT WHO DO NOT ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE, (K) ALL OTHER HOLDERS OF CLAIMS AND EQUITY INTERESTS TO THE MAXIMUM EXTENT PERMITTED BY LAW, AND (L) WITH RESPECT TO THE DEBTORS, THE REORGANIZED DEBTORS, AND EACH OF THE ENTITIES IN CLAUSES (A) THROUGH (K), EACH SUCH ENTITY'S CURRENT AND FORMER AFFILIATES, AND EACH SUCH ENTITY'S AND THEIR CURRENT AND FORMER AFFILIATES' CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, PRINCIPALS, MEMBERS, EMPLOYEES, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, ASSIGNS, SUBSIDIARIES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS,

3

ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS.

AS A "RELEASING PARTY" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE IX.F OF THE PLAN, AS SET FORTH ABOVE.

**Item 5.  Certifications.**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors:

(e)  that, as of the Record Date, the undersigned is either:  (i)  the Holder of the Class 4 Claim being voted on this Ballot; or (ii) an authorized signatory for an Entity that is a Holder of the Class 4 Claim being voted on this Ballot;

(f)  that the undersigned (or in the case of an authorized signatory, the Holder) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(g)  that the undersigned has cast the same vote with respect to all its Claims in a single Class; and

(h)  that no other Ballots with respect to the Claims identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Claims, then any such earlier received Ballots are hereby revoked.

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| | (If other than Holder) |
| Title: | |
| Address: | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |

**Please complete, sign, and date this Ballot and return it (with an original signature)
promptly in the envelope provided or via first class mail, overnight courier, or hand-delivery to:**

**Payless Ballot Processing
c/o Prime Clerk LLC
One Grand Central Place
60 East 42nd Street
Suite 1440
New York, NY 10165**

4

**Alternatively, to submit your Ballot** via the Solicitation Agent's online balloting portal, visit **https://cases.primeclerk.com/pss.**  Click on the "Submit E-Ballot" section of the website and follow the instructions to submit your Ballot.

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized electronic Ballot:**

Unique E-Ballot ID#:_____

**The Solicitation Agent's online balloting portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable. Creditors who cast a Ballot using the Solicitation Agent's online balloting portal should NOT also submit a paper Ballot.**

---

**If the Solicitation Agent does not actually receive this Ballot on or before <u>October 17, 2019</u> at 4:00 p.m. prevailing Central Time (and if the Voting Deadline is not extended), your vote transmitted by this Ballot may be counted toward Confirmation of the Plan only in the sole and absolute discretion of the Debtors.**

---

## <u>INSTRUCTIONS FOR COMPLETING THIS BALLOT</u>

14. The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as **<u>Exhibit A</u>** to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions (the "<u>Ballot Instructions</u>") but not otherwise defined therein or herein shall have the meaning ascribed to them in the Plan, a copy of which was included in the Solicitation Package. **Please read the Plan and Disclosure Statement carefully before completing this Ballot.**

15. The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one Class of creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

16. To ensure that your Ballot is counted, you **must** complete and submit this hard copy Ballot or submit a ballot using the online balloting portal, each as described herein. **Ballots will not be accepted by facsimile or any other electronic means (other than the online balloting portal).**

17. **<u>Use of Hard Copy Ballot</u>**. To ensure that your hard copy Ballot is counted, you must: (a) complete your Ballot in accordance with these instructions; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot; and (c) clearly sign and return your original Ballot in the enclosed pre-addressed envelope or via first class mail, overnight courier, or hand delivery to Payless Ballot Processing, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165 in accordance with paragraph 6 below.

18. **<u>Use of Online Balloting Portal</u>**. To ensure that your electronic Ballot is counted, please follow the instructions of the Debtors' case administration website at <u>https://cases.primeclerk.com/pss</u> click "Submit E-Ballot" link). You will need to enter your unique E-Ballot identification number indicated above. The online balloting portal is the sole manner in which Ballots will be accepted via electronic or online transmission. **Ballots will not be accepted by facsimile or electronic means (other than the online balloting portal).**

19. Whether you elect to use the hard copy Ballot or the online balloting portal, your Ballot **must** be returned to the Solicitation Agent so as to be **actually received** by the Solicitation Agent on or before the Voting Deadline. The Voting Deadline is **<u>October 17, 2019</u> at 4:00 p.m. prevailing Central Time**.

20. If a Ballot is received after the Voting Deadline and if the Voting Deadline is not extended, it may be counted only in the sole and absolute discretion of the Debtors. Additionally, **the following Ballots will <u>not</u> be counted**:
    (j) any Ballot that partially rejects and partially accepts the Plan;
    (k) any Ballot sent to the Debtors, the Debtors' agents (other than the Solicitation Agent), any indenture trustee, the Debtors' financial or legal advisors, or any party other than the Solicitation Agent;
    (l) any Ballot sent by facsimile or any electronic means other than via the online balloting portal;
    (m) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim;
    (n) any Ballot cast by an Entity that does not hold a Claim in the Class indicated in Item 1 of the Ballot;
    (o) any Ballot submitted by a Holder not entitled to vote pursuant to the Plan;
    (p) any unsigned Ballot;
    (q) any non-original Ballot (excluding those Ballots submitted via the online balloting portal); and/or
    (r) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan.

21. The method of delivery of a Ballot to the Solicitation Agent is at the election and risk of each Holder of a Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Solicitation Agent **<u>actually</u> receives** the originally executed Ballot. In all cases, Holders should allow sufficient time to assure timely delivery.

22. If multiple Ballots are received from the same Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the latest, timely received, and properly completed Ballot will supersede and revoke any earlier received Ballots.

23. For a given Claim, you must vote the entire amount of that Claim either to accept or reject the Plan and may not split your vote, and any Ballot that partially rejects and partially accepts the Plan with respect to a particular Claim will not be counted.

24. This Ballot does **not** constitute, and shall not be deemed to be:  (a) a Proof of Claim or (b) an assertion or admission of a Claim.

25. **Please be sure to sign and date your Ballot**.

26. If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot coded for each different Class.  Each Ballot votes **only** those Claims indicated on that Ballot, so please complete and return each Ballot that you received.

**Please return your Ballot promptly**.

**If you have any questions regarding this Ballot, the solicitation and voting process, or these Ballot Instructions, please call the restructuring hotline at 844-339-4268 or email pssballots@primeclerk.com.**

---

**If the Solicitation Agent does not _actually_ _receive_ this Ballot on or before the Voting Deadline, which is _October 17, 2019_ at 4:00 p.m. prevailing Central Time, (and if the Voting Deadline is not extended,) your vote transmitted hereby may be counted only in the sole and absolute discretion of the Debtors.**

---

**Classes 5A and 5B Ballot**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Payless Holdings LLC, *et al.*, | ) | Case No. 19-40883-659 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**BALLOT FOR VOTING TO ACCEPT OR REJECT SECOND AMENDED JOINT PLAN OF REORGANIZATION OF PAYLESS HOLDINGS LLC AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

---

**BALLOT FOR HOLDERS OF CLASS 5A/5B CLAIMS**

---

**Please read and follow the enclosed instructions
for completing Ballots carefully before completing this Ballot.**

**In order for your vote to be counted, this Ballot must be completed, executed,
and returned so as to be actually received by the Solicitation Agent by <u>October 17, 2019</u>
<u>at 4:00 p.m.</u> prevailing Central Time (the "<u>Voting Deadline</u>") in accordance with the following:**

---

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), are soliciting votes with respect to the *Second Amended Joint Plan of Reorganization of Payless Holdings LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, supplemented, or modified, the "<u>Plan</u>") as set forth in the *Disclosure Statement for Second Amended Joint Plan of Reorganization of Payless Holdings LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "<u>Disclosure Statement</u>"). The Bankruptcy Court for the Eastern District of Missouri (the "<u>Bankruptcy Court</u>") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on September 18, 2019 (the "<u>Disclosure Statement Order</u>"). Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court. Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Plan.

You are receiving this ballot (the "<u>Ballot</u>") because you are a Holder of a Claim in the Class indicated in Item 1 below as of the Record Date. Accordingly, you have a right to vote to accept or reject the Plan. You can cast your vote through this Ballot.

An overview of the Plan and your rights are described in the Disclosure Statement, which is included in the package you are receiving with this Ballot (including the Plan, Disclosure Statement Order, and certain other materials, the "<u>Solicitation Package</u>"). If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them from (a) Prime Clerk LLC (the "<u>Solicitation Agent</u>") at no charge by: (a) visiting the Debtors' restructuring website at https://cases.primeclerk.com/pss; (b) writing to Payless Ballot Processing, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165; and/or (c) calling the Debtors' restructuring hotline at 844-339-4268. The Plan and Disclosure Statement are also available free-of-charge on the Debtors' restructuring website at https://cases.primeclerk.com/pss or for a fee via PACER at http://www.moeb.uscourts.gov.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, or if you believe that you

have received the wrong Ballot, please contact the Solicitation Agent **immediately** at the contact information set forth above.

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. Your Claim has been placed in the Class of Claims under the Plan indicated in Item 1 below. If you hold Claims in more than one Class, you will receive a ballot for each Class in which you are entitled to vote.

**Item 1**. **Amount of Claim.**

The undersigned hereby certifies that as of the Record Date, the undersigned was the Holder of Claims in the Class indicated below in the following aggregate amount (insert amount in box below):

> Class: _____
>
> Debtor:_____
>
> Voting Amount: $_____

**Item 2**. **Vote on Plan.**

The Holder of the Claim against the Debtors set forth in Item 1 votes to (please check **one**):

| ☐   **ACCEPT** (vote FOR) the Plan | ☐   **REJECT** (vote AGAINST) the Plan |
|---|---|

**Item 3**. **Important Information Regarding the Third-Party Release.**

**Article IX.F of the Plan contains the following Third-Party Release:**

**Except as otherwise specifically provided in the Plan, for good and valuable consideration, including the service of the Released Parties in facilitating the expeditious reorganization of the Debtors and the implementation of the restructuring contemplated by the Plan, effective as of the Effective Date, the Releasing Parties (regardless of whether a Releasing Party is a Released Party) shall be deemed to forever release, waive, and discharge the Released Parties of any and all claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims asserted on behalf of a Debtor, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or fixed, existing or hereafter arising, in law, at equity, or otherwise, whether for tort, contract, violations of federal or state securities laws or otherwise, including, without limitation, those that any of the Debtors, the Reorganized Debtors, the Estates, or their Affiliates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Equity Interest, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Estates, the conduct of the Debtors' businesses, the Chapter 11 Cases, the Canadian Proceedings, the purchase, sale, or rescission or the purchase or sale of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Equity Interest that is treated in the Plan, the business or contractual arrangements between any of the Debtors and any Released Party, the restructuring of Claims and Equity Interests prior to or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan, the Disclosure Statement, or related agreements, instruments, or other documents, or upon any other act or omission, transaction, or occurrence relating to the foregoing taking place on or before the Effective Date of the Plan.**

2

Notwithstanding anything contained herein to the contrary, the foregoing release does not release any post-Effective Date obligations of any party under the Plan or any document, instrument, or agreement executed to implement the Plan.

For the avoidance of doubt, and notwithstanding anything to the contrary herein, the Third-Party Release includes a release of the Released Parties of any claim or Cause of Action.  The consideration provided by the Released Parties are in settlement of any and all potential claims, Causes of Action, or liabilities against any of the Released Parties arising out of or relating to any act or omission, transaction, or occurrence relating to the Debtors or the Estates taking place on or before the Effective Date of the Plan.

The parties acknowledge that the compromise and release of direct and estate causes of action against the Released Parties under the Plan results in the distributions available to unsecured creditors.

Any claims or causes of action to avoid a transfer of property or an obligation incurred by the Debtors arising under chapter 5 of the Bankruptcy Code, including sections 544, 545, 547, 548, 549, 551, and 553(b) of the Bankruptcy Code, shall be retained by the Reorganized Debtors except to the extent expressly released under the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained herein, *and further*, shall constitute the Bankruptcy Court's finding that the Third-Party Release is:  (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the claims released by the Releasing Parties; (3) in the best interests of the Debtors and all Holders of Claims and Equity Interests; (4) fair, equitable and reasonable; (5) given and made after notice and opportunity for hearing; and (6) a bar to any of the Releasing Parties asserting any Claim released by the Third-Party Release against any of the Released Parties.

