## THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 19-40833-659 |
| | ) | Chapter 11 |
| Payless Holdings LLC, *et al.*, | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Hearing Date and Time**: October 23, 2019 at 10:00 a.m. (Central Time) |
| | ) | **Objection Deadline**: October 16, 2019 at 4:00 p.m. (Central Time) |
| | ) | **Hearing Location**: Courtroom 7 North |

### CANADIAN DEBTORS' MOTION SEEKING ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. § 1112(b) DISMISSING THE CHAPTER 11 CASES OF PAYLESS SHOESOURCE CANADA INC., PAYLESS SHOESOURCE CANADA GP INC. AND PAYLESS SHOESOURCE CANADA LP

Payless ShoeSource Canada Inc., Payless ShoeSource Canada GP Inc. and Payless ShoeSource Canada LP (collectively, the "Canadian Debtors") state as follows in support of this motion (this "Motion")[1]:

#### JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Eastern District of Missouri (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334 and Rule 81-9.01(B)(1) of the Local Rules of the United States District Court for the Eastern District of Missouri. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] Capitalized terms not otherwise defined herein shall have the same meanings set forth in the *Second Amended Joint Plan of Reorganization of Payless Holdings LLC and Its Debtor Affiliate Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1581] (the "U.S. Plan") or the *Second Amended Order Implementing Cross-Border Insolvency Protocol* [Docket No. 742] (the "Cross-Border Protocol"), as applicable.

LEGAL*48912397.3

3. The statutory and procedural bases for the relief requested herein are sections 105 and 1112(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "<u>Bankruptcy Code</u>").

## BACKGROUND

4. On February 18, 2019 (the "<u>Petition Date</u>"), twenty-seven of the debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "<u>Debtors</u>"), including the Canadian Debtors, filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "<u>U.S. Proceedings</u>").  The Debtors are operating their business and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 131].  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

5. On March 11, 2019, the Court approved and implemented the Cross-Border Protocol, which protocol was intended to "harmonize and coordinate activities in the Insolvency Proceedings before the Courts," and "promote the orderly and efficient administration of the Insolvency Proceedings," "promote international cooperation and respect for comity," and "facilitate the fair, open and efficient administration of the Insolvency Proceedings for the benefit of all of the creditors and interested parties of the Debtors, wherever located."  Cross-Border Protocol at ¶ 5.  The Cross-Border Protocol further provides that "the Debtors and the Estate Representatives shall where appropriate: (a) reasonably cooperate with each other in connection with actions taken in both the U.S. Court and the Canadian Court; and (b) take any other reasonable steps to coordinate the administration of the U.S. Proceedings and the Canadian Proceedings for the benefit of the Debtors' respective estate and stakeholders."  <u>Id.</u> at ¶ 10.

### A. The U.S. Proceedings

6. On September 16, 2019, the Debtors filed the U.S. Plan. The U.S. Plan provides that the Debtors' operations will be reorganized around two businesses: (i) an IPCo, which will (a) license the Payless brand and related intellectual property, (b) manage, source for, and expand the Debtors' existing Amazon channel, and (c) provide sourcing for the LatAm Business; and (ii) the LatAm Business, which will continue to be majority owned by IPCo and will continue to operate retail operations in Latin America.

7. The U.S. Plan also discloses the Canadian Debtors' intention to file this Motion for dismissal of the Canadian Debtors' Chapter 11 Cases to be effective upon implementation of the U.S. Plan, as well as their intention to separately bring forth a motion in the Canadian Court for approval of the CCAA Plan. U.S. Plan at 1. The U.S. Plan further describes the Debtors' intent to facilitate a distribution to the unsecured creditors of the Canadian Debtors through the CCAA Plan. Id. at 4. After significant negotiations among the Debtors and their stakeholders (including the Monitor, the Prepetition Term Loan Lenders and the Creditors' Committee), subject to the terms of the CCAA Plan, the parties have fixed the amount for distribution to the general unsecured creditors of the Canadian Debtors (the "Canadian GUC Amount") at US$900,000, which will be converted to Canadian dollars in the amount of $1,183,500 (using the exchange rate of 1.315). Id. The Canadian GUC Amount is intended to provide a recovery to Canadian unsecured creditors that is commensurate with the expected recovery for Class 5B General Unsecured Creditors under the U.S. Plan. The U.S. Plan further provides the following as to the Canadian Debtors:

