**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 19-40883-659 |
| | ) | Chapter 11 |
| PAYLESS HOLDINGS LLC, *et al.*, | ) | |
| | ) | Jointly Administered |
| Reorganized Debtors | ) | |
| | ) | Related Docket No.: 1701 |

**NOTICE OF (I) ENTRY OF ORDER CONFIRMING THE SECOND AMENDED JOINT PLAN OF REORGANIZATION OF PAYLESS HOLDINGS LLC AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE AS MODIFIED ON OCTOBER 23, 2019 AND (II) OCCURRENCE OF THE EFFECTIVE DATE**

**TO ALL CREDITORS, INTEREST HOLDERS, AND OTHER PARTIES IN INTEREST, PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. **Confirmation of the Plan.** On October 23, 2019, the Honorable Kathy A. Surratt-States, Chief United States Bankruptcy Judge for the United States Bankruptcy Court for the Eastern District of Missouri (the "Court"), entered an order [Docket No. 1701] (the "Confirmation Order") confirming the *Second Amended Joint Plan of Reorganization of Payless Holdings LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code as Modified on October 23, 2019* [Docket No. 1692] (the "Plan").[1]

2. **Effective Date.** The Effective Date of the Plan occurred on **January 14, 2020**. Each of the conditions precedent to consummation of the Plan enumerated in Article VIII of the Plan have been satisfied or waived in accordance with the provisions of the Plan.

3. **Releases, Exculpation and Injunctions.** Pursuant to the Confirmation Order, the settlement, release, injunction and exculpation provisions in Article IX of the Plan are now in full effect.

4. **Professional Fee Claims.** All final requests for Professional Fee Claims must be filed and served in accordance with the Interim Compensation Order by **February 13, 2020** (*i.e.*, thirty (30) days after the Effective Date). The Court shall determine the Allowed amounts of such Professional Fee Claims after notice and a hearing in accordance with the procedures established by the Bankruptcy Code and the Court. For the avoidance of doubt, Professional Fee Claims do not include Transaction Expenses as provided in the Plan and Confirmation Order.

5. **Administrative Claims Bar Date.** All requests for payment of an Administrative Claim (other than Professional Fee Claims and the Canadian Postpetition Loans) that accrued on or before the Effective Date must be filed with the Bankruptcy Court and served on the Reorganized Debtors no later than **February 13, 2020** (*i.e.*, thirty (30) days after the Effective Date); *provided, however*, pursuant to the Original Debtors Claims Bar Date Order and the July Debtors Claims Bar Date Order, Administrative Claims related to executory contracts or unexpired leases that have been rejected by the Debtors are required to be filed by the later of (a) the Original Debtors Claims Bar Date or the July Debtors Bar Date

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan or the Confirmation Order, as applicable.

(as applicable) and (b) 11:59 p.m., prevailing Central Time, on the date that is thirty (30) days following entry of the relevant order or deemed effective date of the rejection of such rejected contract or unexpired lease.  Holders of Administrative Claims that are, based on the preceding sentence, required to, but do not, file and serve a request for payment of such Administrative Claims by such date shall be forever barred, estopped, and enjoined from asserting such Administrative Claims against the Debtors, the Reorganized Debtors or their property, and such Administrative Claims shall be deemed discharged as of the Effective Date.  In accordance with Article II.B of the Plan, the Debtors or Reorganized Debtors may object to an Administrative Claim no later than **May 13, 2020** (*i.e.,* ninety (90) days from the Administrative Claims Bar Date), subject to extensions by the Bankruptcy Court, agreement in writing of the parties, or on motion of a party in interest approved by the Bankruptcy Court.  The Reorganized Debtors may settle Administrative Claims in the ordinary course of business without Bankruptcy Court approval.  In the event of an unresolved objection to an Administrative Claim, the Bankruptcy Court will determine whether such Administrative Claim should be allowed and, if so, in what amount.

6. **Rejection Damages Claims.** In accordance with Article V.E of the Plan, all Proofs of Claims arising from the rejection of an Executory Contract or Unexpired Lease pursuant to the Plan must be filed by **February 13, 2020** (*i.e.*, thirty (30) days from the Effective Date); *provided, however*, pursuant to the Original Debtors Claims Bar Date Order and the July Debtors Claims Bar Date Order, Claims related to executory contracts or unexpired leases that have been previously rejected by the Debtors were required to be filed by the later of (a) the Original Debtors Claims Bar Date or the July Debtors Bar Date (as applicable) and (b) 11:59 p.m., prevailing Central Time, on the date that is thirty (30) days following entry of the relevant order or deemed effective date of the rejection of such rejected Executory Contract or Unexpired Lease.  Any Claims arising from the rejection of an Executory Contract or Unexpired Lease not filed with the Bankruptcy Court within the earliest applicable deadline will be automatically disallowed, forever barred from assertion, and shall not be enforceable against the Debtors or the Reorganized Debtors, the Estates, or their property without the need for any objection by the Reorganized Debtors or further notice to, or action, order, or approval of the Bankruptcy Court or any other Entity, and any Claim arising out of the rejection of the Executory Contract or Unexpired Lease shall be deemed fully satisfied, released, and discharged, notwithstanding anything in the Schedules or a Proof of Claim to the contrary.

7. **Binding Nature of Plan and Confirmation Order.** The Plan and the Confirmation Order are binding on the Debtors, the Reorganized Debtors, and any holder of a Claim or an Interest and such holder's respective successors and assigns, whether or not the Claim or the Interest of such holder is Impaired under the Plan, and whether or not such holder voted to accept the Plan.  You are encouraged to review the Plan and the Confirmation Order in their entirety.

8. **Copies of Plan, Disclosure Statement and Confirmation Order.** The Plan, the Confirmation Order and all documents filed in these chapter 11 cases are available free of charge by visiting https://cases.primeclerk.com/pss, by emailing pssinfo@primeclerk.com or by calling (844) 339-4268 (domestic) or (917) 877-5967 (international).  You may also obtain copies of any pleadings by visiting the Court's website at http://www.moeb.uscourts.gov in accordance with the procedures and fees set forth therein.

[*Remainder of page intentionally left blank*]

Dated: January 14, 2020
St. Louis, Missouri

/s/ *Richard W. Engel, Jr.*

Richard W. Engel, Jr. MO 34641
Erin M. Edelman MO 67374
John G. Willard MO 67049
**ARMSTRONG TEASDALE LLP**
7700 Forsyth Boulevard, Suite 1800
St. Louis, MO 63105
Telephone: (314) 621-5070
Facsimile: (314) 612-2239
Email:  rengel@armstrongteasdale.com
Email:  eedelman@armstrongteasdale.com
Email:  jwillard@armstrongteasdale.com

-and-

Ira Dizengoff (*admitted pro hac vice*)
Meredith A. Lahaie (*admitted pro hac vice*)
Kevin Zuzolo (*admitted pro hac vice*)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email:  idizengoff@akingump.com
Email:  mlahaie@akingump.com
Email:  kzuzolo@akingump.com

*Counsel to the Debtors and Debtors in Possession*