*        *        *        *        *

UNDER THE PLAN, "RELEASING PARTY" MEANS, COLLECTIVELY, (A) THE DEBTORS, (B) THE LENDER PLAN SUPPORT PARTIES, (C) THE DIP LENDERS, (D) THE DIP FACILITY AGENT, (E) THE PREPETITION TERM LOAN LENDERS, (F) THE PREPETITION TERM LOAN AGENT, (G) THE PREPETITION ABL CREDIT FACILITY LENDERS AND WELLS FARGO, (H) ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS THAT ARE DEEMED UNIMPAIRED AND PRESUMED TO ACCEPT THE PLAN, (I) ALL HOLDERS OF CLAIMS WHO EITHER (1) VOTE TO ACCEPT THE PLAN OR (2) RECEIVE A BALLOT PROVIDING THEM THE RIGHT TO OPT OUT OF ANY APPLICABLE RELEASES BUT ABSTAIN FROM VOTING ON THE PLAN OR OTHERWISE DO NOT ELECT PURSUANT TO SUCH BALLOT TO OPT OUT OF THE THIRD-PARTY RELEASE, (J) ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS WHO ARE NOT ENTITLED TO VOTE ON THE PLAN BUT RECEIVE A NOTICE ADVISING THEM OF THEIR ABILITY TO OPT OUT OF THE THIRD-PARTY RELEASE BUT WHO DO NOT ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE, (K) ALL OTHER HOLDERS OF CLAIMS AND EQUITY INTERESTS TO THE MAXIMUM EXTENT PERMITTED BY LAW, AND (L) WITH RESPECT TO THE DEBTORS, THE REORGANIZED DEBTORS, AND EACH OF THE ENTITIES IN CLAUSES (A) THROUGH (K), EACH SUCH ENTITY'S CURRENT AND FORMER AFFILIATES, AND EACH SUCH ENTITY'S AND THEIR CURRENT AND FORMER AFFILIATES' CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, PRINCIPALS, MEMBERS, EMPLOYEES, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, ASSIGNS, SUBSIDIARIES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS.

AS A "RELEASING PARTY" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE IX.F OF THE PLAN, AS SET FORTH ABOVE.  YOU MAY CHECK THE BOX BELOW TO ELECT **NOT** TO GRANT THE RELEASE CONTAINED IN ARTICLE IX.F OF THE PLAN ONLY IF YOU (A) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN OR (B) VOTE TO REJECT THE PLAN. REGARDLESS OF WHETHER THE BANKRUPTCY COURT

3

DETERMINES THAT YOU HAVE THE RIGHT TO OPT OUT OF THE RELEASES, IF YOU (A) VOTE TO ACCEPT THE PLAN, (B) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, OR (C) SUBMIT THE BALLOT AND ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN BUT FAIL TO CHECK THE BOX BELOW, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE IX.F OF THE PLAN.

The Holder of the Claim set forth in Item 1 elects to:

☐ **Opt Out** of the Third-Party Release.

<u>**Item 4**</u>. **Certifications.**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors:

(i) that, as of the Record Date, the undersigned is either: (i) the Holder of the Claims being voted on this Ballot; or (ii) an authorized signatory for an Entity that is a Holder of the Claims being voted on this Ballot;

(j) that the undersigned (or in the case of an authorized signatory, the Holder) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(k) that the undersigned has cast the same vote with respect to all its Claims in a single Class; and

(l) that no other Ballots with respect to the Claims identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Claims, then any such earlier received Ballots are hereby revoked.

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| | (If other than Holder) |
| Title: | |
| Address: | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |

**Please complete, sign, and date this Ballot and return it (with an original signature)**
**promptly in the envelope provided or via first class mail, overnight courier, or hand-delivery to:**

**Payless Ballot Processing**
**c/o Prime Clerk LLC**
**One Grand Central Place**
**60 East 42nd Street**
**Suite 1440**

**New York, NY 10165**

**Alternatively, to submit your Ballot** via the Solicitation Agent's online balloting portal, visit **https://cases.primeclerk.com/pss**. Click on the "Submit E-Ballot" section of the website and follow the instructions to submit your Ballot.

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID#:**_____

**The Solicitation Agent's online balloting portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable. Creditors who cast a Ballot using the Solicitation Agent's online balloting portal should NOT also submit a paper Ballot.**

---

**If the Solicitation Agent does not actually receive this Ballot on or before October 17, 2019 at 4:00 p.m. prevailing Central Time (and if the Voting Deadline is not extended), your vote transmitted by this Ballot may be counted toward Confirmation of the Plan only in the sole and absolute discretion of the Debtors.**

---

5

## <u>INSTRUCTIONS FOR COMPLETING THIS BALLOT</u>

27. The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as **<u>Exhibit A</u>** to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions (the "<u>Ballot Instructions</u>") but not otherwise defined therein or herein shall have the meaning ascribed to them in the Plan, a copy of which was included in the Solicitation Package. **Please read the Plan and Disclosure Statement carefully before completing this Ballot.**

28. The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one Class of creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

29. To ensure that your Ballot is counted, you **must** complete and submit this hard copy Ballot or submit a ballot using the online balloting portal, each as described herein. **Ballots will not be accepted by facsimile or any other electronic means (other than the online balloting portal).**

30. **<u>Use of Hard Copy Ballot</u>**. To ensure that your hard copy Ballot is counted, you must: (a) complete your Ballot in accordance with these instructions; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot; and (c) clearly sign and return your original Ballot in the enclosed pre-addressed envelope or via first class mail, overnight courier, or hand delivery to Payless Ballot Processing, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165 in accordance with paragraph 6 below.

31. **<u>Use of Online Balloting Portal</u>**. To ensure that your electronic Ballot is counted, please follow the instructions of the Debtors' case administration website at https://cases.primeclerk.com/pss (click "Submit E-Ballot" link). You will need to enter your unique E-Ballot identification number indicated above. The online balloting portal is the sole manner in which Ballots will be accepted via electronic or online transmission. **Ballots will not be accepted by facsimile or electronic means (other than the online balloting portal).**

32. Whether you elect to use the hard copy Ballot or the online balloting portal, your Ballot **must** be returned to the Solicitation Agent so as to be **actually received** by the Solicitation Agent on or before the Voting Deadline. The Voting Deadline is **<u>October 17, 2019</u> at 4:00 p.m. prevailing Central Time**.

33. If a Ballot is received after the Voting Deadline and if the Voting Deadline is not extended, it may be counted only in the sole and absolute discretion of the Debtors. Additionally, **the following Ballots will <u>not</u> be counted**:

    (s) any Ballot that partially rejects and partially accepts the Plan;
    (t) any Ballot sent to the Debtors, the Debtors' agents (other than the Solicitation Agent), any indenture trustee, the Debtors' financial or legal advisors, or any party other than the Solicitation Agent;
    (u) any Ballot sent by facsimile or any electronic means other than via the online balloting portal;
    (v) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim;
    (w) any Ballot cast by an Entity that does not hold a Claim in the Class indicated in Item 1 of the Ballot;
    (x) any Ballot submitted by a Holder not entitled to vote pursuant to the Plan;
    (y) any unsigned Ballot;
    (z) any non-original Ballot (excluding those Ballots submitted via the online balloting portal); and/or
    (aa) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan.

34. The method of delivery of a Ballot to the Solicitation Agent is at the election and risk of each Holder of a Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Solicitation Agent **actually receives** the originally executed Ballot. In all cases, Holders should allow sufficient time to assure timely delivery.

35. If multiple Ballots are received from the same Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the latest, timely received, and properly completed Ballot will supersede and revoke any earlier received Ballots.

36. For a given Claim, you must vote the entire amount of that Claim either to accept or reject the Plan and may not split your vote, and any Ballot that partially rejects and partially accepts the Plan with respect to a particular Claim will not be counted.

37. This Ballot does **not** constitute, and shall not be deemed to be:  (a) a Proof of Claim or (b) an assertion or admission of a Claim.

38. **Please be sure to sign and date your Ballot**.

39. If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot coded for each different Class.  Each Ballot votes **only** those Claims indicated on that Ballot, so please complete and return each Ballot that you received.

**Please return your Ballot promptly**.

**If you have any questions regarding this Ballot, the solicitation and voting process, or these Ballot Instructions, please call the restructuring hotline at 844-339-4268 or email pssballots@primeclerk.com.**

---

**If the Solicitation Agent does not __actually__ __receive__ this Ballot on or before the Voting Deadline, which is __October 17, 2019__ at 4:00 p.m. prevailing Central Time, (and if the Voting Deadline is not extended,) your vote transmitted hereby may be counted only in the sole and absolute discretion of the Debtors.**

---

7

**<u>Exhibit 3</u>**

**Confirmation Hearing Notice**

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Payless Holdings LLC, *et al.,* | ) | Case No. 19-40883-659 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**NOTICE OF THE HEARING TO CONSIDER
CONFIRMATION OF THE SECOND AMENDED JOINT PLAN OF REORGANIZATION OF PAYLESS
HOLDINGS LLC AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE
BANKRUPTCY CODE**

**TO:**     **ALL HOLDERS OF CLAIMS AGAINST AND INTERESTS IN THE DEBTORS AND PARTIES
IN INTEREST IN THE ABOVE-CAPTIONED CHAPTER 11 CASES – PLEASE TAKE NOTICE:**

1.     **Approval of the Disclosure Statement and Solicitation Procedures**. On September 18, 2019, the United States Bankruptcy Court for the Eastern District of Missouri (the "Bankruptcy Court") entered an order (the "Disclosure Statement Order") in the above-captioned jointly-administered chapter 11 cases of Payless Holdings LLC and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") pursuant to which the Bankruptcy Court, among other things: (a) approved the *Disclosure Statement for Second Amended Joint Plan of Reorganization of Payless Holdings LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement"); (b) authorized the Debtors to solicit acceptances for the *Second Amended Joint Plan of Reorganization of Payless Holdings LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, supplemented, or modified, the "Plan"); (c) approved procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; and (d) established various dates and deadlines relating to confirmation of the Plan.  Please note that capitalized terms used but not defined in this notice have the meaning ascribed to them in the Disclosure Statement or Plan, as applicable.

2.     **The Confirmation Hearing**. **October 23, 2019 at 10:00 a.m. prevailing Central Time** is the date and time for the hearing to consider confirmation of the Debtors' Plan (the "Confirmation Hearing"), scheduled to be held before the Honorable Kathy A. Surratt-States, United States Bankruptcy Judge, at the Thomas F. Eagleton U.S. Courthouse, 111 S. 10th Street, 7th Floor – North Courtroom, St. Louis, MO 63102.  **PLEASE TAKE NOTICE THAT THE CONFIRMATION HEARING MAY BE CONTINUED BY THE BANKRUPTCY COURT OR THE DEBTORS WITHOUT FURTHER NOTICE OTHER THAN BY AN ANNOUNCEMENT IN OPEN COURT OR A NOTICE OF ADJOURNMENT FILED WITH THE BANKRUPTCY COURT.**

*[Remainder of Page Intentionally Left Blank]*

## VOTING ON THE PLAN

1.      **Record Date**.  **August 30, 2019 for all Claims filed before such date, or, for any Claims filed after such date, the Claims Bar Date**, is the record date (the "Record Date") for determining (a) which Holders of Claims in Classes 3, 4, 5A, and 5B (which are the only Classes entitled to vote on the Plan, collectively, the "Voting Classes") and (b) whether Claims have been properly transferred to assignees pursuant to Bankruptcy Rule 3001(e).

2.      **Voting Deadline**.  **October 17, 2019 at 4:00 p.m. prevailing Central Time** (unless otherwise agreed to by the Debtors, set forth in the Plan or Disclosure Statement, or ordered by the Bankruptcy Court) (the "Voting Deadline") is the deadline for voting on the Plan.  If you received a Ballot and intend to vote on the Plan, to ensure that your vote is counted, you must:  (a) follow the instructions accompanying the Ballot carefully; (b) complete all the required information on the Ballot; (c) clearly indicate a decision either to accept or reject the Plan; (d) sign and date the Ballot; and (e) return the completed Ballot in the envelope provided or by first class mail, overnight carrier, or hand delivery, or via the Solicitation Agent's online balloting portal so it is ***actually received*** on or before the Voting Deadline by Prime Clerk LLC (the "Solicitation Agent").  Any Ballot received after the Voting Deadline will not be counted (unless the Debtors extend the Voting Deadline) and any failure to follow the voting instructions accompanying the Ballot may also disqualify your vote.