LEGAL*48912397.3

> The Canadian Debtors are not plan proponents under the [U.S.] Plan. The Debtors or Reorganized Debtors shall cause the Canadian Debtors to bring forward a motion for approval of a plan of compromise or arrangement under the CCAA . . . in the Canadian Court. The CCAA Plan shall be in form and substance acceptable to the Prepetition Term Loan Agent, the Requisite Lender Plan Support Parties, the Monitor, and the Canadian Debtors. To facilitate implementation of the CCAA Plan, the Prepetition Term Loan Agent and the Prepetition Term Loan Lenders consent to release their security over funds in an amount equal to the Canadian GUC Amount, to be held by the Canadian Debtors. The assets of the Canadian Debtors, except for the Canadian GUC Amount, and subject to any priority amounts provided for in the CCAA Plan, remain subject to the Term Loan Agent and Term Loan Lenders' security interests. The Canadian Debtors will cancel the claims of the Debtors against the Canadian Debtors, or otherwise resolve any Intercompany Claims in respect of the Canadian Debtors in a manner acceptable to the Debtors or the Reorganized Debtors and the Canadian Debtors.

Id. at 38.

### B. The Canadian Proceedings

8. On February 19, 2019, Payless ShoeSource Canada Inc. and Payless ShoeSource Canada GP Inc. (i.e., the Canadian Debtors) sought protection in Canada by filing an application for an initial order under the CCAA with the Canadian Court (the "Canadian Proceedings"). The Canadian Court granted an initial order pursuant to the CCAA, commencing the Canadian Proceedings, and extended the protections and authorizations provided by the initial order to Payless ShoeSource Canada LP.

9. On September 17, 2019, the Canadian Court granted an order lifting the stay of proceedings in the Canadian Proceedings, to the extent necessary, for the limited purpose of allowing the Canadian Debtors to bring this motion.

10. On September 19, 2019, the Canadian Court granted the meetings order (the "Meetings Order") pursuant to which, among other things, the Canadian Court accepted the CCAA Plan for filing and authorized the Canadian Debtors to convene meetings of affected

4

LEGAL*48912397.3

creditors to consider and vote on the CCAA Plan, which meetings are scheduled to be held on October 23, 2019.

11. The Monitor and the Canadian Debtors have substantially completed the notice process required under the Meetings Order, as the solicitation materials regarding the CCAA Plan have now substantially gone out to the relevant parties. Notice of the creditors meetings was also provided via publication in national newspapers in Canada. If the CCAA Plan is approved by the requisite majorities of affected creditors, the Canadian Court has scheduled a hearing to sanction the CCAA Plan for October 29, 2019 (the "Sanction Order Hearing"), with objections to such sanction due October 18, 2019, or such shorter time as the Canadian Court may allow by court order.

12. Dismissal of the Canadian Debtors' Chapter 11 Cases is a condition precedent to the implementation of the CCAA Plan, as is the occurrence of the Effective Date of the U.S. Plan.

## RELIEF REQUESTED

13. By this Motion, and pursuant to Bankruptcy Code sections 105 and 1112(b) and in accordance with the Cross-Border Protocol, the Canadian Debtors seek entry of an order dismissing their Chapter 11 Cases as of the Effective Date of the U.S. Plan, because cause exists for dismissal and it is in the best interests of the Canadian Debtors and their creditors, as well as the other Debtors.