3.      **Effect of Confirmation**.  Following Confirmation, subject to Article VIII of the Plan, the Plan will be consummated on the Effective Date.  Among other things, on the Effective Date, certain release, injunction, exculpation, and discharge provisions set forth in Article IX of the Plan will become effective.  It is important to read the provisions contained in Article IX of the Plan very carefully so that you understand how Confirmation and Consummation of the Plan – which effectuates such provisions – will affect you and any Claim you may hold against the Debtors so that you cast your vote accordingly.  Specifically, the "Third-Party Release" in Article IX.F of the Plan, provides, among other things, the following:

> **Except as otherwise specifically provided in the Plan, for good and valuable consideration, including the service of the Released Parties in facilitating the expeditious reorganization of the Debtors and the implementation of the restructuring contemplated by the Plan, effective as of the Effective Date, the Releasing Parties (regardless of whether a Releasing Party is a Released Party) shall be deemed to forever release, waive, and discharge the Released Parties of any and all claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims asserted on behalf of a Debtor, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or fixed, existing or hereafter arising, in law, at equity, or otherwise, whether for tort, contract, violations of federal or state securities laws or otherwise, including, without limitation, those that any of the Debtors, the Reorganized Debtors, the Estates, or their Affiliates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Equity Interest, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Estates, the conduct of the Debtors' businesses, the Chapter 11 Cases, the Canadian Proceedings, the purchase, sale, or rescission or the purchase or sale of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Equity Interest that is treated in the Plan, the business or contractual arrangements between any of the Debtors and any Released Party, the restructuring of Claims and Equity Interests prior to or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan, the Disclosure Statement, or related agreements, instruments, or other documents, or upon any other act or omission, transaction, or occurrence relating to the foregoing taking place on or before the Effective Date of the Plan.**

> **Notwithstanding anything contained herein to the contrary, the foregoing release does not release any post-Effective Date obligations of any party under the Plan or any document, instrument, or agreement executed to implement the Plan.**

> **For the avoidance of doubt, and notwithstanding anything to the contrary herein, the Third-Party Release includes a release of the Released Parties of any claim or Cause of Action.  The consideration provided by the Released Parties are in settlement of any and all potential claims, Causes of Action, or liabilities against any of the Released Parties arising out of or**

2

relating to any act or omission, transaction, or occurrence relating to the Debtors or the Estates taking place on or before the Effective Date of the Plan.

The parties acknowledge that the compromise and release of direct and estate causes of action against the Released Parties under the Plan results in the distributions available to unsecured creditors.

Any claims or causes of action to avoid a transfer of property or an obligation incurred by the Debtors arising under chapter 5 of the Bankruptcy Code, including sections 544, 545, 547, 548, 549, 551, and 553(b) of the Bankruptcy Code, shall be retained by the Reorganized Debtors except to the extent expressly released under the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained herein, *and further*, shall constitute the Bankruptcy Court's finding that the Third-Party Release is: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the claims released by the Releasing Parties; (3) in the best interests of the Debtors and all Holders of Claims and Equity Interests; (4) fair, equitable and reasonable; (5) given and made after notice and opportunity for hearing; and (6) a bar to any of the Releasing Parties asserting any Claim released by the Third-Party Release against any of the Released Parties.

---

**THE PLAN WILL BIND ALL HOLDERS OF CLAIMS AGAINST AND INTERESTS IN EACH OF THE DEBTORS TO THE FULLEST EXTENT AUTHORIZED OR PROVIDED UNDER THE BANKRUPTCY CODE, INCLUDING SECTIONS 524 AND 1141 THEREOF, AND BY ALL OTHER APPLICABLE LAWS.**

---

## TEMPORARY ALLOWANCE OF CLAIMS FOR VOTING

1. **Temporary Allowance of Claims**.  Creditors that are not entitled to vote on the Plan or that disagree with the Claim amount indicated on the Ballot they receive on account of a Claim in a Voting Class may nevertheless still be able to vote their Claim (or vote a different claim amount) if a "Voting Resolution Event" occurs in accordance with, and subject to, the procedures set forth in the Disclosure Statement Order.

2. **Voting Resolution Event**.  Each of the following three events constitutes a "Voting Resolution Event" if such event occurs prior to the Voting Resolution Deadline, solely with respect to the temporary allowance of Claims for voting purposes:

 (a) **Agreement Between the Parties**. A stipulation or other agreement is executed between the Holder of such Claim and the Debtors allowing the Holder of such Claim to vote such Claim in an agreed upon amount.

 (b) **Bankruptcy Rule 3018(a) Order**. A creditor files with the Court a motion pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018(a) Motion") on or before the Voting Resolution Event Deadline seeking temporary Allowance of its Claim for voting purposes in the amount other than set forth in the Schedules or in response to an objection filed by the Debtors that is sustained by the Court after notice and a hearing.

  A Rule 3018(a) Motion must: (i) be made in  writing, (ii) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules, (iii) set forth the name of the party asserting the Rule 3018(a) Motion, (iv) state with particularity the legal and factual bases for the Rule 3018(a) Motion, (v) be set for hearing at the Confirmation Hearing, and (vi) be served by personal service, overnight delivery, first class mail, or facsimile so as to be received by the Notice Parties (as defined herein) no later than the Rule 3018(a) Motion Deadline.

  In the event that the Debtors and such party are unable to resolve any issues raised by the Rule 3018(a) Motion prior to the Voting Report Deadline, (a) the Debtors may object to the Rule 3018(a) Motion prior to the Confirmation Hearing; and (b) the Solicitation Agent shall tabulate the vote in the amount as directed by the Debtors and shall include in the Voting Report representations that such vote was subject to a Rule 3018(a) Motion and whether including such Ballot in the amount sought by the party in the Rule 3018(a) Motion would change the particular Voting Class's acceptance or rejection of the Plan. The Court then shall determine at the Confirmation Hearing whether the Ballot should be counted as a vote on the Plan and in what amount. Such a procedure will help to ensure an efficient tabulation of Ballots to be completed accurately by the Confirmation Hearing.

 (c) **Other Order of the Court**. The Court otherwise orders the allowance of such Claim for purposes of voting to accept or reject the Plan.

This is intended only as a summary of the procedures for the temporary allowance of Claims for voting purposes. **Please refer to the Disclosure Statement Order for a comprehensive description of the requirements for the temporary allowance of Claims solely for voting purposes**.

## OBJECTING TO THE PLAN

1. **Objection Deadline**. **October 17, 2019 at 4:00 p.m. prevailing Central Time** is the deadline for objecting to confirmation of the Plan (unless otherwise agreed to by the Debtors, set forth in the Plan or Disclosure Statement, or ordered by the Bankruptcy Court).

2. **Objection Procedures**.  Any objection to confirmation of the Plan must (i) be in writing, (ii) conform to the Bankruptcy Rules, (iii) set forth the name of the objector, the nature and amount of Claims or Equity Interests held or asserted by the objector against the particular Debtor or Debtors, (iv) state with particularity the basis for the objection and specific grounds therefore, and (v) be filed with the Bankruptcy Court and served so it is *actually received* on or before **October 17, 2019 at 4:00 p.m. prevailing Central Time** (unless otherwise agreed

to by the Debtors, set forth in the Plan or Disclosure Statement, or ordered by the Bankruptcy Court), by the following notice parties:

| Debtors | Counsel to Debtors |
|---|---|
| Payless Holdings LLC<br>3231 SE 6th Avenue<br>Topeka, Kansas 66607<br>ATTN: Ramona Palmer-Eason, Group Counsel –<br>Global Employment and Litigation | Armstrong Teasdale LLP<br>7700 Forsyth Boulevard, Suite 1800<br>St. Louis, Missouri 63105<br>Attn: Richard W. Engel, Jr., Erin M. Edelman, and<br>John G. Willard<br><br>Akin Gump Strauss Hauer & Feld LLP<br>One Bryant Park<br>New York, NY 10036<br>Attn: Ira Dizengoff, Meredith A. Lahaie, Kevin Zuzolo<br><br>Seward & Kissell LLP<br>One Battery Park Plaza<br>New York, NY 10004<br>Attn: John R. Ashmead, Robert J. Gayda, Catherine V.<br>LoTempio |
| **Counsel to the Prepetition ABL Administrative Agent** | **Counsel to Certain Prepetition Term Loan Lenders** |
| Thompson Coburn LLP<br>One US Bank Plaza<br>St. Louis, MO 63101<br>Attn: Mark Bossi<br><br>Choate Hall & Stewart LLP<br>Two International Place<br>Boston, MA 02110<br>Attn: Kevin Simard, Doug Gooding and Jonathan<br>Marshall | Doster, Ullom & Boyle, LLC<br>16090 Swingley Ridge Road, Suite 620<br>Chesterfield, Missouri 63017<br>Attn: Gregory D. Willard<br><br>Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York NY 10036<br>Attn: Stephen D. Zide<br><br>Stroock & Stroock & Lavan LLP<br>180 Maiden Lane<br>New York NY 10038-4982<br>Attn: Kristopher M. Hansen and Daniel A. Fliman<br><br>Lewis Rice LLC<br>600 Washington Avenue<br>Suite 2500<br>St. Louis, MO 63101<br>Attn: Sonette T. Magnus |
| **Counsel to the FILO Agent** | **Counsel to the Prepetition Term Loan Agent** |
| Greenberg Traurig, LLP<br>One International Place<br>Suite 2000<br>Boston, MA 02110<br>Attn: Jeffrey Wolf | Norton Rose Fulbright US LLP<br>190 Carondelet Plaza, Suite 1690<br>St. Louis, MO 63105<br>Attn: Timothy J. Walsh<br><br>Norton Rose Fulbright US LLP<br>1301 Avenue of the Americas<br>New York, NY 10019<br>Attn: Stephen Castro and David Rosenzweig |
| **Counsel to the Committee** | **United States Trustee** |
| Polsinelli LLP<br>100 S. Fourth Street, Suite 1000 | Office of the United States Trustee<br>for the Eastern District of Missouri |

| | |
|---|---|
| St. Louis, MO 63102<br>Attn: Matthew Layfield<br><br>Pachulski Stang Ziehl & Jones LLP<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Attn: Robert J. Feinstein and Bradford Sandler<br><br>Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067-4003<br>Attn: Jeffrey N. Pomerantz, Ira D. Kharasch, Shirley S. Cho | 111 South 10th Street, Suite 6353<br>St. Louis, Missouri 63102<br>Attn: Paul A. Randolph and Carole Ryczek |
| **The Monitor** | **Counsel to the Monitor** |
| FTI Consulting Canada, Inc.<br>TD South Tower<br>79 Wellington Street West, Suite 2010<br>Toronto ON M5K 1G8 Canada<br>Attn: Paul Bishop, Greg Watson and Jim Robinson | Bennett Jones LLP<br>3400 One First Canadian Place<br>P.O. Box 130<br>Toronto ON M5X 1A4 Canada<br>Attn: Sean Zweig, Kevin Zych and Aiden Nelms |

[*Remainder of Page Intentionally Left Blank*]

## ADDITIONAL INFORMATION

1.    **Plan Supplement Documents**.  On or before **October 11, 2019**, the Debtors will file the Plan Supplement documents, which include, without limitation, the following documents: (a) the New First Lien Facility Agreement and New Second Lien Facility Agreement, (b) the New Second Lien Debt Commitment Agreement; (c) the Schedule of Assumed Executory Contracts and Unexpired Leases, (d) a list of retained Causes of Action, (e) the New Organizational Documents, (f) the calculation of the Canadian Postpetition Loans; (g) the Liquidating Trust Agreement; (h) the Cash Election Commitment Agreement and all documents and agreements necessary to effectuate such agreement; and (i) a list of Factory Claims. Notice of the filing will be provided to known creditors and other parties in interest informing parties that printed copies of the Plan Supplement will be available free of charge upon request to the Solicitation Agent and will, among other things, (a) inform parties how to file a Proof of Claim for damages arising from a contract or lease rejection, if any, or, how to object to the cure amount proposed by the Debtors in connection with assumption, and (b) describe how to object to the Plan.