## BASIS FOR RELIEF

14. Section 1112(b)(1) of the Bankruptcy Code provides, in relevant part, as follows:

> [O]n request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a

5

>case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

11 U.S.C. § 1112(b)(1).

15. Dismissal is appropriate where (1) cause exists and (2) dismissal is in the best interest of both the creditors and the estate. *In re Midland Marina, Inc.*, 259 B.R. 683, 686 (8th Cir. BAP 2001). The bankruptcy court has broad discretion in determining whether a Chapter 11 bankruptcy case should be dismissed. Id. "Section 1112(b)(4) of the Bankruptcy Code sets forth examples of cause justifying the dismissal of a Chapter 11 case" however, "[t]he list is not exhaustive and [a] court may find cause for other equitable reasons." *Greene v. U.S. Bank, N.A. (In re Gannon Int'l, Ltd.)*, 528 B.R. 906, 910 (E.D. Mo. 2015) (quotation marks omitted). The legislative history of section 1112(b) likewise indicates that a court has wide discretion to use its equitable powers to dispose of a debtor's case. H.R.Rep. No. 595, 95th Cong., 1st Sess. 405 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 117 (1978). *See also In re Preferred Door Co.*, 990 F.2d 547, 549 (10th Cir.1993) (holding that a bankruptcy court has broad discretion to dismiss a bankruptcy case); *In re Sullivan Cent. Plaza I, Ltd.*, 935 F.2d 723, 728 (5th Cir. 1991) (holding that determination of whether cause exists under section 1112(b) "rests in the sound discretion" of the bankruptcy court).

16. "Subsection (b) of section 1112 enumerates [sixteen] examples of events or conduct that constitute cause[,] [h]owever, this list is not exhaustive, and the court is free to consider other factors as they arise and to use its equitable powers to reach an appropriate result in individual cases." *All Denominational New Church v. Pelofsky (In re All Denominational New Church)*, 268 B.R. 536, 538 (B.A.P. 8th Cir. 2001). In considering whether dismissal is in the "best interests of creditors," "[c]ourts generally consider the following factors: (1) whether all of the creditors have consented; (2) whether the debtor is acting in good faith; (3) whether

6

LEGAL*48912397.3

dismissal would result in a[] prejudicial delay in payment; (4) whether dismissal would result in a reordering of priorities; (5) whether there is another proceeding through which the payment of claims can be handled; and (6) whether an objection to discharge, an objection to exemptions, or a preference claim is pending." *Turpen v. Eide (In re Turpen)*, 244 B.R. 431, 434 (B.A.P. 8th Cir. 2000). Ultimately, where the debtor is the moving party, "to succeed in a motion to dismiss, the debtor must make a showing of cause and demonstrate why dismissal is justified." *Turpen*, 244 B.R. at 434.

17. Here, cause exists because dismissal of the Canadian Debtors' Chapter 11 Cases is a condition precedent to the effectiveness of the CCAA Plan. Further, the U.S. Plan contemplates such dismissal. The Canadian Debtors are not plan proponents under the U.S. Plan, and the U.S. Plan does not contemplate any distributions to the creditors of the Canadian Debtors, but instead provides for a distribution of the Canadian GUC Amount to be held by the Canadian Debtors and distributed to general unsecured creditors of the Canadian Debtors through the CCAA Plan. As a result, affected creditors of the Canadian Debtors will have their claims dealt with under the CCAA Plan, and not the U.S. Plan. Ample cause therefore exists to dismiss the Chapter 11 Cases of the Canadian Debtors.

18. These same circumstances demonstrate that dismissal is in the best interests of creditors of the Canadian Debtors under the *Turpen* factors. Dismissal here is part of a plan to direct the Canadian Debtors' creditors to "another proceeding through which the payment of [their] claims can be handled." Here, the process for affected creditors and Canadian Court approval is proceeding on a parallel track, with the Sanction Order Hearing in respect of the CCAA Plan currently scheduled to take place prior to the Effective Date of the U.S. Plan. In this case, "dismissal would [*not*] result in a prejudicial delay in payment." Finally, no

7

circumstances exist here that would give rise to any concerns of the Canadian Debtors not "acting in good faith." Rather, the dismissal sought here represents the cooperation and coordination of the Debtors' and Canadian Debtors' bankruptcy estates contemplated and fostered by the Cross-Border Protocol. Affected creditors of the Canadian Debtors will be able to vote on the CCAA Plan, and if the CCAA Plan is approved, sanctioned and implemented, receive distributions that are commensurate to their counterparts in the U.S. Proceedings.

19. Therefore, cause exists to dismiss the Chapter 11 Cases of the Canadian Debtors, and such dismissal is justified under the circumstances as it is in the best interests of the Canadian Debtors' creditors.