2.    **Contact Information**.  If you have questions regarding the procedures and requirements for voting on the Plan, would like to obtain a copy of the Disclosure Statement, the Plan, or other solicitation materials (excluding Ballots), or if you received solicitation materials from the Debtors on a flash drive and prefer printed copies, please contact the Debtors' Solicitation Agent by (a) visiting the Debtors' restructuring website at https://cases.primeclerk.com/pss; (b) writing to Payless Ballot Processing, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165; and/or (c) calling the Debtors' restructuring hotline at 844-339-4268. The Plan, Disclosure Statement, and other related filings are also available free-of-charge on the Debtors' restructuring website at https://cases.primeclerk.com/pss.  Please be advised that the Solicitation Agent may not provide you with legal advice of any kind, including whether you should vote to accept or reject the Plan or object to the Plan.

---

**IF YOU HAVE QUESTIONS REGARDING THIS NOTICE, THE CONFIRMATION HEARING, OR ANY OTHER MATTERS RELATING TO CONFIRMATION OF THE PLAN, PLEASE CONTACT THE SOLICITATION AGENT BY:  (1) CALLING (844) 339-4268, (2) EMAILING PSSBALLOTS@PRIMECLERK.COM, OR (3) VISITING HTTPS://CASES.PRIMECLERK.COM/PSS.**

---

## **Exhibit 4-A**

**Unimpaired Non-Voting Status Notice**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Payless Holdings LLC, *et al.,* | ) | Case No. 19-40883-659 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**NOTICE OF NON-VOTING STATUS TO HOLDERS**
**OF UNIMPAIRED CLAIMS CONCLUSIVELY PRESUMED TO ACCEPT THE**
**SECOND AMENDED JOINT PLAN OF REORGANIZATION OF PAYLESS HOLDINGS LLC AND ITS**
**DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**PLEASE TAKE NOTICE THAT** on September 18, 2019, the United States Bankruptcy Court for the Eastern District of Missouri (the "Bankruptcy Court") entered an order (the "Disclosure Statement Order") in the above-captioned jointly-administered chapter 11 cases of Payless Holdings LLC and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") pursuant to which the Bankruptcy Court, among other things: (i) approved the *Disclosure Statement for Second Amended Joint Plan of Reorganization of Payless Holdings LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement"); (ii) authorized the Debtors to solicit acceptances for the *Second Amended Joint Plan of Reorganization of Payless Holdings LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, supplemented, or modified, the "Plan"); (iii) approved procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; and (iv) established various dates and deadlines relating to confirmation of the Plan. Please note that capitalized terms used but not defined in this notice have the meaning ascribed to them in the in the Disclosure Statement and Plan, as applicable.

**PLEASE TAKE FURTHER NOTICE THAT** under the terms of the Plan, your Claim(s) against the Debtors is/are not Impaired and, therefore, pursuant to section 1126(f) of the Bankruptcy Code, you are (1) conclusively presumed to have accepted the Plan and (2) not entitled to vote on the Plan. Accordingly, this notice is provided solely for information purposes and to permit you to "Opt Out" of the Third-Party Releases contained in Article IX.F of the Plan (as described below).

**PLEASE TAKE FURTHER NOTICE THAT** the Confirmation Hearing is scheduled to be held on **October 23, 2019 at 10:00 a.m. prevailing Central Time** before the Honorable Kathy A. Surratt-States, United States Bankruptcy Court for the Eastern District of Missouri, Eastern Division, Thomas F. Eagleton U.S. Courthouse, 111 S. 10th Street, 7th Floor – North Courtroom, St. Louis, MO 63102. THE CONFIRMATION HEARING MAY BE CONTINUED FROM TIME TO TIME BY THE BANKRUPTCY COURT OR THE DEBTORS WITHOUT FURTHER NOTICE OTHER THAN BY ANNOUNCEMENT IN OPEN COURT OR BY NOTICE OF ADJOURNMENT FILED WITH THE BANKRUPTCY COURT.

**PLEASE TAKE FURTHER NOTICE THAT** any objection to confirmation of the Plan must (i) be in writing, (ii) conform to the Bankruptcy Rules, (iii) set forth the name of the objector, the nature and amount of Claims or Interests held or asserted by the objector against the particular Debtor or Debtors, (iv) state with particularity the basis for the objection and specific grounds therefore, and (v) be filed with the Bankruptcy Court and served so it is *actually received* **on or before October 17, 2019 at 4:00 p.m. prevailing Central Time** (unless otherwise agreed to by the Debtors, set forth in the Plan or Disclosure Statement, or ordered by the Bankruptcy Court), by the following:

| Debtors | Counsel to Debtors |
|---|---|
| Payless Holdings LLC<br>3231 SE 6th Avenue<br>Topeka, Kansas 66607<br>ATTN: Ramona Palmer-Eason, Group Counsel – Global Employment and Litigation | Armstrong Teasdale LLP<br>7700 Forsyth Boulevard, Suite 1800<br>St. Louis, MO 63105<br>Attn: Richard W. Engel, Jr., Erin M. Edelman, and John G. Willard<br><br>Akin Gump Strauss Hauer & Feld LLP<br>One Bryant Park<br>New York, NY 10036<br>Attn: Ira Dizengoff, Meredith A. Lahaie, Kevin Zuzolo<br><br>Seward & Kissell LLP<br>One Battery Park Plaza<br>New York, NY 10004<br>Attn: John R. Ashmead, Robert J. Gayda, Catherine V. LoTempio |
| **Counsel to the Prepetition ABL Administrative Agent** | **Counsel to Certain Prepetition Term Loan Lenders** |
| Thompson Coburn LLP<br>One US Bank Plaza<br>St. Louis, MO 63101<br>Attn: Mark Bossi<br><br>Choate Hall & Stewart LLP<br>Two International Place<br>Boston, MA 02110<br>Attn: Kevin Simard, Doug Gooding and Jonathan Marshall | Doster, Ullom & Boyle, LLC<br>16090 Swingley Ridge Road, Suite 620<br>Chesterfield, Missouri 63017<br>Attn: Gregory D. Willard<br><br>Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York NY 10036<br>Attn: Stephen D. Zide<br><br>Stroock & Stroock & Lavan LLP<br>180 Maiden Lane<br>New York NY 10038-4982<br>Attn: Kristopher M. Hansen and Daniel A. Fliman<br><br>Lewis Rice LLC<br>600 Washington Avenue<br>Suite 2500<br>St. Louis, MO 63101<br>Attn: Sonette T. Magnus |
| **Counsel to the FILO Agent** | **Counsel to the Prepetition Term Loan Agent** |
| Greenberg Traurig, LLP<br>One International Place<br>Suite 2000<br>Boston, MA 02110<br>Attn: Jeffrey Wolf | Norton Rose Fulbright US LLP<br>190 Carondelet Plaza, Suite 1690<br>St. Louis, MO 63105<br>Attn: Timothy J. Walsh<br><br>Norton Rose Fulbright US LLP<br>1301 Avenue of the Americas<br>New York, NY 10019<br>Attn: Stephen Castro and David Rosenzweig |
| **Counsel to the Committee** | **United States Trustee** |
| Polsinelli LLP<br>100 S. Fourth Street, Suite 1000<br>St. Louis, MO 63102<br>Attn: Matthew Layfield | Office of the United States Trustee<br>for the Eastern District of Missouri<br>111 South 10th Street, Suite 6353<br>St. Louis, Missouri 63102<br>Attn: Paul A. Randolph and Carole Ryczek |

| Pachulski Stang Ziehl & Jones LLP<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Attn:  Robert J. Feinstein and Bradford Sandler<br><br>Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067-4003<br>Attn: Jeffrey N. Pomerantz, Ira D. Kharasch, Shirley S. Cho | |
|---|---|
| **The Monitor** | **Counsel to the Monitor** |
| FTI Consulting Canada, Inc.<br>TD South Tower<br>79 Wellington Street West, Suite 2010<br>Toronto ON M5K 1G8 Canada<br>Attn: Paul Bishop, Greg Watson and Jim Robinson | Bennett Jones LLP<br>3400 One First Canadian Place<br>P.O. Box 130<br>Toronto ON M5X 1A4 Canada<br>Attn: Sean Zweig, Kevin Zych and Aiden Nelms |

P**LEASE TAKE FURTHER NOTICE THAT** Article IX of the Plan contains certain release, injunction, and, exculpation provisions, which are set forth below.  You are advised to carefully review and consider the Plan, including the release, injunction, and exculpation provisions, as your rights may be affected.

**Article IX.F of the Plan contains the following Third-Party Release:**

**Except as otherwise specifically provided in the Plan, for good and valuable consideration, including the service of the Released Parties in facilitating the expeditious reorganization of the Debtors and the implementation of the restructuring contemplated by the Plan, effective as of the Effective Date, the Releasing Parties (regardless of whether a Releasing Party is a Released Party) shall be deemed to forever release, waive, and discharge the Released Parties of any and all claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims asserted on behalf of a Debtor, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or fixed, existing or hereafter arising, in law, at equity, or otherwise, whether for tort, contract, violations of federal or state securities laws or otherwise, including, without limitation, those that any of the Debtors, the Reorganized Debtors, the Estates, or their Affiliates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Equity Interest, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Estates, the conduct of the Debtors' businesses, the Chapter 11 Cases, the Canadian Proceedings, the purchase, sale, or rescission or the purchase or sale of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Equity Interest that is treated in the Plan, the business or contractual arrangements between any of the Debtors and any Released Party, the restructuring of Claims and Equity Interests prior to or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan, the Disclosure Statement, or related agreements, instruments, or other documents, or upon any other act or omission, transaction, or occurrence relating to the foregoing taking place on or before the Effective Date of the Plan.**

**Notwithstanding anything contained herein to the contrary, the foregoing release does not release any post-Effective Date obligations of any party under the Plan or any document, instrument, or agreement executed to implement the Plan.**

**For the avoidance of doubt, and notwithstanding anything to the contrary herein, the Third-Party Release includes a release of the Released Parties of any claim or Cause of Action.  The consideration provided by the Released Parties are in settlement of any and all potential claims, Causes of Action, or liabilities against any of the Released Parties arising out of or**

relating to any act or omission, transaction, or occurrence relating to the Debtors or the Estates taking place on or before the Effective Date of the Plan.

The parties acknowledge that the compromise and release of direct and estate causes of action against the Released Parties under the Plan results in the distributions available to unsecured creditors.

Any claims or causes of action to avoid a transfer of property or an obligation incurred by the Debtors arising under chapter 5 of the Bankruptcy Code, including sections 544, 545, 547, 548, 549, 551, and 553(b) of the Bankruptcy Code, shall be retained by the Reorganized Debtors except to the extent expressly released under the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained herein, *and further*, shall constitute the Bankruptcy Court's finding that the Third-Party Release is: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the claims released by the Releasing Parties; (3) in the best interests of the Debtors and all Holders of Claims and Equity Interests; (4) fair, equitable and reasonable; (5) given and made after notice and opportunity for hearing; and (6) a bar to any of the Releasing Parties asserting any Claim released by the Third-Party Release against any of the Released Parties.

---

### HOW TO OPT OUT OF THE RELEASES BY MAIL

1.  If you wish to make an election to opt out of the release provisions contained in Article IX.F of the Plan set forth above, if such opt out is deemed necessary by the Court, check the box in Item 1.

2.  Review the certifications contained in Item 2.

3.  Sign and date this notice of non-voting status and fill out the other required information in the applicable area below.

4.  In order for your election to opt out of the release provisions by mail to be counted, your notice of non-voting status must be properly completed and actually received by the solicitation agent no later than <u>October 17, 2019</u> at 4:00 p.m. (prevailing Central Time). You may use the postage-paid envelope provided or send your notice of non-voting status to the following address:

    **Payless Ballot Processing**
    **c/o Prime Clerk LLC**
    **One Grand Central Place**
    **60 East 42nd Street**
    **Suite 1440**
    **New York, NY 10165**

---

### HOW TO OPT OUT OF THE RELEASES ONLINE

This Notice of Non-Voting Status may also be returned by electronic, online transmission <u>solely</u> by clicking on the "E-Ballot" section on the Debtors' case information website (<u>https://cases.primeclerk.com/pss</u>) and following the directions set forth on the website regarding submitting your Notice of Non-Voting Status as described more fully below. Please choose only <u>one</u> method of return of your Notice of Non-Voting Status.