### NOTICE

20. The Canadian Debtors will provide notice of this Motion to: (a) the U.S. Trustee; (b) counsel to the Prepetition ABL Administrative Agent, (i) Choate Hall & Stewart LLP (Attn: Kevin Simard, Doug Gooding and Jonathan Marshall) and (ii) Thompson Coburn LLP (Attn: Mark Bossi); (c) counsel to the FILO Agent, Greenberg Traurig, LLP (Attn: Jeffrey Wolf), (d) counsel to certain Prepetition Term Loan Lenders (i) Kramer Levin Naftalis & Frankel LLP (Attn: Stephen D. Zide), (ii) Doster, Ullom & Boyle, LLC (Attn: Gregory D. Willard), (iii) Stroock & Stroock & Lavan LLP (Attn: Kristopher M. Hansen and Daniel A. Fliman) and (iv) Lewis Rice LLC (Attn: Sonette T. Magnus); (e) counsel to the Prepetition Term Loan Agent, Norton Rose Fulbright US LLP (Attn: Stephen Castro and David Rosenzweig); (f) the Monitor, FTI Consulting Canada, Inc. (Attn: Paul Bishop, Greg Watson and Jim Robinson); (g) counsel to the Monitor, Bennett Jones LLP (Attn: Sean Zweig, Kevin Zych and Aiden Nelms); (h) counsel to the Creditors' Committee (i) Pachulski Stang Ziehl & Jones LLP (Attn: Robert Feinstein and Bradford Sandler) and (ii) Polsinelli LLP (Attn: Matthew Layfield); (i) the United States

8

Attorney's Office for the Eastern District of Missouri; (j) the Internal Revenue Service; (k) the United States Securities and Exchange Commission; (l) all creditors and other known holders of claims against the Canadian Debtors, including all entities listed in the Schedules as holding claims against the Canadian Debtors; (m) all entities that have filed proofs of claim against the Canadian Debtors in these Chapter 11 Cases as of the filing date of this Motion; and (n) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "<u>Notice Parties</u>").  The Canadian Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## RESERVATION OF RIGHTS

21. Nothing contained herein is intended or should be construed as:  (a) an admission as to the validity of any particular claim against a Debtor entity; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to Bankruptcy Code section 365; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) are valid.  The Debtors expressly reserve their right to contest any claims related to the relief sought herein.  Likewise, if the Court grants the relief sought herein, any action taken by any of the Debtors pursuant to such order is neither intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' or any other party-in-interest's rights to subsequently dispute such claim.

## CONCLUSION

22. WHEREFORE, the Canadian Debtors respectfully request that the Motion be granted, and that this Court enter an Order (a) dismissing as of the Effective Date of the U.S. Plan the Canadian Debtors' Chapter 11 Cases under Section 1112(b) of the Bankruptcy Code, and (b) granting such other relief as this Court deems just and proper.

*[Remainder of page intentionally left blank]*

LEGAL*48912397.3

Dated: October 2, 2019
St. Louis, Missouri

/s/ *Richard W. Engel, Jr.*
Richard W. Engel, Jr. MO 34641
Erin M. Edelman MO 67374
John G. Willard MO 67049
**ARMSTRONG TEASDALE LLP**
7700 Forsyth Boulevard, Suite 1800
St. Louis, MO 63105
Telephone: (314) 621-5070
Facsimile: (314) 612-2239
rengel@armstrongteasdale.com
eedelman@armstrongteasdale.com
jwillard@armstrongteasdale.com

-and-

Ira Dizengoff (admitted *pro hac vice*)
Abid Qureshi (admitted *pro hac vice*)
Meredith A. Lahaie (admitted *pro hac vice*)
Kevin Zuzolo (admitted *pro hac vice*)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
aqureshi@akingump.com
mlahaie@akingump.com
kzuzolo@akingump.com

- and -

Julie Thompson (admitted *pro hac vice*)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2001 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
julie.thompson@akingump.com

-and-

LEGAL*48912397.3

David Staber (admitted pro hac vice)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2300 N. Field Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
dstaber@akingump.com

*Counsel to the Debtors and Debtors-in-Possession*

LEGAL*48912397.3