1.  Please visit <u>https://cases.primeclerk.com/pss</u>.

2.  Click on the "E-Ballot" section of the Debtors' website.

3.  Follow the directions to submit your Notice of Non-Voting Status. If you choose to submit your Notice of Non-Voting Status via the Solicitation Agent's E-Ballot system, you should <u>not</u> return a hard copy of your Notice of Non-Voting.

> **IMPORTANT NOTE: YOU WILL NEED THE FOLLOWING INFORMATION TO RETRIEVE AND SUBMIT YOUR CUSTOMIZED NOTICE OF NON-VOTING STATUS:**
>
> **UNIQUE E-BALLOT ID#**_____
>
> **"E-BALLOTING" IS THE SOLE MANNER IN WHICH NOTICE OF NON-VOTING STATUS MAY BE DELIVERED VIA ELECTRONIC TRANSMISSION.**
>
> **NOTICES OF NON-VOTING STATUS SUBMITTED BY FACSIMILE OR EMAIL WILL NOT BE COUNTED.**

**Item 1.  Release.**

**PLEASE TAKE NOTICE THAT** you may check the box below to opt out of the release provisions contained in Article IX.F of the Plan and set forth above. **IF YOU DO NOT OPT OUT OF THE RELEASE PROVISIONS BY CHECKING THE BOX BELOW AND PROPERLY AND TIMELY SUBMITTING THIS NOTICE OF NON-VOTING STATUS, YOU WILL BE DEEMED TO HAVE UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED THE RELEASED PARTIES (AS DEFINED IN THE PLAN) FROM, *INTER ALIA*, ANY AND ALL CAUSES OF ACTION (AS DEFINED IN THE PLAN) EXCEPT AS OTHERWISE SPECIFICALLY PROVIDED IN THE PLAN.  IF YOU WOULD OTHERWISE BE ENTITLED TO A RELEASE UNDER ARTICLE IX.F OF THE PLAN, BUT YOU DO NOT GRANT THE RELEASES CONTAINED IN ARTICLE IX.F OF THE PLAN, THEN YOU SHALL NOT RECEIVE THE BENEFIT OF THE RELEASES SET FORTH IN ARTICLE IX.F OF THE PLAN.**

☐  **Opt Out** of the Third-Party Release.

**Item 2.  Certification.**

By returning this Notice of Non-Voting Status, the Holder of the Unimpaired Claim(s) or Interest(s) identified below certifies that (a) it was the Holder of Unimpaired Claim(s) or Interest(s) as of the Record Date and/or it has full power and authority to opt out of the release provisions for the Unimpaired Claim(s) or Interest(s) identified below with respect to such Unimpaired Claim(s) or Interest(s) and (b) it understands the scope of the releases.

YOUR RECEIPT OF THIS NOTICE OF NON-VOTING STATUS DOES NOT SIGNIFY THAT YOUR CLAIM OR INTEREST HAS BEEN OR WILL BE ALLOWED.

| | |
|---|---|
| Name of Holder: | _____ |
| | (Print or Type) |
| Signature: | _____ |
| Name of Signatory: | _____ |
| | (If other than Holder) |
| Title: | _____ |
| Address: | _____ |
| | _____ |
| | _____ |
| Telephone Number: | _____ |
| Email: | _____ |
| Date Completed: | _____ |

Please check one or both of the below boxes if the above address is a change of address for the purpose(s) of:

☐ Future notice of mailings in these Chapter 11 Cases; and/or

☐ Distributions, if any, upon your Claim in these Chapter 11 Cases.

This Notice of Non-Voting Status shall not constitute or be deemed a Proof of Claim or Interest, an assertion of a Claim or Interest, or the allowance of a Claim or Interest.

**PLEASE TAKE FURTHER NOTICE THAT** if you have questions regarding the procedures and requirements for voting on the Plan, would like to obtain a copy of the Disclosure Statement, the Plan, or other solicitation materials (excluding Ballots), or if you received solicitation materials from the Debtors on a flash drive and prefer printed copies, please contact the Debtors' Solicitation Agent by (a) visiting the Debtors' restructuring website at https://cases.primeclerk.com/pss; (b) writing to Payless Ballot Processing, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165; and/or (c) calling the Debtors' restructuring hotline at 844-339-4268. The Plan, Disclosure Statement, and other related filings are also available free-of-charge on the Debtors' restructuring website at https://cases.primeclerk.com/pss.  Please be advised that the Solicitation Agent may not provide you with legal advice of any kind, including whether you should vote to accept or reject the Plan or object to the Plan.

---

**IF YOU HAVE QUESTIONS REGARDING THIS NOTICE, THE CONFIRMATION HEARING, OR ANY OTHER MATTERS RELATING TO CONFIRMATION OF THE PLAN, PLEASE CONTACT THE SOLICITATION AGENT BY:  (1) CALLING 844-339-4268, (2) EMAILING PSSBALLOTS@PRIMECLERK.COM, OR (3) VISITING HTTPS://CASES.PRIMECLERK.COM/PSS.**

---

## **Exhibit 4-B**

**Fully-Impaired Non-Voting Status Notice**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Payless Holdings LLC, *et al.,* | ) | Case No. 19-40883-659 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**NOTICE OF NON-VOTING STATUS TO HOLDERS OF**
**IMPAIRED CLAIMS AND INTERESTS CONCLUSIVELY DEEMED TO REJECT**
**THE SECOND AMENDED JOINT PLAN OF REORGANIZATION OF PAYLESS HOLDINGS LLC AND**
**ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**PLEASE TAKE NOTICE THAT** on September 18, 2019, the United States Bankruptcy Court for the Eastern District of Missouri (the "Bankruptcy Court") entered an order (the "Disclosure Statement Order") in the above-captioned jointly-administered chapter 11 cases of Payless Holdings LLC and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") pursuant to which the Bankruptcy Court, among other things: (i) approved the *Disclosure Statement for Second Amended Joint Plan of Reorganization of Payless Holdings LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement"); (ii) authorized the Debtors to solicit acceptances for the *Second Amended Joint Plan of Reorganization of Payless Holdings LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, supplemented, or modified, the "Plan"); (iii) approved procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; and (iv) established various dates and deadlines relating to confirmation of the Plan.  Please note that capitalized terms used but not defined in this notice have the meaning ascribed to them in the in the Disclosure Statement and Plan, as applicable.

**PLEASE TAKE FURTHER NOTICE THAT** under the terms of the Plan, you are not entitled to receive or retain any property on account of your Claim(s) against or Interest(s) in the Debtors, and therefore, pursuant to section 1126(g) of the Bankruptcy Code, you are (1) deemed to have rejected the Plan and (2) not entitled to vote on the Plan.  Accordingly, this notice is provided solely for information purposes and to permit you to "Opt Out" of the Third-Party Releases contained in Article IX.F of the Plan (as described below).

**PLEASE TAKE FURTHER NOTICE THAT** the Confirmation Hearing is scheduled to be held on **October 23, 2019 at 10:00 a.m. prevailing Central Time** before the Honorable Kathy A. Surratt-States, United States Bankruptcy Court for the Eastern District of Missouri, Eastern Division, Thomas F. Eagleton U.S. Courthouse, 111 S. 10th Street, 7th Floor – North Courtroom, St. Louis, MO 63102.  THE CONFIRMATION HEARING MAY BE CONTINUED FROM TIME TO TIME BY THE BANKRUPTCY COURT OR THE DEBTORS WITHOUT FURTHER NOTICE OTHER THAN BY ANNOUNCEMENT IN OPEN COURT OR BY NOTICE OF ADJOURNMENT FILED WITH THE BANKRUPTCY COURT.

**PLEASE TAKE FURTHER NOTICE THAT** any objection to confirmation of the Plan must (i) be in writing, (ii) conform to the Bankruptcy Rules, (iii) set forth the name of the objector, the nature and amount of Claims or Interests held or asserted by the objector against the particular Debtor or Debtors, (iv) state with particularity the basis for the objection and specific grounds therefore, and (v) be filed with the Bankruptcy Court and served so it is *actually received* on or before **October 17, 2019 at 4:00 p.m. prevailing Central Time** (unless otherwise agreed to by the Debtors, set forth in the Plan or Disclosure Statement, or ordered by the Bankruptcy Court), by the following:

| Debtors | Counsel to Debtors |
|---|---|
| Payless Holdings LLC<br>3231 SE 6th Avenue<br>Topeka, Kansas 66607<br>ATTN: Ramona Palmer-Eason, Group Counsel – Global Employment and Litigation | Armstrong Teasdale LLP<br>7700 Forsyth Boulevard, Suite 1800<br>St. Louis, MO 63105<br>Attn: Richard W. Engel, Jr., Erin M. Edelman, and John G. Willard<br><br>Akin Gump Strauss Hauer & Feld LLP<br>One Bryant Park<br>New York, NY 10036<br>Attn: Ira Dizengoff, Meredith A. Lahaie, Kevin Zuzolo<br><br>Seward & Kissell LLP<br>One Battery Park Plaza<br>New York, NY 10004<br>Attn: John R. Ashmead, Robert J. Gayda, Catherine V. LoTempio |
| **Counsel to the Prepetition ABL Administrative Agent** | **Counsel to Certain Prepetition Term Loan Lenders** |
| Thompson Coburn LLP<br>One US Bank Plaza<br>St. Louis, MO 63101<br>Attn: Mark Bossi<br><br>Choate Hall & Stewart LLP<br>Two International Place<br>Boston, MA 02110<br>Attn: Kevin Simard, Doug Gooding and Jonathan Marshall | Doster, Ullom & Boyle, LLC<br>16090 Swingley Ridge Road, Suite 620<br>Chesterfield, Missouri 63017<br>Attn: Gregory D. Willard<br><br>Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York NY 10036<br>Attn: Stephen D. Zide<br><br>Stroock & Stroock & Lavan LLP<br>180 Maiden Lane<br>New York NY 10038-4982<br>Attn: Kristopher M. Hansen and Daniel A. Fliman<br><br>Lewis Rice LLC<br>600 Washington Avenue<br>Suite 2500<br>St. Louis, MO 63101<br>Attn: Sonette T. Magnus |
| **Counsel to the FILO Agent** | **Counsel to the Prepetition Term Loan Agent** |
| Greenberg Traurig, LLP<br>One International Place<br>Suite 2000<br>Boston, MA 02110<br>Attn: Jeffrey Wolf | Norton Rose Fulbright US LLP<br>190 Carondelet Plaza, Suite 1690<br>St. Louis, MO 63105<br>Attn: Timothy J. Walsh<br><br>Norton Rose Fulbright US LLP<br>1301 Avenue of the Americas<br>New York, NY 10019<br>Attn: Stephen Castro and David Rosenzweig |
| **Counsel to the Committee** | **United States Trustee** |
| Polsinelli LLP<br>100 S. Fourth Street, Suite 1000<br>St. Louis, MO 63102<br>Attn: Matthew Layfield | Office of the United States Trustee<br>for the Eastern District of Missouri<br>111 South 10th Street, Suite 6353<br>St. Louis, Missouri 63102<br>Attn: Paul A. Randolph and Carole Ryczek |

| Pachulski Stang Ziehl & Jones LLP<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Attn: Robert J. Feinstein and Bradford Sandler<br><br>Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067-4003<br>Attn: Jeffrey N. Pomerantz, Ira D. Kharasch, Shirley S. Cho | |
|---|---|
| **The Monitor** | **Counsel to the Monitor** |
| FTI Consulting Canada, Inc.<br>TD South Tower<br>79 Wellington Street West, Suite 2010<br>Toronto ON M5K 1G8 Canada<br>Attn: Paul Bishop, Greg Watson and Jim Robinson | Bennett Jones LLP<br>3400 One First Canadian Place<br>P.O. Box 130<br>Toronto ON M5X 1A4 Canada<br>Attn: Sean Zweig, Kevin Zych and Aiden Nelms |

P**LEASE TAKE FURTHER NOTICE THAT** Article IX of the Plan contains certain release, injunction, and, exculpation provisions, which are set forth below. You are advised to carefully review and consider the Plan, including the release, injunction, and exculpation provisions, as your rights may be affected.

**Article IX.F of the Plan contains the following Third-Party Release:**

**Except as otherwise specifically provided in the Plan, for good and valuable consideration, including the service of the Released Parties in facilitating the expeditious reorganization of the Debtors and the implementation of the restructuring contemplated by the Plan, effective as of the Effective Date, the Releasing Parties (regardless of whether a Releasing Party is a Released Party) shall be deemed to forever release, waive, and discharge the Released Parties of any and all claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims asserted on behalf of a Debtor, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or fixed, existing or hereafter arising, in law, at equity, or otherwise, whether for tort, contract, violations of federal or state securities laws or otherwise, including, without limitation, those that any of the Debtors, the Reorganized Debtors, the Estates, or their Affiliates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Equity Interest, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Estates, the conduct of the Debtors' businesses, the Chapter 11 Cases, the Canadian Proceedings, the purchase, sale, or rescission or the purchase or sale of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Equity Interest that is treated in the Plan, the business or contractual arrangements between any of the Debtors and any Released Party, the restructuring of Claims and Equity Interests prior to or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan, the Disclosure Statement, or related agreements, instruments, or other documents, or upon any other act or omission, transaction, or occurrence relating to the foregoing taking place on or before the Effective Date of the Plan.**

**Notwithstanding anything contained herein to the contrary, the foregoing release does not release any post-Effective Date obligations of any party under the Plan or any document, instrument, or agreement executed to implement the Plan.**

**For the avoidance of doubt, and notwithstanding anything to the contrary herein, the Third-Party Release includes a release of the Released Parties of any claim or Cause of Action. The consideration provided by the Released Parties are in settlement of any and all potential claims, Causes of Action, or liabilities against any of the Released Parties arising out of or**

relating to any act or omission, transaction, or occurrence relating to the Debtors or the Estates taking place on or before the Effective Date of the Plan.

The parties acknowledge that the compromise and release of direct and estate causes of action against the Released Parties under the Plan results in the distributions available to unsecured creditors.

Any claims or causes of action to avoid a transfer of property or an obligation incurred by the Debtors arising under chapter 5 of the Bankruptcy Code, including sections 544, 545, 547, 548, 549, 551, and 553(b) of the Bankruptcy Code, shall be retained by the Reorganized Debtors except to the extent expressly released under the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained herein, *and further*, shall constitute the Bankruptcy Court's finding that the Third-Party Release is:  (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the claims released by the Releasing Parties; (3) in the best interests of the Debtors and all Holders of Claims and Equity Interests; (4) fair, equitable and reasonable; (5) given and made after notice and opportunity for hearing; and (6) a bar to any of the Releasing Parties asserting any Claim released by the Third-Party Release against any of the Released Parties.

---

### HOW TO OPT OUT OF THE RELEASES BY MAIL

1. If you wish to make an election to opt out of the release provisions contained in Article IX.F of the Plan set forth above, if such opt out is deemed necessary by the Court, check the box in Item 1.

2. Review the certifications contained in Item 2.

3. Sign and date this notice of non-voting status and fill out the other required information in the applicable area below.

4. In order for your election to opt out of the release provisions by mail to be counted, your notice of non-voting status must be properly completed and actually received by the solicitation agent no later than October 17, 2019 at 4:00 p.m. (prevailing Central time).  You may use the    postage-paid    envelope provided or send your notice of non-voting status to the following address:

   Payless Ballot Processing
   c/o Prime Clerk LLC
   One Grand Central Place
   60 East 42nd Street
   Suite 1440
   New York, NY 10165

---

### HOW TO OPT OUT OF THE RELEASES ONLINE

This Notice of Non-Voting Status may also be returned by electronic, online transmission <u>solely</u> by clicking on the "E-Ballot" section on the Debtors' case information website (**https://cases.primeclerk.com/pss**) and following the directions set forth on the website regarding submitting your Notice of Non-Voting Status as described more fully below.  Please choose only <u>one</u> method of return of your Notice of Non-Voting Status.

1. Please visit **https://cases.primeclerk.com/pss**.

2. Click on the "E-Ballot" section of the Debtors' website.

3. **Follow the directions to submit your Notice of Non-Voting Status. If you choose to submit your Notice of Non-Voting Status via the Solicitation Agent's E-Ballot system, you should <u>not</u> return a hard copy of your Notice of Non-Voting Status.**

   **IMPORTANT NOTE: YOU WILL NEED THE FOLLOWING INFORMATION TO RETRIEVE AND SUBMIT YOUR CUSTOMIZED NOTICE OF NON-VOTING STATUS:**

   **UNIQUE E-BALLOT ID#_____**

   **"E-BALLOTING" IS THE SOLE MANNER IN WHICH NOTICES OF NON-VOTING STATUS MAY BE DELIVERED VIA ELECTRONIC TRANSMISSION.**

   **NOTICE OF NON-VOTING STATUS SUBMITTED BY FACSIMILE OR EMAIL WILL NOT BE COUNTED.**

**Item 1. Release.**

**PLEASE TAKE NOTICE THAT** you may check the box below to opt out of the release provisions contained in Article IX.F of the Plan and set forth above. **IF YOU DO NOT OPT OUT OF THE RELEASE PROVISIONS BY CHECKING THE BOX BELOW AND PROPERLY AND TIMELY SUBMITTING THIS NOTICE OF NON-VOTING STATUS, YOU WILL BE DEEMED TO HAVE UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED THE RELEASED PARTIES (AS DEFINED IN THE PLAN) FROM, *INTER ALIA*, ANY AND ALL CAUSES OF ACTION (AS DEFINED IN THE PLAN) EXCEPT AS OTHERWISE SPECIFICALLY PROVIDED IN THE PLAN. IF YOU WOULD OTHERWISE BE ENTITLED TO A RELEASE UNDER ARTICLE IX.F OF THE PLAN, BUT YOU DO NOT GRANT THE RELEASES CONTAINED IN ARTICLE IX.F OF THE PLAN, THEN YOU SHALL NOT RECEIVE THE BENEFIT OF THE RELEASES SET FORTH IN ARTICLE IX.F OF THE PLAN.**

☐ **Opt Out** of the Third-Party Release.

**Item 2. Certification.**

By returning this Notice of Non-Voting Status, the Holder of the Impaired Claim(s) or Interest(s) identified below certifies that (a) it was the Holder of Impaired Claim(s) or Interest(s) as of the Voting Record Date and/or it has full power and authority to opt out of the release provisions for the Impaired Claim(s) or Interest(s) identified below with respect to such Impaired Claim(s) or Interest(s) and (b) it understands the scope of the releases.

YOUR RECEIPT OF THIS NOTICE OF NON-VOTING STATUS DOES NOT SIGNIFY THAT YOUR CLAIM OR INTEREST HAS BEEN OR WILL BE ALLOWED.

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| | (If other than Holder) |
| Title: | |
| Address: | |
| | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |

Please check one or both of the below boxes if the above address is a change of address for the purpose(s) of:

☐   Future notice of mailings in these Chapter 11 Cases; and/or

☐   Distributions, if any, upon your Claim in these Chapter 11 Cases.

This Notice of Non-Voting Status shall not constitute or be deemed a Proof of Claim or Interest, an assertion of a Claim or Interest, or the allowance of a Claim or Equity.

**PLEASE TAKE FURTHER NOTICE THAT** if you have questions regarding the procedures and requirements for voting on the Plan, would like to obtain a copy of the Disclosure Statement, the Plan, or other solicitation materials (excluding Ballots), or if you received solicitation materials from the Debtors on a flash drive and prefer printed copies, please contact the Debtors' Solicitation Agent by (a) visiting the Debtors' restructuring website at https://cases.primeclerk.com/pss; (b) writing to Payless Ballot Processing, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165; and/or (c) calling the Debtors' restructuring hotline at 844-339-4268. The Plan, Disclosure Statement, and other related filings are also available free-of-charge on the Debtors' restructuring website at https://cases.primeclerk.com/pss.  Please be advised that the Solicitation Agent may not provide you with legal advice of any kind, including whether you should vote to accept or reject the Plan or object to the Plan.

---

**IF YOU HAVE QUESTIONS REGARDING THIS NOTICE, THE CONFIRMATION HEARING, OR ANY OTHER MATTERS RELATING TO CONFIRMATION OF THE PLAN, PLEASE CONTACT THE SOLICITATION AGENT BY:  (1) CALLING 844-339-4268, (2) EMAILING PSSBALLOTS@PRIMECLERK.COM OR (3) VISITING HTTPS://CASES.PRIMECLERK.COM/PSS.**

---

## **Exhibit 4-C**

**Disputed Claim Notice**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Payless Holdings LLC, *et al.*, | ) | Case No. 19-40883-659 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**NOTICE OF NON-VOTING STATUS WITH**
**RESPECT TO THE SECOND AMENDED JOINT PLAN OF REORGANIZATION OF PAYLESS**
**HOLDINGS LLC AND ITS DEBTOR AFFILIATES PURSUANT**
**TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**PLEASE TAKE NOTICE THAT** on September 18, 2019, the United States Bankruptcy Court for the Eastern District of Missouri (the "Bankruptcy Court") entered an order (the "Disclosure Statement Order") in the above-captioned jointly-administered chapter 11 cases of Payless Holdings LLC and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") pursuant to which the Bankruptcy Court, among other things: (i) approved the *Disclosure Statement for Second Amended Joint Plan of Reorganization of Payless Holdings LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement"); (ii) authorized the Debtors to solicit acceptances for the *Second Amended Joint Plan of Reorganization of Payless Holdings LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, supplemented, or modified, the "Plan"); (iii) approved procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; and (iv) established various dates and deadlines relating to confirmation of the Plan. Please note that capitalized terms used but not defined in this notice have the meaning ascribed to them in the in the Disclosure Statement and Plan, as applicable.

**PLEASE TAKE FURTHER NOTICE THAT because of the nature and treatment of your Claim or Interest under the Plan, you are not entitled to vote on the Plan. Under the Bankruptcy Code, only holders of allowed claims or interests may vote to accept or reject a plan of reorganization. Your Claim has been objected to by the Debtors. *You do, however, have the right to contest your non-voting status and/or object to confirmation of the Plan in accordance with the Disclosure Statement Order.***

**PLEASE TAKE FURTHER NOTICE THAT** the Confirmation Hearing is scheduled to be held on **October 23, 2019 at 10:00 a.m. prevailing Central Time** before the Honorable Kathy A. Surratt-States, United States Bankruptcy Court for the Eastern District of Missouri, Eastern Division, Thomas F. Eagleton U.S. Courthouse, 111 S. 10th Street, 7th Floor – North Courtroom, St. Louis, MO 63102. THE CONFIRMATION HEARING MAY BE CONTINUED FROM TIME TO TIME BY THE BANKRUPTCY COURT OR THE DEBTORS WITHOUT FURTHER NOTICE OTHER THAN BY ANNOUNCEMENT IN OPEN COURT OR BY NOTICE OF ADJOURNMENT FILED WITH THE BANKRUPTCY COURT.

**PLEASE TAKE FURTHER NOTICE THAT** any objection to confirmation of the Plan must (i) be in writing, (ii) conform to the Bankruptcy Rules, (iii) set forth the name of the objector, the nature and amount of Claims or Interests held or asserted by the objector against the particular Debtor or Debtors, (iv) state with particularity the basis for the objection and specific grounds therefore, and (v) be filed with the Bankruptcy Court and served so it is *actually received* on or before **October 17, 2019 at 4:00 p.m. prevailing Central Time** (unless otherwise agreed to by the Debtors, set forth in the Plan or Disclosure Statement, or ordered by the Bankruptcy Court), by the following:

| Debtors | Counsel to Debtors |
|---|---|
| Payless Holdings LLC<br>3231 SE 6th Avenue<br>Topeka, Kansas 66607<br>ATTN: Ramona Palmer-Eason, Group Counsel –<br>Global Employment and Litigation | Armstrong Teasdale LLP<br>7700 Forsyth Boulevard, Suite 1800<br>St. Louis, Missouri 63105<br>Attn: Richard W. Engel, Jr., Erin M. Edelman, and<br>John G. Willard |

| | Akin Gump Strauss Hauer & Feld LLP<br>One Bryant Park<br>New York, NY 10036<br>Attn: Ira Dizengoff, Meredith A. Lahaie, Kevin Zuzolo<br><br>Seward & Kissell LLP<br>One Battery Park Plaza<br>New York, NY 10004<br>Attn: John R. Ashmead, Robert J. Gayda, Catherine V. LoTempio |
|---|---|
| **Counsel to the Prepetition ABL Administrative Agent** | **Counsel to Certain Prepetition Term Loan Lenders** |
| Thompson Coburn LLP<br>One US Bank Plaza<br>St. Louis, MO 63101<br>Attn: Mark Bossi<br><br>Choate Hall & Stewart LLP<br>Two International Place<br>Boston, MA 02110<br>Attn: Kevin Simard, Doug Gooding and Jonathan Marshall | Doster, Ullom & Boyle, LLC<br>16090 Swingley Ridge Road, Suite 620<br>Chesterfield, Missouri 63017<br>Attn: Gregory D. Willard<br><br>Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York NY 10036<br>Attn: Stephen D. Zide<br><br>Stroock & Stroock & Lavan LLP<br>180 Maiden Lane<br>New York NY 10038-4982<br>Attn: Kristopher M. Hansen and Daniel A. Fliman<br><br>Lewis Rice LLC<br>600 Washington Avenue<br>Suite 2500<br>St. Louis, MO 63101<br>Attn: Sonette T. Magnus |
| **Counsel to the FILO Agent** | **Counsel to the Prepetition Term Loan Agent** |
| Greenberg Traurig, LLP<br>One International Place<br>Suite 2000<br>Boston, MA 02110<br>Attn: Jeffrey Wolf | Norton Rose Fulbright US LLP<br>190 Carondelet Plaza, Suite 1690<br>St. Louis, MO 63105<br>Attn: Timothy J. Walsh<br><br>Norton Rose Fulbright US LLP<br>1301 Avenue of the Americas<br>New York, NY 10019<br>Attn: Stephen Castro and David Rosenzweig |
| **Counsel to the Committee** | **United States Trustee** |
| Polsinelli LLP<br>100 S. Fourth Street, Suite 1000<br>St. Louis, MO 63102<br>Attn: Matthew Layfield<br><br>Pachulski Stang Ziehl & Jones LLP<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Attn: Robert J. Feinstein and Bradford Sandler<br><br>Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Blvd., 13th Floor | Office of the United States Trustee<br>for the Eastern District of Missouri<br>111 South 10th Street, Suite 6353<br>St. Louis, Missouri 63102<br>Attn:  Paul A. Randolph and Carole Ryczek |

| | |
|---|---|
| Los Angeles, CA 90067-4003<br>Attn: Jeffrey N. Pomerantz, Ira D. Kharasch, Shirley S. Cho | |
| **The Monitor** | **Counsel to the Monitor** |
| FTI Consulting Canada, Inc.<br>TD South Tower<br>79 Wellington Street West, Suite 2010<br>Toronto ON M5K 1G8 Canada<br>Attn: Paul Bishop, Greg Watson and Jim Robinson | Bennett Jones LLP<br>3400 One First Canadian Place<br>P.O. Box 130<br>Toronto ON M5X 1A4 Canada<br>Attn: Sean Zweig, Kevin Zych and Aiden Nelms |

**PLEASE TAKE FURTHER NOTICE THAT subject to the satisfaction of the conditions set forth in Article VIII of the Plan, the Plan will be consummated on the Effective Date.  Among other things, on the Effective Date, certain release, injunction, exculpation, and discharge provisions set forth in Article IX of the Plan will become effective.  You should read the provisions contained in Article IX of the Plan very carefully so that you understand how Confirmation and Consummation of the Plan will affect you and any claim, interest, right, or action you may have against the Debtors.  THE PLAN WILL BIND ALL HOLDERS OF CLAIMS AGAINST AND INTERESTS IN THE DEBTORS TO THE FULLEST EXTENT AUTHORIZED OR PROVIDED UNDER THE APPLICABLE PROVISIONS OF THE BANKRUPTCY CODE, INCLUDING SECTIONS 524 AND 1141 OF THE BANKRUPTCY CODE, AND BY ALL OTHER APPLICABLE LAW.**

**PLEASE TAKE FURTHER NOTICE THAT** if you have questions regarding the procedures and requirements for voting on the Plan, would like to obtain a copy of the Disclosure Statement, the Plan, or other solicitation materials (excluding Ballots), or if you received solicitation materials from the Debtors on a flash drive and prefer printed copies, please contact the Debtors' Solicitation Agent by (a) visiting the Debtors' restructuring website at https://cases.primeclerk.com/pss; (b) writing to Payless Ballot Processing, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165; and/or (c) calling the Debtors' restructuring hotline at 844-339-4268. The Plan, Disclosure Statement, and other related filings are also available free-of-charge on the Debtors' restructuring website at https://cases.primeclerk.com/pss.  Please be advised that the Solicitation Agent may not provide you with legal advice of any kind, including whether you should vote to accept or reject the Plan or object to the Plan.

---

**IF YOU HAVE QUESTIONS REGARDING THIS NOTICE, THE CONFIRMATION HEARING, OR ANY OTHER MATTERS RELATING TO CONFIRMATION OF THE PLAN, PLEASE CONTACT THE SOLICITATION AGENT BY:  (1) CALLING 844-339-4268, (2) EMAILING PSSBALLOTS@PRIMECLERK.COM, OR (3) VISITING HTTPS://CASES.PRIMECLERK.COM/PSS.**

---

## **Exhibit 5**

**Contract/Lease Party Notice**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Payless Holdings LLC, *et al.,* | ) | Case No. 19-40883-659 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**NOTICE TO CONTRACT AND LEASE PARTIES**
**REGARDING THE SECOND AMENDED JOINT PLAN OF REORGANIZATION OF PAYLESS**
**HOLDINGS LLC AND ITS DEBTOR AFFILIATES PURSUANT**
**TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**PLEASE TAKE NOTICE THAT** on September 18, 2019, the United States Bankruptcy Court for the Eastern District of Missouri (the "Bankruptcy Court") entered an order (the "Disclosure Statement Order") in the above-captioned jointly-administered chapter 11 cases of Payless Holdings LLC and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") pursuant to which the Bankruptcy Court, among other things: (i) approved the *Disclosure Statement for Second Amended Joint Plan of Reorganization of Payless Holdings LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement"); (ii) authorized the Debtors to solicit acceptances for the *Second Amended Joint Plan of Reorganization of Payless Holdings LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, supplemented, or modified, the "Plan"); (iii) approved procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; and (iv) established various dates and deadlines relating to confirmation of the Plan. Please note that capitalized terms used but not defined in this notice have the meaning ascribed to them in the in the Disclosure Statement and Plan, as applicable.

**PLEASE TAKE FURTHER NOTICE THAT you are receiving this notice because the Debtors' records reflect that you are a party to an Executory Contract or Unexpired Lease with one or more of the Debtors that has not been assumed or rejected as of August 30, 2019. Your status as a counterparty to an Executory Contract or an Unexpired Lease, in and of itself, does not entitle you to vote on the Plan at this time.** *You do, however, have the right to object to Confirmation of the Plan or, as discussed below, seek provisional voting rights in accordance with the Disclosure Statement Order*.

**PLEASE TAKE FURTHER NOTICE THAT on or before October 11, 2019**, the Debtors will file a schedule with the Bankruptcy Court designating the contracts and leases the Debtors intend to assume or reject pursuant to the Plan (the "Contract/Lease Schedule"). Notice of the filing will be provided to you, which, among other things, will (i) inform you how to file a Proof of Claim for damages arising from rejection, if any, **or**, how to resolve objections to the cure amount proposed by the Debtors in connection with assumption, (ii) describe how to object to the Plan, (iii) provide you with the contact information for the Solicitation Agent, and (iv) include the date, time, and location of the Confirmation Hearing.

**PLEASE TAKE FURTHER NOTICE THAT** parties to Executory Contracts and Unexpired Leases that are rejected pursuant to the Plan may be entitled to vote on account of any Claims arising from, based upon, or related to the rejection of their Executory Contract or Unexpired Lease pursuant to the Plan. The Disclosure Statement Order provides for the temporary allowance of claims solely for voting purposes if one of the following "Voting Resolution Events" occurs as set forth therein: (i) a stipulation or other agreement is executed between the Holder of such Claim and the Debtors allowing the Holder of such Claim to vote such Claim in an agreed upon amount; (ii) a creditor files with the Bankruptcy Court a motion seeking temporary allowance of its Claim for voting purposes in an amount other than set forth in the Schedules pursuant to Bankruptcy Rule 3018(a) on or before the Voting Resolution Event Deadline that is granted by the Bankruptcy Court after notice and a hearing; or (iii) the Bankruptcy Court otherwise orders the allowance of such Claim for purposes of voting to accept or reject the Plan. This is intended only as a summary of the procedures for the temporary allowance of claims for voting purposes.

**Please refer to the Disclosure Statement Order for a more comprehensive description of the requirements for provisional voting**.

**PLEASE TAKE FURTHER NOTICE THAT** the Confirmation Hearing is scheduled to be held on **October 23, 2019 at 10:00 a.m. prevailing Central Time** before the Honorable Kathy A. Surratt-States, United States Bankruptcy Court for the Eastern District of Missouri, Eastern Division, Thomas F. Eagleton U.S. Courthouse, 111 S. 10th Street, 7th Floor – North Courtroom, St. Louis, MO 63102.  THE CONFIRMATION HEARING MAY BE CONTINUED FROM TIME TO TIME BY THE BANKRUPTCY COURT OR THE DEBTORS WITHOUT FURTHER NOTICE OTHER THAN BY ANNOUNCEMENT IN OPEN COURT OR BY NOTICE OF ADJOURNMENT FILED WITH THE BANKRUPTCY COURT.

**PLEASE TAKE FURTHER NOTICE THAT** any objection to confirmation of the Plan must (i) be in writing, (ii) conform to the Bankruptcy Rules, (iii) set forth the name of the objector, the nature and amount of Claims or Interests held or asserted by the objector against the particular Debtor or Debtors, (iv) state with particularity the basis for the objection and specific grounds therefore, and (v) be filed with the Bankruptcy Court and served so it is *actually received* on or before October 17, 2019 at 4:00 p.m. prevailing Central Time (unless otherwise agreed to by the Debtors, set forth in the Plan or Disclosure Statement, or ordered by the Bankruptcy Court), by the following:

| Debtors | Counsel to Debtors |
|---|---|
| Payless Holdings LLC<br>3231 SE 6th Avenue<br>Topeka, Kansas 66607<br>ATTN: Ramona Palmer-Eason, Group Counsel – Global Employment and Litigation | Armstrong Teasdale LLP<br>7700 Forsyth Boulevard, Suite 1800<br>St. Louis, Missouri 63105<br>Attn:  Richard W. Engel, Jr., Erin M. Edelman, and John G. Willard<br><br>Akin Gump Strauss Hauer & Feld LLP<br>One Bryant Park<br>New York, NY 10036<br>Attn: Ira Dizengoff, Meredith A. Lahaie, Kevin Zuzolo<br><br>Seward & Kissell LLP<br>One Battery Park Plaza<br>New York, NY 10004<br>Attn: John R. Ashmead, Robert J. Gayda, Catherine V. LoTempio |
| **Counsel to the Prepetition ABL Administrative Agent** | **Counsel to Certain Prepetition Term Loan Lenders** |
| Thompson Coburn LLP<br>One US Bank Plaza<br>St. Louis, MO 63101<br>Attn: Mark Bossi<br><br>Choate Hall & Stewart LLP<br>Two International Place<br>Boston, MA 02110<br>Attn: Kevin Simard, Doug Gooding and Jonathan Marshall | Doster, Ullom & Boyle, LLC<br>16090 Swingley Ridge Road, Suite 620<br>Chesterfield, Missouri 63017<br>Attn: Gregory D. Willard<br><br>Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York NY 10036<br>Attn: Stephen D. Zide<br><br>Stroock & Stroock & Lavan LLP<br>180 Maiden Lane<br>New York NY 10038-4982<br>Attn: Kristopher M. Hansen and Daniel A. Fliman<br><br>Lewis Rice LLC<br>600 Washington Avenue |

|  | Suite 2500<br>St. Louis, MO 63101<br>Attn: Sonette T. Magnus |
|---|---|
| **Counsel to the FILO Agent** | **Counsel to the Prepetition Term Loan Agent** |
| Greenberg Traurig, LLP<br>One International Place<br>Suite 2000<br>Boston, MA 02110<br>Attn: Jeffrey Wolf | Norton Rose Fulbright US LLP<br>190 Carondelet Plaza, Suite 1690<br>St. Louis, MO 63105<br>Attn: Timothy J. Walsh<br><br>Norton Rose Fulbright US LLP<br>1301 Avenue of the Americas<br>New York, NY 10019<br>Attn: Stephen Castro and David Rosenzweig |
| **Counsel to the Committee** | **United States Trustee** |
| Polsinelli LLP<br>100 S. Fourth Street, Suite 1000<br>St. Louis, MO 63102<br>Attn: Matthew Layfield<br><br>Pachulski Stang Ziehl & Jones LLP<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Attn: Robert J. Feinstein and Bradford Sandler<br><br>Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067-4003<br>Attn: Jeffrey N. Pomerantz, Ira D. Kharasch, Shirley S. Cho | Office of the United States Trustee<br>for the Eastern District of Missouri<br>111 South 10th Street, Suite 6353<br>St. Louis, Missouri 63102<br>Attn:  Paul A. Randolph and Carole Ryczek |
| **The Monitor** | **Counsel to the Monitor** |
| FTI Consulting Canada, Inc.<br>TD South Tower<br>79 Wellington Street West, Suite 2010<br>Toronto ON M5K 1G8 Canada<br>Attn: Paul Bishop, Greg Watson and Jim Robinson | Bennett Jones LLP<br>3400 One First Canadian Place<br>P.O. Box 130<br>Toronto ON M5X 1A4 Canada<br>Attn: Sean Zweig, Kevin Zych and Aiden Nelms |

**PLEASE TAKE FURTHER NOTICE THAT subject to the satisfaction of the conditions set forth in Article VIII of the Plan, the Plan will be consummated on the Effective Date.  Among other things, on the Effective Date, certain release, injunction, exculpation, and discharge provisions set forth in Article IX of the Plan will become effective.  You should read the provisions contained in Article IX of the Plan very carefully so that you understand how Confirmation and Consummation of the Plan will affect you and any claim, interest, right, or action you may have against the Debtors.  THE PLAN WILL BIND ALL HOLDERS OF CLAIMS AGAINST AND INTERESTS IN THE DEBTORS TO THE FULLEST EXTENT AUTHORIZED OR PROVIDED UNDER THE APPLICABLE PROVISIONS OF THE BANKRUPTCY CODE, INCLUDING SECTIONS 524 AND 1141 OF THE BANKRUPTCY CODE, AND BY ALL OTHER APPLICABLE LAW.**

**PLEASE TAKE FURTHER NOTICE THAT** if you have questions regarding the procedures and requirements for voting on the Plan, would like to obtain a copy of the Disclosure Statement, the Plan, or other solicitation materials (excluding Ballots), or if you received solicitation materials from the Debtors on a flash drive and prefer printed copies, please contact the Debtors' Solicitation Agent by (a) visiting the Debtors' restructuring

website at https://cases.primeclerk.com/pss; (b) writing to Payless Ballot Processing, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165; and/or (c) calling the Debtors' restructuring hotline at 844-339-4268. The Plan, Disclosure Statement, and other related filings are also available free-of-charge on the Debtors' restructuring website at https://cases.primeclerk.com/pss.  Please be advised that the Solicitation Agent may not provide you with legal advice of any kind, including whether you should object to the Plan.

---

**IF YOU HAVE QUESTIONS REGARDING THIS NOTICE, THE CONFIRMATION HEARING, OR ANY OTHER MATTERS RELATING TO CONFIRMATION OF THE PLAN, PLEASE CONTACT THE SOLICITATION AGENT BY:  (1) CALLING 844-339-4268, (2) EMAILING PSSBALLOTS@PRIMECLERK.COM, OR (3) VISITING HTTPS://CASES.PRIMECLERK.COM/PSS.**

**<u>Exhibit 6</u>**

**Cover Letter**



September 18, 2019

To Whom It May Concern:

On September 18, 2019, the United States Bankruptcy Court for the Eastern District of Missouri (the "Bankruptcy Court") approved the *Disclosure Statement for Second Amended Joint Plan of Reorganization of Payless Holdings LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1583] (as may be amended, modified, or supplemented, and including all exhibits thereto, the "Disclosure Statement") and authorized Payless Holdings LLC and its debtor affiliates (the "Debtors") to solicit votes with regard to the acceptance or rejection of their chapter 11 plan [Docket No. 1581] (as may be amended, modified, or supplemented, the "Plan").[1]

You are entitled to vote on the Plan. The enclosed materials constitute the solicitation package available to all creditors (the "Solicitation Package"), which is comprised of:

- a copy of the Solicitation Procedures;
- the Confirmation Hearing Notice;
- a Ballot and voting instructions for accepting or rejecting the Plan;
- a flash drive containing a copy of the approved Disclosure Statement (including all exhibits thereto, including the Plan);
- a letter from the Official Committee of Unsecured Creditors; and
- any documents that the Bankruptcy Court ordered to be made available.

The Debtors believe that any alternative to Confirmation of the Plan, such as an attempt by another party to file a competing plan, would result in significant delays, litigation, and additional costs, could negatively affect value by causing unnecessary uncertainty with the Debtors' key customer and supplier constituencies, and could potentially lead to a liquidation by the Debtors, in which case substantially all Holders of Claims would do substantially worse or receive no recovery at all.

> THE DEBTORS SUPPORT THE PLAN AND BELIEVE THAT THE COMPROMISES AND SETTLEMENT CONTEMPLATED THEREIN ARE FAIR AND EQUITABLE, MAXIMIZE THE VALUE OF THE DEBTORS' ESTATES, AND PROVIDE THE BEST RECOVERY TO STAKEHOLDERS. FOR THESE REASONS, <u>THE DEBTORS STRONGLY RECOMMEND THAT YOU VOTE TO ACCEPT THE PLAN</u>.

If you have any questions regarding the Solicitation Package, please contact the Debtors' Solicitation Agent, Prime Clerk LLC, by: (a) visiting the Debtors' restructuring website at https://cases.primeclerk.com/pss; (b) writing to Payless Ballot Processing, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165; and/or (c) calling the Debtors' restructuring hotline at 844-339-4268. The Plan, Disclosure Statement, and other related filings are also available free-of-charge on the Debtors' restructuring website at https://cases.primeclerk.com/pss. Please be advised that the Solicitation Agent may not provide you with legal advice of any kind, including whether you should vote to accept or reject the Plan

---

[1]  Capitalized terms used but not otherwise defined herein have the meanings given to them in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

or object to the Plan. You may also obtain copies of any pleadings through PACER (http://pacer.moeb.uscourts.gov) in accordance with any applicable procedures and fees.

Regards,

Payless Holdings LLC, *et al*.

## **Exhibit 7**

**The Committee Cover Letter**

## OPEN LETTER TO PAYLESS GENERAL UNSECURED CREDITORS
## <u>RECOMMENDING THAT THEY VOTE TO ACCEPT THE PLAN</u>

Dear General Unsecured Creditors:

The Official Committee of Unsecured Creditors (the "Official Creditors' Committee")[1] of Payless Holdings, LLC and its affiliated chapter 11 Debtors (the "Debtors") is the statutory fiduciary representative of general unsecured creditors of the Debtors appointed by the office of the United States Trustee, a division of the United States Department of Justice.  For the reasons set forth below, the Official Creditors' Committee recommends that general unsecured creditors in Classes 5A and 5B vote to **ACCEPT** the *Debtors' Second Amended Joint Plan of Reorganization of Payless Holdings LLC and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "Plan") enclosed with this letter.

Since its formation, the Official Creditors' Committee has been working closely with the Debtors to identify assets that were unencumbered as of the filing of the cases that would be available to satisfy claims of unsecured creditors.  The assets identified included a portion of the Debtors' interests in foreign subsidiaries in Latin America and certain litigation claims which the Official Creditors' Committee undertook to investigate.  The Debtors' Lenders have asserted that they have claims that would absorb any potentially unencumbered value.  The Official Creditors' Committee, after weighing many factors such as the likelihood of success of litigating the purported claims, and the delay and expense in pursuing claims and litigating the value of the potentially unencumbered assets and the validity of the lenders' claims, believes that the settlement reached between the parties would produce a better recovery than pursuing litigation, and, accordingly, agreed to the settlement. ***The settlement provides a total of $15 million in cash for the benefit of general unsecured creditors*** that will not be shared with the deficiency claims of the lenders, and provides substantial increases in recoveries for Class 5A and Class 5B general unsecured creditors, an agreement that substantially all of the avoidance actions against Class 5A and Class 5B creditors will only be pursued as a defense to a claim objection, and a removal of a provision of the plan which would have conditioned the amount of distributions to Class 5A creditors on Class 5A creditors voting to accept the plan.  A full description of the treatment of Class 5 creditors is described in the Debtors' Second Amended Disclosure Statement and the Plan.  While the Debtors estimate that the settlement will provide less than 5% recovery to Class 5 creditors, the Official Creditors' Committee, nonetheless, believes Class 5 should support the Plan.

As creditors are aware, this is the second bankruptcy case of these Debtors in two years and the Debtors have shut down and liquidated their North American brick and mortar business.  As a result, there are substantial claims that are left unpaid.  That is unfortunate.  However, the Plan provides for the continuation of certain portions of the Debtors' business and that, in and of itself, is a benefit to creditors that continue to do business with the Debtors and to the Debtors' employees.  After considering all of the alternatives, the Official Creditors' Committee determined that the Plan, even with the nominal recovery, is preferable to the alternative of liquidation.

Creditors should note that by voting to accept the Plan, individual creditors are providing releases to the "Released Parties" as such term is defined in the Plan.   The Disclosure Statement at Article IV H explains

---

[1] The members of the Official Committee of Unsecured Creditors of Payless Holdings, LLC and its Affiliated Debtors consist of the Debtors' largest landlords and vendors, and includes Simon Property Group, C and C Accord, Ltd. (*i.e.*, Diba Far East LLC), Moda Shoe, Ltd., Qingdao Doublestar Mingren Imp. & Exp. Co., The Asean Corporation, Ltd. (*i.e.*, Steve Madden), GGP Limited Partnership, and Brixmor Property Group, Inc.

Letter to General Unsecured Creditors
**Recommendation to Vote to Accept the Payless Plan**
September 18, 2019
Page 2

these releases.  Creditors do have the option to "opt out" of these releases if they either 1) don't vote and return a ballot with the box checked to "opt out" or 2) vote no and return the ballot with the box checked to "opt out."   Inasmuch as the Official Creditors' Committee is not aware of any claims of individual creditors against the Released Parties and the releases are part of the overall global settlement, the Official Creditors' Committee nonetheless believes that Class 5 should vote to accept the Plan (and consequently, grant the third party releases).

<span style="color:red">In summary, the Official Creditors' Committee believes that this is a <u>favorable settlement under the circumstances, is better than any reasonable alternative,</u> and recommends that you vote to **ACCEPT THE PLAN by the voting deadline of 4:00 p.m., prevailing Central Time, on October 17, 2019.**</span>

General unsecured creditors who wish to contact the Official Creditors' Committee or express their support for the positions articulated by the Official Creditors' Committee are invited to contact its counsel, Pachulski Stang Ziehl & Jones, LLP, Attn:  Robert Feinstein, Jeffrey Pomerantz or Bradford Sandler.

Very truly yours,

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF PAYLESS HOLDINGS, LLC AND ITS
AFFILIATED DEBTORS

BY:	/s/ Ronald Tucker
	Ronald Tucker, on behalf of Simon Property Group as
	Co-Chair of the Official Creditors' Committee

BY:	/s/ Jayne Neal
	Jayne Neal, on behalf of C and C Accord, Ltd.  as Co-
	Chair of the Official Creditors' Committee